To be docketed in:

Plaintiff's July 30 and July 31 Submissions to the Court Regarding Document Retention

----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                          Plaintiff,     :
             -v-                         :     11 Civ. 5201 (DLC)
                                         :
UBS AMERICAS, INC., et al.,              :
                          Defendants.    :
                                         :
----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                          Plaintiff,     :
             -v-                         :     11 Civ. 6188 (DLC)
                                         :
JPMORGAN CHASE & CO., et al.,            :
                          Defendants.    :
                                         :
----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                          Plaintiff,     :
             -v-                         :     11 Civ. 6189 (DLC)
                                         :
HSBC NORTH AMERICA HOLDINGS, INC., et    :
al.,                                     :
                          Defendants.    :
                                         X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                          Plaintiff,     :
             -v-                         :     11 Civ. 6190 (DLC)
                                         :
BARCLAYS BANK PLC, et al.,               :
                          Defendants.    :
                                         :
---------------------------------------- X

```
----------------------------------------- X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                      Plaintiff,         :
             -v-                         :    11 Civ. 6192 (DLC)
                                         :
DEUTSCHE BANK AG, et al.,                :
                      Defendants.        :
                                         :
----------------------------------------- X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                      Plaintiff,         :
             -v-                         :    11 Civ. 6193 (DLC)
                                         :
FIRST HORIZON NATIONAL CORP., et al.,    :
                      Defendants.        :
                                         :
----------------------------------------- X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                      Plaintiff,         :
             -v-                         :    11 Civ. 6195 (DLC)
                                         :
BANK OF AMERICA CORP., et al.,           :
                      Defendants.        :
                                         :
----------------------------------------- X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                      Plaintiff,         :
             -v-                         :    11 Civ. 6196 (DLC)
                                         :
CITIGROUP INC., et al.,                  :
                      Defendants.        :
                                         :
----------------------------------------- X
                                         :
FEDERAL HOUSING FINANCE AGENCY, etc.,    :
                      Plaintiff,         :
             -v-                         :    11 Civ. 6198 (DLC)
                                         :
GOLDMAN, SACHS & CO., et al.,            :
                      Defendants.        :
                                         :
-----------------------------------------X
```

```
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                     Plaintiff,        :
              -v-                      :     11 Civ. 6200 (DLC)
                                       :
CREDIT SUISSE HOLDINGS (USA), INC., et :
al.,                                   :
                     Defendants.       :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                     Plaintiff,        :
              -v-                      :     11 Civ. 6201 (DLC)
                                       :
NOMURA HOLDING AMERICA, INC., et al.,  :
                     Defendants.       :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                     Plaintiff,        :
              -v-                      :     11 Civ. 6202 (DLC)
                                       :
MERRILL LYNCH & CO., INC., et al.,     :
                     Defendants.       :
                                       :
-------------------------------------- X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                     Plaintiff,        :
              -v-                      :     11 Civ. 6203 (DLC)
                                       :
SG AMERICAS, INC., et al.,             :
                     Defendants.       :
                                       :
-------------------------------------X
                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,  :
                     Plaintiff,        :
              -v-                      :     11 Civ. 6739 (DLC)
                                       :
MORGAN STANLEY, et al.,                :
                     Defendants.       :
                                       :
-------------------------------------X
```

```
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                         Plaintiff,     :
              -v-                        :    11 Civ. 7010 (DLC)
                                        :
ALLY FINANCIAL INC., et al.,            :
                         Defendants.    :
                                        :
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                         Plaintiff,     :
              -v-                        :    11 Civ. 7048 (DLC)
                                        :
GENERAL ELECTRIC COMPANY, et al.,       :
                         Defendants.    :
                                        :
----------------------------------------X
```

July 30, 2012


V<small>IA</small> E<small>LECTRONIC</small> M<small>AIL</small>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY  10007-1312

Re:     FHFA Actions, No. 11 Civ. 05201 (DLC) *et al.*

Dear Judge Cote:

We write on behalf of Plaintiff  FHFA to address defendants' claim that FHFA's Rule 30(b)(6)
designees on Topic Nos. 1, 2, 10 and 11 of defendants' Notice of Deposition of FHFA, (a) were
not adequately prepared, and (b) failed to provide custodian-specific or file-specific information.
See Exhibit 1.  The Court should reject both claims.  As set forth in the attached Exhibit 2, FHFA
agreed to produce a designee on the following topics:

> Freddie Mac and Fannie Mae document-retention policies and practices as they applied to
> the groups and individuals responsible for the Securitizations.  *See* Exhibit 2 at 5-6
> (Topic Nos. 1, 2).

> [T]he systems through which Fannie Mae and Freddie Mac maintained hard-copy files
> and electronic files] in the ordinary course that are relevant to each Securitization and to
> private label RMBS investments.  *See* Exhibit 2 at 13-14 (Topic No. 10 (hard copy files);
> Topic No. 11 (electronic files)).

Defendants did not contest FHFA's objections or the topics on which FHFA agreed to provide a
designee.  FHFA produced one designee from each GSE to address these topics.  On July 20,
2012, defendants deposed the Freddie Mac designee, Richard Kehoe, a 20-year Freddie Mac
employee who is currently its Director of Litigation Support.  On July 26, 2012, defendants
deposed Melissa Armstrong, a 17-year Fannie Mae employee who is currently its Vice President
responsible for all Fannie Mae computers and electronic systems.  Each designee spent multiple
days preparing for their respective depositions.  Each appeared at the deposition with a binder of
materials from which to testify accurately (although counsel for the UBS defendants regularly
prohibited Mr. Kehoe from referring to it).  FHFA included in each binder a multi-page summary
that identified the universe of available electronic information (including e-mails, backup tapes,
personal computers, servers, retained media, trader tapes, the dates for which each exists and the
associated software and systems, and hard-copy documents.).  *See* Exhibit 3 (Freddie Mac);
Exhibit 4 (Fannie Mae).  The summary identified each person who provided information in
preparation for the deposition.  *See* Exhibit 3 at 6 (28 people); Exhibit 4 at 8 (24 people).  The

Hon. Denise L. Cote
July 30, 2012

GSEs also collected document retention policies from 2004 through the present, produced them (although no document request sought them) and prepared a chart that tracked their progression. *See* Exhibit 5.  Each binder included a log of litigation holds that could apply to either custodians or documents potentially relevant to these cases.  *See* Exhibit 6.  Defendants deposed Mr. Kehoe for seven hours; Ms. Armstrong for almost six hours.

**The Topics do not seek custodian-specific information**.  Defendants fault FHFA's designees for not providing information regarding the quantity, date-range and type of electronic information for each of the 81 agreed and 164 additional proposed custodians.  However, the topics that defendants noticed do not seek custodian-specific information.  *See* Exhibit 1 at 8-9.  FHFA agreed to provide a designee to address document retention *policies* and *procedures* and the *systems* used to follow those policies.  Each witness spent hours reviewing the policies and procedures applicable between 2004 and the present and was prepared to testify regarding the electronic systems used to manage documents (Windows and Novell file systems, Documentum, iManage, etc.).  Defendants asked almost no questions on this topic.  Even if the topics sought custodian-specific information, it would be necessarily incomplete as the GSEs continue to collect information for the 38 initial custodians and recently agreed to 43 additional custodians whose documents are now being collected.  These additional custodians should ameliorate any concern about missing electronic information.  The GSEs have collected eight terabytes of data.

Defendants, however, are seeking to stop the collection and production process and to require an audit the electronic information for each of the 164 additional proposed custodians.  This would interfere with the GSEs' ability to meet the Court's schedule.  Defendants justify their request for custodian-specific information because they suspect that some Freddie Mac custodians have no electronic information.  This is wrong.  FHFA has advised defendants that each agreed Freddie Mac custodian has significant amounts of electronic information, including e-mail, for the relevant time period.  FHFA will notify defendants if a custodian has no electronic information.

**The Topics do not seek information regarding specific files or binders**.  The witnesses could not answer questions about the location of specific hard copy files between 2004 and 2008, *e.g.*, the file cabinet with trade tickets.  These are beyond the scope of the 30(b)(6) notices, which only focused on the system for which hard copy files are maintained.  Notwithstanding, counsel represents that hard copy documents from the relevant departments are being collected.

The Court should not award defendants' burdensome, harassing tactics with additional deposition time or additional 30(b)(6) designees.  At each deposition counsel spent significant time questioning witnesses about subjects well beyond the topics and the scope set forth in the Rule 26(f) report.  *See* Exhibit 7 at 6.  For example, Defendants questioned each designee about Fannie Mae and Freddie Mac policies and practices restricting information between the private label securities business and the single-family business, limitations on information access between business lines, and any potential exceptions.

FHFA respectfully requests that the Court reject defendants' request for additional designees or for additional time on these topics.

2

Hon. Denise L. Cote
July 30, 2012


Respectfully Submitted,

/s/ *Jon Corey*                            /s/ *Kanchana Wangkeo Leung*

Jon Corey                                  Kanchana Wangkeo Leung
(joncorey@quinnemanuel.com)                (kleung@kasowitz.com)
QUINN EMANUEL URQUHART &                   KASOWITZ, BENSON, TORRES &
    SULLIVAN, LLP            FRIEDMAN LLP
1299 Pennsylvania Ave., NW, Suite 825      1633 Broadway
Washington, DC  20004                      New York, New York 10019
(202) 538-8000                             (212) 506-1700

*Attorneys for Plaintiff Federal Housing*   *Attorneys for Plaintiff Federal Housing*
*Finance Agency*                            *Finance Agency*


Encls.

cc:    All Counsel of Record (via email)

## T<small>ABLE OF</small> C<small>ONTENTS</small>

| EXHIBIT # | DESCRIPTION |
|---|---|
| 1 | Defendants' Notice of Rule 30(b)(6) Deposition, dated June 28, 2012 |
| 2 | FHFA's Objections and Responses to Defendants' Notice of Rule 30(b)(6) Deposition, dated July 10, 2012 |
| 3 | Freddie Mac ESI Summary from Richard Kehoe 30(b)(6) Deposition |
| 4 | Fannie Mae ESI Summary from Melissa Armstrong 30(b)(6) Deposition |
| 5 | Freddie Mac and Fannie Mae Record Retention Policy Summaries from Kehoe and Armstrong 30(b)(6) Depositions |
| 6 | Freddie Mac and Fannie Mae Litigation Hold Summaries from Kehoe and Armstrong 30(b)(6) Depositions |
| 7 | Joint Rule 26(f) Report, dated June 7, 2012 |
| 8 | Richard Kehoe 30(b)(6) Deposition Transcript, dated July 20, 2012 |
| 9 | Melissa Armstrong 30(b)(6) Deposition Transcript, dated July 26, 2012 (rough version – official transcript not available) |

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - x

FEDERAL HOUSING FINANCE AGENCY, :
etc.,                    :
                       :    11 Civ. 5201 (DLC)
            Plaintiff,     :
                       :
                       :
             v.            :
                       :    **NOTICE OF RULE 30(B)(6)**
UBS AMERICAS INC., et al.,     :    **DEPOSITION**
                       :
           Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
Other Cases Brought By This Plaintiff:  :
                       :
11 Civ. 6188 (DLC)          :
11 Civ. 6189 (DLC)          :
11 Civ. 6190 (DLC)          :
11 Civ. 6192 (DLC)          :
11 Civ. 6193 (DLC)          :
11 Civ. 6195 (DLC)          :
11 Civ. 6196 (DLC)          :
11 Civ. 6198 (DLC)          :
11 Civ. 6200 (DLC)          :
11 Civ. 6201 (DLC)          :
11 Civ. 6202 (DLC)          :
11 Civ. 6203 (DLC)          :
11 Civ. 6739 (DLC)          :
11 Civ. 7010 (DLC)          :
11 Civ. 7048 (DLC)          :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

      **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendants will take the deposition upon oral examination of Plaintiff Federal

Housing Finance Agency, at  9:00 am on Thursday, July 12, 2012, at the offices of Skadden,

Arps, Slate, Meagher & Flom LLP, through the officer(s), director(s), agent(s), or such other

person(s) with the most knowledge concerning the topics listed in Schedule A hereto.

**PLEASE TAKE FURTHER NOTICE** that the deposition will take place before a notary public or other officer authorized to administer oaths and record testimony pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will be recorded by stenographic means and videotape.  The deposition will continue from day to day until complete, excluding Saturdays, Sundays and holidays.

Date:  June 28, 2012

_____/s/_____
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG, Taunus Corporation, Deutsche Bank Securities Inc , DB Structured Products, Inc., Ace Securities Corp., Mortgage IT Securities Corp.*

_____/s/_____
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America Holdings Inc., HSBC USA Inc., HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset Securitization Corporation, HSBC Securities (USA) Inc., Neal Leonard, Gerard Mattia, Todd White, Norman Chaleff, and Jon Voigtman*

_____/s/_____
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc., UBS Real Estate Securities Inc., UBS Securities LLC, Mortgage Asset Securitization Transactions, Inc., David Martin, Per Dyrvik, Hugh Corcoran and Peter Slagowitz*

_____/s/_____
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup Mortgage Loan Trust Inc., Citigroup Global Markets Realty Corp., Citigroup Global Markets Inc., Susan Mills, Randall Costa, Scott Freidenrich, Richard A. Isenberg, Mark I. Tsesarsky, Peter Patricola, Jeffrey Perlowitz and Evelyn Echevarria*

|  |  |
|---|---|
| _____/s/_____ | _____/s/_____ |
| James P. Rouhandeh | Penny Shane (shanep@sullcrom.com) |
| Brian S. Weinstein | Sharon L. Nelles (nelless@sullcrom.com) |
| Daniel J. Schwartz | Jonathan M. Sedlak (sedlakj@sullcrom.com) |
| Nicholas N. George | David A. Castleman |
| Jane M. Morril | (castlemand@sullcrom.com) |
| DAVIS POLK & WARDWELL LLP | SULLIVAN & CROMWELL LLP |
| 450 Lexington Avenue | 125 Broad Street |
| New York, New York  10017 | New York, NY  10004 |

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, Craig S. Phillips, Alexander C. Frank, David R. Warren, John E. Westerfield, and Steven S. Stern*

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants*

|  |  |
|---|---|
| _____/s/_____ | _____/s/_____ |
| Bruce Clark (clarkb@sullcrom.com) | David H. Braff (braffd@sullcrom.com) |
| SULLIVAN & CROMWELL LLP | Brian T. Frawley (frawleyb@sullcrom.com) |
| 125 Broad Street | Jeffrey T. Scott (scottj@sullcrom.com) |
| New York, NY  10004 | Joshua Fritsch (fritschj@sullcrom.com) |
|  | SULLIVAN & CROMWELL LLP |
| Amanda F. Davidoff (davidoffa@sullcrom.com) | 125 Broad Street |
| SULLIVAN & CROMWELL LLP | New York, NY  10004 |
| 1701 Pennsylvania Avenue, N.W. |  |
| Washington, DC  20006 |  |

*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman*

*Attorneys for Barclays Capital Inc., Barclays Bank PLC, Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade*

/s/
_____
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation;
Bank of America, N.A.; Asset Backed Funding
Corp.; Banc of America Funding Corp.; Merrill
Lynch & Co., Inc., Merrill Lynch Mortgage
Lending, Inc., Merrill Lynch Mortgage Capital
Inc., First Franklin Financial Corp., Merrill
Lynch Mortgage Investors, Inc., Merrill Lynch
Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.*

/s/
_____
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*

/s/
_____
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr.
(tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., Goldman Sachs Real Estate
Funding Corp., Peter C. Aberg, Howard S.
Altarescu, Robert J. Christie, Kevin Gasvoda,
Michelle Gill, David J. Rosenblum, Jonathan S.
Sobel, Daniel L. Sparks, Mark Weiss*

/s/
_____
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante Larocca*

_____/s/_____
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman
(george.zimmerman@skadden.com)
Robert A. Fumerton
(robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*

_____/s/_____
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick
(vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

_____/s/_____
David Potter (dpotter@lpgllp.com)
LAZARE, POTTER & GIACOVAS LLP
950 Third Avenue
New York, New York  10022

Jeffrey A. Lipps (lipps@carpenterlipps.com)
Jennifer A.L. Battle
(battle@carpenterlipps.com)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 N. High Street
Columbus, Ohio  43215

*Attorneys for Defendants Ally Securities, LLC*

_____/s/_____
Sandra D. Hauser
(sandra.hauser@snrdenton.com)
Patrick Fitzmaurice
(patrick.fitzmaurice@snrdenton.com)

SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins*

5

_____/s/_____
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Attorneys for Ally Financial Inc. and GMAC Mortgage Group, Inc.*

_____/s/_____
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

*Attorneys for Defendant RBS Securities Inc.*

_____/s/_____
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

*Attorneys for Tom Marano and Michael Nierenberg*

_____/s/_____
Dani R. James
Jade A. Burns
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036

*Attorneys for Defendant Jeffrey L. Verschleiser*

_____/s/_____
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

*Attorneys for Citigroup Global Markets, Inc., Deutsche Bank Securities Inc., RBS Securities Inc. and UBS Securities LLC*

_____/s/_____
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

*Attorneys for Defendant Samuel L. Molinaro, Jr*

_____/s/_____

Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 530-1800
Facsimile: (212) 530-1801

*Attorneys for Defendants George C. Carp,
Robert J. Caruso, George E. Ellison, Adam D.
Glassner, Daniel B. Goodwin, Juliana Johnson,
Michael J. Kula, William L. Maxwell, Mark I.
Ryan, Antoine Schetritt, Donald Han, Michael
M. McGovern, Paul Park, Donald J. Puglisi,
Brian T. Sullivan, and Matthew Whalen*

7

# SCHEDULE A

1.  Any systematic deletion and/or destruction of potentially relevant documents by Freddie Mac or Fannie Mae at any time from January 1, 2004 through the present, including but not limited to the implementation of auto-deletion policies, the overwriting of back-up tapes, and the destruction of custodial files following an employee's departure from the GSEs.

2.  Any document preservation memos that were issued by Freddie Mac or Fannie Mae in connection with any litigation, investigation or regulatory proceeding concerning mortgage loans or residential mortgage-backed securities ("RMBS") at any time from January 1, 2004 through the present, including any steps taken to preserve potentially relevant documents.

3.  The organizational structure of Fannie Mae and Freddie Mac, including but not limited to the respective individuals, positions, departments, committees or other groups at Fannie Mae or Freddie Mac that had a role in each Securitization in the above-captioned Actions ("Securitization"), or that had a role in Your purchase of mortgage loans or Your securitizations of mortgage loans, including but not limited to those individuals, positions, departments, committees or other groups who had responsibility for, involvement in or knowledge of:

    (i)     Your assessment of the potential risks and benefits of non-agency mortgage backed securities;

    (ii)    approval of Your purchase of non-agency mortgage backed securities and/or in development of any limits or setting of any goals concerning such purchases;

    (iii)   any pre- or post-purchase credit analyses, due diligence processes, pricing analysis and/or other tools or analyses used by You to assess Your investments or potential investments in non-agency mortgage backed securities;

    (iv)    any assessments or analyses concerning underwriting standards or methods employed in connection with the underlying loans supporting the Securitizations;

    (v)     any assessments or analyses concerning any rating agency ratings relating to the Securitizations; and

    (vi)    communications with any third parties regarding the Certificates or Your investment in them.

As to each such individual, position, department, committee or other group, the organizational relationships between and among them; the names and Composition of any groups or other bodies that were responsible for overseeing or supporting more than one of them; and a description of the tools employed in the ordinary course of business to carry out communication and coordination between and among them.

4. The Composition of each group responsible for any aspect of Your purchase of mortgage loans, including Your due diligence, Your communications with mortgage loan originators, Your pricing decisions, Your monitoring of the performance of the mortgage loans, and Your communications with any third parties, including but not limited to any operational reviews of third parties in connection with the mortgage loans or Your purchase of them from the time period beginning January 1, 2004 through September 6, 2007.

5. The Composition of each group responsible for any aspect of Your securitizations of mortgage loans, including Your due diligence, Your communications with potential investors in Your securitizations, Your pricing decisions, Your monitoring of the performance of the securitizations, and Your communications with any third parties regarding the securitizations from the time period beginning January 1, 2004 through September 6, 2007.

6. The Composition of each group responsible for any aspect of Your economic modeling relating to the housing or mortgage markets, housing or mortgage industry trends, the Certificates or the Securitizations, Your own securitizations, and mortgage loans You purchased from the time period beginning January 1, 2004 through the present.

7. The Composition of each group responsible for the development or application of any intellectual property or other tools used to detect appraisal bias from the time period beginning January 1, 2004 through the present.

8. The Composition of each group responsible for or having knowledge of the effectiveness and limitations of automated valuation modeling from the time period beginning January 1, 2004 through the present.

9. For each Securitization, the identities of any external due diligence firms that assisted Fannie Mae or Freddie Mac.

10. The systems through which Fannie Mae and Freddie Mac maintain hard-copy files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action.

11. The systems through which Fannie Mae and Freddie Mac maintain electronic files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action.

12. The Composition of each group responsible for the decision to file the Actions.

9

## DEFINITIONS

1.      The Uniform Definitions for Discovery Requests and rules of construction shall apply. *See* S.D.N.Y. Local Civil Rule 26.3.

2.      The term "Actions" means the above-captioned civil actions pending in the United States District Court for the Southern District of New York.

3.      The term "Complaints" means the operative complaints in the Actions, individually and collectively, and all exhibits and appendices thereto.

4.      The term "Securitizations" refers to each and every securitization, individually and collectively, referred to in the Complaints.

5.      The term "Certificates" means the particular Certificates, individually and collectively, that You purchased in the Securitizations.

6.      The term "Composition" includes the identity of each employee, the number of employees, and the organizational structure of the identified group.

7.      The term "include," or any variant thereof, means including without limitation.

8.      The terms "relating to," "concerning," "regarding," and "reflecting," and any variant thereof, mean relating to, regarding, concerning, referring to, with respect to, reflecting, describing, involving, evidencing, pertaining to, containing, setting forth, showing, disclosing, or constituting.

9.      The terms "You" and "Your" refer to Plaintiff Federal Housing Finance Agency, all of its predecessor agencies or entities, including the Office of Federal Housing Enterprise Oversight and the Federal Housing Finance Board, and all entities for which it is the purported conservator, including the Federal National Mortgage Association and the Federal Home Loan

Mortgage Corporation, and all persons and entities acting or purporting to act on behalf of each of the foregoing entities, individually and collectively.

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

           v.

UBS AMERICAS, INC., et al.,

                      Defendants.

: **PLAINTIFF'S OBJECTIONS**
: **AND RESPONSES TO**
: **DEFENDANTS' NOTICE OF**
: **RULE 30(B)(6) DEPOSITION**
:
: 11 Civ. 5201 (DLC)
:

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

           v.

JPMORGAN CHASE & CO., et al.,

                      Defendants.

11 Civ. 6188 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

           v.

HSBC NORTH AMERICA HOLDINGS, INC., et al.,

                      Defendants.

11 Civ. 6189 (DLC)

---------------------------------------------------------------- x

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

           v.

BARCLAYS BANK PLC, et al.,

                      Defendants.

11 Civ. 6190 (DLC)

---------------------------------------------------------------- x

```
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6192 (DLC)
                              Plaintiff,                             :
               v.                                                   :
                                                                    :
DEUTSCHE BANK AG, et al.,                                           :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6193 (DLC)
                              Plaintiff,                             :
               v.                                                   :
                                                                    :
FIRST HORIZON NATIONAL CORP., et al.,                               :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6195 (DLC)
                              Plaintiff,                             :
               v.                                                   :
                                                                    :
BANK OF AMERICA CORP., et al.,                                      :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------ x
                                                                    :
                                                                    :
FEDERAL HOUSING FINANCE AGENCY, etc.,                               :
                                                                    :   11 Civ. 6196 (DLC)
                              Plaintiff,                             :
               v.                                                   :
                                                                    :
CITIGROUP INC., et al.,                                             :
                                                                    :
                              Defendants.                           :
                                                                    :
------------------------------------------------------------------ x
```

```
------------------------------------------------------------------ x
                                                       :
                                                       :
                                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,                  :
                                                       :   11 Civ. 6198 (DLC)
                      Plaintiff,                       :
              v.                                       :
                                                       :
GOLDMAN, SACHS & CO., et al.,                          :
                                                       :
                      Defendants.                      :
                                                       :
------------------------------------------------------------------ x
                                                       :
                                                       :
                                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,                  :
                                                       :   11 Civ. 6200 (DLC)
                      Plaintiff,                       :
              v.                                       :
                                                       :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,            :
                                                       :
                      Defendants.                      :
                                                       :
------------------------------------------------------------------ x
                                                       :
                                                       :
                                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,                  :
                                                       :   11 Civ. 6201 (DLC)
                      Plaintiff,                       :
              v.                                       :
                                                       :
NOMURA HOLDING AMERICA, INC., et al.,                  :
                                                       :
                      Defendants.                      :
                                                       :
------------------------------------------------------------------ x
                                                       :
                                                       :
                                                       :
FEDERAL HOUSING FINANCE AGENCY, etc.,                  :
                                                       :   11 Civ. 6202 (DLC)
                      Plaintiff,                       :
              v.                                       :
                                                       :
MERRILL LYNCH & CO., INC., et al.,                     :
                                                       :
                      Defendants.                      :
                                                       :
------------------------------------------------------------------ x
```

------------------------------------------------------------------- x
      :
      :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
      :
             Plaintiff,   :  11 Civ. 6203 (DLC)
         v.         :
      :
SG AMERICAS, INC., et al.,   :
      :
            Defendants.   :
      :
------------------------------------------------------------------- x
      :
      :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
      :
             Plaintiff,   :  11 Civ. 6739 (DLC)
         v.         :
      :
MORGAN STANLEY, et al.,   :
      :
            Defendants.   :
      :
------------------------------------------------------------------- x
      :
      :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
      :
             Plaintiff,   :  11 Civ. 7010 (DLC)
         v.         :
      :
ALLY FINANCIAL INC., et al.,   :
      :
            Defendants.   :
      :
------------------------------------------------------------------- x
      :
      :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :  11 Civ. 7048 (DLC)
      :
             Plaintiff,   :
         v.         :
      :
GENERAL ELECTRIC COMPANY, et al.,   :
      :
            Defendants.   :
      :
      :
------------------------------------------------------------------- x

Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator for the Federal

National Mortgage Association and the Federal Home Loan Mortgage Corporation (collectively,

the "GSEs"), responds as follows to Defendants' Notice of Rule 30(b)(6) Deposition to Plaintiff

FHFA, served on June 28, 2012, and to each topic, definition, and instruction therein (the

"Notice"):

## GENERAL OBJECTIONS

1.      FHFA objects to the Notice and the Topics contained in the Notice  (collectively

the "Topics") on the grounds that they are overbroad, unduly burdensome, vague and harassing.

The Topics fail to describe with reasonable particularity the matters on which examination is

requested and, on their face, call for vast, undefined categories of information, spanning various

unreasonably long time periods, that would potentially require many witnesses to address.

2.      FHFA objects to the Notice and Topics on the ground and to the extent that they

are vague and ambiguous, seek information that is not relevant to the claim or defense of any

party to the above-captioned actions (the "Actions"), are not reasonably calculated to lead to the

discovery of evidence admissible in these Actions, are unduly burdensome or seek information

available from a more convenient source, or are otherwise beyond the scope of permissible

discovery in the Actions.

3.      FHFA objects to the Notice and Topics on the ground that the scope of the Topics

is beyond the scope agreed to by the parties in the Rule 26(f) report, which states:

> The Parties agree that some 30(b)(6) depositions limited to the identity of witnesses
> with knowledge of information relevant to the subject matter of the Actions and the
> existence, custodian, location and general description of relevant documents and
> other physical evidence, or information of a similar nature; relevant electronic
> systems used in the ordinary course of each party's business; and other topics to be
> reasonably agreed by the Parties or ordered by the Court, may occur prior to the
> completion of document discovery.

4.      FHFA objects to the Notice and Topics on the ground and to the extent they improperly attempt to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Southern District of New York ("S.D.N.Y.") Local Rules, or any other applicable law or rule.  Subject to and without waiver of any Objections, FHFA will construe the Notice and Topics consistently with the applicable rules.

5.      FHFA objects to the Notice and Topics on the ground and to the extent they seek information not known or reasonably available to FHFA.

6.      FHFA objects to the Notice and Topics to the extent they seek the disclosure of information subject to the attorney-client privilege, the work product doctrine, bank examination privilege, or any other applicable privilege or immunity.  FHFA does not waive or intend to waive, but rather preserves and intends to preserve, any applicable privilege or immunity.

7.      FHFA objects to the Notice and Topics on the ground and to the extent they seek the disclosure of information relating to mortgage loans other than those in the collateral pools backing the particular Certificates that the GSEs purchased in the Securitizations (the "GSE Certificates").  Terms used in these objections have the same definitions as in the operative complaint applicable in each of the Actions.

8.      FHFA objects to the Notice and Topics on the ground and to the extent they seek the disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-disclosure agreements or confidentiality undertakings.  FHFA will produce witness or witnesses in response to the Notice subject to the Protective Order entered in the Actions on May 30, 2012, and only to the extent permitted under the terms of any applicable disclosure agreements or confidentiality undertakings.

9.      FHFA objects to the time period specified for the Topics on the ground it is overly broad, unduly burdensome, oppressive and is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions. FHFA will limit the relevant time period to the period beginning 60 days prior to the first Securitization and ending upon the commencement of the Actions.

10.      FHFA objects to the Notice and Topics on the ground and to the extent the Definitions provided therein are inconsistent with or more expansive than the definitions set forth in S.D.N.Y. Local Rule 26.3(c)(3).

11.      FHFA objects to the Definition of "you," "your," and "Plaintiff" in Definition No. 9 as overly broad and unduly burdensome to the extent it includes persons other than FHFA as conservator, Fannie Mae, Freddie Mac, and any of their employees.  FHFA further objects to the Definition of "you," "your," and "Plaintiff" to the extent that it purports to include OFHEO, the Federal Housing Finance Board, counsel, and agents acting on behalf of FHFA and its predecessors, Fannie Mae, or Freddie Mac.  OFHEO, which regulated the GSEs, was succeeded by FHFA, which was created on July 30, 2008, and is a party to this action solely in its role as conservator to the GSEs.  OFHEO is not a party to this action and has never served as conservator to the GSEs, and any information held solely in its capacity as a regulatory agency is not relevant to this action and subject to privilege.

12.      FHFA objects to the Definition of "Composition" in Definition No. 6 as overly broad, and on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report .

13.     FHFA's investigation is ongoing and FHFA reserves the right to supplement or modify its Objections to the Notice and Topics at any time.  Irrespective of whether FHFA produces a witness, FHFA reserves the right to amend, revise, correct or supplement these objections and to object to further discovery in the Actions.  FHFA's response reflects only the current state of its knowledge or information regarding the Topics Defendants have listed in Schedule A.

14.     FHFA responds to the Notice and Topics without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery request.

15.     FHFA objects to the time and place for the deposition specified in the Notice, which was set unilaterally by noticing counsel.  FHFA will, consistent with S.D.N.Y. Local Rule 26.4(a), meet and confer to determine a reasonable, convenient and mutually agreed date and location for any deposition.

**SPECIFIC RESPONSES AND OBJECTIONS**

**TOPIC NO. 1:**

Any systematic deletion and/or destruction of potentially relevant documents by Freddie Mac or Fannie Mae at any time from January 1, 2004 through the present, including but not limited to the implementation of auto-deletion policies, the overwriting of back-up tapes, and the destruction of custodial files following an employee's departure from the GSEs.

**RESPONSE TO TOPIC NO. 1:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 1 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 1 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA objects to Topic No. 1 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the

discovery of admissible evidence.  FHFA objects to the time period specified for Topic No. 1 on

the ground that it is overly broad, unduly burdensome, oppressive and is not reasonably

calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise

beyond the scope of permissible discovery in the Actions.  FHFA further objects to Topic No. 1

on the ground that it calls for a legal conclusion and is argumentative.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or

witnesses to testify regarding the Freddie Mac and Fannie Mae document-retention policies and

practices as they applied to the groups and individuals responsible for the Securitizations.


**TOPIC NO. 2:**

Any document preservation memos that were issued by Freddie Mac or Fannie Mae in
connection with any litigation, investigation or regulatory proceeding concerning mortgage loans
or residential mortgage-backed securities ("RMBS") at any time from January 1, 2004 through
the present, including any steps taken to preserve potentially relevant documents.

**RESPONSE TO TOPIC NO. 2:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 2 to the extent that it calls for the disclosure of information

protected by the attorney-client privilege and work product doctrine.  FHFA objects to Topic No.

2 on the ground and to the extent that it seeks information that is beyond the scope agreed to by

the parties in the Rule 26(f) report.  FHFA objects to Topic No. 2 on the ground that it seeks

information that is not relevant to any party's claim or defense or reasonably calculated to lead to

the discovery of admissible evidence.  FHFA objects to the time period specified for Topic No. 2

on the ground it is overly broad, unduly burdensome, oppressive and is not reasonably calculated

to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the

scope of permissible discovery in the Actions.   FHFA further objects to Topic No. 2 on the

ground that the document preservation memos themselves are the best evidence of their content.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or

witnesses to testify regarding the Freddie Mac and Fannie Mae document-retention policies and

practices as they applied to the groups and individuals responsible for the Securitizations.

**TOPIC NO. 3:**

The organizational structure of Fannie Mae and Freddie Mac, including but not limited to the respective individuals, positions, departments, committees or other groups at Fannie Mae or Freddie Mac that had a role in each Securitization in the above-captioned Actions ("Securitization"), or that had a role in Your purchase of mortgage loans or Your securitizations of mortgage loans, including but not limited to those individuals, positions, departments, committees or other groups who had responsibility for, involvement in or knowledge of:

(i)     Your assessment of the potential risks and benefits of non-agency mortgage backed securities;

(ii)    approval of Your purchase of non-agency mortgage backed securities and/or in development of any limits or setting of any goals concerning such purchases;

(iii)   any pre- or post-purchase credit analyses, due diligence processes, pricing analysis and/or other tools or analyses used by You to assess Your investments or potential investments in non-agency mortgage backed securities;

(iv)    any assessments or analyses concerning underwriting standards or methods employed in connection with the underlying loans supporting the Securitizations;

(v)     any assessments or analyses concerning any rating agency ratings relating to the Securitizations; and

(vi)    communications with any third parties regarding the Certificates or Your investment in them.

As to each such individual, position, department, committee or other group, the organizational relationships between and among them; the names and Composition of any groups or other bodies that were responsible for overseeing or supporting more than one of them; and a description of the tools employed in the ordinary course of business to carry out communication and coordination between and among them.

**RESPONSE TO TOPIC NO. 3:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 3 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 3 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 3 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to the time period specified for Topic No. 3 on the ground that it is overly broad, unduly burdensome, oppressive and is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions.  FHFA objects to Topic No. 3 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA further objects to Topic No. 3 on the grounds that it is vague and ambiguous, and compound.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or witnesses to identify the members of such groups responsible for the Securitizations, within the scope agreed to by the parties in the Rule 26(f) report.

**TOPIC NO. 4:**

The Composition of each group responsible for any aspect of Your purchase of mortgage loans, including Your due diligence, Your communications with mortgage loan originators, Your pricing decisions, Your monitoring of the performance of the mortgage loans, and Your communications with any third parties, including but not limited to any operational reviews of third parties in connection with the mortgage loans or Your purchase of them from the time period beginning January 1, 2004 through September 6, 2007.

**RESPONSE TO TOPIC NO. 4:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 4 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 4 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 4 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to the time period specified for Topic No. 4 on the ground that it is overly broad, unduly burdensome, oppressive and is not reasonably calculated to lead to the discovery of evidence admissible in these Actions, or is otherwise beyond the scope of permissible discovery in the Actions.   FHFA objects to Topic No. 4 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA further objects to Topic No. 4 on the grounds that it is vague and ambiguous.

**TOPIC NO. 5:**

The Composition of each group responsible for any aspect of Your securitizations of mortgage loans, including Your due diligence, Your communications with potential investors in Your securitizations, Your pricing decisions, Your monitoring of the performance of the securitizations, and Your communications with any third parties regarding the securitizations from the time period beginning January 1, 2004 through September 6, 2007.

**RESPONSE TO TOPIC NO. 5:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 5 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 5 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 5 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to the time

period specified for Topic No. 5 on the ground that it is overly broad, unduly burdensome,

oppressive and is not reasonably calculated to lead to the discovery of evidence admissible in

these Actions, or is otherwise beyond the scope of permissible discovery in the Actions.   FHFA

objects to Topic No. 5 on the ground that it fails to describe with reasonable particularity the

matters on which examination is requested.  FHFA further objects to Topic No. 5 on the grounds

it is vague and ambiguous.

**TOPIC NO. 6:**

The Composition of each group responsible for any aspect of Your economic modeling
relating to the housing or mortgage markets, housing or mortgage industry trends, the
Certificates or the Securitizations, Your own securitizations, and mortgage loans You purchased
from the time period beginning January 1, 2004 through the present.

**RESPONSE TO TOPIC NO. 6:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 6 on the ground and to the extent that it seeks information

that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic

No. 6 on the ground that it seeks information that is not relevant to any party's claim or defense

or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic

No. 6 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to Topic No. 6

on the grounds that the phrase "economic modeling" is overly broad, vague and ambiguous.

FHFA objects to Topic No. 6 on the ground that it fails to describe with reasonable particularity

the matters on which examination is requested.  FHFA further objects to Topic No. 6 on the

ground that it seeks the disclosure of information containing confidential commercial, business,

financial, governmental, proprietary or competitively sensitive information, or documents that

are subject to non-disclosure agreements or confidentiality undertakings.

9

Subject to and without waiving the foregoing objections, FHFA will produce a witness or witnesses to identify the groups and individuals who were responsible for economic modeling used to evaluate potential purchases of Securitizations, within the scope agreed to by the parties in the Rule 26(f) report.


**TOPIC NO. 7:**

The Composition of each group responsible for the development or application of any intellectual property or other tools used to detect appraisal bias from the time period beginning January 1, 2004 through the present.

**RESPONSE TO TOPIC NO. 7:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 7 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 7 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 7 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to Topic No. 7 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA objects to Topic No. 7 on the ground that it seeks the disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-disclosure agreements or confidentiality undertakings.   FHFA further objects to Topic No. 7 on the grounds that it is vague and ambiguous.

**TOPIC NO. 8:**

The Composition of each group responsible for or having knowledge of the effectiveness and limitations of automated valuation modeling from the time period beginning January 1, 2004 through the present.

**RESPONSE TO TOPIC NO. 8:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 8 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 8 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 8 on the grounds that it is overbroad and unduly burdensome.  FHFA objects to Topic No. 8 on the ground that it seeks the disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-disclosure agreements or confidentiality undertakings.  FHFA objects to Topic No. 8 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA further objects to Topic No. 8 on the grounds that the phrase "having knowledge of the effectiveness and limitations" is overly broad, vague and ambiguous.

**TOPIC NO. 9:**

For each Securitization, the identities of any external due diligence firms that assisted Fannie Mae or Freddie Mac.

**RESPONSE TO TOPIC NO. 9:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

11

FHFA objects to Topic No. 9 to the extent that it calls for the disclosure of information protected by the attorney-client privilege and work product doctrine.  FHFA objects to Topic No. 9 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 9 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 9 on the grounds that the word "assisted" is overly broad, vague and ambiguous.  FHFA further objects to Topic No. 9 on the ground that it assumes disputed facts or legal conclusions.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or witnesses in response to Topic No. 9 who can identify the due diligence firms retained by the GSEs in connection with their decision to purchase the GSE Certificates.


**TOPIC NO. 10:**

The systems through which Fannie Mae and Freddie Mac maintain hard-copy files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action.

**RESPONSE TO TOPIC NO. 10:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 10 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 10 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA objects to Topic No. 10 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 10 on the ground that it seeks the

disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-disclosure agreements or confidentiality undertakings.  FHFA further objects to Topic No. 10 on the grounds that it is vague and ambiguous.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or witnesses to testify regarding the systems through which Fannie Mae and Freddie Mac maintained hard-copy files in the ordinary course that are relevant to each Securitization and to private label RMBS investments.


**TOPIC NO. 11:**

The systems through which Fannie Mae and Freddie Mac maintain electronic files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action.

**RESPONSE TO TOPIC NO. 11:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 11 on the ground and to the extent that it seeks information that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic No. 11 on the ground that it fails to describe with reasonable particularity the matters on which examination is requested.  FHFA objects to Topic No. 11 on the ground that it seeks information that is not relevant to any party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic No. 11 on the ground that it seeks the disclosure of information containing confidential commercial, business, financial, governmental, proprietary or competitively sensitive information, or documents that are subject to non-

disclosure agreements or confidentiality undertakings.  FHFA further objects to Topic No. 11 on

the grounds that it is vague and ambiguous.

Subject to and without waiving the foregoing objections, FHFA will produce a witness or

witnesses to testify regarding the systems through which Fannie Mae and Freddie Mac

maintained electronic files in the ordinary course that are relevant to each Securitization and  to

private label RMBS investments.


**TOPIC NO. 12:**

The Composition of each group responsible for the decision to file the Actions.


**RESPONSE TO TOPIC NO. 12:**

FHFA incorporates by reference its General Objections as if fully set forth herein.

FHFA objects to Topic No. 12 on the ground and to the extent that it seeks information

that is beyond the scope agreed to by the parties in the Rule 26(f) report.  FHFA objects to Topic

No. 12 on the ground that it seeks information that is not relevant to any party's claim or defense

or reasonably calculated to lead to the discovery of admissible evidence.  FHFA objects to Topic

No. 12 on the ground that it calls for the disclosure of information protected by the attorney-

client privilege and work product doctrine.

Dated: July 10, 2012
         New York, New York

/s/ Philippe Z. Selendy

Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA
v. JPMorgan Chase & Co., FHFA v. Deutsche
Bank AG, FHFA v. Citigroup Inc., and FHFA v.
Goldman, Sachs & Co.*

/s/ Marc E. Kasowitz

Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com )
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
      FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. Ally Financial Inc., FHFA
v. General Electric Company, FHFA v. Morgan
Stanley, and FHFA v. SG Americas, Inc.*

 /s/ Christine H. Chung

Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. First Horizon National
Corp., FHFA v. Bank of America Corp., and
FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth

Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. UBS Americas, Inc., FHFA
v. JPMorgan Chase & Co., FHFA v. Barclays
Bank PLC, FHFA v. Citigroup Inc., and FHFA
v. Merrill Lynch & Co., Inc.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. HSBC North America Holdings, Inc.
and FHFA v. Nomura Holding America, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Claire Catalano, hereby certify that on this 10th day of July 2012, I caused a true and correct

copy of the foregoing Plaintiff's Responses and Objections to Defendants' Notice of Rule

30(b)(6) Deposition to be served by electronic mail upon:

       Jay Kasner
       jay.kasner@skadden.com
       Scott Musoff
       scott.musoff@skadden.com
       Robert Fumerton
       robert.fumerton@skadden.com
       Skadden, Arps, Slate, Meagher & Flom LLP
       Four Times Square
       New York, NY 10036

       Penny Shane
       shanep@sullcrom.com
       Sharon Nelles
       nelless@sullcrom.com
       Jonathan Sedlack
       sedlakj@sullcrom.com
       David Castleman
       castlemand@sullcrom.com
       Theodore Edelman
       edelmant@sullcrom.com
       Richard Klapper
       klapperr@sullcrom.com
       Michael Tomaino
       tomainom@sullcrom.com
       Jordan Razza
       razzaj@sullcrom.com
       Rudy Kleysteuber
       kleysteuberw@sullcrom.com
       Damien Scott
       scottj@sullcrom.com
       David Braff
       braffd@sullcrom.com
       Brian Frawley
       frawleyb@sullcrom.com
       Joshua Fritsch
       fritschj@sullcrom.com
       Bruce Clark
       clarkb@sullcrom.com

Amanda Davidoff
davidoffa@sullcrom.com
David Sollors
sollorsd@sullcrom.com
David Dehoney
dehoneyd@sullcrom.com
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Brad Karp
bkarp@paulweiss.com
Susanna Buergel
sbuergel@paulweiss.com
Caitlin Grusauskas
cgrusauskas@paulweiss.com
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

Richard Clary
rclary@cravath.com
Michael Reynolds
mreynolds@cravath.com
Lauren Moskowitz
lmoskowitz@cravath.com
Mark Silverstein
msilverstein@cravath.com
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019

Thomas Rice
trice@stblaw.com
David Woll
dwoll@stblaw.com
Alan Turner
aturner@stblaw.com
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

Richard Lefton
leftonr@gtlaw.com
Richard Edlin
edlinr@gtlaw.com

Candace Camarata
camaratac@gtlaw.com
Greenberg Traurig LLP
200 Park Avenue
New York, 10166

Pamela Chepiga
pamela.chepiga@allenovery.com
Allie Cheatham
allie.cheatham@allenovery.com
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020

Joel Haims
jhaims@mofo.com
Lashann DeArcy
ldearcy@mofo.com
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Sandra Hauser
sandra.hauser@snrdenton.com
Patrick Fitzmaurice
patrick.fitzmaurice@snrdenton.com
SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020

Jade Burns
jburns@kramerlevin.com
Dani James
djames@kramerlevin.com
Kramer Levin Naftalis & Frankel LLP
1177 Sixth Avenue
New York, NY 10036

RMBS-Lit@mayerbrown.com
Mayer Brown LLP
1675 Broadway
New York, NY 10019

dmarshall@bsfllp.com
amichaelson@bsfllp.com
jsneider@bsfllp.com
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022

David Blatt
dblatt@wc.com
John McNichols
jmcnichols@wc.com
Steven Cady
scady@wc.com
Edward Bennett
EBennett@wc.com
Jesse Smallwood
jsmallwood@wc.com
Beth Stewart
bstewart@wc.com
Williams & Connolly LLP
735 12th Street Northwest
Washington, DC 20005

Neil Binder
nbinder@rkollp.com
Daniel Zinman
dzinman@rkollp.com
Jon Connolly
jconnolly@rkollp.com
Richards Kibbe & Orbe LLP
85 West Street
New York, NY 10006

/s/ Claire Catalano
Claire Catalano
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

# Exhibit 3

# REDACTED

# Exhibit 4

# REDACTED

# Exhibit 5

# REDACTED

# Exhibit 6

# REDACTED

# Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                        :
                        :
                        :   **JOINT RULE 26(f) REPORT**

FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                        :

              Plaintiff,   :   11 Civ. 5201 (DLC)
        v.                  :

UBS AMERICAS, INC., et al.,          :
                        :
            Defendants.   :
---------------------------------------------------------------- x
                        :
                        :

FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                        :   11 Civ. 6188 (DLC)
             Plaintiff,   :
        v.                  :

JPMORGAN CHASE & CO., et al.,       :
                        :
            Defendants.   :
---------------------------------------------------------------- x
                        :
                        :

FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                        :   11 Civ. 6189 (DLC)
             Plaintiff,   :
        v.                  :

HSBC NORTH AMERICA HOLDINGS, INC., et   :
al.,                               :
            Defendants.   :
---------------------------------------------------------------- x
                        :
                        :

FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                        :   11 Civ. 6190 (DLC)
             Plaintiff,   :
        v.                  :

BARCLAYS BANK PLC, et al.,          :
                        :
            Defendants.   :
---------------------------------------------------------------- x

```
-------------------------------------------------------------------- x
                                                            :
                                                            :
FEDERAL HOUSING FINANCE AGENCY, etc.,                       :
                                                            :
                    Plaintiff,                              :  11 Civ. 6192 (DLC)
            v.                                              :
                                                            :
DEUTSCHE BANK AG, et al.,                                   :
                                                            :
                    Defendants.                             :
                                                            :
-------------------------------------------------------------------- x
                                                            :
                                                            :
FEDERAL HOUSING FINANCE AGENCY, etc.,                       :
                                                            :
                    Plaintiff,                              :  11 Civ. 6193 (DLC)
            v.                                              :
                                                            :
FIRST HORIZON NATIONAL CORP., et al.,                       :
                                                            :
                    Defendants.                             :
                                                            :
-------------------------------------------------------------------- x
                                                            :
                                                            :
FEDERAL HOUSING FINANCE AGENCY, etc.,                       :
                                                            :
                    Plaintiff,                              :  11 Civ. 6195 (DLC)
            v.                                              :
                                                            :
BANK OF AMERICA CORP., et al.,                              :
                                                            :
                    Defendants.                             :
                                                            :
-------------------------------------------------------------------- x
                                                            :
                                                            :
FEDERAL HOUSING FINANCE AGENCY, etc.,                       :
                                                            :
                    Plaintiff,                              :  11 Civ. 6196 (DLC)
            v.                                              :
                                                            :
CITIGROUP INC., et al.,                                     :
                                                            :
                    Defendants.                             :
                                                            :
-------------------------------------------------------------------- x
```

```
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :
                Plaintiff,                                   :   11 Civ. 6198 (DLC)
        v.                                                   :
                                                             :
GOLDMAN, SACHS & CO., et al.,                                :
                                                             :
                Defendants.                                  :
                                                             :
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :
                Plaintiff,                                   :   11 Civ. 6200 (DLC)
        v.                                                   :
                                                             :
CREDIT SUISSE HOLDINGS (USA), INC., et al.,                  :
                                                             :
                Defendants.                                  :
                                                             :
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :
                Plaintiff,                                   :   11 Civ. 6201 (DLC)
        v.                                                   :
                                                             :
NOMURA HOLDING AMERICA, INC., et al.,                        :
                                                             :
                Defendants.                                  :
                                                             :
------------------------------------------------------------ x
                                                             :
                                                             :
FEDERAL HOUSING FINANCE AGENCY, etc.,                        :
                                                             :
                Plaintiff,                                   :   11 Civ. 6202 (DLC)
        v.                                                   :
                                                             :
MERRILL LYNCH & CO., INC., et al.,                           :
                                                             :
                Defendants.                                  :
                                                             :
------------------------------------------------------------ x
```

```
------------------------------------------------------------------ x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :
                              Plaintiff,             :  11 Civ. 6203 (DLC)
                                                     :
                    v.                               :
                                                     :
SG AMERICAS, INC., et al.,                           :
                                                     :
                              Defendants.            :
                                                     :
------------------------------------------------------------------ x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :
                              Plaintiff,             :  11 Civ. 6739 (DLC)
                                                     :
                    v.                               :
                                                     :
MORGAN STANLEY, et al.,                              :
                                                     :
                              Defendants.            :
                                                     :
------------------------------------------------------------------ x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :
                              Plaintiff,             :  11 Civ. 7010 (DLC)
                                                     :
                    v.                               :
                                                     :
ALLY FINANCIAL INC., et al.,                         :
                                                     :
                              Defendants.            :
                                                     :
------------------------------------------------------------------ x
                                                     :
                                                     :
FEDERAL HOUSING FINANCE AGENCY, etc.,                :
                                                     :
                              Plaintiff,             :  11 Civ. 7048 (DLC)
                                                     :
                    v.                               :
                                                     :
GENERAL ELECTRIC COMPANY, et al.,                    :
                                                     :
                              Defendants.            :
                                                     :
------------------------------------------------------------------ x
```

# JOINT RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure Rule 26(f), this Court's Order of May 15, 2012 (the "May 15 Order") entered in to the above-captioned actions (the "Actions"), and the Parties' Joint Report Regarding Certain Case Management Issues, *FHFA v. UBS Americas, Inc., et al.*, No. 11 Civ. 5201 (S.D.N.Y. Jan. 11, 2012) (Dkt. No. 46) (the "Joint Report"), the Federal Housing Finance Agency ("Plaintiff" or "FHFA"), as Conservator for Fannie Mae and Freddie Mac, and each of the Defendants in the above-captioned Actions, by and through its respective counsel, respectfully submit this joint report pursuant to Federal Rule of Civil Procedure 26(f).

This Joint Rule 26(f) Report memorializes the agreements that Plaintiff and Defendants (collectively, the "Parties") were able to reach.  Also being submitted today are the Parties' separate submissions on sampling.  Plaintiff and Defendants are also submitting separate Rule 26(f) Reports addressing each of the areas of dispute identified below.

## I.  Meeting of Counsel

The Parties held conferences by telephone on May 18, 2012, May 31, 2012, June 1, 2012, June 5, 2012, and June 6, 2012.  The participants included:

- On behalf of counsel to Plaintiff, Richard Schirtzer, Christine Chung, Manisha Sheth, Jordan Goldstein, Julia Beskin, Alex Ng, and Claire Catalano of Quinn Emanuel Urquhart & Sullivan, LLP, and Christopher Johnson, Kanchana Leung and Michael Hanin of Kasowitz, Benson, Torres & Friedman LLP.

- On behalf of UBS, Jay Kasner, Scott Musoff, Robert Fumerton and Joseph Sacca of Skadden, Arps, Slate, Meagher & Flom LLP; on behalf of JPMorgan, Penny Shane, Sharon Nelles and Jonathan Sedlak of Sullivan & Cromwell LLP; on behalf of HSBC, Michael Ware and John Conlon of Mayer Brown LLP; on behalf of Barclays, Jeffrey Scott of Sullivan & Cromwell LLP; on behalf of Deutsche Bank and RBS Securities, Thomas Rice, David Woll and Alan Turner of Simpson Thacher & Bartlett LLP; on behalf of First Horizon and Nomura, Bruce Clark and Amanda Davidoff of Sullivan & Cromwell, LLP; on behalf of Bank of America, David Blatt, Edward Bennett, and Beth Stewart of Williams & Connolly LLP; on behalf of the Bank of America individual defendants, Daniel Zinman and Neil Binder of Richards Kibbe & Orbe LLP; on behalf of Citigroup, Brad Karp and Susanna Buergel of Paul, Weiss, Rifkind, Wharton & Garrison LLP; on behalf of Goldman Sachs, Theodore Edelman and Jordan Razza of Sullivan & Cromwell, LLP; on behalf of Credit Suisse, Richard Clary and Michael Reynolds of Cravath, Swaine & Moore LLP; on behalf of Merrill Lynch, David Blatt, Edward Bennett, and Beth Stewart of Williams & Connolly LLP; on behalf of the Merrill Lynch individual defendants, Daniel Zinman and Neil Binder of Richards Kibbe & Orbe LLP; on behalf of SG Americas, Inc., Skadden, Arps, Slate, Meagher & Flom LLP; on behalf of Morgan Stanley, Davis Polk & Wardwell LLP; on behalf of Ally Financial Inc., Reginald Goeke, Michael Ware and Catherine Bernard of Mayer Brown LLP, on behalf of Ally Securities, Jennifer Battle and David Beck of Carpenter Lipps & Leland LLP; on behalf of General Electric, Greg Danilow, Vernon Broderick, Seth Goodchild and Michael Firestone of Weil, Gotshal & Manges LLP.

## II.     Possibility of Settlement

The Parties discussed the possibility of promptly settling or resolving the Actions. Plaintiff's position is that it is willing to engage in discussions regarding settlement with any Defendant at any time.  Defendants are willing to discuss settlement, but believe those discussions would be more productive after substantial discovery has occurred.

## III.    Case Management Plan

A.    Amendment of Pleadings in 15 Actions:  On May 25, 2012, the Court approved Plaintiff's proposed Schedule for Amending its Pleadings, pursuant to which Plaintiff shall amend its complaints in six of the Actions containing fraud allegations by June 13, 2012,[1] and in nine of the Actions that do not contain fraud allegations by June 28, 2012.[2]  (The complaint in *FHFA v. UBS* has already been amended.)  Subject to the May 15 Order that discovery shall proceed in each Action, the Parties have agreed that Defendants shall respond to the amended complaints within 45 days of service of the amended complaints; Plaintiff shall serve and file any oppositions to the motions to dismiss within 60 days after the service and filing of any motions to dismiss, and Defendants shall serve and file any replies in further support of their motions to dismiss within 30 days after the service and filing of any opposition papers.

B.    Answer:  Pursuant to the May 15 Order, Defendants in the *UBS* Action shall serve and file their Answer by June 22, 2012.

C.    Protective Order:  On May 30, 2012, the Court entered the protective order to govern discovery in the above-captioned Actions.

D.    Service:  The Parties have agreed to accept service of all documents in the Actions by electronic mail, and expect to enter into a stipulation memorializing this agreement.  In addition, the Parties agreed to meet and confer regarding the possibility of creating an electronic repository for the purpose of serving pleadings and correspondence in the Actions.  Plaintiff requested additional

---

[1]    The six fraud complaints that FHFA will amend by June 13, 2012 are:  *FHFA v. JPMorgan Chase & Co., et al.*, 11 Civ. 6188 (DLC); *FHFA v. Deutsche Bank AG, et al.*, 11 Civ. 6192 (DLC); *FHFA v. Goldman, Sachs & Co., et al.*, 11 Civ. 6198 (DLC); *FHFA v. Merrill Lynch & Co., Inc., et al.*, 11 Civ. 6202 (DLC); *FHFA v. Morgan Stanley, et al.*, 11 Civ. 6739 (DLC); *FHFA v. Ally Financial Inc. et al.*, 11 Civ. 7010 (DLC).

[2]    The nine non-fraud complaints that FHFA will amend by June 28, 2012 are:  *FHFA v. HSBC North America Holdings, Inc., et al.*, 11 Civ. 6189 (DLC); *FHFA v. Barclays Bank PLC, et al.*, 11 Civ. 6190 (DLC); *FHFA v. First Horizon National Corp., et al.*, 11 Civ. 6193 (DLC); *FHFA v. Bank of America Corp.*, et al., 11 Civ. 6195 (DLC); *FHFA v. Citigroup Inc., et al.*, 11 Civ. 6196 (DLC); *FHFA v. Credit Suisse Holdings (USA), Inc., et al.*, 11 Civ. 6200 (DLC); *FHFA v. Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (DLC); *FHFA v. SG Americas, Inc., et al.*, 11 Civ. 6203 (DLC); *FHFA v. General Electric Company, et al.*, 11 Civ. 7048 (DLC).

details from Defendants regarding the repository, such as specific services and costs.

E.     Rule 26(a) Initial Disclosures:  The Parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on June 4, 2012.

F.     Electronic discovery:  The Court entered the Parties' Stipulation Regarding Electronic Discovery on February 6, 2012.  The Parties have been negotiating a separate stipulation governing the production format for loan files.  The Parties will endeavor to make submissions to the Court on their respective proposals, if any, by noon on June 11, 2012.

G.     Waiver of privilege or work-product protection:  The Parties will abide by the "Claw-Back of Privileged Material" provisions set forth in Section 12 of the Protective Order, entered by the Court on May 30, 2012.

H.     Sampling:

1.     In accordance with the Court's Order dated May 8, 2012 and the May 15 Order, certain Defendants began producing loan tapes to Plaintiff on May 18, 2012.  In addition, certain Defendants issued third-party subpoenas for such information.  All Defendants anticipate that they will substantially complete production of loan tapes, originator information and data dictionaries in their custody and control, if any, by June 8, 2012.  The Parties have been exchanging correspondence regarding alleged deficiencies in Defendants' production of loan tapes, originator information, and data dictionaries.

2.     During the May 18 telephonic meet-and-confer, Plaintiff disclosed to Defendants that Plaintiff has retained Charles D. Cowan, Ph.D. as its consulting expert regarding sampling.  On June 1, 2012, Defendants disclosed to Plaintiff that Defendants have retained Dr. Arnold Barnett and Dr. Christopher James as consulting experts regarding sampling.  Because each of the disclosed experts has been retained by either Plaintiff or Defendants, the Parties do not believe that any of the disclosed individuals should be named as a joint sampling expert.

3.     On June 1, 2012, Defendants provided Plaintiff with a document titled "Proposed topics for meet and confer re: sampling protocol."  Because the Parties disagree about fundamental issues regarding sampling, the Parties will be making separate submissions on this topic.

I.     Trial Tranches:

1.     May 15 Order's Proposal:  Each of the 16 Actions will be separately tried, and will proceed in four tranches.  The first tranche will include only *UBS*. The remaining 15 cases will be divided among three remaining trial tranches.  The Pretrial Order in *UBS* will be due August 2, 2013, and the Court has scheduled the trial of *UBS* to take place in the Fall of 2013.  *See*

May 15 Order.  The Pretrial Orders for the cases in each of the three remaining tranches, respectively, will be filed December 6, 2013, May 2, 2014, and August 1, 2014.  *Id.*

2.     At the May 14 conference, the Court invited the Parties to confer about and suggest assignments of particular Actions to particular tranches.  May 14 Transcript at 28:9-11.  Plaintiff provided a proposal to Defendants on May 23, 2012.  On June 1, 2012, Defendants provided Plaintiff with alternative proposals regarding tranches.

3.     The Parties disagree as to which Actions should be included in each trial tranche, and some Defendants believe that trial tranches should not be set at this time.  Accordingly, the Parties will address trial tranches in their separate Rule 26(f) reports.

J.     <u>Document Requests</u>:

1.     <u>May 15 Order's Proposal</u>:  The Court's May 15 Order proposes that the Parties will substantially complete document discovery in all Actions by September 30, 2012.  Plaintiff understands that in the May 15 Order the Court set a September 30, 2012 deadline for substantial completion of document discovery, which Plaintiff believes includes document discovery from third parties.  Defendants understood that the Court proposed the September 30, 2012 date for substantial completion of the Parties' document exchanges, and Defendants submit that it would be impossible for all document discovery to be completed by September 30, 2012, especially if the deadline applies to document discovery from third parties. The Parties will provide separate submissions on this topic.

2.     <u>Phasing and Prioritization of Discovery</u>:  Plaintiff believes that in light of the expedited schedule for the completion of document discovery, phased document discovery, which the Parties had previously discussed, is not practicable.  Defendants have suggested that the Parties should be free to request prioritization of the production of certain categories of documents, and Plaintiffs agree.

3.     <u>Document Requests Served</u>:

(a)     Plaintiff served its first request for production of documents pursuant to Fed. R. Civ. P. 34 on the *UBS* Defendants on May 16, 2012, and on all other Defendants on May 18, 2012.  Defendants served their first request for production of documents on May 22, 2012.

(b)     Plaintiff served its second request for production of documents on June 4, 2012.  Defendants intend to serve a second request for production of documents promptly.

(c)    The Parties agree that responses and objections to all document requests shall be served in accordance with the Federal Rules of Civil Procedure.

4.    <u>Document Requests Going Forward</u>:

(a)    The Parties agree that document requests are to be served no later than 30 days prior to the document discovery deadline determined by the Court, subject to the ability of the Parties to promptly serve appropriately tailored document requests thereafter based on facts learned during the course of discovery, or by agreement or leave of Court.

(b)    The Parties agree that they will serve case-specific document requests according to the needs of each individual case.

(c)    The Defendants represented that they will coordinate their document requests and seek to avoid serving Plaintiff with redundant requests.

K.    <u>Search Term and Custodian Lists</u>:  The Parties agreed to exchange initial search terms and custodian lists by June 8, 2012.  *See* Joint Report dated January 11, 2012.

L.    <u>Interrogatories</u>:

1.    <u>Interrogatories Already Served</u>:  Defendants served interrogatories pursuant to Local Rule 33.3(a) on May 17, 2012.  Plaintiff served interrogatories pursuant to Local Rule 33.3(a) on May 18, 2012.  All Parties, except the Ally Defendants, served their responses and objections to the respective interrogatories on May 31, 2012.[3]  The Parties dispute the sufficiency of each other's interrogatory responses and are meeting and conferring to attempt to resolve their disputes.

---

[3]   Ally Financial Inc. ("AFI"), GMAC Mortgage Group LLC ("GMACM Group"), and Ally Securities have advised Plaintiff that they would not be able to meet the accelerated schedule for interrogatory responses due to the recent bankruptcy filing by the ResCap Defendants, which are subject to the automatic stay protections of the Bankruptcy Code and which AFI, GMACM Group, and Ally Securities assert have custody and control over the majority of accessible documents relating to the securitizations.  Plaintiff reserves the right to contest that assertion.  AFI, GMACM Group, and Ally Securities have advised that they will respond to the interrogatories in the time period permitted under the Federal Rules.  The ResCap Defendants, as debtors, have filed a motion with the Bankruptcy Court to extend the protection of the automatic stay to their non-debtor affiliates, including AFI and Ally Securities, which is scheduled to be heard on July 10 and may further impact the proceedings  with respect to these and other parties.  Plaintiff has advised that it intends to oppose that motion.

2.    <u>Number of Interrogatories</u>:  The Parties agree that their Local Civil Rule 33.3(a) interrogatories should not count against the numerical limitations on interrogatories that the Parties agree to or that the Court orders.  The Parties have conferred about limitations on the number of additional interrogatories, but were unable to reach an agreement.  The Parties' separate Rule 26(f) reports will address this issue.

3.    <u>Timing of Interrogatories</u>:  The Parties agree that interrogatories are to be served no later than 60 days prior to the close of fact discovery, with responses due 30 days thereafter, subject to the right of the Parties to seek relief from the Court if the 30-day response period is unduly burdensome in light of the requests propounded.

M.    <u>Deposition Discovery</u>:

1.    The May 15 Order proposed that depositions may commence in all Actions on January 2, 2013.  Each deponent will be deposed only once across the Actions, absent leave of the Court.  The Court proposed that Defendants, as a group, may take up to 20 depositions in total of FHFA and the GSEs, while FHFA may take up to 20 depositions of each corporate family of Defendants.

2.    <u>Deposition of Trial Witnesses</u>:  At the May 14, 2012 conference, the Court proposed that "if any party calls as a witness for trial someone who was not deposed, that the adversary or other parties in the case would have an opportunity to depose that person before trial.  *See* May 14 Tr. at 28:24-25 – 29:1-3.  The Parties disagree regarding this issue and their separate Rule 26(f) reports will address it.

3.    <u>Joint proposal</u>:

    (a)    The Parties agree that they will negotiate a stipulation governing the conduct of depositions in the Actions.

    (b)    The Parties also agree that each deponent will be deposed only once across the cases, except for good cause shown.

    (c)    The Parties agree that some 30(b)(6) depositions limited to the identity of witnesses relevant with knowledge of information relevant to the subject matter of the Actions and the existence, custodian, location and general description of relevant documents and other physical evidence, or information of a similar nature; relevant electronic systems used in the ordinary course of each party's business; and other topics to be reasonably agreed by the Parties or ordered by the Court, may occur prior to the completion of document discovery.

4.    <u>Number and Timing of Party Depositions</u>:  The Parties have conferred about limitations on the number of party depositions, and the time required

-6-

to conduct those depositions, but were unable to reach an agreement.  The Parties' separate Rule 26(f) reports will include their respective proposals on this issue.

5.   <u>Number and Timing of Third-Party Depositions</u>:  At the May 14, 2012 conference, the Court proposed presumptive limitations on third-party depositions across all Actions, such as two depositions of each originator, one of each servicer, three of each due diligence firm, and one from each credit rating agency, in addition to depositions taken pursuant to Fed. R. Civ. P. 30(b)(6).  The Parties agree that if the deposition limits proposed by the Court apply, they apply to each of the Actions independently, as opposed to across all Actions.  The Parties disagree as to the number and timing of third-party depositions, and will address this issue in their separate Rule 26(f) reports.

6.   <u>Length of Depositions</u>:  Plaintiff proposes to increase the default rule for deposition length from the single seven-hour day permitted under Fed. R. Civ. P. 30(d) to two seven-hour days for fact witnesses, with the exception of Individual Defendants, whose depositions will presumptively last for one seven-hour day.  Defendants propose that any fact witness with knowledge of Action-specific information concerning three or more cases or 20 or more securitizations not be limited to two seven-hour days.  The Parties have agreed to meet and confer to revise any presumptive limitation on the length of depositions if the circumstances of any particular witness warrant it.

N.   <u>Expert Discovery</u>:  The Parties' separate Rule 26(f) reports will set forth their competing proposals on this issue.

O.   <u>Summary Judgment Motions</u>:

1.   <u>May 15 Order</u>:  The Court proposed that  "[a]ny summary judgment motion in [the UBS action] will be fully submitted by May 17, 2013."  Plaintiff agrees with the May 17, 2013 deadline; Defendants disagree.  The Parties' separate Rule 26(f) reports will set forth their competing proposals on this issue.

2.   <u>Jointly Proposed Briefing Schedule for Plaintiff's Proposed Tranches 2, 3 and 4</u>:  In the event that the Court adopts Plaintiff's proposal on Tranches 2, 3 and 4, the Parties propose that any motion for summary judgment should be due by October 15, 2013 in Tranche 2 Actions; by February 10, 2014 in Tranche 3 Actions; and by May 6, 2014 in Tranche 4 Actions.[4]

---

[4] In the event that the Court adopts Plaintiff's proposal regarding tranching, the UBS Defendants respectfully submit that the dates for Tranche 2 should apply to the UBS Action as well.

\*     \*     \*

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of the Actions.

Dated: June 6, 2012
     New York, New York

Respectfully submitted,

  /s/  Philippe Z. Selendy                                            /s/ Marc E. Kasowitz

Philippe Z. Selendy | Marc E. Kasowitz (mkasowitz@kasowitz.com )
(philippeselendy@quinnemanuel.com) | Hector Torres (htorres@kasowitz.com)
QUINN EMANUEL URQUHART & | Christopher P. Johnson
    SULLIVAN, LLP | (cjohnson@kasowitz.com)
51 Madison Avenue, 22nd Floor | Michael Hanin (mhanin@kasowitz.com )
New York, New York 10010 | Kanchana Wangkeo Leung
(212) 849-7000 | (kleung@kasowitz.com)

Marc E. Kasowitz (mkasowitz@kasowitz.com )
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com )
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
    FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Deutsche Bank AG, FHFA v. Citigroup Inc., and FHFA v. Goldman, Sachs & Co.*

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc., FHFA v. General Electric Company, FHFA v. Morgan Stanley, and FHFA v. SG Americas, Inc.*

  /s/  Christine H. Chung                                       /s/  Manisha M. Sheth

Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

   /s/  Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance
Agency in FHFA v. HSBC North America
Holdings, Inc. and FHFA v. Nomura Holding
America, Inc.*

/s/ Robert F. Serio
Robert F. Serio (RSerio@gibsondunn.com)
Aric H. Wu (AWu@gibsondunn.com)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166

*Attorneys for Citigroup Global Markets, Inc.,
Deutsche Bank Securities Inc., RBS Securities
Inc. and UBS Securities LLC*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954

*Attorneys for Defendants Deutsche Bank AG,
Taunus Corporation, Deutsche Bank Securities
Inc , DB Structured Products, Inc., Ace
Securities Corp., Mortgage IT Securities Corp.*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
John M. Conlon (jconlon@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation, Neil Leonard,
Gerard Mattia, Norman Chaleff, Todd White,
Jon Voightman*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Thomas J. Nolan (thomas.nolan@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants UBS Americas Inc.,
UBS Real Estate Securities Inc., UBS Securities
LLC, Mortgage Asset Securitization
Transactions, Inc., David Martin, Per Dyrvik,
Hugh Corcoran and Peter Slagowitz*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., Citigroup Global
Markets Inc., Susan Mills, Randall Costa, Scott
Freidenrich, Richard A. Isenberg, Mark I.
Tsesarsky, Peter Patricola, Jeffrey Perlowitz
and Evelyn Echevarria*

-10-

/s/ James P. Rouhandeh
James P. Rouhandeh
Brian S. Weinstein
Daniel L. Schwartz
Nicholas N. George
Jane M. Morril
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017

*Attorneys for Defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage Capital Holdings LLC (successor-in-interest to Morgan Stanley Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc., Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon Funding Management LLC, Saxon Asset Securities Company, Gail P. McDonnell, Howard Hubler, Craig S. Phillips, Alexander C. Frank, David R. Warren, John E. Westerfield, and Steven S. Stern*


/s/ Bruce Clark
Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006


*Attorneys for Defendants First Horizon National Corporation, First Tennessee Bank National Association, FTN Financial Securities Corporation, First Horizon Asset Securities, Inc., Gerald L. Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J. Wageman*


/s/ Penny Shane
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Mortgage Acquisition Corporation, J.P. Morgan Securities LLC, J.P. Morgan Acceptance Corporation I, Bear Stearns & Co., Inc., EMC Mortgage LLC, Structured Asset Mortgage Investments II Inc., Bear Stearns Asset Backed Securities I LLC, WaMu Asset Acceptance Corporation, WaMu Capital Corporation, Washington Mutual Mortgage Securities Corporation, Long Beach Securities Corporation and certain of the Individual Defendants*


/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004


*Attorneys for Barclays Capital Inc. Barclays Bank PLC, Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade*

/s/ David Blatt
David Blatt (dblatt@wc.com)
John McNichols (jmcnichols@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005


*Attorneys for Bank of America Corporation;
Bank of America, N.A.; Asset Backed Funding
Corp.; Banc of America Funding Corp.; Merrill
Lynch & Co., Inc., Merrill Lynch Mortgage
Lending, Inc., Merrill Lynch Mortgage Capital
Inc., First Franklin Financial Corp., Merrill
Lynch Mortgage Investors, Inc., Merrill Lynch
Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.*


/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004


*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., Goldman Sachs Real Estate
Funding Corp., Peter C. Aberg, Howard S.
Altarescu, Robert J. Christie, Kevin Gasvoda,
Michelle Gill, David J. Rosenblum, Jonathan S.
Sobel, Daniel L. Sparks, Mark Weiss*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019


*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, Credit Suisse First Boston
Mortgage Acceptance Corporation, Andrew A.
Kimura, Jeffrey A. Altabef, Eveleyn Echevarria,
Michael A. Marriott, Zev Kindler, John P.
Graham, Thomas E. Siegler, Thomas Zingalli,
Carlos Onis, Steven L. Kantor, Joseph M.
Donovan, Juliana Johnson, and Greg Richter*


/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006


*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante LaRocca*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman (george.zimmerman@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas
Securities Holdings, LLC, SG Americas
Securities, LLC, SG Mortgage Finance Corp.,
and SG Mortgage Securities, LLC, Arnaud
Denis, Abner Figueroa, Tony Tusi, and Orlando
Figueroa*

/s/ Vernon Broderick
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,
General Electric Capital Services, Inc., GE
Mortgage Holding, LLC, GE-WMC Securities,
LLC*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

Reginald R. Goeke (rgoeke@mayerbrown.com)
MAYER BROWN LLP
1999 K St., N.W.
Washington, D.C.  20006

*Attorneys for Ally Financial Inc., GMAC
Mortgage Group, Inc.*

/s/ Sandra D. Hauser
Sandra D. Hauser
(sandra.hauser@ snrdenton.com)
SNR DENTON US LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Matthew Perkins, Craig Davis,
Megan Davidson and Marangal Domingo*

/s/ Jeffrey A. Lipps
Jeffrey A. Lipps (lipps@carpenterlipps.com)
Jennifer A.L. Battle
(battle@carpenterlipps.com)
CARPENTER LIPPS & LELAND LLP
280 N. High Street, Suite 1300
Columbus, Ohio 43215

*Attorneys for Ally Securities, LLC*

/s/ Ronald D. Lefton
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata  (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue,
New York, NY 10166
Phone: 212-801-9200

*Attorneys for Defendant Jeffrey Mayer*

/s/ Daniel C. Zinman _____
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY  10281


*Attorneys for George C. Carp, Robert Caruso,*
*George E. Ellison, Adam D. Glassner, Daniel B.*
*Goodwin, Juliana Johnson, Michael J. Kula,*
*William L. Maxwell, Mark I. Ryan, and Antoine*
*Schetritt; Matthew Whalen; Brian Sullivan;*
*Michael McGovern; Donald Puglisi; Paul Park,*
*and Donald Han*

/s/ Joel C. Haims _____
Joel C. Haims (jhaims@mofo.com)
LaShann M. DeArcy (ldearcy@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104


*Attorneys for Tom Marano and Michael*
*Nierenberg*

/s/ Thomas C. Rice _____
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017


*Attorneys for Defendant RBS Securities Inc.*

/s/ Dani R. James _____
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
1177 Avenue of the Americas
New York, New York 10036


*Attorneys for Defendant Jeffrey L. Verschleiser*

/s/ Pamela Rogers Chepiga _____
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Josephine A. Cheatham
(allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020


*Attorneys for Samuel L. Molinaro, Jr.*

-14-

# Exhibit 8

# REDACTED

# Exhibit 9

# REDACTED

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 538-8000  FAX: (202) 538-8100

July 31, 2012

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY  10007-1312

Re:    <u>FHFA Actions, No. 11 Civ. 05201 (DLC) *et al.*</u>

Dear Judge Cote:

       Defendants submitted to the Court correspondence regarding Freddie Mac e-mail practices.  Defendants omitted from their submission FHFA's July 24, 2012 letter, which is attached as Exhibit 1.  FHFA also attaches as Exhibit 2 its July 30, 2012 letter to counsel for defendants on this same topic.

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788  | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139  | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510  | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

Respectfully Submitted,

_/s/ Jon Corey_____
Jon Corey
(joncorey@quinnemanuel.com)
QUINN EMANUEL URQUHART &
      SULLIVAN, LLP
1299 Pennsylvania Ave., NW, Suite 825
Washington, DC  20004
(202) 538-8000

_Attorney for Plaintiff Federal Housing Finance
Agency_


Enclosures

cc:      All Counsel of Record (via email)

# TABLE OF CONTENTS

| EXHIBIT # | DESCRIPTION |
|-----------|-------------|
| 1 | Letter from Jon Corey, on behalf of FHFA, to the Court regarding 30(b)(6) Testimony Regarding Document Issues, dated July 24, 2012 |
| 2 | Letter from Jon Corey, on behalf of FHFA, to the Court regarding Kehoe Deposition and Freddie Mac Document Issues, dated July 30, 2012 |

# Exhibit 1

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 538-8000  FAX: (202) 538-8100

July 24, 2012

<u>**By Electronic Mail**</u>

David J. Woll, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Ave.
New York, NY 10017-3954
dwoll@stblaw.com

<u>Re:  FHFA Litigation</u>

Dear David:

We write in response to your letter of July 24, 2012 regarding the deposition of FHFA designee Rick Kehoe and Freddie Mac document retention practices.

Your recitation of Freddie Mac's e-mail preservation practices and the e-mail available to Freddie Mac is incorrect.  Mr. Kehoe testified about those practices last Friday.  Your letter ignores both his testimony and the documentary information that he provided at that deposition. As Mr. Kehoe testified, Freddie Mac has terabytes of e-mail messages that predate September 2008, both on backup tapes and online.  Freddie Mac possesses e-mail messages on backup tapes going back to October 2007.  Freddie Mac has over 5000 e-mail-only backup tapes that predate October 2007.  Those e-mail messages, whether on backup tapes or on Freddie Mac's e-mail archive system, are within the scope of Freddie Mac's search for potentially relevant documents in this matter.  Kehoe Transcript at 311-315.  You apparently misunderstood Mr. Kehoe's testimony that these include e-mail messages of employees who left the company before your self-described and inaccurate "Document Preservation Date."  As Mr. Kehoe explained, the fact that e-mail messages are removed from Freddie Mac's e-mail servers to ensure that performance

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017-2543 | TEL (213) 443-3000  FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100

CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100

TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712

MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100

MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667

HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

does not suffer does not mean that they cease to exist elsewhere within the company's electronic infrastructure.  Kehoe Transcript at 295, 300-304.

The issues raised in your July 5, 2012 letter were not within the scope of any of the topics that defendants noticed or as to which FHFA agreed to produce a designee.  The topics noticed (and FHFA objected to many of them) sought information regarding Freddie Mac's and Fannie Mae's document retention policies and procedures and the systems used by certain departments to manage hard copy and electronic documents:

   1.   Any systematic deletion and/or destruction of potentially relevant documents by Freddie Mac or Fannie Mae at any time from January 1, 2004 through the present, including but not limited to the implementation of auto-deletion policies, the overwriting of back-up tapes, and the destruction of custodial files following an employee's departure from the GSEs.

   2.   Any document preservation memos that were issued by Freddie Mac or Fannie Mae in connection with any litigation, investigation or regulatory proceeding concerning mortgage loans or residential mortgage-backed securities ("RMBS") at any time from January 1, 2004 through the present, including any steps taken to preserve potentially relevant documents.

   10.  The *systems* through which Fannie Mae and Freddie Mac maintain hard-copy files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action. (emphasis added).

   11.  The *systems* through which Fannie Mae and Freddie Mac maintain electronic files in the ordinary course that are relevant to each Securitization, private label RMBS investments generally, and the subject of discovery requests in this Action. (emphasis added).

These topics did not seek custodian-specific information.  We do not agree that the information requested in either your July 5 or July 24, 2012 letters were properly part of the 30(b)(6) topics that Defendants served.

Mr. Kehoe's transcript demonstrates that he fully and completely testified about the topics as to which FHFA agreed to produce a witness.  He did not "answer basic questions concerning whether and/or to what extent electronic or hard copy documents exist for any of the custodians proposed by Plaintiff or Defendants" (and Defendants have proposed well over 600 custodians) because that information is outside the scope of the Topic Nos. 1, 2, 10 and 11 that Defendants noticed or as to which FHFA agreed to produce a witness.

The topics do not seek the identification of "documents that would have otherwise been deleted in accordance with its automatic email deletion policy, or the storage, organization and retention of electronic or hard-copy documents related to the residential mortgage backed securities offerings at issue."  As to the latter, defendants sought information related to the "*systems*" used

for storing, organizing and retaining electronic or hard copy documents. Mr. Kehoe fully addressed those systems to the extent that he was asked about them. Kehoe Transcript at 283-286, 304-306. As to the former, Mr. Kehoe identified the dates, authors and recipients of litigation holds that were determined to apply to custodians or documents potentially relevant to this matter. He also testified about the steps that Freddie Mac took to preserve documents pursuant to those litigation holds. Kehoe Transcript at 220-223, 227-242. He further described, in both testimony and by document, the universe of electronic information that exists at Freddie Mac. Further, notwithstanding that most of the questions in your letter were outside the scope of the deposition, Mr. Kehoe answered most of them and Freddie Mac produced its document retention policies before the deposition. Kehoe Transcript at 220-242, 283-286, 304-306.

It is Defendants' conduct, not FHFA's, that threatens to jeopardize the Court's schedule. To date, FHFA has agreed to more custodians than any other defendant. FHFA has collected from Freddie Mac over 4.3 terabytes of information for the 38 agreed custodians, and the collection continues. This does not include the additional Freddie Mac custodians that FHFA identified yesterday. Your request that Freddie Mac audit its systems to determine the scope and type of electronic information for the over 600 custodians proposed by the Defendants is unrealistic and certainly undermines the Court's schedule. Further, no defendant is providing information about the availability and scope of electronic information for each potential custodian. Nor do I read your letter to be an offer to do so for your clients, much less all Defendants.

Finally, notwithstanding Richard Schirtzer's specific statement to you and to Mr. Fumerton a day or two before Mr. Kehoe's deposition that the witness would not be educated regarding the "wall" at Freddie Mac and related issues, Defendants counsel spent hours questioning Mr. Kehoe about his personal knowledge regarding matters far outside the scope of the agreed-to Topics, including but not limited to (a) the "wall" at Freddie Mac, (b) limitations on access to information among departments and on shared network drives, (c) Freddie Mac's procedures for requesting and awarding access to shared drives; (d) the organizational structure of Freddie Mac and (e) the possibility of information sharing between employees involved with the "single family" versus "private-label securities" lines of business.

FHFA will produce Melissa Armstrong as the designee to testify regarding Fannie Mae document issues (Topic Nos. 1, 2, 10 and 11 as agreed to in its July 10, 2012 Objections) who will be prepared with the same type and scope of information to which Mr. Kehoe testified. She will not be prepared on the matters set forth in the prior paragraph, which are outside the Topics noticed or as to which FHFA agreed to provide a witness.

Best regards,


s/ Jon Corey


cc:     Kanchana Leung
        Defense counsel

3

# Exhibit 2

**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL: (202) 538-8000  FAX: (202) 538-8100

July 30, 2012

<u>**Via Electronic Mail**</u>

David J. Woll
Simpson Thacher and Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

Re:      FHFA Litigation

Dear David:

I write on behalf of Plaintiff FHFA and respond to your July 27, 2012 letter regarding documents in Freddie Mac's possession.

I suggest that you re-read my letter of July 24, 2007.  As I explained therein, the conclusion that you continue to maintain is inaccurate.  The fact that e-mail is removed from Freddie Mac servers does not mean that it does not exist elsewhere at Freddie Mac.

Neither Quinn Emanuel nor the Kasowitz firm were counsel for Freddie Mac in the *Adaptech Systems, Inc.* case.  As a matter of protocol, Mr. Kehoe's Declaration in that matter and Freddie Mac's representations to the court in that case are correct.  Neither the brief nor the declaration in that case suggested that a review had been made to determine what old e-mail backup tapes may have existed at Freddie Mac.  In this FHFA litigation, we went beyond what was "reasonably available" to Freddie Mac, *see* Fed. R. Civ. P. 30(b)(6), and for purposes of providing a designee determined that more than 5000 pre-October 2007 e-mail backup tapes exist.  As Mr. Kehoe explained at his deposition on July 20, 2012, Freddie Mac is reviewing those tapes for responsive

**quinn emanuel urquhart & sullivan, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California  94111-4788 | TEL (415) 875-6600  FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California  94065-2139 | TEL (650) 801-5000  FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois  60661-2510 | TEL (312) 705-7400  FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia  20004-2400 | TEL (202) 538-8000  FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000  FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711  FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000  FAX +49 621 43298 6100
MOSCOW | Voentorg Building, 3rd Floor, 10 Vozdvizhenka Street, Moscow 125009, Russia | TEL +7 495 797 3666  FAX +7 495 797 3667
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000  FAX +49 40 89728 7100

e-mail messages of the agreed-upon custodians.  FHFA Tr. at 264:18-266:5, 312:5-313:23 (Kehoe).

Contrary to your suggestion, the questions in your July 5, 2012 letter have already been answered.  They are however, addressed point-by-point below.

      1.      FHFA provided Freddie Mac document retention policies to Defendants on July 18, 2012.  Freddie Mac is subject to many statutes and regulations that cover many aspects of its business.

      2.      Freddie Mac does not have an "automatic deletion" program.  As Mr. Kehoe explained, older e-mail messages are removed from Freddie Mac Domino e-mail servers to ensure that the performance of the e-mail system does not suffer.  FHFA Tr. at 158:5-20, 162:5-11, 169:4-8 (Kehoe).  That an e-mail message may have been  removed from one server in the company has no impact on whether it exists elsewhere, including on tape backups of e-mail servers, on shared network drives, on private network drives, on personal computer hard drives, on permanent storage in Lotus Notes using the e-store function or on Freddie Mac's e-mail archive device. *See* FHFA Tr. at 116:21-117:3, 156:12-22, 157:4-13, 161:25-162:11, 166:3-168:21 (Kehoe).  Freddie Mac is making efforts to retrieve all information belonging to its identified custodians, which includes searching e-mail backup tapes for the relevant time period. *See* FHFA Tr. at 264:18-266:5, 312:5-313:23 (Kehoe).

      3.      Freddie Mac may possess email messages from 2004 to 2008 for some or all custodians proposed by defendants ("Proposed Custodians").  *See* FHFA Tr. at 166:3-168:10, 273:15-15, 311:15-313:23 (Kehoe).  Presently, FHFA is in the process of collecting potentially relevant documents from 81 agreed custodians.  As of the date of this letter, FHFA can confirm that each of the initial agreed Freddie Mac custodians has substantial amounts of e-mail covering the relevant dates.  I trust that this puts the matter to rest.

      4.      Any information preserved in connection with this or related matters exists and, to the extent that it belongs to an agreed custodian and is reasonably available, it will be within the scope of a collection consistent with the parameters to which all parties agreed.

      5.      FHFA will not undertake an audit of electronic information for all potential custodians.  No defendant is undertaking an audit for all potential custodians.  Doing this would unduly delay the collection and production of documents on the schedule that the Court has set.  FHFA's agreement to add 43 additional custodians should temper any concern about any potential gaps in electronic information from the initial set of 38 agreed-upon custodians.

      6.      Use of external e-mail is against Freddie Mac policy and Freddie Mac blocks employees from accessing services such as Gmail and Yahoo from within the Freddie Mac network.  *See* FHFA Tr. at 110:9-13 (Kehoe).

      7.      You fully explored this topic with FHFA's Rule 30(b)(6) designee for Fannie Mae, Melissa Armstrong, on July 26, 2012.

I trust that this answers your questions.

Best regards,

/s/ Jon Corey


Jon Corey


cc:     Kanchana Leung
        Defense counsel