**Tranche 4 Pretrial Schedule**

September 24, 2013

**VIA ELECTRONIC MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. HSBC North America Holdings, Inc., et al.*, 11 Civ. 6189 (DLC); *FHFA v. Barclays Bank PLC, et al.*, 11 Civ. 6190 (DLC); *FHFA v. First Horizon National Corp., et al.*, 11 Civ. 6193 (DLC); *FHFA v. Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (DLC); *FHFA v. SG Americas, Inc., et al.*, 11 Civ. 6203 (DLC); and *FHFA v. Morgan Stanley, et al.*, 11 Civ. 6739 (DLC).

Dear Judge Cote:

We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") regarding the expert discovery and summary judgment schedules in the above-captioned actions.

Following a number of meet and confer sessions, each of the Tranche 3 and 4 Defendants except for Barclays, First Horizon, Nomura, and SocGen (the "Non Stipulating Tranche 4 Defendants") have stipulated with FHFA to expert discovery and summary judgment schedules. Specifically, the Goldman Sachs, Credit Suisse and Deutsche Bank defendants have stipulated to the Tranche 3 schedule, which was submitted today under separate cover. The Morgan Stanley and HSBC defendants have stipulated to the schedule set forth in Exhibit 1.[1] The Bank of America defendants had previously stipulated to a schedule that has since been ordered by the Court.[2]

The Non Stipulating Tranche 4 Defendants raise three objections to the schedule proposed by FHFA. Each objection is meritless as is underscored by the agreements reached with the other Tranche 3 and 4 Defendants.

First, the parties have been unable to agree on the amount of time needed for the submission of the Non Stipulating Tranche 4 Defendants' rebuttal re-underwriting expert reports. FHFA believes that given the relatively small number of loans that the Non Stipulating Tranche 4 Defendants need to underwrite, a 10 week rebuttal period is more than adequate. Indeed, in sharp contrast to the many *thousands* of sample loans at issue in the Tranche 2 and 3 cases and the *Morgan Stanley* case, the Non Stipulating Tranche 4 Defendants have only *hundreds* of

---

[1]   While the HSBC defendants have stipulated to the schedule, they have requested that if the Court orders a different summary judgment schedule for Non Stipulating Tranche 4 Defendants, they be entitled to brief summary judgment on that schedule. Subject to FHFA's objections to the schedule being sought by the Non Stipulating Tranche 4 Defendants, FHFA does not oppose this request.

[2]   The Bank of America defendants and FHFA have stipulated to extending the expert discovery cut off to July 25, 2014 so as to be consistent with the proposed Tranche 3 and 4 schedules.

The Honorable Denise L. Cote                                                                  September 24, 2013

sample loans to re-underwrite.  In fact, while the *Barclays* and *Nomura* cases involve, respectively, 800 and 700 sample loans, the *First Horizon* and *SocGen* cases involve only, respectively, 500 and 400 sample loans.  There is no reason why the Non Stipulating Tranche 4 Defendants need more than 10 weeks to re-underwrite these loans where *Morgan Stanley*, with 3,400 Sample Loans, has stipulated to approximately a 13 week period.  Furthermore, by the time the Non Stipulating Tranche 4 Defendants receive FHFA's re-underwriting reports, the Tranche 4 Defendants will have had FHFA's samples for over a year, had the stipulated underwriting guidelines and loan files for months, and had the benefit of reviewing FHFA's re-underwriting expert reports in the Tranche 2 and 3 cases.  There is no valid reason to delay these defendants' rebuttal re-underwriting reports for an additional three weeks.  Moreover, if the Non Stipulating Tranche 4 Defendants wished to have more time to consider the re-underwriting defects identified by FHFA, they could have participated in the interim disclosure process.

      Second, the parties have reached an impasse concerning the disclosure date for the parties' non-re-underwriting expert reports on issues for which the party bears the burden of proof.  The Non Stipulating Tranche 4 Defendants seek more than the five weeks proposed by FHFA.  Given the significantly smaller numbers of Sample Loans at issue in their four cases, five weeks should be more than sufficient to address and incorporate FHFA's re-underwriting findings into the Non Stipulating Tranche 4 Defendants' non-re-underwriting reports.  Again, by way of comparison, the defendants in Tranche 3 cases, each of which involve over *5 times* as many sample loans, stipulated to an approximate seven week period.

      Finally, the Non Stipulating Tranche 4 Defendants refuse to move up their final summary judgment submission date by 10 days (from August 4, 2014 to July 25, 2104).  FHFA has requested this so as to provide a brief stagger between final submission of the Tranche 4 summary judgment motions and the Tranche 3 summary judgment motions which the Tranche 3 Defendants requested be fully submitted on the August 4, 2014 deadline so as to provide an additional week to brief oppositions given the number of Sample Loans at issue in those cases.  FHFA does not believe it would be prudent or realistic for FHFA to submit final summary judgment briefing in all of the Tranche 3 and 4 cases on the same day.  Furthermore, given the benefit of the guidance the Non Stipulating Tranche 4 Defendants will receive from Tranche 2 summary judgment motion practice and the small number of sample loans at issue in their cases, there is no legitimate reason why the Non Stipulating Tranche 4 Defendants would be unable to to fully brief summary judgment on a schedule that is completed only ten days earlier.

      FHFA respectfully requests that the Court enter the Proposed Order attached as Exhibit 1 in its entirety.  FHFA is available to discuss this scheduling proposal at the Court's request.

**The Honorable Denise L. Cote**                                                    September 24, 2013

Respectfully submitted,

| | |
|---|---|
| /s/ Christine H. Chung | /s/ Richard A. Schirtzer |
| Christine H. Chung | Richard A. Schirtzer |
| (christinechung@quinnemanuel.com) | (richardschirtzer@quinnemanuel.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Adam Abensohn (adamabensohn@quinnemanuel.com) |
| 51 Madison Avenue, 22nd Floor | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| New York, New York 10010 | 51 Madison Avenue, 22nd Floor |
| | New York, New York 10010 |
| *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp.* | *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc., and FHFA v. Nomura Holding America, Inc.* |
| /s/ Manisha M. Sheth | /s/ Michael A. Hanin |
| Manisha M. Sheth | Michael A. Hanin |
| (manishasheth@quinnemanuel.com) | (mhanin@kasowitz.com) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP |
| 51 Madison Avenue, 22nd Floor | 1633 Broadway |
| New York, New York 10010 | New York, New York 10019 |
| *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Barclays Bank PLC* | *Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Morgan Stanley and FHFA v. SG Americas, Inc.* |

cc:     All Counsel of Record