# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330

WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 25, 2014

Via E-mail

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

        Re:   *FHFA* v. *Nomura Holding America Inc., et al.*, No. 11-cv-6201 (S.D.N.Y.)

Dear Judge Cote:

      I write on behalf of the Nomura Defendants ("Nomura") concerning FHFA's April 22, 2014 letter asking the Court to declare all loan files and guidelines produced in the FHFA Actions authentic and admissible. (Dkt. No. 860.) To the extent FHFA seeks this relief with respect to the Nomura action, the issue is not ripe, as FHFA has never sought to meet and confer with Nomura concerning its request. If the Court considers FHFA's request with respect to the Nomura action, Nomura adopts and incorporates herein all arguments set forth in Richard C. Klapper's April 25, 2014 letter to the Court, attached hereto as Exhibit A.[1]

                              Sincerely,

                              /s/ Amanda. F. Davidoff

                              Amanda F. Davidoff

cc: Counsel of Record

(Enclosure)

---

[1] Pursuant to this Court's Electronic Case Filing Rules and Instructions, Rule 23.7, Nomura hereby states that an interruption in ECF service prevented Nomura from filing this letter on April 25, 2014.

# EXHIBIT A

**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

By E-Mail

April 25, 2014

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

           Re:    *FHFA v. Goldman Sachs & Co., et al.*, No. 11-cv-6198, (S.D.N.Y.) (DLC)

Dear Judge Cote:

      I write on behalf of Goldman Sachs in response to FHFA's April 22, 2014 letter ("Apr. 22 Ltr.") requesting that the Court, without the benefit of identification of the documents or an evidentiary foundation, summarily declare all loan files and guidelines produced in this Action authentic and admissible. This request should be denied because it violates the Federal Rules of Evidence, well-established case law and due process.

      As an initial matter, FHFA mischaracterizes the parties' prior discussions and Goldman Sachs' position with respect to FHFA's proposed stipulation. FHFA claims that "Goldman asserts that it cannot stipulate to the authenticity and admissibility of the Loan Files produced by third parties because there is no guarantee that the Loan Files are complete." (Apr. 22 Ltr. at 2.) In reality, FHFA provided Goldman Sachs with a proposed stipulation that included only categories of documents, without identifying any specific loan files or guidelines. Ex. A. Goldman Sachs responded that "[i]n order to stipulate to any [non-party] documents, we need to know which [non-party] documents [FHFA] contend[s] are authentic." Ex. B. As to authenticity, Goldman Sachs remains willing to stipulate that specific documents, which FHFA states that it intends to proffer as loan files or guidelines produced in this litigation, "[are] what the proponent claims [they are]" under Fed. R. Evid. 901. As to the separate issue of admissibility, Goldman Sachs also is willing to discuss stipulations if FHFA identifies specific documents and the purpose for which it seeks to offer them into evidence. To the extent FHFA seeks to offer documents as the loan files and guidelines produced by originators and servicers in this litigation, and not for the truth of the matters asserted in those documents, Goldman Sachs is willing to stipulate to their admission for that purpose. Such a stipulation should allow FHFA to try to support its claims as to whether the information available today in a loan file complied with the guidelines FHFA claims are applicable, especially when considered in conjunction with the parties' prior stipulations that certain loan files and guidelines are the "best representation" of such documents as of the time of the stipulation.

      To the extent FHFA seeks to offer into evidence documents from loan files for the purpose of establishing the truth of the matters asserted in them, however, FHFA must specify those documents and carry its burden to show that they meet an exception to the hearsay rule, such as the "business records" exception in Fed. R. Evid. 803(6). Because FHFA has not identified the documents it wishes to introduce into evidence, "it is impossible to determine in the abstract which of the documents . . . satisfy the Rule [803(6)] and which do not." *U.S. v. Stein*, 05-cr-0888, 2007 WL 3009650, at *1 (S.D.N.Y. Oct. 15, 2007). The loan files contain numerous documents—such as credit reports, loan applications, and broker and underwriter notes—that contain factual assertions whose reliability must be established under the Federal Rules of Evidence before they can be admitted for the truth of the matters asserted in the

**Goldman Sachs' Response to FHFA's April 22 Letter Regarding Third-Party Loan Files**

documents. The burden rests with the proffering party—here, FHFA—to lay the necessary foundation. *See, e.g., Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995). FHFA thus "must provide evidence that the Rule 803(6) predicates are satisfied." *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 573 (S.D.N.Y. 2013). To meet its burden, FHFA must show (i) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (ii) the record was kept in the course of a regularly conducted activity of a business; (iii) making the record was a regular practice of that activity; (iv) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Fed. R. Evid. 901(11) or (12); and (v) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness. *See JPMorgan Chase Bank, N.A. v. Yuen*, 11-cv-9192, 2013 WL 2473013, at *5-6 (S.D.N.Y. June 3, 2013). Goldman Sachs is willing to consider stipulating to the admissibility of specific documents for the truth of the matters asserted therein where a proper foundation exists, but FHFA cannot relieve itself of its burden to establish a foundation by asking the Court to declare that all loan files and guidelines, *en masse*, are admissible for that purpose.

FHFA contends that by placing the burden of collecting loan files and guidelines on the Defendants, the Court shifted to Defendants the burden to lay a foundation for the admission of those documents into evidence at trial. The Court made no such ruling (*see* June 13, 2012 Hrg. Tr. at 9), and cannot shift FHFA's burden to lay a foundation. *Barry v. Trustees of the Int'l Ass'n*, 467 F. Supp. 2d 91, 106 (D.D.C. 2006). FHFA also contends that the loan files produced by third parties in this action are business records of Goldman Sachs—even though Goldman Sachs neither produced those records nor acted as their custodian—because third-party due diligence vendors hired by Goldman Sachs may have reviewed some of the documents years ago. FHFA has cited no case law sanctioning this novel theory. The cases FHFA cites involved documents that were in the possession of a custodian that offered foundational testimony that the custodian relied upon such documents in the regular course of its business. *See Countrywide Home Loans, Inc. v. Brown*, 223 F. App'x 13, 14-15 (2d Cir. 2007); *U.S. v. Jakobetz*, 955 F.2d 786, 800-01 (2d Cir. 1992); *Yuen*, 2013 WL 2473013, at *5-6. FHFA has made no showing that all loans in FHFA's samples were reviewed in due diligence, and the files and guidelines produced by originators and servicers in 2013-2014 do not necessarily contain the same documents reviewed by third-party vendors in 2005-2007. *See, e.g.*, Ex. C. FHFA cannot avoid its burden to obtain foundational testimony from the actual custodians of records if it wants to introduce documents for the truth of the matters asserted therein. *See Djangmah v. Falcione*, 08-cv-4027, 2013 WL 6388364, at *6 (S.D.N.Y. Dec. 5, 2013).

FHFA's resort to the residual hearsay exception in Fed. R. Evid. 807 also should be rejected because the residual exception is properly invoked "very rarely, and only in exceptional circumstances," and cannot be used as "an end-run around" Rule 803(6). *Lakah v. UBS AG*, 07-cv-2799, 2014 WL 1100142, at *4 (S.D.N.Y. Mar. 20, 2014). FHFA's request to take additional third-party depositions also should be denied, at least until FHFA specifies the number of depositions it wishes to take so that the Court and Defendants can evaluate the potential effects on the current trial schedule.

Respectfully Submitted,

*/s/ Richard H. Klapper*

Richard H. Klapper

cc: Counsel of Record