```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :    11 Civ. 6189 (DLC)
                                        :    11 Civ. 6198 (DLC)
                 Plaintiff,             :    11 Civ. 6201 (DLC)
                                        :    11 Civ. 7010 (DLC)
     -v-                                :
                                        :    OPINION & ORDER
                                        :
HSBC NORTH AMERICA HOLDINGS INC., et    :
al.,                                    :
                                        :
                 Defendants,            :
                                        :
And other FHFA cases.                   :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

The parties in these coordinated lawsuits dispute whether documents have been properly withheld on the ground of the attorney-client or work-product privilege.  This is the second time that the parties have submitted to the Court sets of documents raising these issues.  The standards which govern the Court's review of a party's invocation of the privilege were set forth in a Memorandum Opinion of April 3, 2014, and that standard and those prior rulings are incorporated by reference. <u>Federal Housing Finance Agency ("FHFA") v. HSBC N. Am. Holdings Inc.</u>, 11 Civ. 6189 (DLC), 2014 WL 1327952 (S.D.N.Y. April 3, 2014).  The rulings on the invocation of privilege for the recently submitted documents, which have been reviewed <u>in camera</u> by the Court, follow.

**I.   FHFA Privilege Claim**

In this round of review of the parties' privilege logs, the defendants challenge FHFA's invocation of the attorney-client privilege in connection with fifteen documents.  FHFA has produced five of the documents; a sixth document pertains to a settled action.  Therefore, this Opinion addresses nine documents:  FHFA Log Entries 385, 2065, 2946, 4069, 4201, 4205, 4405, 9832, and 35618.  FHFA has produced a redacted copy of Entry 2946.  It is hereby

ORDERED that FHFA may withhold Entries 385, 2065, 2946 (as redacted), 4069, 4201, 4205, 4405, 9832, and 35618.

**II.  Goldman Sachs Privilege Claim**

FHFA challenges Goldman Sachs' invocation of the attorney-client and work-product privileges in connection with five documents.  Goldman Sachs has produced two of the documents.  Therefore, this Opinion addresses three documents:  GS Log Entries 190, 613, and 1140.  Goldman Sachs recognizes that certain attachments to these three documents must be produced and has produced or will produce them.  The fact that non-privileged documents are attached to privileged communications does not protect the non-privileged documents from disclosure, and they must be produced.  Unless the parties have agreed that duplicative documents need not be produced, even if non-

2

privileged attachments are identical to previously produced documents, they must be produced again.  It is hereby

ORDERED that Goldman Sachs may withhold the following pages: E41035342 of Entry 190; E23898233 and E23898244 of Entry 613; and E21380710 of Entry 1140.  The balance of the challenged documents must be produced.

**III. HSBC Privilege Claim**

FHFA challenges the HSBC assertion of privilege in connection with seven documents.  HSBC has produced or will produce five of them.  Therefore, this Order addresses two of them:  HSBC Log Entries 7 and 10.  HSBC is not invoking a privilege with respect to one of two attachments to Entry 10.  FHFA is not seeking production of pages 158001710-11 of Log Entry 10.  Accordingly, it is hereby

ORDERED that HSBC may withhold Entry 7.  Decision is reserved on Entry 10.  HSBC may supplement its submission to the Court with respect to pages 158001713-15, and may request a partial redaction if that is appropriate.  Among other things, HSBC may identify by his full name the person involved in item 8.

**IV.  Nomura Privilege Claim**

FHFA challenges the Nomura assertion of privilege in connection with four documents.  Nomura has produced or will produce three of them, as well as the attachment to the fourth

document.  Therefore, this Order addresses Nomura Log Entry 321, with the understanding that its attachment is being produced. Accordingly, it is hereby

ORDERED that Nomura's request for a redaction to Entry 321 is approved.

Dated:   New York, New York
         July 11, 2014

_____
DENISE COTE
United States District Judge