August 25, 2014

**VIA ECF**

The Honorable Denise L. Cote
Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Dear Judge Cote:

      We write on behalf of RBS Securities Inc. ("RBS") in response to Plaintiff FHFA's letter to the Court dated August 22, 2014 (the "Letter"). RBS substantially completed its production of documents relevant to RBS's role as an underwriter for four securitizations at issue in this action on October 22, 2012, almost *two years* ago. The deadline for party depositions in this action passed on December 6, 2013, over *nine months* ago, and RBS submitted its expert report in this action on July 9, 2014, in accordance with the Court's pretrial schedule. While FHFA raises a host of complaints about RBS's document production in *FHFA v. Royal Bank of Scotland PLC, et al.*, No. 11 Civ. 0138 (D. Conn.) (the "Connecticut Action"), FHFA utterly fails to explain how or why "FHFA has not been able to complete the depositions necessary to formulate its motions, and its expert presentation, in the *Nomura* Action before this Court." Letter at 1. FHFA's suggestion that it has been prejudiced in this action because of the pace of discovery in the Connecticut Action is belied by the fact that FHFA did not raise most of the issues in the Connecticut Action about which it now complains until *after* RBS substantially completed its document production in this action, and well after fact discovery has closed.

      Indeed, in the two years since RBS substantially completed its document production relating to the securitizations at issue here, and in the nine months since deposition discovery has closed, ***not once*** has FHFA suggested that it needed additional RBS discovery because of pretrial deadlines in the *Nomura* action. RBS conferred with FHFA in late *2012* regarding document search parameters in connection with the Connecticut Action. Following those discussions, RBS disclosed in detail its list of more than fifty document custodians whose documents would be searched, using detailed search terms aimed at capturing potentially relevant documents. Nearly a *year* later, in October 2013, for the first time, FHFA requested a meet and confer regarding sixteen new custodians FHFA claimed were relevant to the 68 securitizations at issue in the Connecticut Action, and despite RBS's agreement to add several of the requested custodians as a compromise, FHFA waited until *February 2014* to file a motion in the Connecticut Action regarding additional custodians. Similarly, FHFA waited until October 2013 to raise any issue with Judge Thompson regarding post-closing documents even though RBS made clear its position in *March 2012*, and despite RBS's repeated offers to reach a compromise on the post-closing issue. FHFA likewise never sought to meet and confer with RBS concerning diligence-related documents related to the securitizations at issue in the Connecticut Action until *April 2014*. Nor did FHFA move for the production of unredacted documents in the Connecticut Action until May 5, 2014. Yet all the while, until raising these issues for the first time last week when FHFA suddenly claimed, barely four months before trial, that it wanted to delay trial, reopen the summary judgment schedule, and re-open fact discovery of RBS because of purported

delays in the Connecticut Action, FHFA never raised any scheduling concerns relating to the *Nomura* schedule—not with RBS, not with Judge Thompson, and not with this Court.

Moreover, the discovery disputes FHFA cites in the Connecticut Action, of course, relate to the 68 securitizations at issue in *that action*, and *not* RBS's role as underwriter for four securitizations at issue here. As noted above, RBS long ago produced documents concerning its role as underwriter for securitizations at issue in the *Nomura* action and it had every right to take depositions concerning RBS's due diligence relating to these securitizations before the close of fact discovery, before the deadline for summary judgment motions, and before RBS filed its due diligence expert report.[1] Allowing FHFA to modify the *Nomura* schedule now would be prejudicial to RBS because, among other things, FHFA would obtain an unfair advantage by permitting it to obtain RBS depositions after it has seen RBS and Nomura's expert reports, while RBS and Nomura had to take depositions of FHFA witnesses long before seeing any of FHFA's expert reports.

At the same time, FHFA's request is unnecessary. FHFA already has access to transcripts of 41 depositions of RBS witnesses taken in other cases from which FHFA has substantial information about RBS's diligence and other practices. Moreover, FHFA will also have the right under this Court's orders to take the depositions before trial of any witness that RBS will call to discuss its due diligence, and RBS and the Nomura defendants have suggested early disclosure of fact witnesses precisely so that the parties will have ample time to depose any trial witness not previously deposed. Further, the notion that FHFA needed depositions of RBS to bring a summary judgment motion on the basis of RBS's diligence practices is baseless. FHFA does not explain or even suggest in its Letter why such depositions were necessary. A summary judgment motion must be on the basis of undisputed facts so that FHFA needs to show why – as a matter of law – the diligence RBS outlined in its expert report was not adequate as a matter of law. FHFA's prior motions have made assertions that the numbers of loans reviewed was not adequate, and/or that the results received from the diligence vendor required that more loans be reviewed. While RBS believes that each of these arguments is baseless, FHFA could have made these arguments without depositions of additional RBS witnesses.

This Court has made clear that "[t]he fact discovery cutoff date of December 6, 2013 is not going to change." 11/6/12 Tr. at 9:17-18. The Court has repeatedly denied requests for even targeted discovery by the defendants on the basis that "requests for more discovery at this late hour must be carefully analyzed" and "[t]he parties' energies must be, of necessity, fully engaged with the current phase of pretrial work." 6/28/13 Order (Dkt. 376) at 71. *See also* 9/23/13 Order (Dkt. 481) at 2-3 ("The parties are in the midst of depositions; the time period for document discovery has closed. . . . [T]he presumption now must be that document discovery is closed without a showing of good cause."); 2/14/14 Order (Dkt. 600) at 6-7 ("The parties' document production to each other ended long ago; the depositions of the parties' own witnesses also essentially concluded long ago."). And in denying defendants additional depositions, this Court long ago noted that "[e]ach of these cases is essentially a document case." 10/4/13 Order (Dkt. 502) at 2.

---

[1] RBS substantially completed its document production in the Connecticut Action on March 28, 2014, months before the summary judgment deadline in *Nomura*.

Because FHFA has wholly failed to support its request to reopen summary judgment and fact discovery at this late stage, and failed to explain the reasons for its delay in raising these issues with RBS, with Judge Thompson or with this Court, and to prevent unfair prejudice to the defendants, FHFA's request should be denied.

Respectfully,

/s/ Thomas C. Rice

Thomas C. Rice