**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

Via ECF

September 22, 2014

Hon. Denise L. Cote,
    United States District Judge,
        500 Pearl Street, Room 1610,
            New York, NY  10007-1312.

        Re:     *FHFA* v. *Nomura Holding America, Inc.*, No. 11-cv-6201 (S.D.N.Y.)

Dear Judge Cote:

       I write on behalf of all defendants in the *Nomura* action in response to plaintiff's September 19 letter ("Letter") seeking to "supplement" its expert reports, and to limit and delay expert depositions in this action.  Plaintiff's requests amount to an attempt to (i) "do over" its most important expert reports, contrary to the expert schedule the Court entered without objection from FHFA just two weeks ago, and (ii) significantly limit defendants' discovery rights.

       Plaintiff is seeking to "supplement" the reports of two experts, Mr. Robert Hunter on re-underwriting issues and Dr. John Kilpatrick on appraisal and AVM issues—on whose opinions FHFA intends to rely in seeking to prove that the offering documents at issue in this case contained false or misleading statements.[1]

       There is no basis for plaintiff to "supplement" these reports under Rule 26(e), which applies only if "the party learns that in some material respect the disclosure . . . is incomplete or incorrect." F.R.C.P. 26(e).  Such supplementation must be based on "information that was previously unknown or unavailable," otherwise "it is not an appropriate supplemental report under Rule 26." *Cedar Petrochemicals, Inc.* v. *Dongbu Hannong Chemical Co.*, Ltd., 769 F. Supp. 2d 269, 278 (S.D.N.Y 2011) (quotations omitted); *Sandata Technologies* v. *Infocrossing, Inc.*, 2007 WL 4157163, at *4 (S.D.N.Y. 2007).  The loan files in this action, which contain the principal evidence on which the Hunter and Kilpatrick reports rely, were produced by November 1, 2013 (with most produced in August 2012).

       Plaintiff has not identified a single piece of previously unavailable evidence that justifies the belated submission of "supplemental" expert reports.  Indeed, plaintiff admits that its purpose in seeking to "supplement" the existing reports is to respond to criticisms leveled by Nomura and its experts, as well as to provide "additional written commentary . . . [about] appraisals that Dr. Kilpatrick previously concluded lacked credibility" and "additional information concerning his . . . [AVM] methodology."  (Letter at 1.)[2]

       This is entirely improper.  Rule 26(e) does not authorize supplemental reports to improve an existing report or respond to an adversary's criticisms.  That rule is not "a vehicle to permit a party

---

[1] Plaintiff also seeks to "update" the report of Dr. Charles Cowan on sampling and extrapolation.  (Letter at 1 n.1.)

[2] FHFA also asserts that supplementation is necessary because Nomura's due diligence expert, Charles Grice, supposedly stated in his July 9, 2014 report that "certain loans were underwritten to [Nomura's] correspondent guidelines."  (Letter at 1.)  FHFA has never raised this issue to Nomura as a basis for supplementation (or otherwise), and it does not  implicate Rule 26(e) because all relevant guidelines were available to FHFA's experts before their reports were filed.

Hon. Denise L. Cote                                                                                            -2-

to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." *Lidle* v. *Cirrus Design Corp.*, 2009 WL 49070201, at *5-6 (S.D.N.Y. Dec. 18, 2009).

      Plaintiff says that Nomura gives "no good reason why such reports should not be allowed here" (Letter at 2), but this is backwards; it is plaintiff's burden to show that it should be excused from the court-ordered schedule and allowed to serve new reports well past the deadline. Aside from the unfairness of giving FHFA a "do over," this kind of "supplementation"—which is in effect a request to serve reply reports when the schedule provides for no such right of reply—would overturn the expert schedule, entered just two weeks ago, and threaten significant delay. Plaintiff asserts that it will "supplement" its experts' opinions in "early October," five months after serving them, and two months after Nomura's experts responded to the reports. If the Court were to permit plaintiff to do so, defendants' experts should be entitled to respond two months after that (*i.e.*, in December, when the parties will be preparing for trial).[3]

      Plaintiff also asks the Court to order that "expert depositions should occur only once," asserting that defendants have "demanded that FHFA produce its experts for deposition both before service of supplemental reports and again afterwards." (Letter at 2.) In fact, defendants' position is that no supplemental reports are permissible, and that plaintiff should not be able to use its delay in seeking to serve such reports to derail the schedule for expert discovery. Less than ten weeks remain before expert discovery closes on November 26. The only way to meet that schedule is for depositions to move forward now.[4] Moreover, plaintiff's request to prohibit the reopening of a deposition based on a later-filed "supplemental" report would, if granted, mean that the parties cannot schedule depositions for any of the seven re-underwriting experts (or for Dr. Cowan) until the new reports from plaintiff's experts have been served and responded to by Nomura, which could take months.

      Finally, plaintiff seeks to limit depositions of experts who were deposed in other actions, apparently on the incorrect theory that there was some sort of coordination order applicable to expert depositions in these actions. Plaintiff's position—raised with defendants for the first time *after* the depositions in the coordinated actions took place—is without basis, and would, if adopted, result in substantial prejudice to defendants. Defendants were not party to any of the cases in which plaintiff's experts were deposed. Thus, defendants did not appear at those depositions, question any of those experts, or have any opportunity to do so. Under Rule 26 (b)(4)(A)—and elemental principles of fairness—defendants are entitled to depose plaintiff's trial experts. Defendants respectfully submit that the Court should deny FHFA's request to "supplement" expert reports, and order plaintiff to proceed with scheduling full-day expert depositions without delay.

                                                                                                  Respectfully,

                                                                                                   /s/ David B. Tulchin

                                                                                                   David B. Tulchin

---

[3] Even if FHFA had a basis to supplement its reports, it failed to comply with Rule 26(e), which requires that supplementation occur "in a timely manner."

[4] To comply with the current schedule, the parties must depose all seven re-underwriting experts and Dr. Cowan, as well as all non-re-underwriting experts not serving reports on November 10, before the November 10 deadline. Approximately eight more non-re-underwriting rebuttal reports will be served on November 10 with depositions of those experts occurring over the following two weeks.