Motion *in Limine* No. 1

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

October 6, 2014

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>*FHFA v. Nomura Holding Am. Inc., et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

FHFA moves *in limine* to prohibit Defendants from presenting evidence to the jury concerning principal and interest payments on the at-issue Certificates after the filing of this action on September 2, 2011 ("Post-Claim Payments"). Such evidence is irrelevant both to Defendants' Section 11 liability and to FHFA's Section 11 damages, the calculation of which (excluding prejudgment interest) is "frozen" as of the date FHFA filed suit. *Beecher v. Able*, 435 F. Supp. 397, 410 (S.D.N.Y. 1977). While evidence concerning Post-Claim Payments is relevant to the calculation of FHFA's remedies under Section 12 and the Blue Sky laws, that is an equitable matter to be determined by the Court and not by the jury.

## BACKGROUND

FHFA filed this action on September 2, 2011, asserting claims under Sections 11, 12, and 15 of the Federal Securities Act of 1933, as well as claims under the Virginia and D.C. Blue Sky laws. In discovery, Defendants sought broad evidence of Post-Claim Payments received by the GSEs on the Certificates. For example, Defendants served an Interrogatory seeking, through the present date, "the cumulative income received on each [ ] Certificate," and "any determinations related to temporary impairment and other than temporary impairment for each Certificate." Defs.' Third Interrogatory to Plaintiffs, Ex. 1, at 1. Defendants also served a Request for Production seeking all documents relating to payments on the Certificates, including payments after FHFA filed suit. Defs.' Second Requests for Production, Ex. 2, at 11.

Defendants have also raised Post-Claim Payments through their experts' opinions on damages. In his July 9, 2014 Expert Report, Nomura's proffered accounting expert Stephen G. Ryan opines that "the GSE[s] [expected] as of the end of 2012"—more than a year after FHFA filed suit on September 2, 2011—"that [a] Certificate [would] repay in full, *i.e.*, with no shortfalls in cash flow." Ex. 3 ¶ 103. Mr. Ryan also presents "calculations of [among other things] … the unpaid principal balances ('UPBs'), fair values, and percentage losses of fair values for the … Certificates" through the end of 2012, *id.* ¶ 93 & Exhibit 2A. Similarly, in his July 9, 2014 Expert Report, Nomura's proffered expert on loss causation, Dr. Kerry D. Vandell, opines regarding the "expected dollar losses" to one of the Certificates "as of December 2013"—

more than two years after the "claim date" on which FHFA filed suit.  Ex. 4 ¶ 221.  Based on the expert reports of Ryan and Vandell, it appears likely that Defendants' rebuttal expert reports will similarly place Post-Claim Payments at issue.

I. **EVIDENCE OF POST-CLAIM PAYMENTS IS NOT RELEVANT TO ANY ISSUE PROPERLY BEFORE THE JURY**

In a case that "present[s] both legal and equitable issues, it is for the jury to decide the legal issues and for the court to decide the equitable issues."  Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2305 (3d ed.) (citations omitted).  In this case, as detailed below, evidence concerning Post-Claim Payments is irrelevant to FHFA's claim for legal relief under Section 11.  *See Citibank, N.A. v. Morgan Stanley & Co. Intern., PLC*, 797 F. Supp. 2d 254, 276 n.146 (S.D.N.Y. 2011) (claims for money damages—such as FHFA's Section 11 claims—are "legal in nature").  The only issue as to which such evidence is relevant is the proper measure of FHFA's *equitable* relief under Section 12 and the State Blue Sky laws.  Because it is the sole province of the Court to determine such equitable relief, evidence of Post-Claim Payments—which could easily create juror confusion and undue prejudice to FHFA—should not be presented to the jury at trial.  Rather, such evidence should be presented only to the Court in a bifurcated proceeding after an initial jury finding of liability.

A. **Evidence Of Post-Claim Payments Is Irrelevant To Liability And Section 11 Damages**

In order to recover on its Section 11 claim, FHFA must establish that Defendants made material misrepresentations in the Prospectus Supplements that form part of the Registration Statements, and that the GSEs sustained damages.  *See Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010); 17 C.F.R. § 230.430B(f)(1).  Evidence of Post-Claim Payments is irrelevant to this showing, or to any available defense.  Whether a statement is materially false is determined based on the circumstances existing when the statement was made.  *See Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011) (falsity evaluated as of time of statement); *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 165 (2d Cir. 2000) (same for materiality).  Payments that the GSEs have received on the Certificates after September 2, 2011—more than four years *after* Defendants made the disputed representations—are not probative of whether those statements were false when made, or to whether a reasonable investor would have considered any misrepresentations important at the time it was deciding to invest.  *FHFA v. UBS Ams., Inc.*, 2013 WL 3284118, at *23 (S.D.N.Y. June 28, 2013) ("[M]ateriality is an objective standard[.]") (citing *Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004)).

Post-Claim Payments received by the GSEs are also irrelevant to the amount of FHFA's damages under Section 11, which are calculated "as of the date of the suit."  *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 517331, at *1 (S.D.N.Y. Mar. 4, 2005) (Cote, J.).  By its express terms, Section 11 permits a successful plaintiff to recover "the difference between the amount paid for the security … and (1) *the value thereof as of the time such suit was brought*, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment." 15 U.S.C. § 77k(e) (emphasis added).  Accordingly, because the GSEs have retained the Certificates, and not "disposed" of them in the market, FHFA's damages are "frozen" as of the date of suit.  *Beecher*, 435 F. Supp. at 409-10 ("The time of suit value is the statutory cut-off.  In general, damages are frozen as of that date."); *see also Ross v. Warner*, 1980 WL 1474, at *9 (S.D.N.Y.

Dec. 11, 1980) (Section 11 damages are "frozen" as of the date of suit) (quoting *Beecher v. Able*); *McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1048 (2d Cir. 1995) ("The plain language of section 11(e) prescribes the method of calculating damages, and the court must apply that method in every case.") (citation omitted).  Moreover, the value of the Certificates as of the date of suit, which is the relevant benchmark for damages under Section 11, already accounts for the possibility of any post-suit principal payments.  Reducing FHFA's damages based upon post-suit principal payments would in effect reduce FHFA's damages twice for the same principal payment.[1]

Evidence of Post-Claim Payments is also irrelevant to any loss causation defense, as that concept is akin to "proximate cause," *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 36 (2d Cir. 2009), and thus concerned with events *before* the time of loss, not after it.  *See, e.g.*, *McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1049 (2d Cir. 1995) (defendants bear the burden showing that a "price decline before disclosure … was not related to the misrepresentations in the registration statement"); *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375313, at *4 (S.D.N.Y. Feb. 17, 2005) (Cote, J.) (defendant may prove that "the difference between the amount paid for the security and the value thereof as of the time such suit was brought … was due to something other than the alleged misrepresentations and omissions").

In sum, evidence of Post-Claim Payments is irrelevant to any question bearing on liability or damages under Section 11.

### B.    Evidence Of Post-Claim Payments Is Relevant Only To FHFA's Equitable Relief Under Section 12 And The State Blue Sky Claims, Which Will Be Decided By The Court

Evidence of Post-Claim Payments is relevant in this action solely to a matter of equity: specifically, the proper measure of FHFA's relief under Section 12 and the State Blue Sky provisions.  Thus, the evidence is properly considered only by the Court, and not by the jury.  A prevailing plaintiff under Section 12 and the Blue Sky laws is entitled "to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security."  *Randall v. Loftsgaarden*, 478 U.S. 647, 655 (1986) (quoting 15 U.S.C. § 77*l*(a)(2)).  This relief is a form of rescission—it places the GSEs in the position they would have been in had they not purchased the Certificates—and therefore constitutes an equitable remedy.  *See Wigand v. Flo–Tek, Inc.*, 609 F.2d 1028, 1035 (2d Cir. 1979) (Section 12); *Scheurenbrand v. Woody Gunry Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993) (Blue Sky); *FHFA v. Merrill Lynch & Co.*, 903 F. Supp. 2d 274, 281 (S.D.N.Y. 2012) (both).

Controlling authority establishes that it is for this Court, not the jury, to decide the measure of a plaintiff's equitable relief under Section 12.  *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1019 n.4 (2d Cir. 1989) (observing in Section 12(a)(2) case that

---

[1]   The GSEs bore the risk of a continued decline in market prices by retaining the Certificates after they filed suit. 15 U.S.C. § 77k(e)(3); *cf.* 26 Sec. Lit. Damages § 6:20 ("The effect of [Section 11(e)'s] formula is to provide a series of incentives. The victimized plaintiff is confronted with the decision whether to retain the security, to sell before suit or to sell while the suit is pending.")  Had the securities continued to decline in value or ceased paying principal after the date of suit, Defendants would presumably not be proposing an increased damages calculation making the GSEs whole for such additional post-suit losses. By the same token, Defendants cannot "benefit from a rising market" where, as here, the value of the securities increases.  *Beecher*, 435 F. Supp. at 410.

"[a]t the commencement of this action [plaintiff] still owned the stock," and so its only claim was "[a]n equitable claim [for] [ ] rescission [that] is for the court, not the jury, to decide"); *see also Phillips v. Kaplus*, 764 F.2d 807, 812 (11th Cir. 1985) (holding that action for rescission under Blue Sky law was properly tried to the court).  Accordingly, evidence of Post-Claim Payments will not be relevant to any issue properly before the jury, and will be relevant solely to the Court's determination as to the proper measure of FHFA's recovery under Section 12 and the State Blue Sky provisions.

## II.   IN ORDER TO AVOID JURY CONFUSION AND UNDUE PREJUDICE TO FHFA, EVIDENCE OF POST-CLAIM PAYMENTS SHOULD BE PRESENTED SOLELY TO THE COURT, NOT THE JURY

FHFA respectfully requests that the Court exercise its discretion by precluding evidence of Post-Claim Payments from presentation to the jury at trial, and by directing that any such evidence be received only in a separate proceeding to be held after the initial jury trial and addressed to the Court's determination as to the proper measure of FHFA's equitable relief.  *See Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988) ("The decision of whether to bifurcate "is a matter within the sound discretion of the trial court."); *Capitol Records, Inc. v. MP3tunes, LLC*, 2014 WL 503959, at *6 (S.D.N.Y. Jan. 29, 2014) (bifurcating trial under the Copyright Act into general liability phase and willfulness and damages phase, as "it would be unduly difficult and confusing for the jury to have to ignore such evidence for determining infringement, but consider it for willfulness").  Because such evidence is irrelevant to FHFA's legal claims, and thus to any issue properly before the jury, a bifurcated proceeding would serve to promote "convenience, to avoid prejudice, or to expedite and economize" the trial.  Fed. R. Civ. P. 42(b).

Further, the danger of undue prejudice if evidence or testimony concerning Post-Claim Payments were presented to the jury is readily apparent.  Such evidence could prompt the jury to reduce FHFA's damages on a mistaken understanding that the GSEs' statutory losses have been mitigated, or that the proper measure for FHFA's Section 11 damages are present "mark-to-market losses" rather than the "modified tort damages" approach actually applicable under law. *Beecher*, 435 F. Supp. at 410 n.5 (quoting 3 Louis Loss, *Securities Regulation* 1728 (2d ed. 1961)).  A jury might also mistakenly believe that Defendants are permitted to "benefit from a rising market," *Beecher*, 435 F. Supp. at 410—a result the Securities Act forbids, *see id.*  And, as the Second Circuit has recognized in analogous circumstances, evidence that a party has substantial financial resources—in this case, evidence that the GSEs have received substantial post-suit payments on their Certificates—may prompt a jury to decide against that party on the impermissible basis that it can afford to lose or that it has not truly been harmed.  *Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 373-74 (2d Cir. 1988) (noting that cases involving punitive damages are routinely bifurcated to prevent jurors from being unduly influenced by evidence concerning plaintiffs' wealth).

The risks that a jury would rely on such impermissible considerations would be fully avoided if any evidence or testimony concerning Post-Claim Payments were presented only to the Court.  Precluding such evidence from presentation before the jury would also promote efficiency by avoiding the need for FHFA to attempt to explain its irrelevance in its rebuttal case or during closing argument.  *See, e.g.*, *United States v. Rajaratnam*, 2014 WL 2696568, at *3 (S.D.N.Y. June 10, 2014) (a court may exclude evidence of "minimal relevance … outweighed by the risk of unfair prejudice[ ] or undue delay," particularly where the introduction of such

**Motion *in Limine* No. 1**

evidence "would require a mini-trial ... [that] would entail educating the jury on [ ] complicated concepts").

* * *

For the reasons set forth above, FHFA respectfully requests that evidence and testimony concerning Post-Claim Payments be precluded from presentation before the jury, and that such evidence, to the extent relevant to the measure of FHFA's equitable relief under Section 12 or the Blue Sky laws, be presented solely to the Court in a separate proceeding.


Respectfully submitted,


Philippe Z. Selendy, Esq.

cc:     All Counsel of Record