SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*

*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 30, 2014

Via ECF

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York  10007-1312.

          Re:    *FHFA* v. *Nomura Holding America, Inc.*, et al., 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

      As part of its October 20, 2014 Reply in support of its Motion for Summary Judgment on Statute of Limitations, plaintiff argued—in an entirely conclusory manner—that 258 exhibits submitted by defendants in opposition to that motion are inadmissible.  Plaintiff's objections are meritless.

      <u>Evidence Not "Specific" to the Certificates</u>.  Plaintiff argues that evidence that is purportedly not "specific" to the at-issue Certificates is inadmissible because it is not relevant to the statute of limitations defense.  (Objections at 2.)  This is incorrect; evidence showing that Freddie Mac and Fannie Mae had information that should have caused them to investigate their claims—and plead a complaint—is highly relevant.  *See FHFA* v. *JPMorgan Chase & Co.*, 902 F. Supp. 2d 476, 488 (S.D.N.Y. 2012) (generalized evidence can "provide a basis to assert that there was a systematic failure by the defendants in their packaging and sale" of securities with other evidence providing the "linkage" to particular securities).[1]

      <u>"Single Family" Evidence</u>.  Plaintiff's relevancy argument concerning "Single Family" evidence is also incorrect.  Information known to any business unit of Freddie Mac or Fannie Mae should, as a matter of law, be imputed to Freddie Mac or Fannie Mae as a whole. *Koam Produce, Inc.* v. *DiMare Homestead, Inc.*, 213 F. Supp. 2d 314, 325-26 (S.D.N.Y. 2002), *aff'd*, 329 F.3d 123 (2d Cir. 2003).  Such evidence is relevant to assessing when "a reasonably diligent plaintiff in their position would have been able to plead a claim."  *FHFA* v. *UBS*, 858 F. Supp. 2d 306, 320 (S.D.N.Y. 2012) (quotations and citations omitted).

      <u>Unauthenticated Evidence</u>.  Plaintiff misstates the standard required for authentication of evidence submitted on summary judgment (Objections at 3); the question is not whether "unauthenticated evidence is inadmissible for the purposes of this motion" (*id.*), but whether "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2); *Celotex Corp*. v. *Catrett*, 477 U.S. 317, 324

---

[1] *See* Defendants' Opposition to Plaintiff's Motion for Summary Judgment on Statute of Limitations, dated September 29, 2014, Doc. No. 867, at 40-47; Defendants' Opposition to Plaintiff's Motion *in Limine* No. 2, dated October 17, 2014, at 4-5.

Hon. Denise L. Cote                                                                                                                -2-

(1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). Indeed, "Rule 56(c)(2) does not contemplate the exclusion of evidence based solely on the form of presentation" at the summary judgment stage. *Hinterberger* v. *Catholic Health Sys.*, 299 F.R.D. 22, 38 (W.D.N.Y. 2014); *Rosenthal* v. *Nierenberg*, 2010 WL 3290994, at *2 n.2 (S.D.N.Y. Aug. 10, 2010) ("[T]here is no practical need to comply with [authentication] formalities in this case, where it is clear that the documents annexed to the affidavit could be produced in admissible form at trial.").

    Plaintiff does not cite a single exhibit that cannot be authenticated before trial, and it has not—and could not in good faith—question the authenticity of the documents to which it objects. For example, the numerous "Trustee Reports" (*e.g.*, Exhibit 171, Doc. No. 874-22) (Objections at 3), prepared by Wells Fargo, have been authenticated by a declaration from an authorized representative of Wells Fargo Bank, N.A. (attached hereto as Exhibit A). Fed. R. Evid. 902(11); Fed. R. Evid. 803(6)(A)-(C). With respect to the Freddie Mac T-Deal Offering Circulars (*e.g.*, Exhibit 115, Doc. No. 873-16) (Objections at 3), these documents are available on Freddie Mac's website and are party admissions. The evidence on other websites (*e.g.*, Exhibit 245, Doc. No. 875-46) contains the date and website address, which, together, constitute "circumstantial indicia of authenticity." *Perfect 10, Inc.* v. *Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146, 1154 (C.D. Cal. 2002); *see also Luv n' Care, Ltd.* v. *Regent Baby Products Corp.*, 986 F. Supp. 2d 400, 400 (S.D.N.Y. 2013) ("'[T]he appearance, contents, substance, internal patterns, or other distinctive characteristics' of [the] webpages are sufficient to authenticate them." (citing Fed. R. Evid. 901(b)(4)).)

    <u>Hearsay</u>. Without identifying the purportedly inadmissible portion of any document, plaintiff asserts that dozens of exhibits contain hearsay and are not subject to a hearsay exception. (Objections at 3.) Such an "undifferentiated, non-specific, and omnibus hearsay objection" to a number of exhibits submitted by defendants is "insufficient to support a serious objection to evidence proffered on summary judgment." *In re 650 Fifth Ave.*, 2013 WL 5178677, at *4 (S.D.N.Y. Sept. 16, 2013) (citations omitted). Instead, plaintiff is doing nothing more than impermissibly "throwing the hearsay objection generally at the proverbial wall to see if it sticks somewhere." *Id*.

    Plaintiff's hearsay objections are, in any event, meritless. For example, plaintiff asserts that deposition testimony of Freddie Mac and Fannie Mae employees taken in this action is hearsay. (*See*, *e.g.*, Exhibit 71, Doc. No. 872-21 (Ashley Dyson Tr.); Exhibit 86, Doc. No. 872-36 (John Ingram Tr.); Exhibit 93 (Kevin B. Palmer Tr.); Exhibit 129, Doc. No. (Eric Rosenblatt Tr.).) Statements made by these employees, when offered against plaintiff, are clearly admissible under Rule 801(d)(2)(A), Fed. R. Evid. Further, as to some of the documents challenged by plaintiff, defendants offered them not for the "truth of the matter asserted," Rule 801(c)(2), Fed. R. Evid., but instead to demonstrate that plaintiff truncated quoted material in a misleading way in its Local Rule 56.1 Statement of Undisputed Material Facts (Doc. No. 839).[2]

    <u>Rule 403</u>. Each of the exhibits to which plaintiff objects pursuant to Rule 403 is probative evidence that is relevant to show when a reasonable plaintiff would have had information that should have caused it to investigate its claims and plead a complaint. For example, these exhibits demonstrate that as of early- to mid- 2007, Fannie Mae employees had

---

[2] As to some of the deposition testimony, if the deponent is unavailable at trial, the deposition testimony itself will be admissible. Fed. R. Civ. P. 32(a)(4)(B).

access to and visited a public website called Implode-o-Meter, which reported on problems faced by mortgage originators and others in the lending industry (Exhibit 201, Doc No. 875-1), and that these employees recognized as early as March 16, 2007 that the subprime market "couldn't have been crazier," with "problem[s]" such as "EPDs."  (Exhibit 199, Doc. No. 874-50).

Further, although a court may exclude evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," this is a "fact-intensive, context-specific inquiry," *Henry* v. *Wyeth Pharm., Inc.*, 616 F.3d 134, 151 (2d Cir. 2010) (quotation marks and citation omitted), that determination should not be made at the summary judgment stage.  *Adams* v. *Ameritech Servs., Inc.*, 231 F.3d 414, 428 (7th Cir. 2000) ("[N]ormally the balancing process contemplated by that rule is best undertaken at the trial itself."); *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) ("Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage.").

<u>Personal Knowledge</u>.  Plaintiff identifies no specific testimony about which a witness lacked personal knowledge—and ignores that four of the witnesses whose testimony was submitted were testifying as corporate designees pursuant to Rule 30(b)(6), Fed. R. Civ. P.[3]  *See Meyer Corp. U.S.* v. *Alfay Designs, Inc.*, 2012 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012) (30(b)(6) witnesses not required to have "personal knowledge concerning the matters set out in the deposition notice").

Plaintiff's evidentiary objections are meritless.  If the Court intends to conduct a specific admissibility inquiry, defendants respectfully request that the Court set a procedure and briefing schedule.[4]  *See In re Carpenter*, 2014 WL 2708291, at *5 (Bankr. D.Vt. June 13, 2014) (Rule 56(c)(2) "clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections") (quotation omitted).

Respectfully submitted,

/s/ David Tulchin

David B. Tulchin

cc:     Counsel of Record

---

[3] *See* Exhibit 113, Doc. No. 873-13 (David Cook Tr.); Exhibit 134, Doc. No. 873-35 (Donna Marie Corley Tr.); Exhibit 156, Doc. No. 874-6 (Stephen Pionke Tr.); Exhibit 204, Doc. No. 875-5 (Stacey Kenneweg Tr.).  If these 30(b)(6) deponents did not in fact possess the requisite knowledge—which is not personal knowledge—to support their 30(b)(6) testimony, then plaintiff should be required to produce individuals who do.

[4] Plaintiff filed nearly identical objections in connection with its June 24, 2014 reply in support of its Motion for Summary Judgment on Knowledge.  (Doc. No. 730.)  Defendants responded that those objections were premature and unfounded and asked that the Court set a "procedure and briefing schedule" if it wished to consider them.  (Doc. No. 733.)  On July 9, 2014, the Court stated that if it found it "necessary to address the evidentiary objections," it would "consider whether additional submissions from any party would be helpful or appropriate."  (Doc. No. 817.)