# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

November 3, 2014

By E-mail and ECF

The Honorable Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Court House,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

        Re:   *Federal Housing Finance Agency* v. *Nomura Holding America Inc., et al.*, 11 Civ. 6201 DLC (S.D.N.Y.)

Dear Judge Cote:

      Defendants respectfully request that the Court preclude plaintiff's expert, Dr. John A. Kilpatrick, from offering at trial any opinions that rely in any way on the ▓▓▓▓▓▓▓▓ of appraisals described in Section II.B.1 of Dr. Kilpatrick's October 6, 2014 supplemental expert report ("Supplemental Report," Ex. 1). Those ▓▓▓▓▓▓▓▓ are not a response or rebuttal to defendants' expert reports as permitted by the Court's September 25 Order and Fed. R. Civ. P. 26(e), and are thus improper.

      On May 15, 2014, plaintiff submitted the *Expert Report of John A. Kilpatrick, Ph.D. Concerning Adherence of Appraisals to Appraisal Standards and Practice*. (Ex. 2.) In that report, Kilpatrick relied on what he calls a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

      On August 14, 2014, defendants submitted the *Expert Report of Michael P. Hedden*. (Ex. 3.) Hedden opined that there were two common, industry-accepted appraisal review methodologies—the field review and the desk review. (*Id.* at 11.) Hedden defined a desk review, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as an appraisal performed by a second appraiser (not the original appraiser) who "develops and communicates an opinion about the quality of the [first] appraisal, including the credibility of the value conclusion and the adequacy of the supporting evidence provided." (*Id.* at 17.) Hedden also made clear that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

      On September 19, 2014, plaintiff requested that the Court permit it to "serve limited supplemental reports by [plaintiff's] reunderwriting and appraisal-related experts." (*See* Ex. 4.) Plaintiff told the Court that it "intend[ed] to serve a supplemental report by its appraisal expert, Dr. John Kilpatrick, in response to issues raised in Nomura's appraisal rebuttal reports and to

provide additional written commentary concerning appraisal defects in appraisals that Dr. Kilpatrick previously concluded lacked credibility." (*Id.*)  On September 25, 2014, this Court issued an Order that plaintiff "may serve [a] rebuttal report[] by . . . Kilpatrick," but added that any "supplementation by . . . Kilpatrick of [his] prior reports must be in response to opinions offered or information contained in the defendants' expert reports."  ("September 25 Order," Ex. 5.)

       In Section II.B.1 of his Supplemental Report, Kilpatrick is not "respond[ing] to opinions offered or information contained in defendants' expert reports."  Instead of seeking to defend the ▇▇▇▇ Kilpatrick utilizes a new methodology ▇▇▇▇ — that he never utilized in his May 2014 Report.  Kilpatrick further purports to rely on new supporting materials in connection with his ▇▇▇▇ (*See* Ex. 6.)  There is no way to view that as "supplementing" his original opinions.

       Neither the Court's September 25 Order nor Rule 26(e) allows plaintiff to respond to defendants' criticisms of Kilpatrick's initial methods by switching to a whole new methodology.  *In re Pfizer Inc. Sec. Litig.*, 2014 WL 3291230, at *1 (S.D.N.Y. July 8, 2014) ("To allow an expert to supplement his report in order to 'fill a significant and logical gap' in a previous report 'would eviscerate the purpose of expert disclosure rules . . . .'"); *Cooper Tire & Rubber Co.* v. *Farese*, 2008 WL 5104745, at *2 (N.D. Miss. Nov. 26, 2008) (excluding an expert's supplemental rebuttal report where the expert report "adopted [the opposing expert's] assertion and came up with a calculation to address it," because the expert was "attempting to interject a new calculation of damages through a procedural back door"); *Buxton* v. *Lil' Drug Store Prods., Inc.*, 2007 WL 2254492, at *5 (S.D. Miss. Aug. 1, 2007) ("Courts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based on information available prior to the missed deadline for service of initial disclosures. . . .  Courts have similarly made it clear that supplemental expert reports cannot be used to 'fix' problems in initial reports."), *aff'd*, 294 F. App'x 92 (5th Cir. 2008); *Beller* v. *United States*, 221 F.R.D. 689, 691-95 (D.N.M. 2003) (experts may not submit supplemental opinions to buttress opinions or "shore up problems" in opinions contained in initial reports).  Whatever problems are inherent in the ▇▇▇▇ —and there are many—it is too late for plaintiff to seek to "fix" those problems by instead relying on ▇▇▇▇

       This Court should preclude Kilpatrick from offering at trial any opinions that rely in any way on the ▇▇▇▇ described in Section II.B.1 of Kilpatrick's Supplemental Report.  Defendants will file a separate motion, pursuant to Fed. R. Evid. 402, 403 and 702, and *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to exclude Kilpatrick from testifying at trial, but believe that no matter the outcome of that motion, this Court should now enforce the terms of its September 25 Order.

                                                            Respectfully Submitted,

                                                        /s/ David B. Tulchin

                                                        David B. Tulchin

cc:     All Counsel