**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7260

WRITER'S INTERNET ADDRESS
philippeselendy@quinnemanuel.com

November 4, 2014

VIA ELECTRONIC MAIL

The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Nomura Holding America Inc., et al.*, No. 11-CV-06201 (S.D.N.Y.)

Dear Judge Cote:

On behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), we write in response to the November 3, 2014 letter ("Ltr.") submitted by defendants in the above-captioned action ("Defendants"), in which they request that the Court strike ▓▓▓▓▓▓▓▓▓ memorialized in the October 6, 2014 supplemental report of FHFA's appraisal expert Dr. John A. Kilpatrick. Defendants' objections to Dr. Kilpatrick's ▓▓▓▓▓▓▓ are meritless.[1]

*First*, Dr. Kilpatrick's ▓▓▓▓▓▓▓ are well within the scope of this Court's September 25, 2014 Order. There, the Court authorized FHFA's experts to supplement their prior reports "in response to opinions offered or information contained in the defendants' expert reports." Dkt. 827, at 1. Dr. Kilpatrick's reviews are squarely "in response" to Defendants' criticisms of his ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Specifically, as Defendants note, their expert Michael Hedden asserts in his expert report that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1] FHFA will address Defendants' mischaracterization (Ltr. 1) of the rigorous methodology underlying Dr. Kilpatrick's Credibility Assessment Model ("CAM") and Dr. Kilpatrick findings should Defendants decide to file a motion with this Court that actually addresses those issues on the merits.

▉▉▉▉▉  That is the very response this Court allowed, making Dr. Kilpatrick's ▉▉▉▉ appropriate rebuttal.

*Second*, Defendants have not claimed—because they cannot —that they suffered any prejudice.  *See* Ltr. 1-2 (silent on the topic of prejudice).  In the expert discovery schedule, Defendants were given six weeks between service of Dr. Kilpatrick's supplemental report and the depositions of Dr. Kilpatrick and Mr. Hedden to analyze these ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Defendants have been aware for months that Dr. Kilpatrick has been performing these ▉▉▉▉ ▉▉▉▉▉   Dr. Kilpatrick performed these same type of ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ prior to his July deposition in the now-settled *HSBC* and *Goldman Sachs* Actions.  The Nomura Defendants in particular—who are represented by the same law firm and specific lawyers that represented the Goldman Sachs Defendants—were also advised that Dr. Kilpatrick would be memorializing his ▉▉▉▉▉ in a supplemental report before FHFA sought leave from the Court on September 19, 2014 to issue a supplemental report.[2]  FHFA has repeatedly offered to give Defendants and Mr. Hedden more time, if needed, to review and respond to Dr. Kilpatrick's timely and non-prejudicial ▉▉▉▉▉▉▉▉▉; an offer Defendants have repeatedly rejected.  Dr. Kilpatrick's supplemental report thus stands in sharp contrast to the belated, prejudicial, supplemental reports at issue in the cases Defendants cite (Ltr. 2).  *See*, *e.g.*, *In re Pfizer Inc. Sec. Litig.*, 2014 WL 3291230, at *7 (S.D.N.Y. July 8, 2014) (report issued after close of expert discovery without leave or notice); *Cooper Tire & Rubber Co.* v. *Farese*, 2008 WL 5104745, at *4 (N.D. Miss. Nov. 26, 2008) (same); *Beller* v. *United States*, 221 F.R.D. 689, 690 (D.N.M. 2003) (same); *Buxton* v. *Lil' Drug Store Prods., Inc.*, 2007 WL 2254492, at *4 (S.D. Miss. Aug. 1, 2007) (report served day before summary judgment reply).[3]  It is Defendants' belated attempt to preclude Dr. Kilpatrick's ▉▉▉▉▉▉ a month after they were issued and on the eve of his deposition that is untimely and prejudicial.

For the foregoing reasons, FHFA respectfully requests that Defendants' request be denied.

---

[2]  It is notable that while Dr. Kilpatrick memorialized ▉▉▉▉▉▉ a month before trial in the *HSBC* and *Goldman Sachs* Actions without objection, Defendants here seek preclusion of ▉▉▉▉▉ provided six weeks before Dr. Kilpatrick's deposition and more than five months before trial.  Defendants' request to exclude Dr. Kilpatrick's report is ironic given that Defendants have already served three supplemental expert reports—reports Defendants claimed it is "not permitted to serve" (Ex. A, at 1)—mere days before the depositions of those expert witnesses.

[3]  Defendants' objection to Dr. Kilpatrick's reliance on ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is equally without merit.  Not only have Defendants had these ▉▉▉▉▉▉▉▉▉▉▉ for weeks, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See*, *e.g.*, Ex. B, at 6-9.

Respectfully Submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
*Counsel for Plaintiff Federal Housing Finance Agency,*
*as Conservator for Fannie Mae and Freddie Mac*

CC: Counsel of record (via ECF)