# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM



LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 13, 2014

Via ECF

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York  10007-1312.

            Re:    *FHFA* v. *Nomura Holding America, Inc.*, et *al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

      We write on behalf of defendants to oppose plaintiff's request to preclude opinions offered in the November 10, 2014 Rebuttal Expert Report of Charles Grice (the "Grice Rebuttal Report," attached as Ex. 1), which responds to opinions offered in the July 9, 2014 Expert Report of Leonard A. Blum (the "Blum Report," attached as Ex. 2).

      Blum opined in his report that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 2 at ¶ 63.)  To reach this conclusion, Blum "reviewed and relied on" a series of reports by other experts plaintiff has hired for this litigation: Robert W. Hunter, John A. Kilpatrick, and Charles D. Cowan.  (Ex. 2 at ¶ 6.)  Based on sampling and extrapolation by Cowan, Hunter opined that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 3 at 3), and Kilpatrick opined that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 4 at pp. 3, 7.)  Blum reasoned that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 2 at ¶ 10.)

      Grice rebutted Blum's report by opining that (i) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at ¶ 2.)

      In support of the first point, Grice pointed out flaws in Hunter's reunderwriting, for example that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at ¶¶ 5-13.)  Grice further opined that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at ¶¶ 14-21.)

Hon. Denise L. Cote                                                                                          -2-

    Second, Grice opined that Blum's opinions were unreliable because they were based on the ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████. To demonstrate the unreliability of Blum's opinions, Grice pointed out the ██████████ ████████████████████████████████████████████████████████████████████ ██████████████████████ (Ex. 1 at ¶¶ 22-28.)  For example, Grice opined that contrary ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ (Ex. 1 at ¶ 40.) (Mr. Grice considered 10.7% a maximum because, among other reasons, the rate reflected loans excluded from securitizations for reasons having nothing to do with adherence to underwriting guidelines.) Grice further found that Nomura's diligence results severely undermined Blum's reliance on a ████████████████████████████████████████████████████████████████████ ██████████ (Ex. 1 at ¶ 44.)  These opinions refute Blum by showing that in fact there were no ████████████████████████████████████████████████████████████████████ ███████████████████████████████████

    Plaintiff's current argument appears to be that it was impermissible for Grice to rely in his rebuttal report on "databases," but neither the Federal Rules of Civil Procedure nor any orders of this Court so provide.  Grice did nothing more than true rebuttal of Blum's opinions.  Further, plaintiff's complaint about Grice's reliance on a database is particularly ironic when plaintiff itself, in its November 10 Motion for Partial Summary Judgment on Defendants' Due Diligence and Reasonable Care Defenses, relies extensively on a new—and massive— database plaintiff never produced in expert discovery.  (*See* Ex. 5, Declaration of Charles Cipione, at ¶ 9 (████████████████████████████████████████████████████ ██████████).)[1]

    The Grice Rebuttal Report shows that Blum's opinions rest on a false foundation: ████████████████████████████████████████████████████████████████████ ████████████████████████  The Court should deny plaintiff's request to preclude Grice from testifying at trial about the opinions expressed in his rebuttal report.

                    Respectfully submitted,

                     /s/ David B. Tulchin

                     David B. Tulchin

cc:  Counsel of Record

---

[1] Plaintiff's complaint that defendants did not produce the Grice database in July 2014 is meritless; the database did not exist in July 2014.  The complaint that defendants produced "diligence-related" documents this week is also meritless.  Plaintiff recently asked defendants to produce additional diligence documents, *see* Ex. 6, and plaintiff itself continues to make additional productions of its experts' reliance materials, *see, e.g.*, Ex. 7.