November 14, 2014   **MEMO ENDORSED**

11/14/2014

VIA ELECTRONIC MAIL
The Honorable Denise L. Cote
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Nomura Holding America Inc., et al.*, No. 11-CV-06201 (S.D.N.Y.)

Dear Judge Cote:

      FHFA writes in response to Defendants' November 13, 2014 Letter (Dkt. 916) opposing FHFA's November 12, 2014 request (Dkt. 915) to preclude Mr. Grice from testifying at trial about the opinions contained in his November 10, 2014 Rebuttal Expert Report (the "Grice Nov. Report"). Defendants do not respond to FHFA's position—and thereby "concede through silence," *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012)—that the Grice Nov. Report is highly prejudicial to FHFA, that Defendants are derailing the due diligence summary judgment schedule, and that there is no reason why Mr. Grice could not have offered these opinions in his opening report in July.[1]

      In fact, Defendants' submission supports FHFA's view that exclusion of the Grice Nov. Report is warranted. Defendants' letter confirms that Section III of Mr. Grice's Nov. Report is directed not to the Blum Report, but to the opinions of two other FHFA experts, Dr. John A. Kilpatrick and Mr. Robert Hunter. Defendants admit (Dkt. 916, at 2) that Mr. Blum was clear that his sole passing mention of "█████████████████████████████" was premised on █████████████████████████████. Defendants further admit that the Grice Nov. Report was issued to rebut "█████████████████" Dkt. 916, at 2 (emphasis added). There is no reason, and Defendants offer none, why Mr. Grice could not have rebutted ███████████████ found by Mr. Hunter and Dr. Kilpatrick in August 2014 on the schedule this Court established for rebuttals thereto, Dkt. 705. Defendants also confirm that Section IV of the Grice Nov. Report provides new analysis in support of Nomura's due diligence defense (Dkt. 916, at 2), which (1) could have been included in Mr. Grice's July Report, and (2) does not rebut any argument by Mr. Blum, who does not in the Blum Aff. Report analyze or offer an opinion regarding the actual diligence performed.

      Finally, Defendants draw a false equivalence (Dkt. 916, at 2 n.1) between their untimely production of diligence-related documents from their own collection of documents and the expert reliance materials FHFA recently produced. FHFA produced, at Defendants' request, protocols generated by its expert, Dr. Kilpatrick, regarding the analysis he conducted in support of his May 2014 report. *See* Ex. 5. Defendants, by contrast, have produced 138 documents, spanning 650 Bates-numbered pages, from their own collection, many of which are core due diligence documents that contain the number of loans deemed "eligible" or "denied" from pools of loans certain Defendants acquired and securitized. These 138 documents are not the result of a "recent[]" request by FHFA, as Defendants suggest. Dkt. 916, at 2 n.1. To the contrary, these documents are responsive to FHFA's requests for production—served in the spring of 2012, *see,*

---

[1] In particular, Defendants fail to meet their burden in showing that there is no prejudice suffered by FHFA and that they have not acted in bad faith in failing to comply with the Court's discovery schedule. *Plew v. Limited Brands, Inc.*, 2012 WL 379933, at *6 (S.D.N.Y. Feb. 6, 2012).

*e.g.*, Ex. 6, at 5 (FHFA First RFP No. 3); Ex. 7, at 6, 9 (FHFA Second RFP Nos. 2, 14)—and had to be in Defendants' possession long enough for Mr. Grice to rely on them in forming his opinions in the Grice Nov. Report. Yet Defendants did not produce these 650 pages of documents, on top of the untimely Grice Nov. Report, until moments before midnight on November 10, 2014—eleven months after the close of fact discovery in this Action, yet only two days before Mr. Grice's scheduled deposition. This "gamesmanship … is precisely what the Rules were intended to prevent." *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009).

Because the Grice Nov. Report is indisputably prejudicial to FHFA, irrelevant to Mr. Blum's opinions that Mr. Grice is ostensibly "rebutting," and contrary to the Federal Rules of Civil Procedure, FHFA respectfully requests that the Court preclude Defendants and Mr. Grice from offering the opinions expressed in the Grice Nov. Report.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
*Counsel for Plaintiff Federal Housing Finance Agency,
as Conservator for Fannie Mae and Freddie Mac*

CC: Counsel of record (via ECF)

> The application to preclude the November Grice Report is granted. The opinions in the Report are untimely and their submission prejudices the parties. The opinions were due on July 9 and August 14. All parties have been entitled to and have relied on the schedule for the exchanges of expert opinions and the briefing of motions. Submission of this Report is in violation of that schedule.
>
> /s/ Denise Cote
> 11/14/14

2