## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

12/3/2014

December 1, 2014

**MEMO ENDORSED**

Via E-mail and ECF

Hon. Denise L. Cote,
   United States District Judge,
     Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street, Room 1610,
       New York, New York 10007-1312.

        Re:   *FHFA v. Nomura Holding America Inc., et al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

       At the November 13, 2014 deposition of Robert W. Hunter, plaintiff's designated trial expert concerning re-underwriting, counsel for plaintiff instructed Mr. Hunter not to answer a number of questions. None of these instructions was on the basis of privilege (and, indeed, no privilege could possibly have applied). The relevant questions, and counsel's instructions, are appended hereto as Exhibit 1, and pertain largely to questions in which Mr. Hunter was asked to identify other instances where he serves as an expert on subject matters closely related to his work in this case. Counsel for plaintiff instructed Mr. Hunter not to answer these questions, and Nomura therefore moves to compel responses. Mr. Hunter's deposition is, by agreement, to be resumed on December 18, and if this motion is granted, the questions can be put to him then.

       Mr. Hunter testified at his November 13 deposition that, in addition to this action, "I am now working with another law firm and I have two cases" where he serves as an expert in "review underwriting." (Ex. 1 (Hunter Tr.) 18:6-12; *see also id.* 14:5-9.) When counsel for Nomura asked Mr. Hunter to identify those cases, including the names of the parties to those actions, plaintiff's counsel instructed Mr. Hunter not to answer, stating that "[i]f you have not been disclosed as an expert in those cases, I would instruct you not to answer the question." (*Id.* 15:5-11; *see also* 14:10-21, 18:13-18.) Counsel for Nomura was blocked from a legitimate inquiry into work Mr. Hunter is now doing in these other actions.

       There was no basis for this instruction. Under Rule 26 of the Federal Rules of Civil Procedure, "A party may depose any person who has been identified as an

Hon. Denise L. Cote                                                                                          -2-

expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4). While Rule 26 protects from disclosure draft expert reports and certain communications between attorneys and experts, *id.*, it contains no prohibition on discovering work that the expert is doing in other cases that might be relevant to the opinions being offered in the subject action. Indeed, in nearly identical circumstances, where a party requested information about cases in which the opposing side's expert had "consulted but not testified," the court held that "such information is not precluded by the work product doctrine" and ordered its disclosure. *Schuler* v. *United States*, 113 F.R.D. 518, 521 (W.D. Mich. 1986). Further, if there are concerns about confidentiality, the existing January 11, 2013 First Amended Protective Order in this action fully protects the information from public disclosure.

Accordingly, defendants request that the Court compel answers to deposition questions about the other lawsuits to which Mr. Hunter referred in his November 13 deposition.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:     Counsel of Record via ECF

*Denied.*

*Denise Cote*
*12/3/14*