```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :    11cv6201 (DLC)
                                        :
                    Plaintiff,          :    ORDER
                                        :
     -v-                                :
                                        :
                                        :
NOMURA HOLDING AMERICA, INC., et al.,   :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On December 4, plaintiff FHFA moved to strike certain portions of the December 2, 2014 Declaration of David N. Mishol ("Mishol" and "Mishol Declaration") filed in this action, as well as certain portions of the December 2 memorandum of law filed on behalf of the Nomura defendants[1] that rely on those sections of the Mishol Declaration. In the challenged portions of the Mishol Declaration, Mishol calculates what he calls a "maximum implied kick-out rate" for the trade pools that contributed mortgage loans to the supporting loans groups for the securities at issue here (the "SLGs"), as well as for the

---

[1] These defendants are Nomura Holding America, Inc.; Nomura Asset Acceptance Corp.; Nomura Home Equity Loan, Inc.; Nomura Credit & Capital, Inc.; Nomura Securities International, Inc.; David Findlay; John McCarthy; John P. Graham; Nathan Gorin; and N. Dante LaRocca (for purposes of this Order -- and excluding co-defendant RBS Securities Inc. -- "Defendants").

SLGs themselves.  FHFA raises methodological concerns about the reliability and meaning of Mishol's calculations.  Similar calculations appeared in the November 10, 2014 expert report of Charles Grice ("Grice"), which was stricken as untimely on November 14.

Defendants opposed FHFA's letter-motion by letter of December 5.  They argue that these calculations are fact evidence rather than expert opinion, noting that "Mishol offers no opinion about the meaning of [the calculated] rate or any other subject."  In support of their position, Defendants cite a case holding that an expert was not required to introduce the results of "simple arithmetic," as opposed to "sophisticated statistical theories that needed explanation."  Stratton v. Dep't for the Aging for the City of New York, 132 F.3d 869, 877 (2d Cir. 1997).

Mishol's calculations were not performed by Nomura, historically.  Defendants do not dispute FHFA's charge that the "[t]he 'maximum implied kick-out rate' is a concept that was never used by Nomura to inform its diligence process" and that "Nomura cites no evidence to show that it ever attempted to apply the kick-out rate for its whole loan pools to the SLGs in the relevant time."

Nor are Mishol's calculations "simple arithmetic."  His calculations are only meaningful if one presumes that the

results of a sample of loans from various trade pools can be extrapolated to SLGs, where a non-random set of loans were selected from those trade pools to populate the SLGs. FHFA asks "how a rate determined from a sample of the <u>entire</u> [trade] pool can be properly applied to a non-randomly selected <u>subset</u> of loans that eventually formed the SLG." Mishol cannot answer this question, and Defendants have offered no evidence that support the soundness of this fundamental assumption underlying Mishol's calculations. Without expert support and the ability to confront that expert through cross-examination, the limited probative value of Mishol's calculations is substantially outweighed by the danger of misleading the jury. Accordingly, pursuant to Federal Rules of Evidence 403 and 702, it is hereby

ORDERED that FHFA's motion to strike is granted.

Dated:   New York, New York
         December 8, 2014

                                    _____
                                          DENISE COTE
                                    United States District Judge