**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 9, 2014

Via E-mail and ECF

Hon. Denise L. Cote,
   United States District Judge,
     Daniel Patrick Moynihan United States Courthouse,
       500 Pearl Street, Room 1610,
         New York, New York 10007-1312.

        Re:    *FHFA* v. *Nomura Holding America Inc.*, *et al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

      I write on behalf of defendants in response to plaintiff's request for a 13-day extension to oppose defendants' Motion to Exclude the Expert Testimony of Donald Epley, Ph.D. Concerning the Credibility Assessment Model ("Epley Motion"). Plaintiff's assertion that defendants' November 25 and November 26 motions were timed to "impose an extraordinary burden" on plaintiff (Ltr. at 2) is untrue. Nomura is working under the same schedule as plaintiff, seeking to have important issues resolved by the Court so the parties can adequately prepare for trial. The Epley Motion should be briefed on the schedule agreed to by the parties and so ordered by the Court over two months ago. (9/30/14 Pretrial Order, Doc. No. 831.)

      Contrary to plaintiff's assertion, the extension it seeks is not "slight." (Ltr. at 1.) Plaintiff requests a total of 26 days, nearly double the time permitted by the September 30, 2014 Pretrial Scheduling Order, to respond to a 21-page motion. Remarkably, plaintiff has asked for <u>more</u> time to respond to this motion than defendants had, over the Thanksgiving holiday, to respond to plaintiff's 86-page summary judgment motion on the due diligence defense, while simultaneously taking and defending 18 different expert depositions. Plaintiff—represented by a firm with more than 650 lawyers—claims that a "logjam" of motions makes its requested extension necessary, but the Court has already rejected similar arguments about hardships in connection with plaintiff's summary judgment motion on the due diligence defense. (Doc. Nos. 817, 836 (denying defendants' request for alternate briefing schedule due to overlap with expert depositions and holiday); Doc. No. 911 (denying defendants' request for extension due to "burdens" imposed by plaintiff's filing of a 90-page brief without permission); Doc. No. 941

(denying RBS's request for 7-day extension of schedule that "overlaps with substantial other discovery demands in the District of Connecticut and *Nomura* actions").) Moreover, in denying RBS's request for more time to respond to plaintiff's summary judgment motion on the due diligence defense, the court cited the "existence of full briefing on the due diligence defense in a related case." (Doc. No. 941.) The same reasoning applies here; on August 15, 2014, defendants in the *Goldman Sachs* and *HSBC* actions moved to exclude Epley's testimony, making arguments not dissimilar to the ones defendants are making in this case. Thus, plaintiff has been aware of the issues raised by the Epley Motion for more than three months. No additional time is warranted to respond.

There is no merit to plaintiff's claim that a single opposition to the Epley Motion and to defendants' Motion to Exclude the Expert Testimony of John A. Kilpatrick ("Kilpatrick Motion") is necessary to avoid "duplicative and disjointed briefing" or to "promote efficiency." The Epley Motion seeks to exclude the testimony of Dr. Epley because he (i) improperly "vouches" for and seeks to bolster the testimony of Kilpatrick; and (ii) draws conclusions as to the reliability of the Credibility Assessment Model without ever having tested that model. The Kilpatrick Motion seeks to exclude the testimony of Dr. Kilpatrick and the models he created for use in these cases, called the Greenfield AVM and the Credibility Assessment Model, because they fail to satisfy the standards for expert testimony. Because the motions raise distinct issues, plaintiff's effort to oppose them jointly will only engender confusion. It will do nothing to clarify the issues.

Aside from the fact that there is no basis for granting the relief plaintiff seeks, plaintiff's proposed extension would impose hardships on defendants, who then would have to draft replies in support of the Epley Motion (and the Kilpatrick Motion) over a 14-day period that includes the Christmas and New Year holidays. It would be inappropriate and unfair if the extension sought by plaintiff imposed undue burdens on defendants.

Plaintiff has provided no valid basis for departing from the briefing schedule imposed by the Court, which applies to the parties equally. Nevertheless, should the Court grant plaintiff's requested extension, defendants respectfully request an additional 13 days to submit replies in support of both the Epley Motion and the Kilpatrick Motion.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:     Counsel of Record via e-mail and ECF