# Exhibit B

```
                                                            1
       CchWfedC
 1     UNITED STATES DISTRICT COURT
 1     SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------------x    11 CV 5201  (DLC)
 2                                               11 CV 6188  (DLC)
 3     FEDERAL HOUSING FINANCE AGENCY,           11 CV 6189  (DLC)
 3                                               11 CV 6190  (DLC)
 4                      Plaintiff,               11 CV 6192  (DLC)
 4                                               11 CV 6193  (DLC)
 5              v.                               11 CV 6195  (DLC)
 5                                               11 CV 6196  (DLC)
 6     UBS AMERICAS, INC., et al.,               11 CV 6198  (DLC)
 6                                               11 CV 6200  (DLC)
 7                      Defendants;              11 CV 6201  (DLC)
 7                                               11 CV 6202  (DLC)
 8                                               11 CV 6739  (DLC)
 8                                               11 CV 6203  (DLC)
 9     And other FHFA cases.                     11 CV 6739  (DLC)
 9                                               11 CV 7010  (DLC)
10                                               11 CV 7048  (DLC)
10     ------------------------------------x
11
11                                               New York, N.Y.
12                                               December 17, 2012
12                                               2:30 p.m.
13
13     Before:
14
14                            HON. DENISE COTE,
15
15                                               District Judge
16
17
18
19
20
21
22
23
24
25
                      SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

105

CCHAAFHF3                    Argument
1    guidelines may have payment histories and debt ratios that
2    would not satisfy Fannie Mae and Freddie Mac underwriting
3    guidelines.  It may have a record of major derogatory credit
4    writing such as outstanding judgments or prior bankruptcy.
5    Thus, even if it were possible to trace the decision making for
6    the rejection of an individual loan by FHFA's whole loan
7    purchase program, that decision making would have at best only
8    a tangential relevance to the issues to be tried here and the
9    task of tracing that decision making would be herculean and
10   extraordinarily expensive.
11           There even more reasons why the effort that would be
12   required to produce documents relating to loans rejected by
13   FHFA that found their way into supporting loan groups for at
14   securitizations is not worth a candle.
15           The defendants argue, for instance, that it might be
16   relevant to the issue of materiality to know that the FHFA was
17   not concerned when it rejected a loan that the loan failed to
18   meet certain criteria but that the FHFA is now contending in
19   the context of these actions that the failure to meet the very
20   same criteria is the evidence tending to show there was a
21   material misstatement in the prospective supplement for the
22   securitizations.
23           But the suggestion that the FHFA may have taken
24   inconsistent positions is based on pure speculation.  These are
25   not loans that FHFA once decided to purchase because it
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

106

CCHAAFHF3                          Argument
1    considered the defects to be immaterial.  They are loans that
2    the FHFA rejected and rejected under a program that had
3    different standards.
4            Moreover, the materiality assessment at trial will be
5    addressed to statements and prospective supplements that
6    describe the characteristics of an entire supporting loan
7    group.  While the falsity of the statements in the prospective
8    supplements may largely be shown through an identification of
9    defects in the sample line files and the aggregation of those
10   defects, the materiality questions arises in the context of a
11   description of a class of assets.  My point is that these are
12   distinct inquiries even if related ones.
13           To have any probative value concerning materiality the
14   defendants would have to show, among other things, that the
15   admittedly different standards in two very different purchasing
16   programs made no difference to the materiality judgment that
17   the FHFA was required to record defects when it rejected a loan
18   and that FHFA was required to record every material defect when
19   it rejected a loan as opposed to only as many as were necessary
20   to support a rejection decision and that we know with a
21   sufficient degree of certainty precisely what documents FHFA
22   had and did not have at the time it reject the loan.  That
23   latter task may not be a simple one.  The parties are
24   struggling now to identify all documents related to the
25   plaintiff's sample loans that comprised the loan origination

107

CCHAAFHF3                    Argument
1    files and all underwriting guidelines applicable to such loans.
2         While these issues are not issues of admissibility but
3    only of discovery it is, nonetheless, useful to reflect on the
4    lessons learned from the ordinary and daily application of
5    Federal Rule of Evidence 404(b) and 403.  The longer the chain
6    of inference and the less similar the acts, the greater the
7    danger the jury will be confused and its time wasted by
8    evidence of acts other than those at issue at trial.
9         Let me turn to another issue.
10        Many of the defendants' requests for discovery from
11   the non PLS side have been -- requests requiring broad
12   productions and extremely expensive.
13        Next, the defendants' justification for these requests
14   have shifted time and again have frequently been contradictory
15   and have been largely based on speculation.  They are what is
16   commonly known as a fishing expedition.  But, when the requests
17   are targeted, sufficiently justified and not unduly burdensome,
18   I will grant them.  Two examples will suffice from Friday and
19   there were more from today.
20        Counsel, thank you for your attention.  It's six o'
21   clock.  We'll adjourn.
22        MS. CHUNG:  Your Honor, if I may, I am sorry to say
23   this.  There was one issue that raised in one of Mr. Klapper's
24   letters from December 13 about their requests on the GSE or
25   some compensated related information.  We think the two issues
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

108

CCHAAFHF3                    Argument

1   they raised are crisply presented in the papers.  We are
2   completely willing to waive any argument on them and to make
3   ruling.
4          THE COURT:  I thought we dealt with compensation on
5   Friday.
6          MR. KLAPPER:  No, your Honor.  That was discipline and
7   I think I probably confused things.
8          THE COURT:  I think for compensation I relied in
9   preparing for last Friday on some prior transcript discussions.
10         MS. CHUNG:  I think we might be still be confusing --
11  Mr. Klapper made a request on FHFA.  He is essentially moving
12  to compel.  I wasn't meaning to go back --
13         THE COURT:  Yes.  This is the high level executives
14  compensation of the high level executes at FHFA.
15         MR. KLAPPER:  Well, it's compensation but it includes
16  high level executives, yes.  And I believe the main objection
17  that the plaintiffs had was to say that our request was
18  specific enough to call for individual people's compensation.
19  That is where we ended up on Friday when we were talking about
20  hedging that, do we go beyond the literal language?
21         THE COURT:  Yes.  This was the practice and policies
22  requests, yes.  And this is what I was thinking of earlier
23  today when I said there might be some horse trading.
24         MR. KLAPPER:  As was I.
25         THE COURT:  OK.  So good.  I don't find it encompassed

109

CCHAAFHF3                          Argument

1   by the request made by the defendants.  So it's beyond the
2   scope of the request, actually, made by the defendants.
3              Now, counsel, let's -- we can go off the record.
4              (Discussion held)
5              THE COURT:  Back on the record.
6              Ms. Chung, I don't want you -- I am going to designate
7   you because just I want a human being to be in charge of this.
8   I don't want to lose track of setting a date in the spring time
9   for the defendants' disclosure of alternate sets broadly
10  defined in the event that they choose not to engage in the
11  re-underwriting process.
12             MS. CHUNG:  We understand, your Honor.
13             THE COURT:  OK.  Off the record.
14                          (Adjourned)
15
16
17
18
19
20
21
22
23
24
25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300