# Exhibit E

```
                                                                       1
     1c2QfhaC
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2    IN RE:
3    FEDERAL HOUSING FINANCE AGENCY         11 CV 5201 (DLC)
4    ------------------------------x
4    Also Docket Nos.
5    11 CV 6188, 11 CV 6189, 11 CV 6190,
5    11 CV 6192, 11 CV 6193, 11 CV 6195,
6    11 CV 6196, 11 CV 6198, 11 CV 6200,
6    11 CV 6201, 11 CV 6202, 11 CV 6203,
7    11 CV 6739, 11 CV 6916, 11 CV 7010,
7    11 CV 7048
8    ------------------------------x
9    VNB REALTY,
9                    Plaintiff,            11 CV 6805
10          v.
10   Bank of America, et al.
11                  Defendants.
12   ------------------------------x
13                                           New York, NY
14                                           December 2, 2011
14                                           2:00 p.m.
15
15   Before:
16
16                    HON. DENISE L. COTE,
17
17                                           District Judge
18
18
19
20
21
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                    21
      1c2QfhaC
 1    the first motion to dismiss, but that would be it with respect
 2    to any issue raised in the motion to dismiss.  It would be apt
 3    to cure the issues that were raised or not, and then we would
 4    have full briefing of the motion to dismiss if it were renewed.
 5             I would like to do that on sort of a tight schedule,
 6    not unreasonably tight because we have holidays here and it is
 7    falling at a period of time when I know lots of people have
 8    family plans and travel plans, but I think that you would like
 9    to know, at least from the representative cases that we are
10    going to choose out of today's meeting and the motion to
11    dismiss was due in 5201 today, at least on the common issues, I
12    thought you'd like to have as soon as I am able to get it to
13    you, a reading on the issues presented by any motion to
14    dismiss.
15             Let me tell you what I think would happen after that.
16    I am thinking that I will stay discovery until I rule on the
17    motions to dismiss, and I am aware that we have motion practice
18    ongoing, whether the PSLRA stay of discovery applies or not
19    given the nature of the plaintiffs here, or the plaintiff, but
20    that if a sufficient amount of the one or two complaints that
21    are tested through the motion practice survive, that then we
22    would move immediately into document discovery on all the cases
23             I have one caveat on that, and, that is, I don't have
24    a feeling yet for how important the statute of limitations
25    issues are going to be and how unique they are with respect to
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
                                                                       22
      1c2QfhaC
 1    the different cases, so whether or not any resolution of a
 2    statute of limitations issue with respect to 5201 and
 3    potentially 6188 would be decided, how universally those
 4    rulings would apply across the board I have no feeling.
 5              (Pause; machine malfunction)
 6              (In open court)
 7              THE COURT:  Just to summarize, we just discussed in
 8    the interim the fact that there are many private actions filed
 9    around this country in different courts brought by private
10    plaintiffs based on the securitizations that are present in the
11    Fannie Mae/Freddie Mac litigation before me.
12              So I think we were at the point where I was anxious to
13    hear from counsel about the best way to approach motion
14    practice.  Again, while you can say anything, I am most
15    interested in hearing whether 5201 is a good vehicle to
16    litigate the common issues in, whether or not it makes sense to
17    add a 10b-5 case to the initial motion practice, and whether if
18    it does make sense, it should be 6188 which is, again, just
19    arbitrarily the lowest Docket No. case with a 10b-5 claim in
20    it.
21              Let me start with Mr. Selendy.  I will give you a
22    chance to be heard on that issue
23              MR. SELENDY:  OK, your Honor.  We think that the
24    coordination approach that you outlined, coordination but not
25    consolidation is appropriate and sensible.
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                    23
      1c2QfhaC
 1              With respect to the motions to dismiss, as you are
 2    aware, our view is that the so-called common issues outlined by
 3    defendants in many cases have fact-intensive questions that
 4    truly are not common, but if there is to be a case designated,
 5    we think it's entirely appropriate to select the first filed
 6    and second filed cases.
 7              Just to clarify, we have not asserted 10b-5 claims; we
 8    have asserted common law fraud claims, and that will be true in
 9    the half dozen cases you referred to.  But those do raise
10    issues which are distinct from the claims in the non-fraud
11    cases, obviously because scienter is an element only for the
12    fraud case whereas the Section 11 and 12 claims do not involve
13    that.
14              There are also the state statutory claims, although
15    those are common across all of these actions, and there are
16    certain very important differences between the state statutory
17    claims and the federal statutory claims that we can address.
18              In general, your Honor, we think that the approach is
19    sensible.  Our primary concern is not so much the scheduling of
20    the briefing but discovery, as we set forth in the PSLRA
21    briefing.  This is a series of public actions brought by
22    independent federal agency.  In its capacity as conservator for
23    Fannie Mae Freddie Mac, it's trying to vindicate public rights,
24    public interests in the protection of the housing market and
25    its statutorily mandated objective of preserving and conserving
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                       24
        1c2QfhaC
 1      the assets of the GSE's.  And while we were prepared to extend
 2      to all defendants a stipulation until today, that was based on
 3      the presumption that all briefing would be done as of today,
 4      and we had not agreed that discovery would be held back.
 5               So, what we are concerned about is that we will run
 6      another three or six months before discovery begins, and we
 7      would like to see that process start even as to limited areas,
 8      for example, production of the loan files which are required to
 9      be maintained by defendants, initial disclosures, initial
10      discussions of custodians and electronic search terms.  We
11      think it's very important to begin that process.  And as to the
12      briefing of defendant's motions, your schedule sounds
13      appropriate.
14               THE COURT:  Thank you very much, Mr. Selendy.
15               MR. SELENDY:  Thank you.
16               THE COURT:  Mr. Kasner.
17               MR. KASNER:  Good afternoon, your Honor.  If it please
18      the Court, for efficiency's sake, we had spoken amongst
19      ourselves.  I am prepared to address your Honor's questions
20      with respect to motion practice, if that is all right with the
21      Court.  Mr. Clary, who is the litigating client on the issue of
22      lifting the stay, is prepared to address issues associated with
23      discovery, your Honor.
24               Then counsel from Davis Polk will address the remand
25      if you have any issues relating to remand because our clients
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

```
                                                                   25
        1c2QfhaC
 1      are not associated primarily with any of those motions, if that
 2      is all right with your Honor.
 3                 With respect to the motion practice itself, we have
 4      not had an opportunity to confer with Ms. Shane, who is counsel
 5      in the JP Morgan case.
 6                 Yes, the UBS case, which is the lowest number, does
 7      not have a 10b-5 claim; it doesn't have a common law fraud
 8      claim.  If there are pleading issues associated with that type
 9      of claim, scienter being one of them, actual reliance under
10      applicable state law principles potentially being another.  If
11      it please the Court, that is something I would defer to counsel
12      in the JP Morgan case to address.
13                 With respect to the issue that your Honor asked about,
14      the motion practice that as soon as I get back to the office, I
15      will review for one last time and then we are prepared to file.
16                 There are issues that cut across all of the cases.
17      Your Honor picked up one with respect to the statute of
18      limitations.  There are a number of case dispositive issues,
19      your Honor.  I know your Honor well enough to know I am not
20      certainly here today to argue those motions.  I only advise the
21      Court of sort of generally what the issues are so that your
22      Honor can understand why they would cut across if that is
23      something that the Court is interested in.
24                 THE COURT:  No.  I just want to know if you think 5201
25      is a good vehicle to present those common issues.
                         SOUTHERN DISTRICT REPORTERS, P.C.
                                   (212) 805-0300
```

```
                                                                    26
        1c2QfhaC
 1              MR. KASNER:  Your Honor, the issues associated with
 2      all of the cases that are raised in our motion would be
 3      appropriate for all of the other cases, your Honor.  There are
 4      some issues that are derivative of when Fannie and
 5      Freddie actually purchased these securities, but in terms of
 6      statute of repose arguments under federal law and the state
 7      laws under which the claim in our case are brought and the
 8      others, there is an absolute bar, your Honor, of three years
 9      from the date of purchase.  It is undisputed in the record
10      cutting across all of the cases, your Honor, that the last
11      purchase by Fannie and Freddie was more than three years ago.
12      The legal arguments that will be presented by both sides as to
13      why that repose does or does not apply will apply across all of
14      the cases.
15              There are arguments concerning inquiry notice.  Those
16      will apply, by and large, to all of the cases.
17              There is an issue, your Honor, with respect to the
18      impact of tolling agreements as a tertiary argument.  Again,
19      depending on individual cases, the legal principles that your
20      Honor articulates in the UBS matter, the lowest number, ought
21      to apply across the board there as well.  I'm not saying this
22      to your Honor because our papers are ready, but I do think,
23      your Honor, that they do cut across, and it would not surprise
24      the Court to learn that we obviously had the benefit of views
25      of co-counsel on the common issues as well.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```