# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 15, 2014

Via E-mail and ECF

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

         Re:    *FHFA* v. *Nomura Holding America Inc.*, *et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

      Defendants respectfully submit this reply in support of their motion to prohibit plaintiff from referring to itself as the government or otherwise claiming it represents the interests of the United States, the public, or taxpayers.

      Plaintiff's opposition is limited to arguing that it should be permitted to identify its name and "public function" to the jury; it never disputes the point that plaintiff should not be permitted to refer to itself as "the government" or "the United States" or to claim that it represents the interests of taxpayers.  Plaintiff thus appears to concede that such assertions cannot be made to the jury.

      Plaintiff also should not be permitted to identify itself as a government agency or to claim that this case was brought for a "public purpose" or serves a "public function."  It may be true that plaintiff was not "stripped of its public purpose or status as a government agency" when it became conservator of Freddie Mac and Fannie Mae (Opp. at 1-2), but that has nothing to do with any issue in this action.  Evidence or argument about plaintiff's claimed "purpose" in bringing this lawsuit is irrelevant, and therefore could only cause prejudice, in a securities case about whether two private parties suffered losses as a result of alleged misrepresentations made by other private parties.  Any reference to plaintiff's "public purpose" could do nothing more than prejudice defendants unfairly.

      Plaintiff also argues that its status as "a federal agency fulfilling its statutory mandate as conservator to collect all obligations and money due to the GSEs" is "basic background information and context necessary to permit the jury to understand the nature of the

Hon. Denise L. Cote                                                                                              -2-
                                                                                        Reply to Motion *in Limine* No. 2

action before it and the identity of the parties pursuing their claims and defenses."[1]  (Opp. at 2.)  Defendants are not seeking a ruling that forbids plaintiff from identifying itself, but instead a prohibition on specific assertions that can only lead to prejudice.  A plaintiff ought not to be permitted to mislead the jury into seeing the case as an enforcement action by the federal government.  *See Davis* v. *City of New York,* 296 F.R.D. 127, 130 (E.D.N.Y. 2013).  *Cary Oil Co., Inc.* v. *MG Ref. & Mktg., Inc.*, 2003 WL 1878246, at *4 (S.D.N.Y. Apr. 11, 2003) is not to the contrary.  The court there—in an action between two private parties—permitted an expert to give "a general overview of derivative instruments, the CFTC, its regulation of futures trading and other such general economic background" because "the regulatory scheme" was genuinely relevant to "the nature of the Contracts [and] the complex issues inherent in the formation of such a Contract."  *Id.*  Plaintiff can tell the jury that it was appointed as conservator and given the right to pursue claims belonging to Freddie Mac and Fannie Mae.  Nothing further is necessary.[2]

        Plaintiff is also wrong to argue that jury instructions can cure the prejudice caused by telling the jury about plaintiff's "public purpose" and status as a government agency.  (Opp. at 3.)  Where information is prejudicial (and irrelevant), the correct solution under Rule 403 is to keep the information from the jury in the first instance.  *United States* v. *James*, 2007 WL 1579978, at *3 (E.D.N.Y. May 31, 2007) ("a limiting instruction is not a cure-all to undue prejudice").

        Finally, plaintiff has offered no reason to justify any attempt to tell the jury that damages would be paid to the United States or the United States Treasury.  Instead, plaintiff asks the Court to refrain from ruling on the issue to see (i) if defendants "insinuate [at trial] that an award of damages would unduly benefit the GSEs" or (ii) "if [d]efendants were to succeed at impugning the GSEs at trial."  (Opp. at 4-5.)  Neither of these things could possibly justify the hugely prejudicial nature of what defendants seek to exclude.  The benefits of obtaining rulings *in limine* prior to trial would be destroyed if courts were to delay ruling on such motions for such reasons.

---

[1] Plaintiff also argues that preventing it from referring to itself as the government would require it to "conceal" its name from the jury, and would "impose an unjustifiable trial management burden" and would "interfere with the clear presentation of the case to the jury." (Opp. at 3.)  It would do no such thing.  A "clear presentation of the case"—which is about whether there were material misstatements or omissions in offering documents during 2005 to 2007, before plaintiff was in existence—will not depend on how plaintiff identifies itself.

[2] In *Network Prot. Scis., LLC* v. *Fortinet, Inc.*, No. 12-cv-01106 (WHA), Dkt. No. 337 (N.D. Cal. Sept. 26, 2013) (Pl. Ex. 2 at 3), the court ruled on a motion *in limine* that both parties could explain their lines of business because "the jury will naturally wish to understand who the parties are and how they fit into the national economy."  Defendants agree that evidence about Freddie Mac's and Fannie Mae's lines of business is relevant.  But plaintiff's purpose and function are irrelevant to the claims it asserts on behalf of those entities.

Hon. Denise L. Cote                                                                                                          -3-
                                                                    Reply to Motion *in Limine* No. 2

                                                             Respectfully submitted,

                                                             /s/ David B. Tulchin

                                                             David B. Tulchin

cc:     Counsel of Record via e-mail and ECF