UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>    -against-<br><br>NOMURA HOLDING AMERICA INC., et al.,<br><br>            Defendants. | No. 11-cv-6201 (DLC)<br><br>ECF Case |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
<u>MOTION TO EXCLUDE THE TESTIMONY OF DONALD EPLEY</u>**

Amanda F. Davidoff
(davidoffa@sullcrom.com)
Elizabeth A. Cassady
(cassadye@sullcrom.com)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW, Suite 700
Washington, DC 20006
Telephone:  202-956-7500
Facsimile:  202-956-6993
*Attorneys for Nomura Defendants*

David B. Tulchin (tulchind@sullcrom.com)
Steven L. Holley (holleys@sullcrom.com)
Bruce E. Clark (clarkb@sullcrom.com)
Bradley A. Harsch (harschb@sullcrom.com)
Katherine J. Stoller (stollerk@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone:  212-558-4000
Facsimile:  212-558-3588
*Attorneys for Nomura Defendants*

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Andrew T. Frankel (afrankel@stblaw.com)
Alan Turner (aturner@stblaw.com)
Craig S. Waldman (cwaldman@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone:  212-455-2000
Facsimile:  212-455-2502
*Attorneys for Defendant RBS Securities Inc.*

December 22, 2014

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................................................2

    I.    DEFENDANTS' MOTION TO EXCLUDE EPLEY'S TESTIMONY SHOULD
        BE GRANTED ....................................................................................................2

    II.   SANCTIONS SHOULD BE AWARDED .............................................................3

CONCLUSION ................................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Analytics, Inc.* v. *Citigroup Global Markets, Inc.*,
   301 F.R.D. 31 (S.D.N.Y. 2014) ...................................................................................3, 4

*Reilly* v. *Natwest Mkts. Group*,
   181 F.3d 253 (2d Cir. 1999)............................................................................................3

*U.S.* v. *International Broth. of Teamsters*
   948 F.2d 1338 (2d Cir. 1991)..........................................................................................3

**Statute and Rules**

28 U.S.C. § 1927 ......................................................................................................................3

Fed R. Civ. P. 26 ..................................................................................................................3, 4

Fed R. Civ. P. 37 ......................................................................................................................3

This Court's March 3, 2014 scheduling order called for plaintiff to "serve its re-underwriting expert reports" on May 15, 2014.  (Reply Ex. 1 (March 3, 2014 Stipulation Regarding Expert Discovery), Doc. No. 608.)[1]  Plaintiff served three such reports on May 15, for Robert Hunter, John Kilpatrick and Donald Epley.  (*See* Ex. 2 (Epley Report).)[2]  In accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, Epley's report—which was entitled "Expert Report of Donald Epley"—included a summary of his opinions, the facts and data he considered in forming those opinions, a description of his qualifications, a list of recent testimony and publications, and information about his compensation.  (*See id*.)  Based on a Court order requiring plaintiff's experts "to disclose all data" on which they relied, defendant made requests for additional information, and plaintiff turned over the requested information or responded that those materials "were not materials" on which Epley had relied.  (Reply Ex. 2 (10/7/2014 Letter from A. Davidoff to J. Ward); Reply Ex. 3 (11/4/2014 Letter from A. Davidoff to S. Rand; Reply Ex. 4 (May 23, 2013 Stipulation and Order Regarding Expert Disclosure Protocol), Doc. No. 355; Reply Ex. 5 (10/9/2014 Email from M. McCray to P. Brest); Reply Ex. 6 (11/6/2014 Email from J. Eser to A. Davidoff).)  In other words, Epley had plainly been designated by plaintiff as a trial expert.  Plaintiff never suggested otherwise.  Epley's report was even entitled "Expert Report."

Defendants' expert Michael Hedden prepared a response to Epley's report, which defendants served on August 14, 2014.  (*See* Ex. 6 (Hedden Report), at 6-8, 10, 12, 140-145.)  Defendants then deposed Dr. Epley on October 30, 2014.  (*See* Reply Ex. 7 (Epley Dep. Tr.);

---

1  "Reply Ex." refers to exhibits to the December 22, 2014 Reply Declaration of James H. Congdon submitted in support of defendants' motion.

2  "Ex." refers to exhibits to the November 26, 2014 Declaration of Phillip A. Brest submitted in support of defendants' motion.

Reply Ex. 8 (Sept. 25, 2014 Order), Doc. No. 827.)  Never once in the course of this expert discovery did plaintiff inform defendants or suggest in any way that Epley was not an expert trial witness.[3]  On August 20, 2014, plaintiff identified Epley in the related FHFA action against HSBC as a witness it "will call" at trial.  (*See* Reply Ex. 9 (8/20/2014 Letter from R. Schirtzer to A. Michaelson).)  Again, plaintiff plainly indicated that Epley was to be an expert trial witness.

On November 26, 2014, defendants moved to exclude Epley's testimony pursuant to *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  In its December 11 opposition brief, plaintiff revealed for the very first time that it "has always considered Dr. Epley to be a *Daubert* witness, proffered to assist the Court in evaluating the methodology utilized by Dr. Kilpatrick in his Credibility Assessment Model," and that plaintiff "does not intend to proffer Dr. Epley's testimony at trial."  (Opp. at 1.)  Plaintiff's failure to inform defendants that it never intended to call Epley at trial—indeed, its clear indications over many months that Epley was an expert trial witness—is inexcusable misdirection.

## ARGUMENT

I. **DEFENDANTS' MOTION TO EXCLUDE EPLEY'S TESTIMONY SHOULD BE GRANTED**

Defendants moved to exclude Epley as a trial witness.  In its opposition, plaintiff states that it has "no intention of proffering expert testimony from Dr. Epley at trial." (Opp. at 13.)  Defendants' motion should be granted.

---

[3] Epley was also designated as an expert trial witness in seven other related actions.  He submitted Rule 26(a) reports in the *Ally*, *Barclays*, *Credit Suisse*, *First Horizon*, *Goldman Sachs*, *HSBC*, and *Merrill Lynch* actions.  He was deposed for a full day in the *Merrill Lynch* action and for another full day in the *HSBC, Goldman*, and *Ally* actions.

## II. SANCTIONS SHOULD BE AWARDED

Plaintiff deliberately misled defendants by designating Epley as an expert, submitting an "Expert Report" from him, causing defendants to submit a response from defendants' expert Hedden (again without ever mentioning that Epley would not testify at trial) and then presenting Epley for deposition during the period for taking expert discovery. Defendants were required to expend time, energy and legal fees in response to plaintiff's clear designation of Epley as an expert trial witness.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly* v. *Natwest Mkts. Group*, 181 F.3d 253, 267 (2d Cir. 1999). An abuse of Rule 26 is ground for the award of fees and expenses where such abuse is "wasteful of the time of the Court and opposing counsel." *Advanced Analytics, Inc.* v. *Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 44 (S.D.N.Y. 2014) (internal quotation marks omitted).[4]

Plaintiff represented in May 2014, by filing Epley's "Expert Report," and in the months that followed, that plaintiff intended to call Epley to testify at trial. Rule 26 requires a party to disclose "the identity of any witness it may use at trial to present" expert testimony, and to turn over for such witnesses (i) a summary of their opinions, (ii) the facts and data considered in forming those opinions, (iii) a description of the expert's qualifications, (iv) a list of recent testimony and publications, and (v) information about the expert's compensation. Fed R. Civ. P.

---

[4] In addition, sanctions can be imposed for multiplication of proceedings. 28 U.S.C. § 1927. "Bad faith is the touchstone of an award" under 28 U.S.C. § 1927, which "imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics." *U.S.* v. *International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991).

26(a)(2). Plaintiff's May 15 disclosures for Epley—made alongside plaintiff's disclosures for other testifying experts—tracked all of these Rule 26 requirements. (Ex. 2 (Epley Report).) Plaintiff even stated publicly in the *HSBC* action that it intended to call Epley as a trial witness. (Reply Ex. 9 (8/20/2014 Letter from P. Selendy to R. Schirtzer).) And in this case, plaintiff made Epley available for deposition on October 30, 2014, never suggesting that Epley's opinions would not be presented at trial. (Opp. at 1.) None of this was necessary if plaintiff all along intended to use Epley merely as an affiant in connection with plaintiff's opposition to an expected *Daubert* motion directed to another expert. *See Advanced Analytics*, 301 F.R.D. at 42-43*;* Fed. R. Civ. P. 26(a)(2).[5]

Defendants incurred significant costs as a result of plaintiff's misdirection. Defendants' expert Michael Hedden responded to Epley's report; defendants deposed Epley; and defendants moved to exclude Epley's testimony from trial. The Court should sanction plaintiff for its deliberate misdirection.

---

[5] Plaintiff's current assertion that it designated Epley as an expert witness only for the purpose of opposing a *Daubert* motion (that had not yet been made) concerning Kilpatrick is bizarre. If plaintiff wished to use evidence from Epley in opposition to the motion it anticipated concerning Kilpatrick, all it needed to do was to submit an affidavit or declaration from Epley in opposition to any such motion. In fact, in its December 19, 2014 opposition to the Kilpatrick *Daubert* motion, plaintiff failed even to submit any affidavit or declaration from Epley.

## CONCLUSION

Defendants respectfully request that the Court grant their motion to preclude Dr. Epley from testifying at trial, and impose sanctions on plaintiff for its misdirection.

Dated: New York, New York
December 22, 2014

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas C. Rice | /s/ David B. Tulchin |
| Thomas C. Rice (trice@stblaw.com) | David B. Tulchin (tulchind@sullcrom.com) |
| David J. Woll (dwoll@stblaw.com) | Steven L. Holley (holleys@sullcrom.com) |
| Andrew T. Frankel (afrankel@stblaw.com) | Bruce E. Clark (clarkb@sullcrom.com) |
| Alan Turner (aturner@stblaw.com) | Bradley A. Harsch (harschb@sullcrom.com) |
| Craig S. Waldman (cwaldman@stblaw.com) | Katherine J. Stoller (stollerk@sullcrom.com) |
| SIMPSON THACHER & BARTLETT LLP | SULLIVAN & CROMWELL LLP |
| 425 Lexington Avenue | 125 Broad Street |
| New York, NY  10017 | New York, NY  10004 |
| Telephone:  212-455-2000 | Telephone:  212-558-4000 |
| Facsimile:  212-455-2502 | Facsimile:  212-558-3588 |
| | |
| *Attorneys for Defendant RBS Securities Inc.* | Amanda F. Davidoff (davidoffa@sullcrom.com) |
| | Elizabeth A. Cassady (cassadye@sullcrom.com) |
| | SULLIVAN & CROMWELL LLP |
| | 1700 New York Avenue, NW, Suite 700 |
| | Washington, DC  20006 |
| | Telephone:  202-956-7500 |
| | Facsimile:  202-956-6993 |
| | |
| | *Attorneys for Defendants Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., Nomura Securities International, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca ("Nomura Defendants")* |