**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

December 5, 2014

**BY ELECTRONIC MAIL**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Nomura Holding America Inc., et al.*, No. 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

  Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac," collectively with Fannie Mae, the "GSEs"), respectfully writes in opposition to Defendants' Motion *in Limine* No. 2 ("Mot."). Defendants request an order granting two forms of relief, (i) to preclude FHFA from asserting at trial that it is a "government" entity serving a "public" function, and (ii) to preclude FHFA from telling the jury that any "damages [will be] paid to the United States or the United States Treasury Department." Mot. 1. As set forth below, Defendants' first request is without factual or legal basis. FHFA is unquestionably a government agency—its authorizing statute says so explicitly—and, as is routine for government agencies, it should be permitted to identify itself as such at trial. Defendants' second request should be denied as premature; while FHFA does not anticipate that it will advise jurors that damages in this action will revert to the United States or the United States Treasury Department (collectively, "Treasury"), such a presentation may be warranted depending on the defense at trial.

**I.   THERE IS NO BASIS TO PRECLUDE FHFA FROM DESCRIBING ITS PUBLIC FUNCTION AND IDENTIFYING ITSELF AS AN AGENCY OF THE FEDERAL GOVERNMENT**

  Defendants argue that the GSEs are "private" entities, and that this action therefore has not been brought in the "public interest." Mot. 1-3. But Defendants selectively ignore that the party actually bringing this action, FHFA, is an "independent agency of the Federal Government." 12 U.S.C. § 4511(a). Defendants themselves have acknowledged this point repeatedly. *E.g.*, Answer and Affirmative Defenses of the Nomura Defs. to the Am. Compl., Dkt. 201, ¶ 12. It is equally clear that FHFA brought this action in furtherance of its public function. Congress created FHFA, and empowered it to serve as conservator to the GSEs, to pursue claims available to the GSEs and thereby ensure "the health of the Nation's economy." 12 U.S.C. § 4501(2); *see also FHFA v. UBS Am., Inc.*, 858 F. Supp. 2d 306, 316 (S.D.N.Y. 2012) ("Passed by the Senate during a special weekend session and signed by the President only days later, HERA is emergency legislation aimed at addressing some of the most pressing problems of the housing crisis—chief among them the questionable financial security of the GSEs.").[1]

---

[1]   FHFA succeeded to the "assets of the [GSEs]," 12 U.S.C. § 4617(b)(2)(A), and is tasked with "collect[ing] all obligations and money due" to the GSEs. *Id.* § 4617(b)(2)(B)(ii). In creating FHFA, Congress found that the GSEs "have important public missions" and their "continued ability . . . to accomplish their public missions is important to providing housing in the United States and the health of the Nation's economy." 12 U.S.C. § 4501(1)-(2). Congress recognized that "the collapse of the mortgage-backed securities market was a major cause of the GSEs' financial
(footnote continued)

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

**Opposition to Defendants' Motion *in Limine* No. 2**

Defendants are also incorrect to argue that FHFA, because it succeeded to claims otherwise available to the GSEs, has been stripped of its public purpose or status as a government agency.  Two courts have addressed Defendants' position squarely, including the authority they rely on here, and rejected it.  *FHFA v. Royal Bank of Scotland Grp., PLC*, 2012 WL 3580522, at *4 (D. Conn. Aug. 17, 2012); *FHFA v. Countrywide Fin. Corp.*, 900 F. Supp. 2d 1055, 1066 & n.9 (C.D. Cal. 2012) ("FHFA is a federal agency even when acting as conservator or receiver . . . .").  As Judge Thompson held in the coordinated action in Connecticut, "the fact that a federal agency has stepped into the shoes of a person who would be a private plaintiff does not convert the federal agency into a private plaintiff . . . .  It simply makes it a federal agency standing in the shoes of a person who would be a private plaintiff." *Royal Bank of Scotland Grp., PLC*, 2012 WL 3580522, at *4; *see also* Ex. 1 (*FHFA v. Royal Bank of Scotland Grp., PLC*, Case No. 3:11-cv-01383 (AWT), Dkt. 201 (D. Conn. Sept. 30, 2013)) at 3 (denying motion for reconsideration of prior ruling and noting that "*Herron* does not alter the court's conclusion that where FHFA 'is bringing this action pursuant to its Congressional authorization under HERA,' the action 'is not a private action under the PSLRA.'") (quoting prior order); *cf. FHFA v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 279 (S.D.N.Y. 2013) (rejecting Defendants' argument relating to the deliberative process privilege because the contention "is incongruent with the real-world practicalities of agency governance").

Thus, Defendants' starting premise for their application, that this is a "private" litigation without any public connection, is patently false.[2]  Nor is there any reason to conceal from the jury the true fact that FHFA is a federal agency fulfilling its statutory mandate as conservator to collect all obligations and money due to the GSEs.  12 U.S.C. § 4617(b)(2)(B)(ii).  To the contrary, that is basic background information and context necessary to permit the jury to understand the nature of the action before it and the identity of the parties pursuing their claims and defenses.  *See, e.g.*, *Cary Oil Co., Inc. v. MG Ref. & Mktg., Inc.*, 2003 WL 1878246, at *4 (S.D.N.Y. Apr. 11, 2003) (approving the introduction of evidence for the "the reasonable purpose of offering a general overview of derivative instruments, the [Commodity Futures Trading Commission], its regulation of futures trading and other such general economic background to a laymen jury which will have to confront complex questions"); Ex. 2 (*Network Prot. Scis., LLC v. Fortinet, Inc.*, No. 12-cv-01106 (WHA), Dkt. No. 337 (N.D. Cal. Sept. 26, 2013)) at 3 (denying motion *in limine* and stating "[t]he jury will naturally wish to understand who the parties are and how they fit into the national economy" and "[i]t would be artificial to try to hide from the jury the true operations of the litigating entities").  Indeed, it would be nearly impossible for the jury to understand how these claims came to be asserted, or the timing of this action, without a general overview of FHFA's role in becoming Conservator to the GSEs to help steady the economy during the economic crisis, and FHFA's authorized role as Plaintiff for these GSE-related claims.  Also, as a practical matter, granting Defendants' requested relief would

---

predicament." *FHFA v. UBS Am., Inc.*, 712 F.3d 136, 142 (2d Cir. 2013); *see also id.* ("Congress enacted HERA and created FHFA in response to the housing and economic crisis, precisely because it wanted to address the dire financial condition of Fannie Mae and Freddie Mac.").

[2]  While Defendants claim that FHFA is asserting "private" causes of action under the Securities Act (Mot. 3), as Judge Thompson concluded, "the material factor is the nature of the plaintiff, and not the nature of the cause of action." *Royal Bank of Scotland Grp.*, 2012 WL 3580522, at *4.  Defendants' reliance (Mot. 3) on *Herron v. Fannie Mae*, 857 F. Supp. 2d 87 (D.D.C. 2012), is similarly misplaced, because the question there was whether Fannie Mae should be treated as a state actor for *constitutional* claims *against* Fannie Mae, rather than *statutory* claims brought *by* FHFA pursuant to the powers granted to FHFA by HERA.  *See Auction Co. of Am. v. FDIC*, 132 F.3d 746, 748 (D.C. Cir. 1997) ("Whether the FDIC should be treated as the United States depends on the context."), *clarified on other grounds on denial of reh'g*, 141 F.3d 1198 (D.C. Cir. 1998) (per curiam).

**Opposition to Defendants' Motion *in Limine* No. 2**

require that FHFA conceal its name from the jury—*Federal* Housing Finance *Agency*—since it would reveal on its face FHFA's status as a government agency. Such a peculiar restriction would impose an unjustifiable trial management burden on the Court and the witnesses, as well as interfere with the clear presentation of the case to the jury.

Defendants' suggestion that a juror's mere knowledge that FHFA is a government agency performing a public function would unduly prejudice them is unsupported and unsupportable. FHFA can fairly identify itself as a government agency, just as other government plaintiffs—including, for instance, the Civil Division of the United States Attorney's Office and the Federal Deposit Insurance Corporation ("FDIC")—routinely identify themselves to jurors on a daily basis throughout the country. *E.g.*, Ex. 3 (Closing Argument Transcript in *FDIC v. Van Dellen*, No. 2:10-cv-04915 (DSF), Dkt. 603 (C.D. Cal. Dec. 6, 2012)) at 63, 69, 78 (Plaintiff, Federal Deposit Insurance Corporation bringing suit in its capacity as receiver for a federal savings bank, referring to "government witnesses" and the "government, to the FDIC's case."). Any evanescent concern that this standard practice will unduly prejudice Defendants and prompt favoritism for the Plaintiff is amply addressed by the standard jury instruction, which this Court has delivered before, that "the Government [is entitled] to no greater consideration than that given to any other party to a litigation. By the same token, the Government is entitled to no less consideration." *U.S. v. Muse*, 2007 WL 1989313, at *2 (S.D.N.Y. July 3, 2007); *see also* Ex. 4 (*U.S. v. Countrywide Home Loans, Inc.*, No. 1:12-cv-01422 (JSR), Final Jury Instructions, Dkt. 265 (S.D.N.Y. Oct. 23, 2013)) at 6, Instruction No. 3 (instructing jurors, in civil suit by United States, that "[t]he fact that the plaintiff is the United States of America entitles it to no more or less consideration than that given any other party"). Any concern that FHFA will attempt to use its status as a government agency to confuse jurors into believing that this is a criminal action is also unwarranted. Mot. 1, 4. As in any civil suit by a government plaintiff, the Court will instruct the jurors as to the nature of this action and the appropriate standard of proof.[3] *E.g.*, Hon. Leonard B. Sand et al., 4 *Modern Fed. Jury Instructions (Civil)*, Instruction 73-2 (2014) ("Preponderance of the Evidence. The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. . . . Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.").

Beyond being easily curable, Defendants' concerns that any argument that FHFA is "the government" will "appeal to jurors' pecuniary interests as taxpayers" (Mot. 4) is also misplaced. Defendants' cited cases deal with "so-called 'golden rule' arguments which ask the juror to place themselves in the position of a party." *Murray v. Town of Stratford*, 2014 WL 3700982, at *4 (D. Conn. July 25, 2014) (quotation marks and brackets omitted) (quoted in Mot. 4). That is not what FHFA will be arguing to the jury. Instead, when making its damages case, FHFA will "focus on the gravity of plaintiff's injuries, [rather than] tell[ing] the jurors directly or implicitly that they should award plaintiff the sum of damages that they themselves would desire if they found themselves in the plaintiff's shoes." *Okraynets v. Metro. Transp. Auth.*, 555 F. Supp. 2d 420, 431-32 (S.D.N.Y. 2008) (quotation marks omitted) (quoting *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 465 (S.D.N.Y. 2003)). This is, as Judge McMahon

---

[3]  Defendants' sole cited case regarding the danger of references to criminal proceedings, *Davis v. City of New York*, 296 F.R.D. 127 (E.D.N.Y. 2013), is inapposite. In that case a previously acquitted criminal defendant sued three New York City police officers under 42 U.S.C. § 1983. *Id.* at 129. The court ruled *in limine* that "reference to the earlier criminal proceedings"—in which the defendant was acquitted—"must be kept to a minimum if the civil jury here is to exercise its judgment independently." *Id.* at 130. In the present case, no such prior criminal proceedings have taken place. Nor will FHFA imply that this trial involves any criminal charges.

**Opposition to Defendants' Motion *in Limine* No. 2**

concluded, a "perfectly legitimate" presentation, *id.* at 431, that will not cause Defendants any prejudice, let alone the substantial prejudice required by Rule 403.

Defendants identify no sound reason why FHFA should be treated differently than any other government agency litigating in federal court. FHFA is an agency of the federal government. It is entitled to identify itself as such, and to explain its function, at trial.

## II.   IT WOULD BE PREMATURE FOR THE COURT TO RULE ON DEFENDANTS' REMAINING REQUEST FOR RELIEF

Defendants' remaining application, that FHFA be precluded from advising jurors that an award of damages in this action will be paid to the Treasury (Mot. 1, 3-4), is premature. *SEC v. Tourre*, 950 F. Supp. 2d 666, 675-76 (S.D.N.Y. 2013) (finding that evidence should only be excluded *in limine* "when it is clearly inadmissible on all possible grounds") (citation omitted); *Spencer v. Sea-Land Serv., Inc.*, 1999 WL 619637, at *1 (S.D.N.Y. Aug. 16, 1999) ("Given these possible bases for introduction of such evidence, we view defendant's motion *in limine* . . . as premature. We simply do not yet know whether, at the time of the trial, there will be a proper basis for its admission."); *SEC v. World Info. Tech., Inc.*, 250 F.R.D. 149, 151 (S.D.N.Y. 2008) ("[T]he Court finds the SEC's motion [*in limine*] to be premature."). While FHFA does not anticipate presenting evidence or argument to the jury about who would receive or benefit from any damages payments, it is possible that such a presentation could be warranted.

It appears based on opinions offered by Defendants' experts that Defendants may attempt to suggest at trial that any damages award will result in an ostensible "windfall" for the GSEs based on post-claim performance of the disputed certificates.[4] Such argument would be improper. The Securities Act and Blue Sky Laws contain statutory formulas for the determination of damages. 15 U.S.C. § 77k(e); 15 U.S.C. § 77*l*(a)(2); Va. Code Ann. 13.1-522(A); D.C. Code § 31-5606.05(b)(1)(A). Any attack on the appropriateness of those formulas—which represent legal determinations by Congress and state legislatures, and not factual determinations for the jury—would be both irrelevant and unduly prejudicial to FHFA. *See, e.g.*, *McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1048 (2d Cir. 1995) ("The plain language of section 11(e) prescribes the method of calculating damages, and the court must apply that method in every case.") (citation omitted). Nevertheless, if Defendants managed to insinuate that an award of damages would unduly benefit the GSEs, it would be reasonable for FHFA to demonstrate that the GSEs would be unlikely to retain any such recovery in light of their financial obligations to the Treasury as set forth in the amended Preferred Stock Purchase Agreements ("PSPAs"), authorized under Section 1117 of the Housing and Economic Recovery Act of 2008 ("HERA").[5]

As another example, Defendants may attempt to argue or imply that the GSEs were bad actors or otherwise unsympathetic, and therefore unworthy of prevailing and being awarded damages.[6] Such argument would also be improper, particularly in light of the Court's ruling that

---

[4]  FHFA has already sought to address this concern in part through its pending *in limine* motion seeking an order from the Court that FHFA's Section 11 damages are frozen as of the date this action was initiated and that Defendants are barred from presenting evidence to the jury of post-claim payments received by the GSEs on the disputed certificates. FHFA's Motion *in Limine* No. 1, Dkt. 859.

[5]  Pursuant to the PSPAs, the GSEs pay their net worth to the Treasury as a dividend each quarter. *See, e.g.*, Ex. 5 (Fannie Mae, Annual Report for Fiscal Year Ending December 31, 2013) at 25; Ex. 6 (Freddie Mac, Annual Report for the Fiscal Year Ending December 31, 2013) at 26, 188.

[6]  Defendants are already hinting at such an impermissible strategy with their gratuitous, and irrelevant, citation to the compensation received by the GSEs' CEOs (Mot. 2), information that would plainly be irrelevant at trial.

**Opposition to Defendants' Motion *in Limine* No. 2**

Defendants do not have sufficient evidence to pursue a knowledge defense.  *FHFA v. HSBC N. Am. Holdings, Inc.*, --- F. Supp. 2d ---, 2014 WL 3702587 (S.D.N.Y. July 25, 2014).  Nevertheless, if Defendants were to succeed at impugning the GSEs at trial, it would again be reasonable for FHFA to respond by demonstrating that it would not be the GSEs, but taxpayers generally, because of the risk they assumed in the financial bailout of the GSEs, that would be the ultimate beneficiaries of any verdict or damages award.  In short, it is simply too soon to determine the extent, if any, to which such evidence may be relevant.  *Spencer*, 1999 WL 619637, at *1; *SEC v. World Info. Tech., Inc.*, 250 F.R.D. at 151.

       For the reasons set forth above, FHFA respectfully requests that Defendants' Motion be denied.  FHFA should be permitted to identify itself at trial as a government agency and explain its public function, and the remainder of Defendants' application is premature.

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy


cc:     All Counsel of Record