**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7260**

WRITER'S INTERNET ADDRESS
**philippeselendy@quinnemanuel.com**

January 12, 2015

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Nomura Holding Am. Inc.*, No. 11 Civ. 6201 (DLC) (S.D.N.Y.)

Dear Judge Cote:

Plaintiff Federal Housing Finance Agency ("FHFA") respectfully moves under Federal Rule of Civil Procedure 15(a)(2), in the interest of justice and efficiency, for leave to amend to withdraw its claims under Section 11 of the Securities Act. Because the balance of FHFA's other claims, asserted under Sections 12 and 15 of the Act and under the applicable Blue Sky statutes, are equitable, the case will then be tried by the Court. *Chevron Corp. v. Donziger*, 2013 WL 5526287, at *2 (S.D.N.Y. Oct. 7, 2013) ("'[I]t is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court.'" (quoting *Stonewall Ins. Co. v. Nat'l Gypsum Co.*, 1992 WL 281401, at *1 (S.D.N.Y. Sept. 25, 1992))).

On December 18, 2014, the Court confirmed that FHFA's Section 12 and Blue Sky claims are equitable in nature, *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7232590, at *10 (S.D.N.Y. Dec. 18, 2014), and held that Defendants could not establish their reasonable care defenses to those claims as a matter of law, *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7232443 (S.D.N.Y. Dec. 18, 2014).[1] Consistent with its statutory mandate to "preserve and conserve the assets and property of [Fannie Mae and Freddie Mac]," 12 U.S.C. § 4617(b)(2)(B)(iv), FHFA has concluded that its anticipated recovery under these equitable claims equals or exceeds the total anticipated damages under its Section 11 claims. As FHFA's

---

[1]  FHFA's Section 15 claims are equitable to the extent based on its equitable Section 12 claims. 15 U.S.C. § 77o ("Every person who … controls any person liable under [Sections 11 or 12], shall also be liable *jointly and severally with and to the same extent* as such controlled person …." (emphasis added)). The control person provisions of the applicable Blue Sky laws adopt the same formulation with this same result. *See* D.C. Code §§ 31-5606.05(c), 31-5601.02 (D.C. statute to "be coordinated with the federal acts and statutes … and the rules and regulations promulgated under those federal acts and statutes"); Va. Code § 13.1-522(C); *Andrews v. Browne*, 662 S.E. 2d 58, 62 (Va. 2008) ("[T]he Virginia Securities Act should receive similar construction as the 1933 and 1934 Acts." (quotation marks omitted)).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

expert, James K. Finkel, determined, as of November 30, 2014, FHFA's Section 11 damages range from $508 to $586 million,[2] while its Section 12 recovery ranges from $639 million to $1.005 billion,[3] and its statutory recovery under Blue Sky claims, to which there is no loss causation defense, *FHFA v. HSBC N. Am. Holdings Inc.*, 988 F. Supp. 2d 363, 370 (S.D.N.Y. 2013), exceeds $555 million.[4]

FHFA therefore seeks the efficiencies of a streamlined bench trial on its equitable claims rather than a split adjudication by judge and jury on both equitable and legal claims. *See generally Klein v. Computer Devices, Inc.*, 602 F. Supp. 837, 843 n.10 (S.D.N.Y. 1985) (plaintiff may elect between Section 11 and 12 remedies). A bench trial clearly would conserve time and assets: (1) no jury need be selected or charged; (2) the parties need not present extensive background explanations for the jury of the potentially confusing claims, RMBS structures, and expert analyses; (3) under the Court's Individual Practices in Civil Cases, direct testimony generally will be presented by affidavit, Rule 5.C.i; and (4) much of the evidence will be material that the Court has already considered during prior Rule 56 or other motion practice, leveraging the Court's intimate knowledge of this highly complex case. A non-jury trial will allow the parties and the Court to focus on whether the Prospectus Supplements contained material misrepresentations and the remedies to which FHFA is entitled.

FHFA's withdrawal of its Section 11 claims will not prejudice Defendants. *See generally Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (Rule 15 motion to withdraw claim subject to standard for voluntary dismissal of action under Rule 41(a)); *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (under Rule 41(a), voluntary dismissal "will be allowed if the defendant will not be prejudiced thereby" (quotation marks omitted)). FHFA is not adding any new legal claims or new factual allegations. Because the elements of the Section 11 claims are substantially the same as those of the equitable claims remaining to be tried, Defendants' trial preparation should become significantly more direct and focused as they need not prepare their case for presentation to a jury. Further, FHFA is withdrawing its Section 11 claims nearly two months before trial, providing "ample time to adjust [Defendants'] case for presentation before a judge rather than a jury." *People by Abrams v. 11 Cornwell Co.*, 695 F.2d 34, 43 (2d Cir. 1982) (approving withdrawal of damages claim one week before jury trial), *vacated on other grounds sub nom. People of State of N.Y. by Abrams v. 11 Cornwell Co.*, 718 F.2d 22 (2d Cir. 1983).

FHFA respectfully requests that the Court grant its motion to withdraw its Section 11 claims.

---

[2] The Section 11 damages vary according to the rate of prejudgment interest: $549,478,032 at 3 percent, $508,386,521 at the coupon rate, and $586,439,929 at the IRS penalty rate. Post-lawsuit payments of principal are not relevant, as this Court held on December 18, 2014. *See Nomura Holding*, 2014 WL 7232590, at *7-8.

[3] The Section 12 recovery is, according to the respective prejudgment interest rates, $702,323,299 at 3 percent, $638,927,130 at the coupon rate, and $1,005,188,014 at the IRS penalty rate. *E.g., SEC v. Boock*, 2012 WL 3133638, at *5 (S.D.N.Y. Aug. 2, 2012) (awarding prejudgment interest at IRS penalty rate "in order to vindicate fully the remedial purposes of the securities laws").

[4] FHFA has Blue Sky claims for four Certificates—NAA 2005-AR6 3A1, NHELI 2006-FM2 1A1, NHELI 2007-1 II1A, and NHELI 2007-2 1A1—for which the applicable statutes fix prejudgment interest at 6 percent and additionally award all fees and costs. *See* D.C. Code §§ 31-5606.05(b)(1)(A), 28-3302(a); Va. Code 13.1-522(A).

Respectfully submitted,

*/s/ Philippe Z. Selendy*
Philippe Z. Selendy

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*Attorneys for Plaintiff Federal Housing Finance Agency*

CC: Counsel of record (via ECF)