# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 15, 2015

<u>Via E-mail and ECF</u>

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

Re:   <u>*FHFA* v. *Nomura Holding America Inc.*, et al.</u>, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

Plaintiff's last-minute request to avoid a jury trial should be rejected.  While defendants do not oppose plaintiff's motion to amend its complaint to withdraw claims based on Section 11 of the Securities Act, defendants have a Seventh Amendment right to a jury trial on plaintiff's remaining claims under Section 12(a)(2) and blue sky laws.  Moreover, plaintiff should not be permitted to engage in gamesmanship by seeking a bench trial at the eleventh hour.  Indeed, plaintiff's explanation for its sudden about face is its assertion that it can obtain an equal or greater recovery based on its expert's calculation of Section 12 damages—an assertion that was contained in the expert report it submitted in July.  Defendants have been preparing for months for a jury trial that is only about seven weeks away.  They would be highly prejudiced by a last-minute, unilateral reshaping of the trial.

## I.   SECTION 12 AND BLUE SKY CLAIMS REQUIRE TRIAL BY JURY.

As this Court has held, "[c]laims under sections 11 and 12(a)(2) are Securities Act siblings with roughly parallel elements."  *FHFA* v. *Nomura Holding Am. Inc.*, 2014 WL 7232443, at *30 (S.D.N.Y. Dec. 18, 2014) (quoting *N.J. Carpenters Health Fund* v. *RBS Grp., PLC*, 709 F.3d 109, 120 (2d Cir. 2013)).  Section 12 provides for damages (where a plaintiff has sold his securities) or rescission (where, as here, a plaintiff continues to hold the relevant securities).  15 U.S.C. § 77l(a).  Plaintiff has argued that because it continues to hold the securities at issue, its Section 12 claim is "equitable" rather than "legal."  (Letter from Philippe Selendy, Doc. No. 859, at 3-4 (Oct. 6, 2014).)  This is entirely illogical—a defendant's right to a jury trial ought not to depend on whether plaintiff has sold the securities at issue.  Like a Section

Hon. Denise L. Cote                                                                                  -2-

11 claim, a Section 12 claim is entirely a creature of statute, and there is no indication that Congress intended that defendants in Section 12 cases be deprived of their Seventh Amendment right to a jury trial. Moreover, while rescission in its traditional equitable form restores a "plaintiff to his position prior to the fraud" without regard to causation, *Randall* v. *Loftsgaarden*, 478 U.S. 647, 659 (1986), the Section 12 loss causation defense alters this calculus by permitting recovery only for damages "resulting from" the alleged misrepresentation. 15 U.S.C. § 77l(b). Loss causation thus reshapes the Section 12 rescission remedy to resemble a standard damages calculation, a classic legal inquiry. *Cavallari* v. *Office of the Comptroller of the Currency*, 57 F.3d 137, 145 (2d Cir. 1995) ("Th[e] right [to a jury trial] attaches in all cases involving legal rather than equitable claims.").[1] No appellate court has ruled to the contrary.

Plaintiff's blue sky claims also trigger the right to a jury trial. Neither the Virginia nor D.C. statute dictates the remedy (rescission or damages) that plaintiff must choose in such circumstances. As a result, damages—which plaintiff does not dispute are a legal remedy that must be determined by a jury—are a potentially available remedy under the blue sky laws. Defendants therefore have a right to a jury trial under the Seventh Amendment. *See Dairy Queen, Inc.* v. *Wood*, 369 U.S. 469, 472-73 (1962) (holding that where a claim presents both legal and equitable issues, the right to jury trial attaches). Again, no appellate court has ruled to the contrary.

## II.    CHANGING THE NATURE OF THE TRIAL LESS THAN TWO MONTHS BEFORE IT BEGINS WOULD SEVERELY PREJUDICE DEFENDANTS.

Plaintiff demanded a jury trial more than three years ago (Compl., Doc. No. 1, at 75 (Sept. 2, 2011)), and defendants have been preparing for that trial in earnest over the last several months. Most recently, defendants have devoted extensive resources to making and opposing *Daubert* motions and motions *in limine* based in large part on issues of jury confusion. Indeed, in two *Daubert* motions and one motion *in limine* filed on January 8—about one week ago—plaintiff sought to exclude evidence on the ground that it would "confuse the jury." (Pl.'s Mem. of Law in Support of Motion to Exclude the Testimony of Defendants' Expert John J. Richard, at 10-11 (Jan. 8, 2015); Pl. FHFA's Mem. of Law in Support of Its Motion to Exclude Certain Expert Testimony and Opinions of Kerry D. Vandell and Timothy J. Riddiough, at 2 (Jan. 8, 2015); Motion *in Limine* No. 6, at 1 (Jan. 8, 2015)). At this writing, defendants are preparing oppositions to these motions—due January 23 and 20, respectively—though the motions raise arguments that plaintiff now says should be irrelevant. The final deadline for motions *in limine* is January 30 (9/8/2014 Order, Doc. No. 806, at 3), and defendants are preparing additional motions—but plaintiff now seeks a bench trial, which would change the arguments in those motions.

---

[1]    Defendants acknowledge this Court's ruling that the Section 12 remedy is equitable in nature, *FHFA* v. *Nomura Holding America Inc.*, 2014 WL 7232590 (S.D.N.Y. Dec. 18, 2014), but disagree with any ruling that they have no right to trial by jury in this action.

Hon. Denise L. Cote                                                          -3-

        Even worse, the pretrial order in this action is due in two weeks, on January 30. (9/8/2014 Order, Doc. No. 806, at 3.)  The Court's procedures for jury trials require parties to submit requests to charge and proposed *voir dire* questions with the pretrial order.  J. Cote L.R. 5.B.  Preparing these materials has been a time-consuming process—which plaintiff now says will not be needed.  On the other hand, defendants have not prepared written direct examinations or proposed findings of fact and conclusions of law, which the Court requires for bench trials, and which would be due on January 30 under the current schedule.  J. Cote L.R. 5.  Changing course at this late date would prejudice defendants' ability adequately to prepare for the very different kind of trial that plaintiff now requests.  If plaintiff wanted to drop its Section 11 claims in order to argue (wrongly) that doing so would avoid any right to a jury, it should have done so long before now.

        Plaintiff's request for a bench trial should be denied.  In the event the Court overrules defendants' objections and permits plaintiff to proceed without a jury, it should delay to February 13 the deadline for the final pretrial order and materials required to be submitted with that order.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:     Counsel of Record via ECF