## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
___

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 30, 2015

Via ECF

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

         Re:     <u>FHFA v. Nomura Holding America Inc., et al., 11-cv-6201 (SDNY)</u>

Dear Judge Cote:

        Defendants move *in limine* pursuant to Federal Rules of Evidence 401 and 402 to preclude plaintiff from presenting any evidence or making any argument related to certain emails designated as proposed trial exhibits by plaintiff that relate to loans that were not included in the supporting loan groups for any of the seven at-issue Securitizations.  These emails are not relevant to any issue in the action.

### BACKGROUND

        The emails in question (plaintiff's trial exhibits 700 and 482, copies of which are Exhibit A and Exhibit B, respectively) do not pertain to any of the loans at issue.  Exhibit 700 contains a discussion between two Nomura employees, Neil Spagna and Menachem Sabo, on January 31, 2007, about loans Nomura had purchased from OwnIt, a loan originator, in 2006. (Ex. A (Plaintiff's Exhibit 700) at 1.)  In that email exchange, Spagna described certain of the OwnIt loans as "crap."  (*Id.*)  In plaintiff's exhibit 482, Sabo responded to Spagna the same day by writing "Yessir."  (Ex. B (Plaintiff's Exhibit 482) at 1.)

        The loans to which Spagna and Sabo referred are not among those in the supporting loan groups underlying the Securitizations at issue in this action.[1]  The loans to which

---

[1] There is no dispute about this, as plaintiff has stated that the trade pools discussed in these emails were not among the trade pools that contributed to the at-issue securitizations.  Ex. C (Plaintiff's Memorandum of Law in Support of Its Motion for Partial Summary Judgment on

*(footnote continued on next page)*

Hon. Denise L. Cote                                                                                                           -2-

Motion *in Limine* No. 8

these two documents refer are thus irrelevant.  This Court has repeatedly emphasized that evidence at trial must pertain to the specific loans and Securitizations at issue.  In ruling on a motion for partial summary judgment, this Court held that Freddie Mac's and Fannie Mae's "general knowledge of weaknesses in some Originator practices" did not support a finding that they had knowledge about the specific loans underlying the Securitizations.  (July 25, 2014 Opinion and Order, Doc. No. 766, at 65-66.)  The Court also acknowledged in ruling on a motion for partial summary judgment that Freddie Mac and Fannie Mae "were generally aware of the risk of appraisal bias," but found that this did not place Freddie Mac and Fannie Mae on notice of their claims for purposes of the statute of limitations because there was "no evidence the GSEs ran an AVM" on the specific loans backing the Securitizations.  (November 18, 2014 Opinion and Order, Doc. No. 931, at 25, 27.)  The same principle should apply in both directions.

Plaintiff's trial exhibits 700 and 482 are irrelevant to the claims that remain to be tried in this action.

**ARGUMENT**

Evidence is admissible if it is relevant, meaning that it "make[s] a fact more or less probable than it would be without the evidence," and that fact is of material "consequence." Fed. R. Evid. 401, 402.  By definition, plaintiff's claims in this case are limited to purportedly false or misleading statements that were made in the Offering Documents for the at-issue Securitizations.  *See*, *e.g.*, *In re Morgan Stanley Info. Fund. Sec. Litig.*, 592 F.3d 347, 358-359 (2d Cir. 2010).  The fact that a Nomura employee made an off-hand remark in an email about loans that were not included in any of the at-issue Securitizations—and were not even part of a pool that contributed loans to any of the at-issue Securitizations—has no connection to the question of whether Nomura made materially false or misleading statements in the Offering Documents.

Even if evidence regarding trade pools that did not contribute a single loan to the at-issue Securitizations were somehow relevant to the issues in this case, these emails are unrelated to any of plaintiff's allegations.  The context of the emails does not suggest that Spagna referred to the loans as "crap" because of non-compliance with originator underwriting guidelines, owner occupancy misrepresentations, or fraudulently inflated appraisals.  In fact, the context suggests that Spagna made these comments with respect to the credit quality of the loans (which would have been readily apparent to any investor), not due to any of the issues raised by plaintiff's allegations.[2]  For example, in an email discussing these OwnIt loans, Christopher

---

*(footnote continued)*
Defendants' Due Diligence and Reasonable Care Defenses) at 35-36; *see also* Ex. D (Mishol Decl. Ex. 8) at 3 (showing the trade pools that contributed loans to the at-issue certificates).

[2] Plaintiff took lengthy depositions of both Spagna and Sabo, yet did not ask either of them about any of the emails in question.

Hon. Denise L. Cote -3-

Motion *in Limine* No. 8

Scampoli of Nomura's due diligence team wrote that the loans were technically "'Alt A' product," but that "the[ir] characteristics are more subprime."  (Ex. E (Plaintiff's Exhibit 1062) at 1.)  Further, Spagna's comments in plaintiff's exhibits 700 and 482 were apparently prompted at least in part by the fact that the loans being examined were all second lien loans, which are considered more risky than first-lien loans.  (Ex. A (Plaintiff's Exhibit 700) at 1.)

Because these emails do not refer to any loans that were included in the Securitizations and also do not even refer to the kinds of defects plaintiff has alleged in this case, there is no probative value to them.  They should be excluded.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:     Counsel of Record via ECF