# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 8, 2015

Via E-mail and ECF

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York  10007-1312.

Re:    *FHFA* v. *Nomura Holding America Inc.*, *et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

On December 5, 2014, defendants moved to exclude the testimony of plaintiff's appraisal expert, John Kilpatrick, in its entirety because his opinions are impermissible testimony about another person's honesty or credibility, and are based on models that are fundamentally flawed and unreliable.  (*See* Defendants' December 5 Motion to Exclude Expert Testimony of John Kilpatrick.)  In the event that that motion is denied, however, defendants now move *in limine* pursuant to Federal Rules of Evidence 403, 702, and 802 to preclude Mr. Kilpatrick from testifying as to appraisal reviews performed by Recovco Mortgage Management, LLC ("Recovco"), a consulting firm that is not affiliated with Kilpatrick.  Kilpatrick claims that the results of Recovco's review of 202 appraisals support the results of his Credibility Assessment Model, which Kilpatrick used purportedly to determine whether appraisers honestly believed the opinions of value they rendered.  It is black-letter law that an expert cannot present the opinions of a non-testifying expert like Recovco to bolster his own testimony.  Moreover, plaintiff has no basis on which to establish the reliability of Recovco's analysis under Rule 702, Fed. R. Evid. Kilpatrick should not be permitted to testify as to Recovco's findings.

## BACKGROUND

Plaintiff has proffered John Kilpatrick as its sole expert on appraisals.  In his May 15, 2014 report concerning "Adherence of Appraisals to Appraisal Standards and Practice" (the "Kilpatrick May 15, 2014 Report," *see* Ex. 1), Kilpatrick purports to provide "an expert opinion as to whether the original appraisals used to value the collateral and generate the LTV ratios . . . were accurate and credible."  (Ex. 1 (Kilpatrick May 15, 2014 Report) at 1-2.)  By this,

he says that he means whether "a reasonable appraiser . . . could have believed the original appraisals were accurate." (*Id.* at 2.)  In order to render his opinions about the honesty of the appraisers who performed their appraisals seven to nine years earlier, Kilpatrick says that he "developed and validated a Credibility Assessment Model." (*Id.* at 3.)

Kilpatrick also "directed an independent third-party firm," Recovco, to perform collateral reviews on 202 properties securing Nomura Sample loans. (Ex. 1 (Kilpatrick May 15, 2014 Report) at 4, 104.)  Recovco applied its own methods to review the appraisals. (*Id.* at 4.)  Recovco had no knowledge of Kilpatrick's work, and Kilpatrick did not direct Recovco on its processes. (*Id.* at 16; Ex. 2 (Deposition of John Kilpatrick, July 14, 2014) ("Kilpatrick Tr.") at 343:4-10.)  Kilpatrick had no "authority to make changes to their internal process," had no "authority to make changes to their results," and never received any draft results. (Ex. 2 (Kilpatrick Tr.) at 340:4-343:21.)  Kilpatrick did not ask Recovco to confirm whether its methods matched up to his methods for scoring appraisals (*see id.* at 346:20-347:12), nor was Kilpatrick given details of how Recovco's methodology worked. (*Id.* at 351:7-19.) Kilpatrick claims that Recovco's findings serve two purposes:  (i) to provide "independent validation of the credibility of the original appraisal," and (ii) to "provide[] an additional means of evaluating the accuracy of [Kilpatrick's] CAM methodology." (Ex. 1 (Kilpatrick May 15, 2014 Report) at 16.)

## ARGUMENT

## I.    KILPATRICK CANNOT PRESENT RECOVCO'S INDEPENDENT OPINIONS.

Kilpatrick did not conduct or oversee Recovco's work, and should not be permitted to testify about Recovco's "independent" conclusions.  *See, e.g.*, *Hutchinson* v. *Groskin*, 927 F.2d 722, 725-26 (2d Cir. 1991) (reversing and remanding for new trial after district judge erroneously permitted expert to testify that his conclusions were consistent with opinions set forth in letters authored by non-testifying experts); *Mike's Train House, Inc.* v. *Lionel, LLC*, 472 F.3d 398, 409 (6th Cir. 2006) (reversing jury verdict where district court improperly allowed plaintiff's expert to testify regarding opinion of non-witness expert); *United States* v. *Grey Bear*, 883 F.2d 1382, 1392-93 (8th Cir. 1989) ("We are persuaded that Fed. R. Evid. 703 does not permit an expert witness to circumvent the rules of hearsay by testifying that other experts, not present in the courtroom, corroborate his views.").[1]  An expert may not simply rely on the work of others, such as Recovco, without performing any of his or her own analysis.

---

[1]        There can be no dispute that Recovco's results are inadmissible hearsay.  *See, e.g.*, *Malletier* v. *Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007).  A party may not "call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony."  *Id.* at 666; *Polythane Sys., Inc.* v. *Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1208 (5th Cir. 1993) (holding that the trial court erred in admitting portions of a non-testifying expert's report relied on by testifying expert because it was hearsay and there was no "opportunity to cross-examine [non-testifying expert] regarding the methodology he employed, statistical discrepancies in his report, or any other matters which might illuminate shortcomings in his work").

Hon. Denise L. Cote                                                   -3-
                                                      Motion *in Limine* No. 4

*United States* v. *Zolot*, 968 F. Supp. 2d 411, 426-27 & n.27 (D. Mass. 2013) (excluding expert testimony where expert "presented no independent analysis" and relied upon the medical examiner's diagnosis as the basis for his opinion); *Auther* v. *OshKosh Corp.*, 2013 WL 5272959, at *3 (W.D.N.Y. Sept. 16, 2013) ("While experts may rely upon and testify to factual data obtained from others, their opinions should not be used as a basis for the [expert] witnesses' conclusions") (citation omitted).

   In his May 15, 2014 Report, Kilpatrick asserts that a number of independent analysts from Recovco applied their own methods to reach results similar to the results of the Credibility Assessment Model with respect to the subject appraisals. (Ex. 1 (Kilpatrick May 15, 2014 Report) at 4.) Plaintiff has not proffered Recovco or any representative of Recovco as a testifying expert and did not submit an expert report by anyone associated with Recovco. No materials regarding Recovco's internal processes have been produced to defendants. Defendants have had no opportunity to examine Recovco about its opinions, which apparently were generated by many different analysts.

   Kilpatrick does not claim he supervised Recovco's work in any way and, in fact, says the exact opposite. Instead, Kilpatrick asserts that the Recovco review was conducted by "independent" reviewers (Ex. 1 (Kilpatrick May 15, 2014 Report) at 4, 105) who were working "independently" (*id.* at 6), and he testified at deposition that he had no input into Recovco's processes or findings. Kilpatrick testified that Recovco was asked to "independently assess" the appraisals and "arrive at their own determinations." (Ex. 2 (Kilpatrick Tr.) at 29:7-20.) He also testified that he had no "authority to make changes to their internal process," had no "authority to make changes to their results," and never even received any draft results. (*Id.* at 343:6-21.) He testified that "Recovco did not test" his Credibility Assessment Model or "apply" that model "to any appraisals." (*Id.* at 352:18-21.) Kilpatrick is not relying on factual data obtained by Recovco—instead, Recovco "render[ed] a conclusion as to whether the appraisal was 'weak' (not credible), 'moderate' (of questionable credibility), or 'strong' (credible)." (Ex. 1 (Kilpatrick May 15, 2014 Report) at 4.)

   Kilpatrick's presentation of Recovco's analysis or findings (or any of them) would be inadmissible testimony "that other experts, not present in the courtroom, corroborate his views." *Grey Bear*, 883 F.2d at 1392-93; s*ee also Merck Eprova AG* v. *Gnosis S.P.A.*, 2011 WL 10818492, at *1-2 (S.D.N.Y. June 8, 2011) (experts may not "testify as to agreement of colleagues with their opinions").

## II.  RECOVCO'S ANALYSIS IS NOT RELIABLE.

   To determine whether the party proffering expert testimony has met its burden to establish admissibility, a court should consider whether: (a) the testimony is based on sufficient facts or data; (b) the testimony is the product of reliable principles and methods; and (c) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702; *see also United States* v. *Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (quotation omitted). In assessing whether a putative expert opinion is reliable, it is "critical that an expert's analysis be reliable at every step, for *any* step that renders the analysis unreliable renders the expert's testimony inadmissible." *In re Electronic Books Antitrust Litig.*, 2014 WL 1282298, at *4

Hon. Denise L. Cote                                                                -4-
                                                         Motion *in Limine* No. 4


(S.D.N.Y. Mar. 28, 2014) (citing *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993)) (quotation marks omitted).  Plaintiff bears the burden of proving the testimony is reliable and therefore admissible.  *In re Electronic Books Antitrust Litig.*, 2014 WL 1282298 at *3.

        Here, plaintiff has proffered no evidence showing that Recovco's analysis is reliable.  Plaintiff has not produced all of the facts and data considered by Recovco analysts, nor their qualifications, as would normally be required of an expert witness under Rule 26, nor have they provided any evidence that Recovco's methods were reliable.  Rather, plaintiff has simply proffered a list of various factors that Recovco employees purportedly considered and Kilpatrick's word that Recovco's process somehow validates his results.  (*Id.* at 105.)

        In *TK-7 Corp.* v. *Estate of Barbouti*, the Tenth Circuit affirmed a district court's decision to exclude an expert who sought to incorporate work performed by others into his opinions.  993 F.2d 722, 732 (10th Cir. 1993).  The Court noted that the rationale for allowing experts to rely on hearsay was that the expert's "validation, expertly performed and subject to cross-examination," provides sufficient reliability for the evidence.  *Id.*  That rationale cannot be satisfied "where the expert failed to demonstrate any basis for concluding that another individual's opinion . . . was reliable, other than the fact that it was the opinion of someone he believed to be an expert."  *Id.*  The same applies here, where Kilpatrick has provided no basis to believe Recovco's opinions are reliable other than his assertion that Recovco is an "independent third-party firm."  (Ex. 1 (Kilpatrick May 15, 2014 Report) at 4.)


                                        Respectfully submitted,

                                        /s/ David B. Tulchin

                                        David B. Tulchin

cc:      Counsel of Record via ECF