UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
FEDERAL HOUSING FINANCE AGENCY,      :        11cv6201 (DLC)
                                     :        MEMORANDUM
                Plaintiff,           :        OPINION & ORDER
                                     :
        -v-                          :
                                     :
                                     :
NOMURA HOLDING AMERICA, INC., et al.,:
                                     :
                Defendants.          :
                                     :
-------------------------------------X

APPEARANCES:

For plaintiff:

Manisha M. Sheth
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010

For defendants:

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad St.
New York, NY 10004


DENISE COTE, District Judge:

        Defendants moved in limine on January 8, 2015 to exclude

the trial testimony of plaintiff Federal Housing Finance

Agency's ("FHFA") expert witness Robert W. Hunter ("Hunter")

relating to inaccuracies in pre-closing loan tapes.  Loan tapes

are spreadsheets containing a "detailed listing of the mortgage

loans [Nomura] intended to include in a particular

securitization, and the specific credit characteristics of each of those loans." Such characteristics included borrowers' FICO scores[1] and debt-to-income ("DTI") ratios,[2] the loans' loan-to-value ("LTV") ratios,[3] and the owner-occupancy status of the loans. Defendants used the loan tapes to calculate the statistics displayed in various tables in the Prospectus Supplements reporting selected characteristics of the loans included in a supporting loan group for a Certificate ("Collateral Tables"). The loan tapes were also provided to credit rating agencies for purposes of evaluating the securities. The loan tapes are not, however, mentioned in any of the Supplements.

FHFA alleges in its Amended Complaint that the Supplements included misrepresentations about certain characteristics of the mortgage loans, including data concerning owner occupancy and LTV ratios, as well as misrepresentations about Originators' compliance with underwriting standards. FHFA alleges as well

---

[1] FICO refers to a consumer credit score issued by the Fair Isaac Corporation.

[2] Debt-to-income ratios compare a borrower's monthly debt obligations to a borrower's monthly income.

[3] For any given mortgage, the LTV ratio is determined by computing the balance of the loan as a percentage of the value of the property that secures it, often determined on the basis of an appraisal. The higher the ratio, the less equity the homeowner has in the property. Mortgages with an LTV ratio in excess of 100% are "underwater."

that credit rating agencies gave inflated ratings to the Certificates as a result of defendants' providing these agencies with incorrect data concerning the attributes of the loans.

FHFA retained Hunter to re-underwrite the samples of loans at issue in this litigation.[4]  See FHFA v. Nomura Holding Am., Inc., No. 11cv6201 (DLC), 2015 WL 394072 (S.D.N.Y. Jan. 29, 2015) (owner-occupancy status); FHFA v. Nomura Holding Am., Inc., No. 11cv6201 (DLC), 2015 U.S. Dist. LEXIS 10458 (S.D.N.Y. Jan. 29, 2015) ("minimum industry standards"); FHFA v. Nomura Holding Am., Inc., No. 11cv6201 (DLC), 2015 WL ------ (S.D.N.Y. Feb. 11, 2015) (post-origination evidence).  Hunter also evaluated the accuracy of information on the loan tapes, observing that "[i]f the data contained on the pre-closing loan tape differed from the information contained in the loan origination files, the loan tape would not accurately reflect the true credit risk" of individual loans or the loan pools.  He found errors on loan tapes for 343 out of 723 -- approximately 48% -- of the loans he re-underwrote.

Defendants allege that Hunter's testimony about loan tapes is irrelevant because loan tapes were not in existence at the time the loans were originated and because the "Offering

_____

[4] FHFA is litigating the accuracy of the representations in the Offering Documents regarding the more than 15,000 loans in the Certificates' SLGs based on a sample of 796 loans, of which only 723 had sufficient data for Hunter's re-underwriting.

Documents make no representations about the loan tapes or loan-level information."  The loan tapes, however, contain information relevant to the misrepresentations alleged by FHFA. Data taken from the loan tapes were used to calculate statistics in the Collateral Tables in the Prospectus Supplements.  The data were also used by credit agencies in evaluating what rating would be assigned to the Certificates.  The Prospectus Supplements represented that the Certificates at issue "will not be offered unless they receive ratings at least as high" as AAA or its equivalent.

## CONCLUSION

Defendants' January 8 motion to exclude Hunter's testimony about pre-closing loan tape discrepancies is denied.

SO ORDERED:

Dated:    New York, New York
          February 12, 2015

_____
          DENISE COTE
United States District Judge