# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 28, 2015

Via E-mail and ECF

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York  10007-1312.

        Re:        *FHFA* v. *Nomura Holding America Inc.*, *et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

        Defendants respectfully submit this reply in support of their motion to preclude plaintiff's expert John Kilpatrick from testifying as to the independent opinions of Recovco, a third-party appraisal firm.

        Plaintiff now says it "agrees with the validity" of defendants' argument that Kilpatrick cannot testify at trial about Recovco's findings, and promises that it will not ask Kilpatrick to testify about Recovco's findings at trial.  (Plaintiff's Opposition ("Opp.") at 2.)  This is a concession that none of the Recovco evidence is admissible at trial.

        At the same time, plaintiff refuses—for unexplained reasons—to concede that defendants' motion should be granted and continues to argue—to the fact-finder—that Recovco's findings support Kilpatrick's Credibility Assessment Model.  This argument is inappropriate and also false.  For example, Recovco purported to perform a limited version of the standard appraisal reviews allowable under USPAP, but did not apply the same criteria found in Kilpatrick's 31 Credibility Assessment Model questions, thus establishing that Kilpatrick's model imposes idiosyncratic rules that Recovco does not recognize.  Indeed, as plaintiff admits, the Credibility Assessment Model is a "deterministic credibility assessment scoring model" (Opp. at 1)—and the notion that such a model can evaluate the "credibility" of licensed appraisers who provided their estimates of value years ago is fundamentally misguided.

        Plaintiff executed a similar maneuver with Donald Epley, an expert whom plaintiff once contended helped "validate" Dr. Kilpatrick's methods.  It was only in December 2014—after defendants moved to exclude Epley's testimony—that plaintiff said that it had never

Hon. Denise L. Cote                                                       -2-
                                           Reply to Motion *in Limine* No. 4

intended to call Epley to testify at trial.  *See* Plaintiff's December 11, 2014 Memorandum of Law
in Opposition to Nomura's Motion to Exclude Expert Testimony of Donald Epley, Ph.D., Doc.
No. 1098.  This is bad faith litigation conduct.  Plaintiff's strategy appears to be to submit expert
reports containing opinions that plaintiff knows to be improper so as to force defendants to use
resources to take depositions of those experts and submit their own opposing expert reports, and
then—when defendants move to exclude the improper opinions—describe to the fact-finder what
those "experts" said, while at the same time announcing that plaintiff will not elicit such
testimony at trial, and in fact, never intended to elicit any such testimony.  Defendants' motion
concerning Recovco should be granted, and the Court should direct plaintiff to end its litigation
gamesmanship.


                                           Respectfully submitted,

                                           /s/ David B. Tulchin

                                           David B. Tulchin


cc:     Counsel of Record via ECF