# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 28, 2015

Via E-mail and ECF

Hon. Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
           New York, New York 10007-1312.

      Re:    *FHFA* v. *Nomura Holding America Inc., et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

      Defendants respectfully submit this reply in support of their motion to preclude plaintiff's expert John Kilpatrick from (i) testifying concerning, or (ii) offering any opinions at trial that rely in any way on, the answers to Questions 7, 8, and 9 of his Credibility Assessment Model ("CAM").

      Plaintiff never addresses the crux of defendants' motion: that plaintiff failed to comply with the requirement in the Court's Expert Disclosure Protocol that the parties produce "all data relied upon, including any underlying data, calculations and analysis, and the sources of such data." (Ex. 8 (Disclosure Protocol) at ¶ 3.) Indeed, plaintiff admits that it failed to "secur[e] and produc[e] the underlying data utilized by each local [Multiple Listing Service]" (Plaintiff's Opposition ("Opp.") at 2), and that Kilpatrick failed to "requir[e] the production of the underlying data utilized by each local [Multiple Listing Service]." (Opp. at 4.)[1]

      Instead of addressing its failure to produce the underlying data, plaintiff argues that Kilpatrick "properly utilizes" summary MLS data because such summary data is "regularly

---

[1] By contrast, defendants have consistently retained and produced similar underlying data in accordance with the Expert Disclosure Protocol. *See, e.g.*, Ex. 12 (11/10/2014 Letter from A. Davidoff to S. Rand) at 2.

Hon. Denise L. Cote                                                                                          -2-
                                                                                    Reply to Motion *in Limine* No. 5

utilized and relied on" by appraisal professionals. (Opp. at 2-4.) This is a *non sequitur*.[2] Even if Kilpatrick was entitled to rely on such data in forming his opinions, he was required to produce the underlying data to defendants.

        Plaintiff's claim that Kilpatrick does not now possess the underlying data does not absolve plaintiff of its obligation to have retained and produced such data. Rule 26 "does not require merely that the party disclose data that it happens to have retained; it must disclose all the data that an expert that it retained to testify at trial 'considered', implying that it must retain those data, as otherwise it could not disclose them." *Fidelity Nat'l Title Ins. Co. of N.Y.* v. *Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005) (quoting FED. R. CIV. P. 26(a)(2)(B)(ii)).

        Rule 37 requires the exclusion of testimony based on information not properly disclosed to the opposing side, unless that exclusion can be shown to be "substantially justified" or "harmless." FED. R. CIV. P. 37(c)(1). Nowhere in its opposition has plaintiff attempted to justify its inability to produce the MLS data relied on by Kilpatrick, nor has plaintiff explained why its failure to disclose that data was "harmless" to defendants. The point of expert disclosure is to allow the other side a sufficient understanding of the bases for the expert's opinion, in order to "adequately prepare for cross-examination" and allow that side's experts to offer rebuttal. *Jinghong Song* v. *Yao Bros. Group LP*, 2012 WL 1557372, at *1-2 (S.D.N.Y. May 2, 2012). Plaintiff's suggestion that defendants had access to MLS data (and could have generated "whatever additional statistics they wished") is incorrect. (Opp. at 4.) Defendants had no ability to recreate or verify plaintiff's summary data based on the information plaintiff provided.[3] Finally, plaintiff's admission that Kilpatrick asked researchers to include all properties (Opp. at 5), even though Epley testified that the review should have used only comparable properties (Ex. 11 (Epley Tr.) at 193:3-194:5, 195:7-16), highlights the importance of the underlying MLS data plaintiff has failed to produce—which presumably would demonstrate the extent to which Kilpatrick failed to use comparable properties.

        Kilpatrick's testimony as to CAM Questions 7, 8 and 9 should be excluded.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

---

[2]     Plaintiff's reliance on cases allowing an expert to use MLS data in forming his or her opinions is misplaced. Opp. at 4 n.6. None of those decisions stands for the proposition that an expert need not disclose the data underlying his or her opinions.

[3]     Plaintiff's suggestion that defendants should have asked Kilpatrick about the underlying data at his deposition, Opp. at 5, is in no way a substitute for receiving the data. It strains credulity to suggest that Kilpatrick could have identified even a fraction of the hundreds of properties that comprised the data underlying his summary statistics, especially where he failed to retain that underlying data.

Hon. Denise L. Cote -3-
Reply to Motion *in Limine* No. 5

cc: Counsel of Record via ECF