```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :    11cv6201 (DLC)
                                        :    MEMORANDUM
               Plaintiff,               :    OPINION & ORDER
                                        :
     -v-                                :
                                        :
                                        :
NOMURA HOLDING AMERICA, INC., et al.,   :
                                        :
               Defendants.              :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:

Philippe Z. Selendy
Manisha M. Sheth
Nicholas F. Joseph
Calli Ray
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010

For defendants:

David B. Tulchin
Steven L. Holley
Bruce E. Clark
Bradley A. Harsch
Katherine J. Stoller
SULLIVAN & CROMWELL LLP
125 Broad St.
New York, NY 10004

Amanda F. Davidoff
Elizabeth A. Cassacy
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW, Suite 700
Washington, DC 20006

1

Thomas C. Rice
David J. Woll
Andrew T. Frankel
Alan Turner
Craig S. Waldman
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017

DENISE COTE, District Judge:

Plaintiff Federal Housing Finance Agency ("FHFA") moved on December 19, 2014, pursuant to Fed. R. Evid. 702 and Daubert v. Merrill Dow Pharms., Inc., 509 U.S. 729 (1993), to exclude in part expert testimony by Timothy J. Riddiough ("Riddiough"). Defendants intend Riddiough to testify regarding damages, and to rebut the testimony of FHFA's damages expert James K. Finkel ("Finkel"). Most of the issues in this motion have either already been decided or are otherwise moot.[1] The only remaining dispute involves the proper interpretation of the damages provision in Section 12(a)(2) of the Securities Act. For the following reasons, FHFA's motion is granted.

Section 12(a)(2) of the Securities Act provides in pertinent part that a successful plaintiff may "recover the

---

[1] Briefly, FHFA has withdrawn its Section 11 claims, mooting the dispute over calculating Section 11 damages; defendants have conceded that Riddiough's failure to add accrued interest to the amount of consideration paid was "an oversight;" and this Court has excluded Riddiough's testimony to the extent it relies on loss causation testimony by another of defendants' experts, Kerry Vandell, see FHFA v. Nomura Holding Am., Inc., No. 11cv6201 (DLC), 2015 WL 539489, at *11 (S.D.N.Y. Feb. 10, 2015).

consideration paid for [a] security with interest thereon, less the amount of any income received thereon." 15 U.S.C. § 77l(a); accord Commercial Union Assur. Co., plc v. Milken, 17 F.3d 608, 615 (2d Cir. 1994). "The Virginia and District of Columbia Blue Sky laws both adopt [12(a)(2)'s] measure of damages." FHFA v. Nomura Holding Am. Inc., No. 11cv6201 (DLC), 2014 WL 7232590, at *9 (S.D.N.Y. Dec. 18, 2014). The formulae differ only in the applicable interest rate.

Both experts built their calculations from the following facts. To purchase each of the seven Certificates, a GSE paid the purchase price of the Certificate, and for two of the Certificates, some accrued interest. In an RMBS, investors' original investment is repaid in regular increments, not a lump sum at a fixed future date. Accordingly, each month, the GSE was to be paid a return of principal and a coupon reflecting an interest payment.

To calculate Section 12(a)(2) damages, FHFA's expert Finkel begins with the "consideration paid," which he defined as the actual purchase price of the RMBS plus approximately $360,000[2] in additional accrued interest that was paid up-front for two of the seven Certificates. From this amount, Finkel deducts

---

[2] Specifically, the GSEs paid $316,245 of accrued interest on NAA 2005-AR6 and $41,187 of accrued interest on NHELI 2006-FM1.

3

principal payments on a month-to-month basis to arrive at a new "proceeds balance" for each month. Finkel multiplies the proceeds balance for each month by an interest rate in order to obtain the amount of pre-judgment interest due on the consideration paid. The proceeds balance at the time of judgment plus the accumulated prejudgment interest together make up the statute's "consideration paid for [a] security with interest thereon." Finally, to arrive at a damages figure, Finkel adds all the coupon interest payments received by the GSEs and subtracts that amount from the consideration paid plus prejudgment interest.

Defendants' expert Riddiough uses a slightly different methodology to calculate damages.[3] Riddiough calculates prejudgment interest not only on the proceeds balance but also on the coupon interest payments the GSEs received. Thus, at the final stage of the calculation, when the statute requires the damages amount to be reduced by "the amount of any income received thereon," Riddiough subtracts the coupon interest as increased by prejudgment interest.

---

[3] Riddiough's original calculations differed from Finkel's in two ways; the first was in the calculation of "consideration paid." The defendants have conceded that Riddiough erred in failing to account for the accrued interest the GSEs paid on two of the seven Certificates.

4

Using his methodology, Finkel calculates that Nomura's Section 12(a)(2) damages would be $721,773,003 at a 3% interest rate, $669,836,269 at the actual coupon rate received by the GSEs, and $1,015,895,860 at the IRS penalty rate.  In all three cases Finkel estimates cumulative Blue Sky law damages to be $557,854,144.  By contrast, Riddiough's method estimates that Nomura's Section 12(a)(2) damages would be $694,291,737 (using a 3% interest rate), $660,153,917 (using the coupon rate), and $610,632,372 (using a risk-free rate).  In all three cases Riddiough estimates cumulative Blue Sky law damages to be $527,284,177.

As the foregoing makes clear, the parties disagree over whether, under Section 12(a)(2), interest may be calculated on "income received," as it is with "consideration paid."  When interpreting a statute, courts "begin by analyzing the statutory language, assuming that the ordinary meaning of that language accurately expresses the legislative purpose."  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 251 (2010).  Section 12(a)(2) makes no express provision for calculating interest on income.  As the Supreme Court recently explained, "when Congress includes particular language in one section of a statute but omits it in another -- let alone in the very next provision -- [it is] presume[d] that Congress intended a difference in meaning."  Loughrin v. United States, 134 S. Ct.

5

2384, 2390 (2014); see also Dep't of Homeland Sec. v. MacLean, 135 S. Ct. 913, 919 (2015) ("Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another."). The presence of "interest thereon" in the clause concerning consideration and its absence in the clause concerning income is dispositive. Interest is to be considered in one part of the calculation, but not the other.

Defendants contend that calculating prejudgment interest for "income received" is consistent with Finkel's methodology. They argue that because Finkel starts with the consideration paid and then deducts "cumulative principal payments, applies prejudgment interest to the remaining balance and then deducts cumulative interest received," his "approach is equivalent to including prejudgment interest on the principal payments . . . but not on the interest payments." Defendants appear to be referring to Finkel's practice of calculating prejudgment interest for each month on the declining principal balance. There is no inconsistency. The statute demands that prejudgment interest be awarded, and that it be awarded on the compensation paid. With the return of principal each month, the consideration paid declined in a corresponding amount. FHFA has applied the prejudgment interest to the declining balance.

Defendants further argue that only by accounting for interest on both principal and interest payments can the

6

"rescissionary remedy" of Section 12(a)(2) be vindicated.  As this Court has held, FHFA's Section 12(a)(2) claim "is most analogous to an equitable action for rescission of contract." Nomura, 2014 WL 7232590, at *9.  As explained above, the relevant text of the Securities Act is more than sufficiently clear: interest on income is not included in the amount of "income received."  While defendants would prefer that the amount deducted at the end of the calculation be as large as possible, the statute provides otherwise.  The defendants' argument "fall[s] far short of the showing required to overcome the plain language of § 12(2)."  Randall v. Loftsgaarden, 478 U.S. 647, 658 (1986).

The question remains whether Rule 702 and Daubert require that Riddiough's testimony on these issues be excluded because of his error.  It does.  Defendants' interpretation of Section 12(a)(2) is incorrect as a matter of law, and conclusions drawn therefrom cannot "help the trier of fact . . . to determine a fact in issue."  Fed. R. Evid. 702.  Riddiough may still provide his opinion on the proper measure of interest to use if damages are ultimately awarded.

**CONCLUSION**

FHFA's December 19 motion to exclude in part the expert testimony of Timothy J. Riddiough is granted.

SO ORDERED:

Dated:   New York, New York
         February 16, 2015

```
                            _____
                                   DENISE COTE
                            United States District Judge
```