# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 30, 2015

<u>Via E-mail</u>

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York 10007-1312.

Re:     *FHFA* v. *Nomura Holding America Inc., et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

Defendants move *in limine* pursuant to Federal Rules of Evidence 401, 402, 802 and 901 to preclude plaintiff from presenting any evidence or making any argument related to an online petition purportedly sent by certain appraisers to the Appraisal Subcommittee of the Federal Financial Institutions Examination Council ("the Appraiser Petition" or "Petition"). The Appraiser Petition does not relate to any appraisal at issue in this action and is therefore irrelevant. Even if it were relevant, the Petition should be excluded for the additional reasons that it is inadmissible hearsay and cannot be authenticated.

## BACKGROUND

The Petition purports to be an online petition addressed to the Appraisal Subcommittee of the Federal Financial Institutions Examination Council requesting that action be taken to hold lenders responsible for applying pressure on appraisers to hit or exceed predetermined values for properties being appraised in connection with mortgage applications and to penalize any person or business who engages in the practice of pressuring appraisers to perform dishonest appraisals. (Ex. 1.) The Appraiser Petition was purportedly signed by a number of appraisers across the country, and contains only the names and addresses of appraisers; it does not contain any information about specific instances of supposed pressure related to particular appraisals, nor does it disclose the date, or even time period, during which any of the appraisers allegedly experienced such pressure. *Id.* The Petition also does not state that the appraisers who signed it succumbed to such pressure. *Id.*

Hon. Denise L. Cote                                                          -2-
                                                            Motion *in Limine* No. 10

      Plaintiff has marked the Petition as a proposed trial exhibit (Pl.'s Ex. 1314) and apparently intends to use this document—which is unconnected to any of the loans backing the Securitizations at issue in this case—as support for its claim that the loan-to-value ("LTV") ratios reported in the Offering Documents were misstated.  Plaintiff's expert John Kilpatrick asserts that 35 of the appraisers who signed the Petition conducted appraisals on subject properties for loans underlying the at-issue Securitizations.[1]  (Ex. 2 (Kilpatrick May 15, 2014 Report Concerning Adherence of Appraisals to Appraisal Standards and Practice) at 124, Appendix 7-1.  But Kilpatrick does not claim that those specific appraisals were the subject of, or affected by, the purported pressure referenced in the Petition, and there is no record evidence that would support any such notion.

      This Court has repeatedly emphasized that evidence should relate to the specific Securitizations at issue in this action, and the loans backing those Securitizations.  In ruling on a motion for partial summary judgment, this Court held that Freddie Mac's and Fannie Mae's "general knowledge of weaknesses in some Originators practices" did not support a finding that they had knowledge about the specific loans underlying the Securitizations.  (July 25, 2014 Opinion and Order, Doc. No. 766, at 65-66.)  This Court also acknowledged in ruling on a motion for partial summary judgment that Freddie Mac and Fannie Mae "were generally aware of the risk of appraisal bias," but found that this did not trigger the statute of limitations because there was "no evidence the GSEs ran an AVM" on the specific loans backing the Securitizations.  (November 18, 2014 Opinion and Order, Doc. No. 931, at 25, 27.)  The Petition is, like Freddie Mac's and Fannie Mae's general knowledge concerning originators and appraisal bias, general information untethered to any of the specific loans at issue in this action.  Similarly, the First Circuit has held that a complaint failed even to state a claim that representations concerning appraisal practices made in a prospectus supplement were false and misleading under Sections 11 and 12(a)(2) of the Securities Act where the support for the allegation was that "others in the industry engaged in wrongful pressure" on appraisers.  *Plumbers' Union Local 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 774 (1st Cir. 2011).

      Defendants thus move to preclude plaintiff from introducing evidence or argument related to the Petition.  All such evidence is irrelevant to the claims that remain to be tried in this action, and is also inadmissible hearsay and cannot be authenticated.

## ARGUMENT

      Evidence is admissible if it is relevant, meaning that it "make[s] a fact more or less probable than it would without the evidence," and that fact is of material "consequence."  Fed. R. Evid. 401, 402.  To prevail on its claim at trial that the LTV ratios set forth in the Offering Documents for the Securitizations were false, plaintiff must show that the appraised values "were both false and not honestly believed by [the appraisers] when made."  *FHFA* v. *UBS Americas, Inc.*, 858 F. Supp 2d. 306, 328 (S.D.N.Y. 2012) (quoting *Fait* v. *Regions Fin. Corp.*, 655 F.3d 105, 113 (2d Cir. 2011)).  Because appraisals of the value of a property are matters of opinion, plaintiff must prove that the professional appraisers "did not believe" the

---

[1]    Plaintiff offers no evidence that Nomura was aware that any of these 35 appraisers had signed such a petition at any relevant time.

opinions they expressed about valuation at the time the opinions were rendered.  *UBS Americas,*
858 F. Supp. 2d at 325; *see also* January 28, 2015 Opinion and Order, Doc. No. 1182, at 5
(plaintiff must demonstrate "subjective falsity by the 'originator of the opinion,' that is the
appraiser . . . .").

       Even if an appraiser, at some unidentified point in time, signed an online petition
indicating that he or she experienced pressure in connection with appraising an unidentified
property, that would have no bearing on whether that same appraiser experienced pressure in
connection with the specific appraisal performed for one of the loans at issue—much less that the
appraiser actually gave in to such pressure.  First, the Petition does not say that the appraisers
who signed it <u>ever</u> succumbed to pressure to hit a predetermined value—it indicates only that
they may have experienced such pressure.  Second, there is no evidence that any such pressure
was applied with respect to the specific loans at issue—and plaintiff chose not to take
depositions of any of the 35 appraisers it claims both signed the Appraiser Petition and
performed an appraisal in connection with a loan backing one of the seven Securitizations at
issue.  The Petition is thus irrelevant to the issues to be tried in this action and should be
excluded under Rule 401.

       The Petition should be excluded for the additional reason that it is inadmissible
hearsay under Rule 802 and does not fall within any exception under Rules 803 or 804.  FED. R.
EVID. 802, 803, 804; *see also U.S.* v. *Gupta,* 747 F.3d 111, 131 (2d Cir. 2014) ("Generally, a
statement made by a person while not testifying at the current trial, offered by that person to
prove the truth of the matter asserted in his statement, is hearsay.  Hearsay generally is
inadmissible if it does not fall within an exception provided by Rule 803 or 804.").  The
Appraiser Petition is classic hearsay—it is an out of court statement being offered for the truth of
the matter asserted—*i.e.*, that the appraisers who purportedly signed it, at some point,
experienced pressure to hit or exceed a predetermined value in connection with performing an
appraisal.  The Petition does not satisfy any hearsay exceptions in Rule 803 and, accordingly,
must be excluded.

       Finally, in addition to the other defects identified above, the Appraiser Petition
must be excluded because it cannot be authenticated.  Evidence must be authenticated to be
admissible.  "The requirement of authentication is a condition precedent to admitting evidence."
*U.S.* v. *Vayner*, 769 F.3d 125, 129 (2d Cir. 2014) (internal citations omitted).  Rule 901 requires
the proponent of evidence "to produce evidence sufficient to support a finding that the evidence
is what the proponent claims it is."  FED. R. EVID. 901(a).  Here, plaintiff has not listed on its list
of trial witnesses (provided to defendants on January 26) any of the individuals who signed the
Petition.  (Ex. 3.)  Accordingly, the Petition cannot be authenticated and should be excluded.  *See*
*U.S.* v. *Vayner*, 769 F.3d at 131 (district court abused its discretion in admitting a web page
where there was no proper authentication under Rule 901).

Hon. Denise L. Cote                                                              -4-
                                                        Motion *in Limine* No. 10

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin