S IMPSON T HACHER & B ARTLETT LLP

425 L EXINGTON A VENUE
N EW Y ORK , NY 10017-3954
(212) 455-2000

F ACSIMILE (212) 455-2502

D IRECT D IAL N UMBER                                                                                       E-M AIL A DDRESS
(212) 455-3040                                                                                               trice@stblaw.com

VIA ECF                                                      January 30, 2015

Re:     *Federal Housing Finance Agency v. Nomura Holding Am.
        Inc.*, No. 11 Civ. 6201 (DLC) (S.D.N.Y.)

The Honorable Denise L. Cote
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Dear Judge Cote:

       As a result of the Court's rulings, the issues remaining for trial in the above-captioned action concern whether Defendants sold the at-issue certificates to the GSEs pursuant to materially false or misleading statements and, if so, the amount and causes of the GSEs' damages. Defendants move *in limine* to preclude FHFA from presenting at trial evidence or argument concerning the following topics that are not pertinent to any remaining issues in this case given the Court's rulings to date: (i) whether Defendants had a "duty" to conduct due diligence; (ii) Defendants' due diligence practices relating to transactions other than the Nomura securitizations at issue; (iii) reunderwriting results relating to loans from mortgage lenders that did not originate any loans backing the securitizations at issue in this case; and (iv) the amounts or methods of compensation of Defendants' employees who had nothing to do with the securitizations at issue. Such evidence is irrelevant, would waste the Court's and the parties' time, and would be confusing and unduly prejudicial—especially to RBSSI which is a defendant in this case solely as an underwriter on four Nomura-sponsored securitizations.

**BACKGROUND**

       This action is premised on FHFA's allegations that representations made in the offering materials for certificates purchased by the GSEs in Nomura-sponsored securitizations were materially false or misleading. The Court has, *inter alia*, stricken Defendants' knowledge, statute of limitations and due diligence affirmative defenses, and FHFA has acknowledged that the issues that remain for trial are "falsity, materiality, damages, and/or loss causation." Ex. 3[1] (January 28, 2015 Letter from M. Siller to M.

---

[1] All exhibits are to the Declaration of Alan C. Turner submitted herewith in support of this letter motion.

SIMPSON THACHER & BARTLETT LLP

The Honorable Denise L. Cote        -2-                    January 30, 2015
                                                            Motion *in Limine* No. 7

Nester) at 1.  Nonetheless, FHFA has indicated that it intends to introduce at trial evidence falling into the above categories, including:

- expert opinions of Leonard Blum and Dr. Peter Rubenstein to the effect that Defendants had affirmative obligations to conduct adequate due diligence, but failed to do so;

- documents concerning Defendants' due diligence procedures and practices in connection with securitizations not at issue in this case;

- documents concerning loan level due diligence and the results thereof pertaining to loans originated by mortgage lenders, like Option One and IndyMac, that did not originate any loans at issue, including emails discussing due diligence of, *inter alia*, pools of loans originated by such originators to be securitized in securitizations not at issue such as OOMLT 2007-FX2, OOMLT 2006-1, OOMLT 2006-3, OOMLT 2007-CP1 and OOMLT 2007-3, and INDX 2006-AR35;

- testimony from RBSSI employees, including Frank Camacho, who had no involvement in the Nomura securitizations, concerning RBSSI's due diligence practices;

- the compensation of numerous RBSSI employees from 2004 through 2007 who were not involved in the Nomura securitizations, including deposition testimony from Bob McGinnis, who left the mortgage-backed securitization area of RBSSI in March 2006, long before the Nomura securitizations for which RBSSI acted as an underwriter.[2]

       On January 26 and 28, 2015, Defendant RBSSI requested that FHFA withdraw such evidence and deposition designations from its proposed trial lists as irrelevant.  Exs. 1, 2. FHFA has refused to do so, citing this evidence as "necessary background information relating to the securitizations at issue" and also as relevant to the issues of falsity and materiality in this case, without further elaboration.  Ex. 3 at 1.  Accordingly, Defendants move *in limine* pursuant to Rules 401, 402 and 403 of the Federal Rules of Evidence to preclude FHFA from introducing such materials at trial as irrelevant, confusing, wasteful, and unduly prejudicial.

---

[2] FHFA has also stated that it intends to call at trial former RBSSI credit officer Brian Farrell, whose only potential relevance in this case concerns RBSSI's due diligence practices, which have been ruled out of the case, and who has testified in deposition that he has no recollection of any of the Nomura securitizations at issue.

SIMPSON THACHER & BARTLETT LLP

The Honorable Denise L. Cote  -3-  January 30, 2015
Motion *in Limine* No. 7

### ARGUMENT

**I.  FHFA'S PROPOSED EVIDENCE IS IRRELEVANT TO THE REMAINING ISSUES IN THIS CASE**

Only relevant evidence is admissible, that is, evidence that makes a fact "of material consequence" "more or less probable." Fed. R. Evid. 401, 402. FHFA fails this threshold test for most of its proposed trial exhibits, deposition designations and witnesses as to RBSSI. Indeed, most of what FHFA intends to introduce at trial either goes to issues and defenses that the Court has already dismissed from the case or to matters that were never relevant in this action to begin with, and which in all events should be excluded as irrelevant.

This includes evidence and testimony regarding the compensation of dozens of RBSSI employees who worked at RBSSI between 2004 and 2007 who did not work on the Nomura securitizations. This evidence is not remotely relevant to the liability and damages questions (specific to the seven Nomura certificates that the GSEs purchased) that remain in this action.

Similarly, evidence and testimony concerning due diligence results on loans from originators not at issue have no possible relevance in this case. Stated differently, diligence results on loans from non-pertinent originators cannot aid in assessing the accuracy of the specific representation that the loans backing the GSEs' certificates and originated by different lenders generally complied with certain guidelines, much less, to use one of the Court's examples, the representation "that 58.49% of th[os]e loans . . . had an original LTV ratio of 80% or lower." Dkt. No. 766 (July 25, 2014 Opinion & Order) at 45 (providing example of the specificity needed to show falsity and, conversely, knowledge).

The same is true with regard to evidence and testimony from Defendants' employees regarding the sufficiency of Defendants' due diligence procedures and practices in transactions other than the Nomura securitizations at issue.[3] As a result of the Court's rulings, Defendants have no due diligence defenses to which this evidence could have been relevant. This Court has held that "whether the challenged representations were or were not accurate has no bearing on whether Defendants undertook a reasonable investigation," explaining that "it could be the case . . . that the representations in the Offering Documents were perfectly true" regardless of Defendants' investigation, in which case "Defendants will not be liable." Dkt. No. 991 (December 18, 2014 Opinion & Order) at 103-104. In other words, evidence or testimony concerning the due diligence that Defendants conducted on

---

[3] Much of this evidence post-dates the GSEs' purchases of the certificates, and thus, according to FHFA, "can neither prove nor disprove any claim or defense that remains to be tried." Ex. 6 (FHFA Motion *in Limine* No. 6) at 1. To the extent the Court grants FHFA's motion to preclude Defendants from introducing post-settlement evidence and testimony, it should also preclude FHFA from introducing the same.

Case 1:11-cv-06201-DLC   Document 1282   Filed 02/17/15   Page 4 of 5

SIMPSON THACHER & BARTLETT LLP

The Honorable Denise L. Cote     -4-     January 30, 2015
Motion *in Limine* No. 7

transactions not at issue here is not probative of whether the offering materials included material misstatements or omissions.

Also irrelevant are opinions of FHFA's proposed experts Mr. Blum and Dr. Rubenstein, whom FHFA apparently intends to call at trial to testify that Defendants were affirmatively required, but failed, to conduct adequate due diligence as a result of misaligned incentives and conflicts of interest. Ex. 4 (July 9, 2014 expert report of Leonard Blum) at ¶¶ 9, 33; Ex. 5 (July 9, 2014 expert report of Dr. Rubenstein) at ¶¶ 82-85.[4] In addition to misstating the law,[5] which renders such testimony improper on this basis alone,[6] those opinions at best concern *why* Defendants allegedly failed to conduct due diligence. That issue, however, has no relevance to the claims asserted here, which seek to impose liability regardless of the reason for the alleged misstatement. *In re Vivendi Universal, S.A.*, 381 F. Supp. 2d 158, 174-75 (S.D.N.Y. 2003); *cf. Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1975).

## II. THE INTRODUCTION OF SUCH EVIDENCE WOULD BE CONFUSING, PREJUDICIAL AND ULTIMATELY A WASTE OF TIME

Whatever minimal probative value, if any, these categories of evidence might have to the remaining issues in this case is substantially outweighed by the likelihood of confusion, waste and significant and undue prejudice, especially to RBSSI. *See* Fed. R. Evid. 403. The issues remaining to be tried relate to specific representations concerning specific mortgage loans backing the GSEs' certificates, and Defendants' liability will be determined in part on whether FHFA can prove those representations were materially false. Particularly in light of the Court's rulings to date, the trial is not about the adequacy of Defendants' general due diligence policies or practices, originators or securitizations

---

[4] Pending before the Court is Defendants' Motion to Exclude Certain Testimony of Mr. Blum and Dr. Rubenstein (Dkt. No. 1016) which *inter alia* seeks to preclude their opinions as improper legal opinions from experts. By this motion Defendants provide additional grounds for striking certain opinions of both experts as legally incorrect (regardless of whether such opinions are properly stated by these experts) and irrelevant to the remaining issues in this case.

[5] Dkt. No. 991 (December 18, 2014 Opinion & Order) at 79 (explaining that Section 12 "provides defendants with several affirmative defenses," including "the 'reasonable care' defense[.]'"); *id.* at 72 (explaining that the "searching review" required of underwriters is necessary to the extent they "seek[] the protection of [the] due diligence defense."). *See also N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 125 n.10 (2d Cir. 2013) (allegation that defendants failed to conduct reasonable due diligence "pertains only to an affirmative defense that the Defendants[] may raise[.]"); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 761 F. Supp. 2d 504, 572 (S.D. Tex. 2011) ("There is no statutory requirement that an underwriter conduct a due diligence investigation into a proposed public or private offering.") (citing William M. Prifti, *Underwriter Due Diligence*, § 5.30, 24 Securities Pub. & Priv. Offerings, (Database updated June 2010)).

[6] *Dahlgren v. Muldrow*, 2008 WL 186641, at *7 (N.D. Fla. Jan. 18, 2008) (granting *in limine* motion precluding party from presenting argument that "would misstate the law"); *Dethmers Mfg. Co., Inc. v. Automatic Equip. Mfg. Co.*, 73 F. Supp. 2d 997, 1013 (N.D. Iowa 1999) (precluding expert testimony regarding damages insofar as calculations considered losses that were not recoverable under claims asserted).

SIMPSON THACHER & BARTLETT LLP

The Honorable Denise L. Cote  -5-  January 30, 2015
Motion *in Limine* No. 7

unrelated to the Nomura securitizations, or the compensation of RBSSI employees having no involvement in the Nomura securitizations. Allowing FHFA to introduce evidence or make argument on these issues risks significant confusion over both the standard for liability and the proof FHFA must adduce to demonstrate its case and would inject collateral issues not relevant to any remaining claim or defense. Allowing such evidence would be entirely wasteful, since the merits of Defendants' due diligence defenses has already been adjudicated by the Court and, under the Court's rulings, whether or not Defendants conducted adequate diligence "has no bearing on" whether the offering materials were misstated. Dkt. No. 991 (December 18, 2014 Opinion & Order) at 103-104.

Respectfully submitted,

/s/ Thomas C. Rice

Thomas C. Rice

Cc: Counsel of Record