# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 17, 2015

Via ECF

Hon. Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street, Room 1610,
                New York, New York 10007-1312.

        Re:    *FHFA* v. *Nomura Holding America Inc., et al.*, 11-cv-6201 (SDNY)

Dear Judge Cote:

        Defendants submit this reply in support of their motion *in limine* No. 10 to preclude plaintiff from presenting any evidence or making any argument related to an online petition purportedly sent by certain appraisers to the Appraisal Subcommittee of the Federal Financial Institutions Examination Council ("the Appraiser Petition" or "Petition"). The petition is irrelevant, is rank hearsay of the worst sort, and has never even been authenticated.

        In its February 9, 2015 Opposition ("Opp"), plaintiff asserts that 33 signatories to the Petition performed appraisals relevant to this action, but concedes sub silentio that there is no evidence of any kind that any of those appraisers was pressured (or succumbed to pressure) with respect to the appraisals at issue. Likewise, plaintiff does not dispute that there is no evidence that any of the 33 appraisers did not honestly believe the opinions of value in the appraisals they rendered in connection with loans underlying the seven Securitizations.

        Plaintiff claims, however, that the Petition is circumstantial evidence from which the Court can "infer the subjective disbelief" of the 33 appraisers who rendered at-issue appraisals because the Petition "evidences the industry-wide pressure appraisers were placed under during the relevant time." (Opp. at 2.) This is the height of illogic, and a tortured reading of the Petition—which never states that any of the signatories ever issued a dishonest appraisal. There is no evidence of any kind to connect any of the at-issue appraisals to appraiser dishonesty or even unprofessional conduct. The Petition complains about other appraisers, and the signatories never say that any of them rendered a dishonest appraisal, let alone that they acted dishonestly with respect to the particular appraisals at issue.

        Plaintiff has no answer to *Plumbers' Union Local 12 Pension Fund* v. *Nomura Asset Acceptance Corp.*, 632 F.3d 762, 774 (1st Cir. 2011), in which the First Circuit found that an allegation that appraisers in general had failed to comply with proper appraisal practices during a particular period failed to state a claim under the Securities Act because there was an insufficient connection between an allegation about general practices in the industry and the specific appraisals to which the offering

Hon. Denise L. Cote                                                                                              -2-
                                                                                              Motion *in Limine* No. 10

documents referred.  The situation here is even more extreme because plaintiff asserts that the Petition
can be evidence at trial that the appraisals at issue in this case were wrong or dishonest.  The Petition
pertains not at all to the specific appraisals that are the subject of the Offering Documents in this action.

        Indeed, plaintiff admits that it is "not offering the Petition as direct evidence that any
specific appraisal was false." (Opp. at 3.)  Instead, plaintiff says it offers the Petition to show that
"appraisers across the country at the relevant time were pressured to render 'dishonest appraisals' on a
'daily basis.'" (Opp. at 3.)  This is not admissible evidence that pertains to any issue at trial.  As this
Court held in 2012, to prevail at trial plaintiff must prove (and courts demand evidence, not
mudslinging, to prove such allegations) that the specific appraisals at issue here "were both false and not
honestly believed by [the appraisers] when made." *FHFA* v. *UBS Americas, Inc.*, 858 F. Supp 2d. 306,
328 (S.D.N.Y. 2012) (quoting *Fait* v. *Regions Fin. Corp.*, 655 F.3d 105, 113 (2d Cir. 2011)).  Supposed
pressure placed on "appraisers across the country" that is unconnected to the specific appraisals here
cannot possibly bear on the issues to be tried.

        The Petition is also pure and unadulterated hearsay—of the worst sort.  Plaintiff attempts
to skirt the hearsay rule by claiming it only seeks to introduce the Petition as evidence that appraisers
"*believed* during the relevant period that they were under pervasive pressure to inflate values." (Opp. at
4 (emphasis in original).)  Plaintiff contradicts itself on the preceding page, stating that the "Petition
evidences the industry-wide pressure appraisers were placed under during the relevant time," and that
"the Petition is being offered as circumstantial evidence that appraisers across the country at the relevant
time were pressured to render 'dishonest appraisals' on a 'daily basis.'" (Opp. at 2-3.)  This is an
attempt to use the Petition as innuendo, not evidence.  In any event, there is no evidence that any of the
33 appraisers to whom plaintiff refers believed they were under "pressure" pertaining to any at-issue
appraisal.

        The court in *United States Football League* v. *National Football League*, 1986 WL
5803, at *1-2 (S.D.N.Y. May 16, 1986), rejected a similar ploy.  There, plaintiff USFL sought to
introduce a newspaper article under the state-of-mind exception to the hearsay rule, and claimed it was
being offered "merely to demonstrate 'the environment confronting the USFL.'" *Id.* at *1.  The court
found that plaintiff was actually seeking to introduce the article for the truth of the matter asserted—to
show that defendant NFL "had begun placing 'subtle, behind the scenes pressure'" on a network
broadcasting company—and excluded the article as hearsay, noting that Rule 803(3) "by its terms does
not apply to a statement of memory or belief to prove the fact remembered or believed." *Id.* At *1-2.
Just as in *USFL*, the Petition is rank hearsay, and is not admissible under the "state of mind" exception.
"The exclusion of 'statements of memory or belief to prove the fact remembered or believed' is
necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from
allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the
happening of the event which produced the state of mind." *Bell* v. *Construction & Gen. Bldg. Laborers'
Local 79*, 2011 WL 3796355, at *3 (S.D.N.Y. Aug. 24, 2011).

        Plaintiff has also failed to authenticate the Petition, either by declaration or affidavit or
in any other fashion.  Even if this is the same document that plaintiff says was submitted to the Federal
Financial Institutions Examination Council (the "Council"), that alone would not come close to
authenticating it.  In fact, plaintiff cannot even show that much, since it never even obtained a copy of
the Petition directly from the Council.  (*See* Opp. at 5, n. 5.)

Hon. Denise L. Cote                                                                    -3-

Motion *in Limine* No. 10

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin