```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
 FEDERAL HOUSING FINANCE AGENCY,        :    11cv6201 (DLC)
                                        :    MEMORANDUM
                Plaintiff,              :    OPINION & ORDER
                                        :
         -v-                            :
                                        :
                                        :
 NOMURA HOLDING AMERICA, INC., et al.,  :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:

Philippe Z. Selendy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, NY 10010

For defendants:

David B. Tulchin
SULLIVAN & CROMWELL LLP
125 Broad St.
New York, NY 10004

Thomas C. Rice
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017

DENISE COTE, District Judge:

   Plaintiff Federal Housing Finance Agency ("FHFA"), the conservator for Fannie Mae and Freddie Mac (together, the "Government Sponsored Enterprises" or "GSEs"), moved in limine on January 30, 2015 to exclude testimony and other evidence

presented in investigations by the SEC, in other litigation, and in litigation that has been coordinated with this action.  This Opinion provides guidance to the parties with respect to the issues raised by this motion.

1. SEC Testimony

The defendants seek to offer the testimony given by two GSE witnesses during the course of their employment in connection with an SEC investigation.[1]  They are Raymond Romano and Donald Bisenius.  The application of Fed. R. Evid. 801(d)(2)(D) will largely determine the admissibility of this testimony.

To the extent that these employees testified on matters within the scope of their employment that are otherwise relevant to the issues to be tried, their testimony will be received. The testimony must have concerned issues on which they had the authority to take action, to give advice, or to participate in a significant manner in the decision-making process that is the subject matter of their testimony.  See United States v. Lauersen, 348 F.3d 329, 340 (2d Cir. 2003) (citation omitted), as amended (Nov. 25, 2003), aff'd on reh'g, 362 F.3d 160 (2d Cir. 2004), cert. granted and vacated on other grounds, 543 U.S. 1097 (2005); United States v. Rioux, 97 F.3d 648, 660-61 (2d

---

[1] The defendants no longer seek to offer SEC testimony given by witnesses after their employment with the GSEs had terminated. They have also withdrawn their offer of testimony given to the Financial Crisis Inquiry Commission by GSE witnesses.

Cir. 1996); Pappas v. Middle Earth Condo. Ass'n, 963 F.2d 534, 537-38 (2d Cir. 1992).  The parties will be given an opportunity to address whether the testimony from these two individuals is both relevant and meets the requirements of Rule 801(d)(2)(D).

2. Other Lawsuits

The defendants seek to offer statements made by counsel for the GSEs either orally or in written submissions in In re Fannie Mae 2008 Secs. Litig., No. 08cv7831 (PAC) (S.D.N.Y.), Kuriakose v. Fed. Home Loan Mortg. Corp., No. 08cv7281 (JFK) (S.D.N.Y.), Ohio Public Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp., No. 08cv160 (N.D. Ohio), as well as testimony given by Vicki Beal, who testified as a Rule 30(b)6) witness for third party Clayton Holdings, LLC in Fed. Home Loan Bank of Seattle v. Banc of Am. Secs. LLC, No. 09-2-46319-1 (Sup. Ct. Wash.).  FHFA opposes admission of these statements principally on the ground that they are irrelevant.  According to FHFA, to be admissible on the issues that remain to be tried here, the statements should be tethered to the seven Certificates purchased by the GSEs that form the basis for the claims in this lawsuit, and the statements should be made by a person with more specialized knowledge if offered on the issue of loss causation.

Statements relevant to loss causation are not confined to those that relate precisely to any loss experienced on the seven Certificates at issue here.  While it will be necessary for

3

defendants in order to prevail on their affirmative defense of loss causation to offer evidence linked directly to the seven Certificates, less direct evidence may also be probative of the existence or absence of facts supporting the theory of loss causation tendered by the defendants.  Therefore, statements that explain losses experienced by PLS instruments generally at the relevant period of time will also likely be received as relevant to the affirmative defense of loss causation.  The further removed, however, that statements are from an explanation of the cause of any "depreciation in value of the subject security," 15 U.S.C. §77l(b), the less likely it is that the statements are relevant.  And conversely, the more likely it is that their minimal if any probative value will be substantially outweighed by Fed. R. Evid. 403 considerations.

Similarly, statements by a party opponent under Fed. R. Evid. 801(d)(2) need not meet the standards for admissibility imposed by Rule 702.  Statements by counsel during the course of representing a party opponent are admissible, if relevant.  See United States v. GAF Corp., 928 F.2d 1253, 1259 (2d Cir. 1991).

The admissibility of Beal's testimony is governed by Fed. R. Evid. 804(b)(1), 401 and 403.  As described in FHFA v. Merrill Lynch & Co., No. 11cv6202 (DLC), 2014 WL 798385 (S.D.N.Y. Feb. 28, 2014), her testimony may be admissible if she is unavailable as a witness at trial, and if FHFA (or its

4

"predecessor in interest," as that term of art has come to be understood) had an opportunity and similar motive to cross-examine her in the prior proceeding.  Thus, to the extent the defendants can show that the Federal Home Loan Bank of Seattle would have had a similar motive to cross-examine Beal about the same matters as would FHFA, and that it had an adequate opportunity to do so, then the testimony may be admissible.  Id. at *1.  To be "similar," the motives to develop the testimony should be "of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." United States v. DiNapoli, 8 F.3d 909, 914-15 (2d Cir. 1993). Since FHFA disputes that it had a similar motive and opportunity, the parties will be given an opportunity to be heard on the admission of this testimony.

3. Coordinated Litigation

FHFA seeks to exclude testimony from GSE witnesses given in this coordinated litigation and related documents to the extent that they refer specifically to certificates, defendants, and loan originators that are not at issue in this action.  It does not appear that there is any dispute in this regard.  If there is a remaining dispute, counsel may record their objections on this ground when the exhibits are offered.

5

**CONCLUSION**

FHFA's January 30 motion in limine is governed by the standards articulated here.  Decision on identified issues is reserved until oral argument.


SO ORDERED:

Dated:    New York, New York
          February 19, 2015

```
                          _____
                                 DENISE COTE
                          United States District Judge
```