CONFIDENTIAL DISCUSSION DRAFT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>     Plaintiff,<br><br>    -against-<br><br>NOMURA HOLDING AMERICA, INC.; NOMURA ASSET ACCEPTANCE CORPORATION; NOMURA HOME EQUITY LOAN, INC.; NOMURA CREDIT & CAPITAL, INC.; NOMURA SECURITIES INTERNATIONAL, INC.; RBS SECURITIES INC. (f/k/a GREENWICH CAPITAL MARKETS, INC.); DAVID FINDLAY; JOHN MCCARTHY; JOHN P. GRAHAM; NATHAN GORIN; and DANTE LAROCCA,<br><br>     Defendants. | No. 11 Civ. 6201 (DLC) |

**PROPOSED JOINT PRETRIAL ORDER**

CONFIDENTIAL DISCUSSION DRAFT

Pursuant to the January 21, 2015 Stipulation and Pretrial Scheduling Order (Dkt. 1119) and Section 5(A) of the Court's Individual Practices, Plaintiff Federal Housing Finance Agency ("FHFA"), as conservator of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac" and, together with Fannie Mae, the "GSEs"), and Defendants Nomura Holding America, Inc. ("Nomura Holding"), Nomura Asset Acceptance Corporation ("NAA"), Nomura Home Equity Loan, Inc. ("NHELI"), Nomura Credit & Capital, Inc. ("Nomura Credit"), Nomura Securities International, Inc. ("Nomura Securities") (collectively, "Nomura" or the "Nomura Defendants"), RBS Securities Inc. (f/k/a Greenwich Capital Markets, Inc.) ("RBSSI"), David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and Dante LaRocca (collectively, the "Individual Defendants," together with Nomura and RBSSI, the "Defendants;" and, all together with FHFA, the "Parties") submit this Proposed Joint Pretrial Order.[1]

---

[1] The Parties reserve their rights to revise their portions of the Joint Pretrial Order in light of decisions on pending and forthcoming motions.

CONFIDENTIAL DISCUSSION DRAFT

## I. TRIAL COUNSEL

### A. Counsel for Plaintiff

Philippe Z. Selendy
Richard I. Werder, Jr.
Jonathan B. Oblak
Sascha N. Rand
Manisha M. Sheth
Andrew R. Dunlap
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel:  (212) 849-7000
Fax:  (212) 849-7100

Richard A. Schirtzer
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel:  (213) 443-3000
Fax:  (213) 443-3100

Jon Corey
QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 6th Street NW, 11th Floor
Washington, D.C. 20001
Tel:  (202) 538-8000
Fax:  (202) 538-8100


### B. Counsel for Defendants

David B. Tulchin
Steven L. Holley
Bruce E. Clark
Bradley A. Harsch
Katherine J. Stoller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel:  (212) 558-4000
Fax:  (212) 558-3588

CONFIDENTIAL DISCUSSION DRAFT

Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Tel: (202) 956-7500
Fax: (202) 956-6993

Thomas C. Rice
Andrew T. Frankel
Alan Turner
Craig S. Waldman
Minta Nester
John Robinson
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

## II.     SUBJECT MATTER JURISDICTION

### A.     Statement by the Parties

The Court has subject matter jurisdiction over the claims asserted by FHFA arising under Sections 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77*l*(a)(2) & 77o, pursuant to 28 U.S.C. § 1331 and pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v.

The Court has supplemental jurisdiction over FHFA's claims of violations of Section 13.1-522(A)(ii) of the Virginia Code and Sections 31-5606.05(a)(1)(B) and 31-5606.05(c) of the District of Columbia Code pursuant to 28 U.S.C. § 1367(a).

### B.     Additional Statement by Plaintiff

The Court has non-exclusive original jurisdiction over all claims brought by FHFA, a federal agency acting in its capacity as conservator for Fannie Mae and Freddie Mac, 12 U.S.C. §§ 4511(a), 4617(a), pursuant to 28 U.S.C. § 1345.

CONFIDENTIAL DISCUSSION DRAFT

    C.    **Additional Statement by Defendants**

Defendants respectfully disagree with the Court's decision that Plaintiff has standing to bring this Action, *FHFA* v. *UBS Amer. Inc.*, 858 F. Supp. 2d 306, 322 (S.D.N.Y. 2012), and reserve all rights for appeal.

**III.    CLAIMS AND DEFENSES**

    A.    **Statement by the Parties**

FHFA brings claims under Sections 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77*l*(a)(2) & 77o (the "Securities Act claims"); Section 13.1-522(A)(ii) of the Virginia Code ("Va. Code"); and Sections 31-5606.05(a)(1)(B) and 31-5606.05(c) of the District of Columbia Code ("D.C. Code," and together with the Virginia state law claims, the "Blue Sky claims"), as to the following seven at-issue securitizations ("Securitizations") and Defendants:

Table 1

| Certificate | Section 12(a)(2) | Section 15 |
|---|---|---|
| NAA 2005-AR6 | NAAC<br>Nomura Securities | Nomura Holding<br>NCCI<br>Individual Defendants |
| NHELI 2006-FM1 | NHELI<br>Nomura Securities | Nomura Holding<br>NCCI<br>Individual Defendants |
| NHELI 2006-HE3 | NHELI<br>RBSSI | Nomura Holding<br>NCCI<br>Individual Defendants |
| NHELI 2006-FM2 | NHELI<br>RBSSI | Nomura Holding<br>NCCI<br>Individual Defendants |
| NHELI 2007-1 | NHELI<br>RBSSI | Nomura Holding<br>NCCI<br>Individual Defendants |
| NHELI 2007-2 | NHELI<br>RBSSI | Nomura Holding<br>NCCI<br>Individual Defendants |

CONFIDENTIAL DISCUSSION DRAFT

| Certificate | Section 12(a)(2) | Section 15 |
|---|---|---|
| NHELI 2007-3 | NHELI | Nomura Holding<br>NCCI<br>Individual Defendants |

**Table 2**

| Certificate | D.C. Code § 31-5606.05(a)(1)(B) | D.C. Code § 31-5606.05(c) | Va. Code § 13.1-522(A)(ii) |
|---|---|---|---|
| NAA 2005-AR6 | NAAC<br>Nomura Securities | Nomura Holding<br>NCCI<br>Findlay, Gorin, Graham and McCarthy | -- |
| NHELI 2006-FM2 | -- | -- | RBSSI |
| NHELI 2007-1 | -- | -- | RBSSI |
| NHELI 2007-2 | -- | -- | RBSSI |

1. *FHFA's Claims*

   a. The following elements of FHFA's claims remain to be tried:[2]

      i. for FHFA's Section 12 and Blue Sky claims, whether (a) one or more statements (the "Alleged Misrepresentations") in the prospectus supplements for one or more of the Securitizations (the "Prospectus Supplements") was an untrue statement of material fact;[3] or (b) Defendants omitted to state in the Prospectus Supplements a material fact necessary to make the Alleged Misrepresentations, in the light of the

---

[2] Defendants have contended that all these claims should be tried to a jury. The Court has ruled otherwise, and Defendants reserve all rights for appeal.

[3] The Court has held that whether a fact is "material" is judged from the perspective of a reasonable investor in private label securities. *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *8 (S.D.N.Y. Dec. 18, 2014). Defendants have contended that a different standard for materiality should apply, and reserve all rights for appeal.

5

CONFIDENTIAL DISCUSSION DRAFT

>   circumstances under which they were made, not misleading. The categories of alleged misrepresentations are set forth below:[4]
>
>   (A)  representations regarding the origination and underwriting of the loans backing the Certificates[5] ("the Mortgage Loans");
>
>   (B)  representations regarding loan-to-value ratios, combined loan-to-value ratios, and appraisals, including compliance with USPAP;
>
>   (C)  representations regarding occupancy status; and
>
>   (D)  representations regarding the credit ratings of the Certificates.[6]
>
> ii.  for FHFA's Section 12 and Blue Sky claims, whether Nomura Securities offered to sell the NAA 2005-AR6 Certificate to Fannie Mae, and whether Nomura Securities offered to sell the NHELI 2006-FM1 Certificate to Freddie Mac;
>
> iii. for FHFA's Section 12 and Blue Sky claims, whether RBSSI offered to sell the NHELI 2006-HE3, NHELI 2006-FM2, NHELI 2007-1, and NHELI 2007-2 Certificates to Freddie Mac;
>
> iv.  for FHFA's D.C. Blue Sky claims, whether the sale to Fannie Mae took place in the District of Columbia;

---

[4] The Court adopted in this Action its reasoning and conclusions in *FHFA v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 323 (S.D.N.Y. 2012), *aff'd*, 712 F.3d 136 (2d Cir. 2013) ("*UBS I*"). *See* Nov. 27, 2012 Order Denying Defendants' Motion to Dismiss the Amended Complaint, *FHFA v. Nomura Holding Am., Inc.*, No. 11 Civ. 6201, at *1 (Dkt. 165). Defendants reserve all rights for appeal.

[5] The "Certificates" are defined as the securities that the GSEs purchased.

[6] These are general descriptions of the representations at issue, and not intended to limit the parties' presentation or discussion of those representations in this Action. Defendants contend that the statements in the Prospectus Supplements cannot be viewed in isolation and cannot be understood or interpreted alone, without the necessary context in which they were made. Defendants further contend that each of every one of the statements in the Prospectus Supplements must be understood and interpreted in light of the total mix of information, including information in the public domain, facts known or reasonably available to the investors, and taken together with, and in the context of, the additional statements, warnings and disclosures in the offering documents.

CONFIDENTIAL DISCUSSION DRAFT

v.    for FHFA's Virginia Blue Sky claims, whether each of the sales to Freddie Mac took place in the Commonwealth of Virginia;

vi.    for FHFA's Section 12 claims, whether Defendants' offer and sale of the Certificates occurred through the use of an instrumentality of interstate commerce;

vii.    for FHFA's Section 15 claims and claim under D.C. Code 31-5606.05(c) ("D.C. Blue Sky control person claim"), if a primary violation is proved on the part of Nomura Securities, NAAC, or NHELI under Section 12 or the D.C. Code, whether Nomura Holding and/or Nomura Credit controlled a primary violator;

viii.    for FHFA's Section 15 claims, if a primary violation is proved on the part of Nomura Securities, NAAC, or NHELI under Section 12, whether any Individual Defendant alleged to be liable for that claim (*see* Table 1, *supra*) controlled a primary violator;

ix.    for FHFA's D.C. Blue Sky control person claim, if a primary violation is proved on the part of Nomura Securities or NAAC under the D.C. Code, whether any Individual Defendant alleged to be liable for that claim (*see* Table 2, *supra*) controlled a primary violator; and

x.    for FHFA's Securities Act and Blue Sky claims, if FHFA proves each of the elements of its Securities Act or Blue Sky claims, the remedy, if any, to which FHFA is entitled.

xi.    FHFA bears the burden to prove each element of each of its claims by a preponderance of the evidence.

    b.    The following elements of FHFA's claims do not remain to be tried:

        i.    for FHFA's Section 12 and Blue Sky claims, whether the GSEs had actual knowledge of the specific false and misleading statements alleged by FHFA, *FHFA v. HSBC N. Am. Holdings Inc.*, --- F. Supp. 2d ----, 2014 WL 3702587, at *1 (S.D.N.Y. July 25, 2014);[7]

        ii.    for FHFA's Section 12 and D.C. Blue Sky claims, whether NAAC and NHELI are "offerors" or "sellers," *UBS I*, 858 F. Supp. 2d at 333-34 (citing 17 C.F.R. 230.159A);[8]

        iii.    for FHFA's Section 12 and Blue Sky claims, whether Nomura Securities sold the NAA 2005-AR6 Certificate to Fannie Mae, and whether Nomura Securities sold the NHELI 2006-FM1 Certificate to Freddie Mac;

        iv.    for FHFA's Section 12 and Blue Sky claims, whether RBSSI sold the NHELI 2006-HE3, NHELI 2006-FM2, NHELI 2007-1, and NHELI 2007-2 Certificates to Freddie Mac;

        v.    for FHFA's Sections 12 and Blue Sky claims, whether Fannie Mae or Freddie Mac purchased a Certificate from each of the Securitizations in dispute, *see infra* Section II, Stipulations of Fact ¶¶ 33-36;

---

[7] Defendants respectfully disagree with the Court's decision to grant summary judgment to plaintiff on the issue of whether Fannie Mae and/or Freddie Mac had such knowledge, and reserve all rights for appeal.

[8] Defendants respectfully disagree with the Court's ruling that as a matter of law NAAC and NHELI are "statutory sellers" within the meaning of Section 12(a)(2) and the D.C. Blue Sky law, and reserve all rights for appeal.

CONFIDENTIAL DISCUSSION DRAFT

      vi.    for FHFA's Section 12 claims, whether Defendants' offer and sale of the Certificates occurred by means of a prospectus, *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229446, at *8 (S.D.N.Y. Dec. 18, 2014);[9] and

      vii.    for FHFA's D.C. Blue Sky claims, whether certain Individual Defendants (as identified in Table 2, *supra*) were officers or directors of Nomura Securities or NAAC, and signed the Shelf Registration Statements pursuant to which the Prospectus Supplements were filed.

2. *Defendants' Affirmative Defenses*

    a.    The following of Defendants' affirmative defenses remain to be tried:

      i.    for FHFA's Section 15 control person claims, whether Nomura Holding, Nomura Credit, and the Individual Defendants had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist, 15 U.S.C. § 77o(a);

      ii.    for FHFA's D.C. Blue Sky control person claims, whether Nomura Holding, Nomura Credit, and Individual Defendants Findlay, Gorin, Graham, and McCarthy did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist, D.C. Code Section 31-5606.05(c); and

      iii.    for FHFA's Section 12 claim, whether any portion or all of the amount recoverable under Section 12(a)(2) represents other than the depreciation

---

[9] Defendants respectfully disagree with the Court's ruling that the sales of certain Certificates were made "by means of" the prospectus supplement where the prospectus supplement did not exist before the Certificate was sold to Freddie Mac or Fannie Mae, and reserve all rights for appeal.

9

        in value of a relevant Certificate resulting from one or more of the Alleged Misrepresentations not being true or omitting to state a material fact required to be stated therein or necessary to make the statement not misleading, and if so, what portion or amount, 15 U.S.C. § 77*l*(b).

b. The following of Defendants' affirmative defenses do not remain to be tried:[10]

    i. for FHFA's Securities Act and Blue Sky claims, whether FHFA has standing to bring the action, *UBS I*, 858 F. Supp. 2d at 322, *aff'd*, 712 F.3d at 144;

    ii. for FHFA's Securities Act and Blue Sky claims, whether the periods of repose set forth in Section 13 of the Securities Act, 15 U.S.C. § 77m, and the D.C. and Virginia Codes, D.C. Code § 31-5606.05(f)(1) and Va. Code Ann. § 13.1-522(D), bar plaintiff's claims. *UBS I*, 858 F. Supp. 2d at 316-17, *aff'd*, 712 F.3d at 143-44; Mandate, *UBS*, 12-3207-cv (2d Cir. Apr. 26, 2013) (Dkt. 226); Aug. 28, 2014 Order Denying Defendants' Motion for Summary Judgment on the Statutes of Repose, *FHFA v. Nomura Holding Am., Inc.*, No. 11 Civ. 6201, at *7, *19 (Dkt. 784);

    iii. for FHFA's Blue Sky claims, whether the Blue Sky laws make available a loss causation defense, and whether loss causation should be taken into account in a proper computation of damages or losses (if any there be) or otherwise in determining the proper remedy, *FHFA v. HSBC N. Am. Holdings Inc.*, 988 F. Supp. 2d 363, 369 (S.D.N.Y. 2013);

---

[10] Defendants respectfully disagree with each of the decisions listed in this Section III(A)(2)(b) and reserve all rights for appeal.

10

    iv.    for FHFA's Securities Act and D.C. Blue Sky claims, whether those claims are barred by the applicable statute of limitations, *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ----, 2014 WL 6462239, at *1 (S.D.N.Y. Nov. 18, 2014); and

    v.    for FHFA's Section 12 and Blue Sky claims, whether Nomura Securities, RBSSI, NAAC, and NHELI did not know, and in the exercise of reasonable care could not have known, of any misstatement or omission of material fact in the Prospectus Supplements, *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7232443, at *2-3 (S.D.N.Y. Dec. 18, 2014).

    **B.**    **Statement by Plaintiff**

Any defenses asserted by Defendants in their Answers that are not described in Section III.A.2.a, *supra*, do not remain to be tried. *See* Answer and Affirmative Defenses of the Nomura Defendants to the Amended Complaint, Dkt. 201, at 35-43; Defendant RBS Securities, Inc.'s Answer, Defenses, and Affirmative Defenses to Plaintiff's Amended Complaint, Dkt. 202, at 32-38.

    **C.**    **Statement by Defendants**

Section III A.2 identifies the affirmative defenses that remain to be tried. Defendants will respond to any evidence Plaintiff presents at trial.

**IV.**    **ESTIMATED LENGTH OF TRIAL & JURY DEMAND**

    **A.**    **Statement by Plaintiff**

There is no jury trial requested. The Court has previously held that there is not a right to a trial by jury for the remaining claims and defenses in this action. *See* January 15, 2015 Hearing

CONFIDENTIAL DISCUSSION DRAFT

Tr. at 3:9-12; *see also FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7232590, at *9 (S.D.N.Y. Dec. 18, 2014).

FHFA believes that six trial days are needed, exclusive of closing arguments. FHFA requests that the time be evenly divided between the Parties, with each Party's allotted time running during that Party's examination of a witness. FHFA further requests that each Party be allowed to present opening statements up to 30 minutes in length.

### B. Statement by Defendants

Defendants respectfully disagree with the Court's ruling that the remaining claims to be tried in this Action should not be tried to a jury and reserve all rights for appeal.

Defendants believe that eighteen trial days are needed, exclusive of closing arguments. Defendants request that thirteen days be allotted to Defendants and five days to Plaintiff, with each Party's allotted time running during that Party's examination of a witness. Defendants further request that each Party be allowed to present opening statements up to 30 minutes in length.

## V. TRIAL BY MAGISTRATE JUDGE

The Parties do not consent to a trial by a Magistrate Judge.

## VI. STIPULATIONS

The Parties have entered into the following stipulations for purposes of this Action:

1. The Parties entered into the Parties' Stipulations of Law and Fact, dated February 13, 2015, which is attached as Exhibit A.

2. The Parties entered into a Stipulation Regarding Loan File and Guideline Matching, dated May 2, 2014 (Dkt. 657), which is attached as Exhibit B.

3.  The Parties entered into a Stipulation and Order Regarding Authenticity and Admissibility of Loan Files, Guidelines, and Matrices, dated May 30, 2014 (Dkt. 687), which is attached as Exhibit C.

## VII. WITNESSES

The Parties reserve their rights to object to the testimony of any witness listed below to the extent a witness's testimony is, or may be, subject to Motions *in Limine* or *Daubert* Motions.

### A. Plaintiff's Witnesses

A list of all trial witnesses to be called by FHFA, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony, is attached as Exhibit D. FHFA reserves all rights to revise the description of each witness's expected testimony in light of any ruling made by the Court on the Parties' pending and forthcoming motions. FHFA reserves the right to call at trial any witness disclosed on Defendants' list.

### B. Defendants' Witnesses

A list of all trial witnesses to be called by Defendants, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony, is attached as Exhibit E. Defendants reserve all rights to revise the description of each witness's expected testimony in light of any ruling made by the Court on the Parties' pending and forthcoming motions. Defendants reserve the right to call at trial any witness disclosed on Plaintiff's list.

## VIII. DEPOSITION DESIGNATIONS AND OBJECTIONS

Pursuant to the Court's directive during the February 17, 2015 telephonic hearing, the parties will submit their deposition designations, counter-designations and objections in hard

copy to the Court by 10:00 a.m. on February 23, 2014.[11]  A legend explaining the abbreviations and color coding used by the parties to note their objections and designations is attached as Exhibit F.  The parties reserve their rights to amend, revise or withdraw any of their deposition designations, counter-designations or objections.

## IX.     TRIAL EXHIBITS AND OBJECTIONS

### A.     Plaintiff's Exhibits

A list of exhibits to be offered by FHFA in its case in chief, with one star indicating the exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground, is attached as Exhibit G.

### B.     Defendants Exhibits

A list of exhibits to be offered by the Nomura Defendants in their case in chief, with one star indicating the exhibits to which no party objects on grounds of authenticity, and two stars indicating the exhibits to which no party objects on any ground, is attached as Exhibit H.

A list of exhibits to be offered by the RBSSI Defendants in their case in chief, with one star indicating the exhibits to which no party objects on grounds of authenticity, and two stars indicating the exhibits to which no party objects on any ground, is attached as Exhibit I.

---

[11]  The Parties have agreed to meet and confer in advance trial to exchange objections and counter-objections to any designated deposition testimony for any witness within the Court's jurisdiction for whom the Parties agree to designate deposition testimony in lieu of calling that witness at trial.

CONFIDENTIAL DISCUSSION DRAFT

Dated:  February 20, 2015
         New York, New York

STIPULATED AND AGREED.

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | SULLIVAN & CROMWELL LLP |
|---|---|
| By: /s/ Philippe Selendy<br>   Philippe Z. Selendy<br>   Richard I. Werder, Jr.<br>   Jonathan Oblak<br>   Sascha N. Rand<br>   Manisha M. Sheth<br>   Andrew R. Dunlap<br>   51 Madison Avenue, 22nd Floor<br>   New York, New York 10010<br><br>   Richard A. Schirtzer<br>   865 South Figueroa Street, 10th Floor<br>   Los Angeles, California 90017<br><br>   Jon Corey<br>   777 6th Street NW, 11th Floor<br>   Washington, D.C. 20001<br><br>   *Attorneys for Plaintiff Federal Housing Finance Agency* | By: /s/ David Tulchin<br>   David B. Tulchin<br>   Steven L. Holley<br>   Bruce E. Clark<br>   Bradley A. Harsch<br>   Katherine J. Stoller<br>   125 Broad Street<br>   New York, New York 10004<br><br>   Amanda F. Davidoff<br>   1700 New York Avenue, N.W., Suite 700<br>   Washington, D.C. 20006<br><br>   *Attorneys for Defendants Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., Nomura Securities International, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca* |

CONFIDENTIAL DISCUSSION DRAFT

        SIMPSON THACHER & BARTLETT LLP

By: /s/ Thomas Rice
   Thomas C. Rice
   Andrew T. Frankel
   Alan Turner
   Craig S. Waldman
   Minta Nester
   John Robinson
   425 Lexington Avenue
   New York, New York 10017

   *Attorneys for Defendant RBS Securities Inc.*

**SO ORDERED**, at New York, New York
_____, 2015:

        DENISE L. COTE
        United States District Judge