UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION AND THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>NOMURA HOLDING AMERICA INC., *et al.*,<br><br>Defendants. | No. 11-cv-6201 (DLC)<br><br>ECF Case |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO EXCLUDE THE TESTIMONY OF DR. ANTHONY SAUNDERS**

Amanda F. Davidoff
(davidoffa@sullcrom.com)
Elizabeth A. Cassady
(cassadye@sullcrom.com)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW, Suite 700
Washington, DC  20006
Telephone:  202-956-7500
Facsimile:  202-956-6993
*Attorneys for Nomura Defendants*

David B. Tulchin (tulchind@sullcrom.com)
Steven L. Holley (holleys@sullcrom.com)
Bruce E. Clark (clarkb@sullcrom.com)
Bradley A. Harsch (harschb@sullcrom.com)
Katherine J. Stoller (stollerk@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  212-558-4000
Facsimile:  212-558-3588
*Attorneys for Nomura Defendants*

Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Andrew T. Frankel (afrankel@stblaw.com)
Alan Turner (aturner@stblaw.com)
Craig S. Waldman (cwaldman@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  212-455-2000
Facsimile:  212-455-2502
*Attorneys for Defendant RBS Securities Inc.*

February 2, 2015

## **TABLE OF CONTENTS**

                                                    **Page**

ARGUMENT ...................................................................................................................................1

I.  Dr. Saunders' Testimony and Opinions Are Irrelevant and Unreliable .................................1

    A.  Dr. Saunders' Testimony About Lawsuits That Have Settled Is Irrelevant .............1

    B.  Dr. Saunders Improperly Offers the Opinions of Other Experts ..............................2

    C.  Dr. Saunders Does Not Reliably Demonstrate Any Link Between the Loans in Dr. Vandell's Benchmark and Any of the Loans in the Five Articles ...........................4

    D.  Dr. Saunders' "Indirect Evidence" Does Not Provide Reliable Support for His Opinion ....................................................................................................................5

CONCLUSION ................................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Amorgianos* v. *Nat'l R.R. Passenger Corp.*,
  303 F.3d 256 (2d Cir. 2002) ................................................................................ 4, 5

*Daubert* v. *Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ........................................................................................ *passim*

*Major League Baseball Properties, Inc.* v. *Salvino, Inc.*,
  542 F.3d 290 (2d Cir. 2008) ...................................................................................... 6

*Malletier* v. *Dooney & Bourke, Inc.*,
  525 F. Supp. 2d 558 (S.D.N.Y. 2007) ...................................................................... 3

*Polythane Sys. Inc.* v. *Marina Ventures Int'l Ltd.*,
  993 F.2d 1201 (5th Cir. 1993) .................................................................................. 3

*Ruggiero* v. *Warner-Lambert Co.*,
  424 F.3d 249 (2d Cir. 2005) .................................................................................. 4, 6

*Sampson* v. *Radio Corp. of Am.*,
  434 F.2d 315 (2d Cir. 1970) ...................................................................................... 1

### **Rules**

Fed. R. Evid. 401 ............................................................................................................ 1, 7

Fed. R. Evid. 402 ............................................................................................................ 1, 7

Fed. R. Evid. 403 ............................................................................................................ 1, 7

Fed. R. Evid. 702 ..................................................................................................... 1, 4, 7

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Action | *FHFA* v. *Nomura Holding America Inc., et al.*, No. 11 Civ. 6201 (DLC) |
| Certificates | The seven securitizations at issue in this Action, NAA 2005-AR6, NHELI 2006-FM1, NHELI 2006-FM2, NHELI 2006-HE3, NHELI 2007-1, NHELI 2007-2 and NHELI 2007-3 |
| Defendants | Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., Nomura Securities International, Inc., RBS Securities Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin and N. Dante LaRocca |
| Def. Br. | Defendants' Memorandum of Law in Support of Their Motion to Exclude the Testimony of Dr. Anthony Saunders, dated January 8, 2015, in this Action |
| Ex. | Exhibit to the January 8, 2015 Declaration of Hilary R. Huber submitted in support of Defendants' Motion to Exclude the Testimony of Dr. Anthony Saunders |
| Opp. | Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude Testimony of Dr. Anthony Saunders, dated January 23, 2015 in this Action |
| Saunders Nov. Dep. | Deposition of Dr. Anthony Saunders in this Action, taken Nov. 26, 2014 |
| Saunders Report | November 10, 2014 Expert Report of Dr. Anthony Saunders in this Action |
| Vandell Report | July 9, 2014 Expert Report of Dr. Kerry D. Vandell in this Action |

Defendants respectfully submit this reply memorandum in support of their motion under Federal Rules of Evidence 401, 402, 403 and 702, and *Daubert* v. *Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993), to exclude the trial testimony and opinions of plaintiff's designated expert Dr. Anthony Saunders.

## ARGUMENT

### I. DR. SAUNDERS' TESTIMONY AND OPINIONS ARE IRRELEVANT AND UNRELIABLE.

Dr. Saunders relies principally on evidence of now-settled lawsuits and five academic articles ("Five Articles") to attempt to rebut the testimony of defendants' expert on loss causation, Dr. Kerry D. Vandell. Specifically, Dr. Saunders criticizes two of Dr. Vandell's three analyses: (i) his analysis based on the "Industry Benchmark," which compares the performance of the loans underlying the Certificates to the performance of comparable loans backing private label securities, and (ii) his analysis based on the "GSE Benchmark," which compares the performance of loans underlying the Certificates to the performance of loans purchased by Freddie Mac and Fannie Mae. (Ex. 1 (Vandell Report) ¶¶ 180, 182.)

#### A. Dr. Saunders' Testimony About Lawsuits That Have Settled Is Irrelevant.

Plaintiff fails to deal in any meaningful way with the clear and indisputable point that settlement of lawsuits does not demonstrate that the loans involved in those actions were not originated generally in accordance with originator guidelines. (Def. Br. at 10-12.) Plaintiff never addresses the cases relied on by defendants, which hold that "settlements are often reached for economic reasons and not because of concessions on legal issues." *Sampson* v. *Radio Corp. of Am.*, 434 F.2d 315, 317 (2d Cir. 1970); (Def. Br. at 11-12.) Nor does plaintiff respond to the fact that the settlements on which Dr. Saunders relied contained no admission of either wrongdoing or any failure to adhere to underwriting guidelines. (Def. Br. at 11-12.) Instead, plaintiff asserts

without explanation or authority that settlements and repurchases are "economic evidence" that the underlying loans were "defective." (Opp. at 8.) Dr. Saunders' speculation—his contention that "if someone pays me money to settle the case there must be some merit to it"—cannot form the basis of a legitimate expert opinion. (Ex. 3 (Saunders Nov. Dep.) at 154:8-11; *id.* at 168:21-23 ("I'm not a lawyer. I'm just giving you a simple English answer, is that why pay money if there's no problem.").) Our courts do not accept settlements of civil actions as evidence in a later case that the allegations in the earlier settled case had merit.

Contrary to plaintiff's assertion, Dr. Vandell did not concede the relevance of the settlements. His Industry Benchmark excluded the loans involved in 17 lawsuits brought by plaintiff (almost none of which had settled when Dr. Vandell disclosed the Industry Benchmark in December 2013) to remove any doubt, and to counter anticipated criticism from plaintiff about the validity of his benchmarks. Construction of a modified version of the Industry Benchmark that was designed to (and did) refute such criticism is not evidence that the criticism has any merit or that Saunders' speculation about the nature of the loans involved in the settled cases can form the basis for a proper expert opinion.

**B.     Dr. Saunders Improperly Offers the Opinions of Other Experts.**

Dr. Saunders' opinions and testimony related to the Five Articles should be excluded because he is merely repeating the opinions of other, non-testifying experts. (Def. Br. at 15-16.) Plaintiff conceded this point in the context of a similar motion *in limine*, where it acknowledged that another of its experts may not testify at trial about the opinions of non-testifying "experts" in the field. *See* Plaintiff's Opposition to Defendants' Motions *in Limine*, Nos. 4 & 5, at 2 (Jan. 20, 2015) ("FHFA of course agrees with the validity of this line of cases."). That concession should resolve this portion of the current motion in defendants' favor.

Plaintiff nevertheless asserts that Dr. Saunders should be permitted to testify to the opinions offered by the authors of the Five Articles, because he "does not 'merely repeat'" their conclusions but rather relied on them to form an "independent opinion, supported by additional economic evidence and analysis." (Opp. 9-10.) This mischaracterizes what Dr. Saunders proposes to say. Dr. Saunders has disclosed that he intends to testify to the opinions offered by the authors of the Five Articles (which he repeats in multiple paragraphs comprised of block quotations) and to say that those opinions apply to Dr. Vandell's benchmarks because some loans studied by the authors of the articles may have been included in those benchmarks. (Ex. 2 (Saunders Report) ¶¶ 16, 19-21.) In other words, Dr. Saunders seeks to offer the opinions of the authors of these Five Articles without any independent analysis. Dr. Saunders cannot use these articles in this fashion, "simply as a conduit for introducing hearsay, under the guise that the testifying expert used the hearsay as the basis of his testimony." *See Malletier* v. *Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007).

The reason goes back to one of the fundamental defects of hearsay: that defendants will not be able to cross-examine the authors of the Five Articles as to their methodology, statistical discrepancies, "or any other matters which might illuminate shortcomings" in their work. *See Polythane Sys. Inc.* v. *Marina Ventures Int'l Ltd.*, 993 F.2d 1201, 1208 (5th Cir. 1993). Here, not one of the Five Articles ever mentions or purports to offer any conclusions about the propriety of the origination of the loans, and the Griffin and Piskorski Articles both counted second lien loans as "unreported" even if they did not exist when the first lien loan was originated. (Def. Br. at 16-17 & n.3.) (*See also* Ex. 4 (Piskorski Article); Ex. 5 (Griffin Article); Ex. 6 (Demyanyk Article); Ex. 7 (Calem Article); Ex. 8 (Amromin Article).) At deposition, Dr. Saunders was unable to explain the methodologies used by the authors—and was

even unaware of the metrics used to identify a loan as having misreported data—and thus cross-examination of him cannot suffice.  (Ex. 3 (Saunders Nov. Dep.) at 112:12-114:24.)

Because these deficiencies relate to Dr. Saunders' "principles and methodology," *Daubert*, 509 U.S. at 595, they go to admissibility, not weight.  The Second Circuit's rule is clear: "'when an expert opinion is based on data, methodology or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.'"  *Ruggiero* v. *Warner-Lambert Co.*, 424 F.3d 249, 255 (2d Cir. 2005) (quoting *Amorgianos* v. *Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002)).

### C. Dr. Saunders Does Not Reliably Demonstrate Any Link Between the Loans in Dr. Vandell's Benchmarks and Any of the Loans in the Five Articles.

Dr. Saunders never properly challenges Dr. Vandell's Industry and GSE Benchmarks because Saunders never shows (i) the extent of overlap, if any, between the loans studied in the Five Articles and Dr. Vandell's benchmarks, or (ii) any other relationship between those groups of loans.  (Def. Br. at 17-20.)  It is no answer to say, as plaintiff does (Opp. at 10-11), that defendants bear the burden of proffering admissible evidence that proves their loss causation defense.  That proposition does not excuse plaintiff from complying with the *Daubert* standard for Saunders' testimony.  Saunders never connects the loans in the Five Articles to any of the loans underlying the five Certificates and he never shows that there is any overlap as between those groups of loans.  His analysis thus cannot "support the conclusions reached."  *See Amorgianos*, 303 F.3d at 266.

Plaintiff's argument that the Court should assume that there is some overlap—though it fails to say what the extent of the overlap actually is—because "Dr. Saunders makes use of very large databases to examine loans originated during the relevant time" (Opp. at 11) is more speculation.  There can be no dispute that two of the articles relied on by Dr. Saunders (Piskorski

-4-

and Griffin) excluded more than half of the available data—and excluded loans of certain types that Dr. Vandell included in his Industry Benchmark. (Def. Br. at 18.) Saunders never attempts to quantify the overlap or even to demonstrate that any exists. Similarly, two other articles (Calem and Amromin) studied only a few hundred thousand loans out of more than 15 million purchased by Freddie Mac and Fannie Mae during the period 2005 to 2007. (Def. Br. at 20.) Plaintiff fails to demonstrate that any of the loans at issue in those studies (which focused on high-cost lending and included prime loans) were part of Dr. Vandell's 4.4 million loan GSE Benchmark—rather than among the 10.8 million loans purchased by Freddie Mac and Fannie Mae during the relevant period that are not in Dr. Vandell's benchmark. (Def. Br. at 20.) "To warrant admissibility. . . it is critical that an expert's analysis be reliable at every step." *Amorgianos*, 303 F.3d at 267. Dr. Saunders has not established the necessary link between the loans in the articles on which he relies and the loans in Dr. Vandell's Benchmarks. *See Amorgianos*, 303 F.3d at 267.

### D. Dr. Saunders' "Indirect Evidence" Does Not Provide Reliable Support for His Opinion.

Dr. Saunders relies on three articles (Demyanyk, Calem and Amromin) that, according to plaintiff, provide "indirect evidence" that Dr. Vandell's benchmarks contain loans that were not originated in accordance with originator underwriting guidelines, because (plaintiff argues) those articles found that the relevant loans' performance could not be fully explained by their disclosed characteristics. (Def. Br. at 21-22.) Plaintiff admits that the most Dr. Saunders can say about those articles is that they are "consistent with defects" in the loans they studied (Opp. at 12)—but as Dr. Saunders testified, those studies also are not "proof" of defects and are "consistent with" the absence of defects. (Ex. 3 (Saunders Nov. Dep.) at 119:14-120:7; *id.* at 122:12-13.)

The assumption that unexplained performance is "indirect evidence" of defects is not a reliable basis for expert testimony. It is, as plaintiff concedes (Opp. at 12-13), merely an assumption that finds no support in the articles themselves (which never state or even imply that any level of unexplained performance of the loans studied is due to the fact that loans were not originated in accordance with underwriting guidelines). (Ex. 6 (Demyanyk Article); Ex. 7 (Calem Article); Ex. 8 (Amromin Article).) (*See also* Def. Br. at 21-22.) The Second Circuit has held that an expert's testimony that evidence is "consistent with" his conclusions and also consistent with other conclusions is too "vague and conclusory" to create a genuine issue of fact on summary judgment. *Major League Baseball Props., Inc.* v. *Salvino, Inc.*, 542 F.3d 290, 319 (2d Cir. 2008). Conclusory opinions unsupported by reliable analysis also are inadmissible under *Daubert*. *Ruggiero*, 424 F.3d at 255.

Contrary to plaintiff's assertion, Dr. Vandell never employed any reasoning or assumption similar to Saunders' speculation. Dr. Vandell compared the actual performance of at-issue loans with their expected performance based on benchmarks of loans. Where no difference existed, logic compels the conclusion that the alleged loan defects did not affect the loans' performance. Where (for one at-issue certificate) two of the three benchmarks showed a difference in performance, Dr. Vandell did not speculate about the cause of that difference. (Ex. 1 (Vandell Report) ¶ 199.) Dr. Saunders' attempt to offer opinions based on speculation is fundamentally unreliable and therefore should be excluded. *Ruggiero*, 424 F.3d at 255.

**CONCLUSION**

The Court should exclude the testimony of Dr. Anthony Saunders under Federal Rules of Evidence 401, 402, 403 and 702, and *Daubert* v. *Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Dated:  New York, New York
February 2, 2015

Respectfully submitted,

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Andrew T. Frankel (afrankel@stblaw.com)
Alan Turner (aturner@stblaw.com)
Craig S. Waldman (cwaldman@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
Telephone:  212-455-2000
Facsimile:  212-455-2502

*Attorneys for Defendant RBS Securities Inc.*

/s/ David B. Tulchin
David B. Tulchin (tulchind@sullcrom.com)
Steven L. Holley (holleys@sullcrom.com)
Bruce E. Clark (clarkb@sullcrom.com)
Bradley A. Harsch (harschb@sullcrom.com)
Katherine J. Stoller (stollerk@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  212-558-4000
Facsimile:  212-558-3588

Amanda F. Davidoff
(davidoffa@sullcrom.com)
Elizabeth A. Cassady
(cassadye@sullcrom.com)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW, Suite 700
Washington, DC  20006
Telephone:  202-956-7500
Facsimile:  202-956-6993

*Attorneys for Defendants Nomura Holding America Inc., Nomura Asset Acceptance Corporation, Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc., Nomura Securities International, Inc., David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca ("Nomura Defendants")*