quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7260**

WRITER'S INTERNET ADDRESS
**philippeselendy@quinnemanuel.com**

February 27, 2015

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. Nomura Holding America, Inc., et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write regarding the length of time for the depositions of Defendants' trial witnesses who have not yet been deposed. The parties have met and conferred on this issue and are at impasse.

The parties previously agreed, and the Court ordered, that consistent with settled practice, witnesses who are proffered at trial that had not been previously deposed may be deposed before trial. *See* Order Regarding Deposition Protocol, Dkt. 167 at 6 ("[A]ll parties to any Action shall have the right to depose, prior to the witness's live testimony at trial in that Action, any witness designated to testify at trial in that Action who has not previously been deposed in the Actions."). Defendants put 41 witnesses, including 10 expert witnesses and 10 "may calls," on their January 26, 2015 witness list. A number of these witnesses were not deposed during discovery, and the purpose for which they were being offered was not disclosed until Defendants submitted their declarations on February 20, 2015.

The witnesses that Defendants are proffering at trial that have not been deposed are set forth in Exhibit A, along with a brief description of the testimony each are proffering. As is evident from the descriptions of their testimony, these witnesses are uniquely situated, both in terms of the substance of their testimony and the time required to adequately explore their declarations and background. FHFA has proposed reasonable deposition time allocations as set forth in Exhibit A. While FHFA prefers all third party trial witnesses be deposed in New York, it has agreed to depose such witnesses at their place of residence.

Defendants have refused to agree to FHFA's proposal. Instead, they have insisted on insufficient deposition lengths, and have asserted that FHFA does not have the right to seek

depositions of these witnesses on the ground that depositions had to be taken before direct declarations were submitted.[1]

With two weeks remaining before trial, FHFA respectfully requests that Defendants immediately be required to produce the witnesses listed in Exhibit A for depositions of the lengths requested.

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy

---

[1] Defendants have also demanded 2.5 hours to depose FHFA witnesses on such basic facts (to which Defendants refused to stipulate, and some of which are subject to judicial notice) as the GSEs' principal places of business, that Defendants dealt with and sold the Certificates to GSE PLS traders located in D.C. and Virginia, and the principal and interest amounts paid on the Certificates.  FHFA has moved the Court separately for relief on this issue.