**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 2, 2015

By E-mail and ECF

The Honorable Denise L. Cote,
   United States District Judge,
      Daniel Patrick Moynihan United States Courthouse,
         500 Pearl Street, Room 1610,
            New York, New York 10007-1312.

            Re:   *FHFA* v. *Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

   Defendants respectfully submit this opposition to plaintiff's motion filed last Friday afternoon (Feb. 27) to take depositions of seven defense witnesses who already have submitted their direct testimony via affidavit. (Dkt. No. 1325, "Motion.") This letter also addresses another plaintiff motion, filed two minutes later, to limit the duration and scope of depositions of certain witnesses designated by plaintiff.[1] (Dkt. 1326.) Taken together, the two motions are another example of plaintiff's continued effort to have it both ways. The Court should deny plaintiff's request to take depositions of the seven defense witnesses, but if the Court rules otherwise, the depositions should be limited to 2.5 hours each—and that rule should apply equally to both sides.

I.   **PLAINTIFF IS NOT ENTITLED AT THIS POINT IN THE PROCEEDINGS TO ANY FURTHER DEPOSITIONS**

   Plaintiff's motion is based on the fact that it never took depositions of seven of defendants' trial witnesses, four of whom are appraisers who are not affiliated with any party in this action. The time to take depositions of these witnesses was in the period between Jan. 26 (when they were first designated by defendants) and Feb. 20 (when those witnesses' direct testimony was submitted). After defendants designated those witnesses on Jan. 26, plaintiff never even mentioned that it wished to take depositions until after their direct testimony was submitted on Feb. 20. It would be unfair and inappropriate to allow plaintiff to take depositions now, when counsel for plaintiff has in hand the direct testimony of those witnesses. The procedure for submitting written directs in advance is for the Court's convenience—not to give counsel for one party the advantage of waiting until after the affidavits were submitted, and then taking a deposition with that testimony in hand, and just prior to trial.

---

[1]   Because defendants address two letters submitted by plaintiff in a single response, defendants' three-page response is within the Court's two-page limit for discovery-related letters.

As the Court will recall, in its Sept. 23, 2013 Opinion & Order denying a request by defendants for certain depositions, the Court specifically noted that the parties "will have an opportunity to depose the trial witnesses *in advance of their trial testimony*." (Dkt. 504, at 3; *see also* Apr. 26, 2013 Hr'g Tr. at 15:5-25 ("the adversaries will have an opportunity to take a deposition *before the trial testimony*.") The Court, and the parties, thus clearly contemplated that any pretrial depositions would occur before witnesses provided trial testimony. Plaintiff's current motion is in direct contradiction to these long-standing arrangements.

Instead of requesting depositions when the witnesses were designated in January, as the parties and Court contemplated, plaintiff waited four weeks after it received notice that the witnesses would testify at trial. The parties exchanged lists of trial witnesses on Jan. 26, 2015, and defendants' list included all seven of these witnesses. (Ex. A.) Plaintiff, however, failed to comply with its obligation to disclose its trial witnesses in January—instead, it first disclosed Christy Li, Chaka Long and Kenneth Johansen on February 20, *i.e.*, four weeks after the deadline. Contrary to plaintiff's claim in its Motion, on Jan. 26 defendants disclosed with specificity the testimony that each defense witness would be expected to give. (Ex. A.) In particular, defendants informed plaintiff that they intended to call (a) four non-party appraisers to testify about "the appraisals [he or she] conducted" and "plaintiff's criticisms of those appraisals"; (b) non-party Derick Greene, an employee of Clayton Services LLC, to testify about "(i) Clayton's pre-acquisition review of mortgage loans during 2005 to 2007, including with respect to the at-issue securitizations, (ii) Nomura's use of overlays, and the impact of those overlays on Clayton's reviews, and (iii) the effect of housing prices and other factors on performance of mortgage loans and RMBS"; (c) Nomura employee Nita Nambiar to testify about "Nomura's profit and loss statements for the at-issue securitizations, and its investments in, and the performance of, the residuals of those securitizations"; and (d) Analysis Group employee David Mishol to testify concerning "data on Nomura's pre-acquisition review of loans during the 2005 to 2007 time period, including with respect to the at-issue securitizations." (Ex. A.) Plaintiff did not request depositions of these defense witnesses until February 23, 2015—a full four weeks after plaintiff received notice that these individuals would appear as trial witnesses. (Ex. B.)

The allowance for depositions in the Order Regarding Deposition Protocol (Nov. 28, 2012, Dkt. No. 164) existed to prevent unfair surprise and to permit the parties to prepare for cross-examination at trial. *See Bear, Stearns Funding, Inc.* v. *Interface Group-Nevada, Inc.*, 2007 WL 4051179, at *1 (S.D.N.Y. Nov. 9, 2007) (noting with regard to order that a party may take the deposition of previously un-deposed trial witnesses that its "manifest purpose . . . was to assist counsel in preparing for trial and prevent unfair surprise"). Permitting a deposition of a witness who had never been deposed is sensible prior to the time of the submission of their direct testimony, not after. *Cf. Video-Cinema Films, Inc.* v. *The Lloyd E. Rigler-Lawrence E. Deutsch Foundation*, 2005 WL 2875327 at *1, n.6 (S.D.N.Y. Nov. 2, 2005) (rejecting claim that submission of affidavit from undeposed witness on summary judgment constituted "unfair surprise").

Plaintiff did not seek depositions in the period that was available for that purpose (Jan. 26 to Feb. 20), and it is too late to do so now, when trial is two weeks away. If granted, the motion would impose on defendants the burden of preparing for and defending seven depositions in the next two weeks. At least four of these depositions would take place out of state, in four different locations: appraiser Michele Morris resides near Miami, Florida; appraiser Dan Platt resides near Orlando, Florida; appraiser Lee Clagett lives in Berlin, Maryland; and Clayton employee Derick

Greene resides near Shelton, Connecticut.  These four witnesses and the remaining appraiser are non-parties, and it is also unfair to impose on them in the short period before trial.

Although plaintiff relies on a provision in the Order Regarding Deposition Protocol providing that the parties will have the right to depose "any witness designated to testify at trial in that Action who has not previously been deposed in the Actions" (Nov. 28, 2012, Dkt. No. 164), the parties negotiated that protocol when they contemplated a jury trial at which witnesses would not be providing affidavits of their trial testimony.   That provision is no longer applicable now that the direct testimony of these witnesses has been submitted.

Moreover, plaintiff's request for depositions of non-parties should be denied for the additional reason that the provision for pre-trial depositions was not meant to extend to non-party witnesses.  *See* Apr. 26, 2013 Hr'g Tr. at 15:5-25 ("Now, we have this—and have always had this—understanding and agreement, and I think it's reduced to writing; that if a party calls a *party witness* at trial that hasn't previously been deposed, that the adversaries will have an opportunity to take a deposition before the trial testimony"; May 14, 2012 Hr'g Tr. at 28:22-29:5 (noting  provision for pre-trial depositions, "Probably *not third parties*, but a party witness").

## II.    IF PRE-TRIAL DEPOSITIONS ARE PERMITTED, THE SAME RULES SHOULD APPLY TO BOTH SIDES

If the Court permits pre-trial depositions, it should impose the same 2.5 hour limitation on all depositions.  In this connection, it is important to note that plaintiff does not oppose defendants' request to take depositions of Christy Li, Chaka Long and Kenneth Johansen—nor could it do so, given that plaintiff never designated these witnesses until Feb. 20 (long after the deadline in January for doing so).  Thus, there is no dispute that defendants can proceed with those depositions because unlike plaintiff, it never had the chance to seek depositions of these new witnesses in the period prior to Feb. 20.

Further, there is no basis to impose the one-sided time limits plaintiff has requested.  Plaintiff seeks permission to depose seven defense witnesses for a total of 25.5 hours: 2.5 hours for each of four appraisers; 3.5 hours for Clayton witness Derick Greene; 5.0 hours for David Mishol, who is testifying about data pertaining to Nomura's due diligence reviews; and 7.0 hours to depose Nomura employee Nita Nambiar concerning Nomura's residual interests in the Securitizations, and realized losses and principal and interest payments made on the Certificates.  At the same time, plaintiff asks the Court to limit defendants' total deposition time to 2 hours: 0.5 hours each for Christy Li and Chaka Long, and 1 hour for Kenneth Johansen.[2]

In sum, there is no basis to give plaintiff one set of rules, and to apply a different set to defendants.  If there are going to be depositions in the short time remaining before trial, they should be limited to 2.5 hours each.

---

[2]    Plaintiff's complaint that defendants have not stipulated to certain facts is nonsense.  Indeed, defendants proposed stipulations about "basic facts" such as the amounts of principal and interest plaintiff has received on the Certificates (based on the uncontroversial trustee reports), and plaintiff responded with a flat refusal to agree, saying only that it would try to reach agreement on such facts at a later date.

Hon. Denise L. Cote                                                                                          -4-

                                         Respectfully submitted,

                                         /s/ David B. Tulchin

                                         David B. Tulchin

cc:     Counsel of Record via e-mail and ECF