**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7551**

WRITER'S INTERNET ADDRESS
**andrewdunlap@quinnemanuel.com**

March 2, 2015

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     *FHFA v. Nomura Holding Am. Inc.*, 11 Civ. 6201 (DLC) (S.D.N.Y.)

Dear Judge Cote:

  We write on behalf of Plaintiff Federal Housing Finance Agency ("FHFA") to request that the Court enter a schedule for the parties to attempt to resolve pending objections to testimony and exhibits in advance of the pre-trial conference on March 9, 2015.

  On February 20, 2015, the parties submitted, among other things, the Joint Pretrial Order, which attached the parties' lists of proposed exhibits, and affidavits containing their witnesses' affirmative testimony. In total, the parties proposed 7,075 exhibits (exclusive of re-underwriting materials) and submitted 48 affidavits. Consistent with the Court's Individual Practices, the parties did not exchange specific objections to exhibits, and they have not yet exchanged objections to affidavit testimony.

  FHFA submits that, in advance of trial, the parties should identify any objections they have to each other's affidavits, submit revised affidavits that attempt to resolve those objections, and raise to the Court any lingering objections to this direct testimony. This process would ensure that affidavit testimony introduced into evidence during the trial will be as free as possible of objectionable material, so that the parties and the Court can concentrate on resolving the substance of the parties' dispute. Similarly, the parties should endeavor to resolve, to the extent possible, any lingering objections to exhibits, and to raise those issues to the Court, so that the exhibits may be received during trial with a minimum of distraction.

  Such a process is especially warranted here, as the Court decided a large number of motions *in limine* and *Daubert* motions in the weeks before February 20, and a review of Defendants' submissions indicates that they did not necessarily withdraw exhibits or testimony to reflect the results of those rulings. To the extent that Defendants did not withdraw those materials for fear of waiving their appellate rights, an order preserving those rights would allow them to withdraw the extraneous material in advance of trial.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

To that end, FHFA respectfully requests that the Court enter the following schedule. FHFA proposed this schedule to Defendants on February 28, 2015, but they have not responded.

**Exhibits**

By March 3, 2015, the parties exchange revised exhibit lists that withdraw exhibits that have been excluded by the Court's rulings on motions *in limine* or *Daubert* motions. The withdrawal of these exhibits would not waive any parties' objections to any such rulings, and the parties' appellate rights as to those rulings would be preserved; a party would not need to proffer an excluded exhibit to preserve its appellate rights.

By March 5, 2015, the parties exchange objections to those updated exhibit lists that provide specific objections to each exhibit, and also identify any objections to evidence underlying any summary charts proffered by another party.

By March 7, 2015, the parties meet and confer in an attempt to resolve any remaining objections, especially any hearsay objections.

On March 8, 2015, the parties submit revised exhibit lists to the Court.

At the pre-trial status conference on March 9, the parties will report to the Court which exhibits are not the subject of admissibility objections and which objections remain for the Court to resolve.

**Affidavit Testimony**

By March 3, 2015, the parties exchange objections to affidavits constituting the direct testimony of trial witnesses.

By March 5, 2015, the parties meet and confer regarding those objections.

By March 7, 2015, the parties exchange revised affidavits that respond to those objections.

At the pre-trial status conference on March 9, the parties will report to the Court if there are portions of any trial affidavits that are still subject to objection.

Respectfully submitted,

*/s/ Andrew Dunlap*
Andrew Dunlap
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

*Attorneys for Plaintiff Federal Housing Finance Agency*

cc:     Counsel of Record (via ECF)