**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7260**

WRITER'S INTERNET ADDRESS
**philippeselendy@quinnemanuel.com**



March 3, 2015

VIA ECF

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     *FHFA v Nomura. Am. Holdings, Inc. et al.*, No. 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

On behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), we write in opposition to Defendants' letter of earlier today, in which Defendants ask that FHFA be required to disclose the order of its trial witnesses by noon on March 9, 2015, a full week before trial begins on March 16, 2015. *See* Dkt. 1341.

In meet-and-confer sessions over the past several weeks, FHFA proposed to Defendants that the parties provide each other with 24 hours' notice before calling any expert witness, and 48 hours' notice before calling any fact witness. FHFA understood Defendants to accept this proposal, at least as far as it extended to fact witnesses; in trial subpoenas served last week on former GSE employees represented by Quinn Emanuel, Defendants stated: "*By agreement with your counsel*, your counsel will be notified in writing of the date and time of you must appear *two days prior to the date and time of your appearance*." Ex. 1 at 1 (subpoena to J. Lockhart) (emphasis added); Ex. 2 at 1 (subpoena to J. Norris) (same statement). Defendants do not explain how this acknowledged "agreement with" FHFA's counsel permits them to demand that FHFA provide at least a full week's prior notice before calling any trial witness as part of its affirmative case. Instead, Defendants disingenuously assert that FHFA rejected their proposal to covertly terminate the parties' agreement "without explanation." Dkt. 1341.

Further, Defendants do not explain why they require a week's notice in order to examine FHFA's witnesses in this case. Defendants will have had nearly a month since the parties exchanged affidavits of direct testimony on February 20 to prepare for cross-examinations. Moreover, neither FHFA nor Defendants should be locked in now to a trial schedule that could be affected by the resolution of several outstanding issues, including the Court's decision on the length of trial, its pending rulings on several evidentiary motions, and the parties' revision of their trial affidavits based on objections.

Consequently, only a basic amount of notice regarding the appearances of witnesses is warranted. 24 hours' notice is sufficient for expert witnesses, who are all appearing affirmatively, so that opposing counsel may appear for cross examination. 48 hours' notice is sufficient for fact witnesses, as the date of trial has been known for months, and as FHFA has, and Defendants should have, informed those witnesses that they must be available during the anticipated period of the trial.

For these reasons, FHFA respectfully submits that Defendants' request for disclosure of the order of witnesses should be denied, and requests that the Court enter an Order requiring the parties to provide: (1) 24 hours' notice before calling any expert witness; and (2) 48 hours' notice before calling any fact witness.

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy

*This issue will be addressed at the final pre trial conference.*

*Denise Cote*

*3/3/15*

2