```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY,          :        11cv6201 (DLC)
                                         :
                  Plaintiff,             :    MEMORANDUM OPINION
                                         :        AND ORDER
         -v-                             :
                                         :
                                         :
NOMURA HOLDING AMERICA, INC., et al.,    :
                                         :
                  Defendants.            :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

    On January 26, 2015, defendants listed four appraisers as trial witnesses. Affidavits constituting their direct testimony were submitted on February 20 with the Pretrial Order. On March 2, after the Court granted FHFA's request to depose the appraisers, defendants advised that Nomura's counsel, Sullivan & Cromwell LLP, had been engaged that same day to represent the four appraisers. Defendants represent that none of the appraisers had previously been represented by counsel.

    By letter of March 3, FHFA requests that Nomura's counsel be ordered (1) to provide information sufficient to determine if its representation of the appraisers is a bona fide attorney-client representation made for purposes of rendering legal advice, and (2) to disclose all communications between it and the appraisers. FHFA's letter further requests that the

appraisers be required to produce all relevant documents in advance of their depositions.

Defendants responded by letter of March 4, arguing that FHFA cannot meet the standard necessary to disqualify Nomura's counsel from representing the appraisers.  Notably, FHFA has not moved to disqualify Nomura's counsel from representing the appraisers.  FHFA cites no controlling authority, and none has been found, in support of its request for an order directing an adverse party's counsel to provide information sufficient to determine if its representation of a third-party trial witness is a bona fide attorney-client representation.

For purposes of resolving the instant dispute, it is assumed that, under federal law, Nomura's counsel in fact entered into an attorney-client relationship with the four appraisers on March 2.  See Fed. R. Evid. 501 ("The common law -- as interpreted by United States courts in the light of reason and experience -- [generally] governs a claim of privilege . . . ."); see also von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir. 1987) (in a federal question case, "the asserted privileges are governed by the principles of federal law"); Fitzpatrick v. Am. Int'l Grp., Inc., 272 F.R.D. 100, 104-05 (S.D.N.Y. 2010) ("The text of Rule 501 . . . states a rule for determining which body of law governs 'the privilege

of a witness,' wording that was evidently intended to address not merely the potential existence of a privilege but the related questions of who holds the privilege, the factual premises for invoking the privilege, whether the privilege may be waived, and, if so, by whom and under what circumstances."). Consequently, communications between Nomura's counsel and the appraisers prior to March 2 are not privileged.  Accordingly, it is hereby

    ORDERED that the practices the parties followed in connection with third-party discovery during the period of fact discovery in this action will govern the discoverability of communications that took place prior to March 2, 2015 between the appraisers and either defendants or defense counsel, including the discoverability of any drafts of the appraisers' affidavit testimony.

    IT IS FURTHER ORDERED that, to the extent that the material sought by FHFA is discoverable, it shall be produced to FHFA at least twenty-four hours in advance of the appraiser's deposition.

IT IS FURTHER ORDERED that the parties shall promptly confer in an attempt to reach agreement about the production of documents by the appraisers or by defendants and defense counsel and bring any remaining disputes to the Court's attention.

Dated:    New York, New York
         March 4, 2015

                                                                                DENISE COTE
                                   United States District Judge