```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
FEDERAL HOUSING FINANCE AGENCY,          :    11cv6201 (DLC)
                                         :
                Plaintiff,               :    ORDER
                                         :
      -v-                                :
                                         :
                                         :
NOMURA HOLDING AMERICA, INC., et al.,    :
                                         :
                Defendants.              :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

A final pretrial conference in this case is scheduled for Monday, March 9, at 2:00pm, in Courtroom 15B. Accordingly, it is hereby

ORDERED that oral argument shall be held at that conference on the following pending motions to the extent discussed below:

1) Defendants' November 6, 2014 Daubert motion to exclude the trial testimony and opinions of FHFA's expert Robert Hunter to the extent that he refers to or relies on any "minimum industry standards." A January 29, 2015 Opinion stated that oral argument would be heard on whether the minimum industry standards may be used to fill gaps when an Originator's underwriting guidelines are "silent" on a particular step in the origination process. Counsel should be prepared to address whether the extent to which Hunter may offer such testimony should not be resolved at trial, during the examination of Hunter.

2) FHFA's January 8, 2015 Daubert motion to exclude the opinion and testimony of defendants' expert Michael Hedden and defendants' January 8, 2015 motion in limine number 5 to exclude FHFA's expert John Kilpatrick's testimony as to Questions 7, 8, and 9 of his Credibility Assessment Model. Having examined Exhibit 4 to the

    January 23, 2015 Declaration of James H. Congdon in Opposition to FHFA's Daubert motion to exclude the testimony of Hedden -- specifically, iMortgage Services documents relating to the first three properties listed in that Exhibit, numbers 1001831518, 1001833854, and 1001904135 -- and Exhibits 5, 6, and 7 to defendants' motion in limine number 5, the Court expects to deny both motions, but will give counsel a brief opportunity to be heard.

3) Defendants' January 30, 2015 motion in limine number 9 to preclude FHFA from presenting any evidence or making any argument relating to internal Clayton Holdings LLC documents called "trending reports."

4) FHFA's January 8, 2015 motion in limine number 6 to the extent it sought to exclude lay opinion testimony on loss causation. In the event they have not already done so, defendants shall identify to FHFA by Friday, March 6, the lay witnesses from whom they intend to elicit opinions regarding the cause of any losses by a GSE to its PLS portfolio. The parties shall meet and confer before the conference in an effort to resolve any disputes regarding this testimony.

5) FHFA's January 30, 2015 motion in limine number 9 to prohibit defendants from offering documents or eliciting testimony related to governmental investigations or cases other than this action. A February 19, 2015 Opinion explained that the application of Fed. R. Evid. 801(d)(2)(D) would largely determine the admissibility of testimony given by GSE witnesses Raymond Romano and Donald Bisenius during the course of their employment in connection with an SEC investigation. By Friday, March 6, the parties shall notify the Court whether there is any remaining dispute over the admissibility of such testimony.

IT IS FURTHER ORDERED that FHFA's January 30, 2015 motion in limine number 8 addressed to Freddie Mac's AMO reviews is denied. Those portions of the AMO reviews that reflect originators' tolerance levels for the variation between an

appraisal and an AVM will be received not for the truth, but for the fact that this data about the appraisal tolerance levels was provided to the GSEs' traders.  Defendants offer this information on the issue of materiality, and it will be received as relevant to that issue.  By Monday, March 9, defendants shall provide FHFA the redacted AMO reviews that they will seek to offer at trial.

Dated:    New York, New York
          March 5, 2015

                                        _____
                                              DENISE COTE
                                        United States District Judge