**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 9, 2015

By E-mail

The Honorable Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Court House,
            500 Pearl Street, Room 1610,
                New York, New York 10007-1312.

Re:    *FHFA* v. *Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

Defendants respectfully submit this opposition to plaintiff's January 30, 2015 Motion *in Limine* No. 9 ("Mot." or Motion"). Plaintiff seeks to exclude evidence that falls into three categories: (i) testimony from investigations by the United States Securities and Exchange Commission ("SEC") of Freddie Mac and Fannie Mae and testimony given in this action that plaintiff contends relates to the SEC's investigations; (ii) testimony and documents from other lawsuits; and (iii) testimony and documents that plaintiff contends "relate exclusively to other cases coordinated with this action." (Mot. at 1-3.) The evidence plaintiff seeks to exclude is relevant to falsity, materiality and loss causation and should be admitted at trial.

## ARGUMENT

### I.    TESTIMONY FROM, OR RELATED TO, THE SEC'S INVESTIGATIONS, EVIDENCE FROM OTHER LAWSUITS, AND EVIDENCE FROM THE COORDINATED ACTIONS IS RELEVANT AND ADMISSIBLE. [1]

At trial, plaintiff bears the burden of proving that there are misstatements in the Offering Documents for the at-issue Securitizations and that those misstatements were material. 15 U.S.C. § 77l(a)(2); D.C. CODE § 31-5606.05; V.A. CODE § 13.1-522(A)(ii). To prove materiality, plaintiff must show that the "representations or omissions, considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor

---

[1]    Defendants have withdrawn from their exhibit list interview memoranda, interview transcripts and written testimony to the Financial Crisis Inquiry Commission. (DX. 0876, 0877, 0892, 0893, and 1097.) Accordingly, plaintiff's argument as to these documents is moot. In addition, defendants will withdraw from their exhibit list SEC interview memoranda and transcripts of certain SEC interviews. (DX. 0872, 0875, 0868, 0891, 0894, 0896.)

regarding the nature of the securities offered." *Halperin* v. *eBanker USA.com, Inc.*, 295 F.3d 352, 357 (2d Cir. 2002). Materiality is an "inherently fact-specific finding," *Litwin* v. *Blackstone Grp.*, 634 F.3d 706, 716-17 (2d Cir. 2011), that "turns on context," *In re IAC/InterActive Corp. Sec. Litig.*, 695 F. Supp. 2d 109, 117 (S.D.N.Y. 2010) (internal quotations omitted). The "total mix of information" includes, among other things, information already in the public domain and facts known or reasonably available to potential investors. *Litwin*, 634 F.3d at 718. Even if plaintiff proves a material misstatement in the Offering Documents, defendants are entitled to show that any losses suffered by plaintiff were caused by factors other than the alleged misstatements, "such as 'changed economic circumstances, changed investor expectations [or] new industry-specific or firm-specific facts ,[or] conditions.'" *FHFA* v. *Nomura Holding Am. Inc.*, 2014 WL 7232590 at *5 (S.D.N.Y. Dec. 18, 2014) (quoting *Acticon Ag* v. *China N.E. Petro. Holdings Ltd.*, 692 F.3d 34, 40 (2d Cir. 2012)) (alterations in original).

Plaintiff's argument on this motion is based on the incorrect assertion that evidence going to materiality and loss causation cannot be relevant if it does not specifically mention the Securitizations at issue. For example, materiality must be assessed in light of the "total mix of information," which is not limited to Securitization-specific evidence. *See Litwin,* 634 F.3d at 718. Likewise, in proving that any losses suffered by Freddie Mac and Fannie Mae are attributable to factors other than the alleged misstatements, defendants are fully entitled to show that macroeconomic events (*e.g.*, "changed economic circumstances") affected the mortgage market as a whole. The evidence at issue on this motion pertains in many cases to exactly these kinds of market events and is obviously relevant even if it does not specifically mention the Securitizations.

**A.      Testimony In This Action That Relates to the SEC's Investigations of Freddie Mac and Fannie Mae Is Relevant and Admissible.**

Plaintiff asks the Court to exclude testimony given in this action that plaintiff claims relates to the SEC's investigations of Freddie Mac and Fannie Mae, which purportedly "only concern the GSEs' single-family businesses." (Pl. Mot. at 2.) Contrary to what plaintiff says, such testimony is relevant and admissible.

For example, senior Freddie Mac and Fannie Mae executives testified at depositions in this case about the decline in house prices beginning in 2007, and the impact of that decline on the delinquency rates of residential mortgage loans. Raymond Romano, Senior Vice-President of Credit Risk Oversight at Freddie Mac during 2005 to 2007—whose job responsibilities were not limited to the "single family side" of Freddie Mac—testified at deposition that a slowing of house price appreciation led to increased concern for credit risk because "if housing prices are beginning to decline, then you could be exposed to higher risk of defaults." (Pl.'s Ex. 14 at 191:4-22.) Former Fannie Mae Chief Risk Officer Enrico Dallavecchia adopted testimony in this action that ███████████████████████████████ █████████████████████████████████████████████████████████████████████████ █████████████████████████████████ And Fannie Mae Executive Vice President Peter Niculescu testified at deposition in this case that ████████████████████████████ █████████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ This testimony is relevant to defendants' argument that factors other than alleged misstatements in the Offering

Documents—including an unprecedented decline in house prices—are the cause of most if not all of Freddie Mac's and Fannie Mae's alleged losses.

Plaintiff also seeks to exclude testimony given in this action by Patti Cook, Freddie Mac's former Chief Business Officer, about Freddie Mac's purchase of PLS backed by subprime loans and Freddie Mac's reliance on credit support and subordination in connection with those purchases. (*See* Pl.'s Ex. 16 at 125:6-15 (Q: And is that—and one of the reasons that you didn't do any analysis of [whether or not originators were complying with underwriting guidelines] was because you were relying on—Freddie Mac was relying on the credit support and subordination that you referred to earlier? A: The comfort with investing in those securities came in part from the 30 percent subordination).) This testimony—which explicitly references PLS, not just the single family business—is relevant circumstantial evidence of what reasonable investors considered important when purchasing PLS during 2005 to 2007. It goes to materiality.

Contrary to plaintiff's argument, all of the above testimony is not inadmissible hearsay. (Mot. at 5.) There is no dispute that Raymond Romano and Enrico Dallavecchia are not "available" to testify in this action within the meaning of Rule 804(a).[2] Each of those witnesses testified at deposition in this action, and plaintiff had every opportunity during those depositions to cross-examine. Their testimony is admissible under Rule 804(b)(1). The fact that testimony in this action may reference, discuss or adopt testimony in other actions does not change this rule.

### B. Testimony Given by Then-Current Employees In the SEC's Investigations Is Relevant and Admissible.

Plaintiff also seeks to exclude the 2009 and 2010 SEC testimony of then-current Freddie Mac employees Raymond Romano and Donald Bisenius on the basis that it is irrelevant and inadmissible hearsay.[3] (Mot. at 2, 4.) Not so. For example, Romano testified, among other things, that ███████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████. Plaintiff's argument that the SEC testimony is inadmissible hearsay is also incorrect. ████████████████████████████ ████████████████████████, and their testimony thus constitutes admissions of a party opponent under Rule 801(d)(2)(D). *See, e.g.*, *Lipton* v. *County of Orange*, 315 F. Supp. 2d 434, 450 (S.D.N.Y. 2004) (citing with approval a case in which evidence was deemed "admissible under Rule 801(d)(2)(D) because [a]ll of the officers quoted . . . were employees of

---

[2]     Defendants intend to call Peter Niculescu and Patti Cook to testify at trial. To the extent defendants are unable to procure their attendance by subpoena, defendants reserve the right to offer their prior testimony pursuant to Rule 804(a)(5)(A).

[3]     Defendants do not dispute that the transcripts of the SEC testimony of former Freddie Mac and Fannie Mae employees who were no longer employed at the time the SEC depositions were taken are not admissible.

the Chicago Police Department at the time these statements were made and their statements concerned matters within the scope of their employment") (internal quotation marks omitted).

### C.    Evidence From Other Lawsuits Is Relevant and Admissible.

Plaintiff seeks to exclude testimony and documents from other lawsuits based on the assertion that such materials cannot be relevant because they purportedly do not "concern[ ] the Certificates at issue here." (Mot. at 3.) This is based on the misguided notion that to be admissible in this case, evidence must explicitly reference the specific Securitizations at issue. For example, plaintiff seeks to exclude statements made by Freddie Mac in a memorandum of law submitted in October 2013 in a case captioned *Ohio Public Employees Retirement System* v. *Freddie Mac*, 4:08-cv-160 (N.D. Oh.) that "[i]n the years leading up to 2006 . . . Freddie Mac warned investors that, if real estate values declined, or credit tightened, or interest rates changed, it was likely to incur unavoidable losses"—and that "[j]ust as Freddie Mac had warned investors, its financial results and its stock price suffered [in 2007] as a result of the collapse of the financial markets." (Pl.'s Ex. 29, at 4.) Freddie Mac made similar statements on June 11, 2014 during oral argument in that same action:

> But what happened? This is what happened: The single largest decline [during 2007 and 2008] in home prices in recorded United States history. As you saw, the analysts were aware, the street was aware, Freddie Mac was going to suffer losses if there were home declines, home price declines. If there is going to be the biggest home price decline in recorded history, it's going to hurt Freddie Mac. Freddie Mac's principal assets are home mortgages and mortgage-backed securities. (Pl.'s Ex. 30 at 32:22-33:5.)

Statements by Freddie Mac about the impact of declining house prices on home mortgages and mortgage-backed securities during the relevant period generally are highly relevant to loss causation, regardless of whether they explicitly mention the specific Securitizations at issue here.

Moreover, contrary to plaintiff's argument, those statements in open court are not inadmissible hearsay.[4] Statements by Freddie Mac's counsel during oral argument are admissions of a party opponent, and thus not hearsay. Fed. Rule Evid. 801(d)(2) (a prior statement is not excludable as hearsay if the statement was authorized by the party or is a statement by his agent . . . concerning a matter within the scope of his agency or employment). Statements made by counsel of record in open court are presumed to be authorized by the client, and constitute admissions by that party. *See U.S.* v. *GAF Corp.*, 928 F. 2d 1253, 1259 (2d Cir. 1991) ("statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney"); *U.S.* v. *McKeon*, 738 F.2d 26, 31-32 (2d Cir. 1984) (opening statement of counsel in a prior lawsuit was a party admission); *HSqd, LLC* v. *Morinville*, 2013 WL 1131590, at *3 (S.D.N.Y. Mar. 18, 2013) ("a party's own statement, or that made by his agent, such as an attorney, is non-hearsay.")

---

[4]    Plaintiff does not assert that the memorandum of law submitted by Freddie Mac in the *Ohio Public Employees Retirement System* case is inadmissible hearsay, and such memoranda are admissible. *See Purgess* v. *Sharrock*, 33 F.3d 134, 143-44 (2d Cir. 1994) (admitting under Rule 801(d)(2) a statement of fact made by a party in an earlier memorandum of law).

Plaintiff also seeks to exclude testimony by Vicki Beal in her capacity as a Rule 30(b)(6) witness for Clayton Holdings, LLC in *Federal Home Loan Bank of Seattle* v. *Banc of America Securities, LLC, et al.* ("*FHLB Seattle*")*,* No. 09-2-46319 (Wash. Super. Ct., King County) on the grounds that it is irrelevant and inadmissible hearsay. (Mot. at 3-4.) The testimony plaintiff claims is irrelevant includes a description of the types of services Clayton provided to its clients during 2004 through 2008, and a description of Clayton's system for grading loans a "1," "2," or "3." (*See* Pl.'s Ex. 27 at 20:10-18, 145:7-151:14.) This testimony is highly relevant to key issues in this action, including falsity. Defendants will present evidence of Clayton's contemporaneous reviews of loans backing the Securitizations, and the results of those reviews, to show that plaintiff's contention about false statements are incorrect.

Ms. Beal's testimony in *FHLB Seattle* is admissible under Rule 804(b)(1), Fed. R. Evid. Beal's testimony is being offered against a party whose predecessor in interest had an opportunity and similar motive to cross examine the witness. "With respect to the interpretation of 'predecessor in interest,' courts have . . . admitt[ed] testimony where it appears in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination." *FHFA* v. *Merrill Lynch & Co.*, *Inc.*, 2014 WL 798385, at *1 (S.D.N.Y. Feb. 28, 2014) (Cote, J.). The *FHLB Seattle* action involved substantially similar allegations of material misstatements in offering documents for mortgage-backed securities, and thus plaintiff, the Federal Home Loan Bank of Seattle, had the same motive in questioning Ms. Beal about Clayton's services during 2004 through 2008 as plaintiff here.

### D.  Evidence That Relates to Other Coordinated Cases is Relevant.

Plaintiff asks the Court to preclude defendants from introducing "documents and testimony [from the coordinated actions]" because they do not specifically reference the at-issue Securitizations.[5] As the Court is aware, the defendants in the sixteen coordinated actions were restricted to jointly taking only 26 fact depositions of plaintiff's witnesses and three Rule 30(b)(6) depositions. (*See* Sept. 23, 2013 Order (Doc. No. 482)). Common questioning on behalf of all sixteen defendant groups necessarily used exemplary documents to question witnesses about topics broadly applicable to all of the actions, including Freddie Mac's credit approval process (*see* Pl.'s Exs. 31, 35, 38 and 39), Fannie Mae's pre-purchase analysis process (Pl.'s Ex. 43), Freddie Mac's and Fannie Mae's counter-party review process (*see* Pl.'s Exs. 37, 40), Freddie Mac and Fannie Mae witnesses' understanding of language in prospectus supplements (*see* Pl.'s Ex. 41), and Fannie Mae's post-purchase surveillance and analysis of PLS (*see* Pl.'s 34, 42, 44). Given the severe limits placed on defendants' deposition rights, it was not possible for defendants to collect testimony about each of the hundreds of securitizations at issue in all of the coordinated cases. In any event, evidence about Freddie Mac's and Fannie Mae's practices during the relevant period bears squarely on materiality, for it is strong circumstantial evidence of what was or was not important ("material") to reasonable PLS investors when making decisions to purchase PLS. It is also relevant to falsity; defendants will offer evidence of Fannie Mae and Freddie Mac's contemporaneous counterparty reviews to show that the number and nature of alleged reunderwriting defects is vastly overstated.

---

[5]          Plaintiff does not argue that this evidence is inadmissible hearsay. (Pl.'s Mot. 4-5.)

Hon. Denise L. Cote                                                                                          -6-

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:  All counsel of record (via e-mail)