**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 12, 2015

By ECF

The Honorable Denise L. Cote,
    United States District Judge,
        Daniel Patrick Moynihan United States Court House,
            500 Pearl Street, Room 1610,
                New York, New York  10007-1312.

   Re:   *FHFA* v. *Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (S.D.N.Y.)

Dear Judge Cote:

   We write in response to plaintiff's letter of yesterday ("Letter") seeking to overrule defendants' objections to "the documents appearing on the 'Sample Loan Files' tab of FHFA's exhibit list." Defendants' hearsay objection to the wholesale admission of the "Sample Loan Files" identified by plaintiff, a total of 1,246 voluminous loan files, is well-founded. While portions of the those files may be admissible (and cited by experts from both sides), that does not make everything in each loan file non-hearsay or admissible for any purpose.

   Plaintiff argues, first, that each document in each loan file is subject to the business records exception. (Letter at 1.) That is incorrect. The "Sample Loan Files" contain a disparate collection of documents created by third parties. Indeed, as counsel for FHFA noted during Monday's pretrial conference: "Each loan file that corresponds to each loan is oftentimes hundreds of pages, sometimes as many as thousands of pages." (3/9/15 Hr'g Tr. 60:10-12.) The 1,246 "Sample Loan Files" on plaintiff's exhibit list comprise over 250,000 pages of documents, some of which are originator documents, some of which are borrower documents, and some of which are other third-party documents. Only some of these documents are admissible as non-hearsay, and only for certain purposes. An originator's having placed a document in a file does not itself make it a business record of the originator, *see United States* v. *Lieberman*, 637 F.2d 95, 100-01 (2d Cir. 1980) (hotel registration card filled out by guest not admissible as a business record simply because it was received by the hotel), and does not mean that any statements contained in any such documents are admissible for the truth of their contents (or that everything in each loan file was relied upon in underwriting the loans).

   Plaintiff next argues that defendants have waived objections to the "Sample Loan Files" by proffering FRE 1006 summaries in the form of the "Loan Review DASHBOARD Reports" prepared by defendants' expert Michael Forester. (Letter at 1.) This argument, too, confuses the admissibility of portions of the loan files—*i.e.*, the relevant portions summarized and addressed by Mr. Forester—with the admission of the entirety of the files, and misunderstands the nature of FRE 1006 summary evidence. The summaries of the voluminous loan files prepared by Mr. Forester are intended to "prove the content of voluminous writings"—the "Sample Loan Files"—"that cannot be

conveniently examined in court." FRE 1006.  Those summaries are admissible evidence of the relevant content of the loan files which would be admissible either as business records or as non-hearsay (because not offered for the truth).  That the summarized portions of the "Sample Loan Files" would be admissible does not imply that the entirety of each loan file and every document and statement therein is admissible for the truth of its contents.[1]  Dozens of the "Sample Loan Files," moreover, were produced by servicers, not originators, and thus contain servicing records never relied on or summarized by Mr. Forester.

Plaintiff's final argument that all of each "Sample Loan File" is admissible under the residual exception to the hearsay rule contained in FRE 807(a)(1) (Letter at 2) is equally unsupported.  Plaintiff fails to identify what specific statements it seeks to admit under this rule, and makes no showing that FRE 807(a)(1) provides a blanket exception for every document and statement in each loan file.  *See United States* v. *DeVillio*, 983 F.2d 1185, 1190 (2d Cir. 1993) (residual hearsay exception is "applied in the rarest of cases").

Despite its burden as the proponent of the evidence, plaintiff has declined during the parties' conferences to identify the purposes for which it seeks the admission of the entirety of 1,246 "Sample Loan Files" on its exhibit list.  While portions of those files are admissible, it is impracticable for the Court to make a determination *in limine* that everything in each loan file is admissible for any purpose.  Defendants respectfully submit that the appropriate course is to admit FRE 1006 summaries and any necessary relevant portions of the "Sample Loan Files" during trial as a foundation is laid by the parties' experts.  Plaintiff's application for the admission of the entirety of 1,246 "Sample Loan Files," which are in all events too voluminous to be examined by the Court, should be denied.

Respectfully submitted,

/s/ David B. Tulchin

David B. Tulchin

cc:   All Counsel

---

[1]   The sole case plaintiff cites addressing FRE 1006, *Tamarin* v. *Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993), is not to the contrary:  that decision concerned the admission of a summary of payroll records, not the admission of the entire contents of voluminous files.  Similarly, the cases plaintiff cites for the unremarkable proposition that a party may adopt evidence by proffering it (Letter at 1-2), have no application to documents in loan files that defendants are not offering.  Plaintiff's citation of *Anderson* v. *United States*, 417 U.S. 211, 219-20 (1974) (Letter at 2 n.1), a case concerning out-of-court statements of former co-conspirators, is also inapposite.  The *Anderson* court noted that an out of court statement that would otherwise be hearsay may be admitted to prove that the statement was made, rather than for the truth of its contents.  *Anderson*, 417 U.S. at 220 n.8.  To the extent Plaintiff proffers any particular statements in the loan files for that purpose, those statements, too, may be admissible, but that will depend on the particular statement and purpose for which it is offered at trial.