UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :        11cv6201 (DLC)
                                        :
                    Plaintiff,          :        Memorandum Opinion
                                        :             and Order
        -v-                             :
                                        :
                                        :
NOMURA HOLDING AMERICA, INC., et al.,   :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

        FHFA seeks to offer the Sample Loan Files ("Files") in this

action as business records pursuant to Fed. R. Evid. 803(6).  It

contends that they are admissible as well under Fed. R. Evid.

807 and because the defendants have summarized the information

in them and offered that summary as an exhibit pursuant to Fed.

R. Evid. 1006.  Defendants note that the Files comprise

documents created by originators, borrowers, and other third

parties, and argue that an originator's having placed a document

in a file does not itself make it a business record of the

originator.  Since the Files are admissible as business records,

there is no need to reach the other grounds tendered by FHFA.

        The so-called business records exception to the hearsay

rule provides for the admissibility of:

        A record of an act, event, condition, opinion, or
        diagnosis if:

(A) the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business . . . ;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification . . . ; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The "purpose of the rule is to ensure that documents were not created for personal purposes or in anticipation of any litigation so that the creator of the document had no motive to falsify the record in question." United States v. Kaiser, 609 F.3d 556, 574 (2d Cir. 2010) (citation omitted).  Rule 803(6) "favors" the admission of records created and maintained by businesses rather than their exclusion if the records have "any probative value at all."  Id. (citation omitted).  A business record need not be mechanically generated to be part of a regular practice of a business and to be admissible.  What is important is that it was "maintained in a consistent way and was focused on a certain range of issues that were relevant to [the] business."  Id.

2

Nor is it necessary that the individual with the business duty to create and maintain the record and the hearsay declarant be the same person.  As the Court of Appeals has explained, "[t]he person making the record need not have a duty to report so long as someone has a duty to verify the information reported."  United States v. Reyes, 157 F.3d 949, 952 (2d Cir. 1998).

The Files were created by mortgage loan originators in the course of determining whether to grant applications by borrowers for loans.  Originators had a set of underwriting guidelines that determined what information they had to gather and consider when making a decision on an application.  The Files typically contain the borrower's written application and other documents the originator required a borrower to submit.  The originators collected information as well from a variety of third party sources to determine whether the loan should be issued pursuant to the underwriting guidelines.  The third party documents often included credit reports for the borrower obtained from credit reporting companies and appraisal reports generated by property appraisers at the request of the originators.  Some of the documents within the Files that were collected from third parties are themselves business records; other documents may reflect notes made by the originator of conversations with the

3

borrower, the borrower's employer, or with others from whom the originator gathered information to assist in making its decision.

These Files each represent an issued loan which was not only approved by the originator but then sold to the defendants, subject to the due diligence processes of the defendants, and then securitized.  Critical information concerning the loans supporting a securitization were taken from the Files and described in the Offering Documents filed by the defendants with the SEC.  Those Offering Documents generally described the origination process, including the verification of the borrower's credit-worthiness and the adequacy of collateral. For example, the Prospectus Supplement for NAA 2005-AR6 provides:

> Generally, each borrower will have been required to complete an application designed to provide to the original lender pertinent credit information concerning the borrower.  As part of the description of the borrower's financial condition, the borrower generally will have furnished certain information with respect to its assets, liabilities, income . . . , credit history, employment history and personal information, and furnished an authorization to apply for a credit report which summarizes the borrower's credit history with local merchants and lenders and any record of bankruptcy.  The borrower may also have been required to authorize verifications of deposits at financial institutions where the borrower had demand or savings accounts.

4

Defendants' positions on the issues at the heart of this litigation depend on the fact that loans underlying the securitizations, including those represented by the Files, were underwritten at one or more times before a loan was placed in a securitization.  Such underwriting entailed "verify[ing] the information" collected and maintained in the loan file.  Id. Defendants also assert that the data taken from the Files and described in the Offering Documents were accurate.  Indeed, defendants have not identified any specific information or particular category of information in the Files that they contend is unreliable or that lacks sufficient indicia of reliability to be admitted pursuant to Rule 803(6). Specifically, they have "not show[n] that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. 803(6)(E).  The defendants even acknowledge that the parties' experts have relied on the contents of the Files in forming their opinions and concede that the contents of the Files are admissible pursuant to Rule 803(6) when used for that purpose.

Of course, admitting the Files as business records will not restrict the parties from offering evidence based on the Files' contents, or in combination with other trial evidence, suggesting that facts recited in some of the File documents are

not truthful and accurate.  For example, the parties are
contesting whether the appraisal documents within the Files
accurately reflect the value of the appraised properties.  The
existence of that dispute, and others like it, does not affect
the admissibility of the Files as business records, and
defendants do not suggest that it does.  Accordingly, it is
hereby

ORDERED that defendants' hearsay objection to the documents
appearing on the "Sample Loan Files" tab of FHFA's exhibit list
is overruled.

Dated:    New York, New York
          March 13, 2015

                              _____
                                        DENISE COTE
                              United States District Judge

6