UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :
                                        :
                    Plaintiff,          :    11cv6201 (DLC)
                                        :
          -v-                           :    ORDER
                                        :
NOMURA HOLDING AMERICA, INC., et al.,   :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

In letters of March 11 and 12, FHFA and RBS address objections that RBS has made to three categories of FHFA exhibits. These documents were produced by RBS during discovery and relate generally to RBS's due diligence. RBS's codefendant, Nomura, intends to rely on its own due diligence in acquiring loans to support its contention that the Offering Documents did not contain misrepresentations. Apparently, RBS does not intend to offer any evidence regarding its own due diligence on the four Securitizations in which it functioned as the Lead or Co-Lead Underwriter. FHFA intends to rely on the due diligence done by both defendants to support its claim that the Offering Documents did contain misrepresentations and that those misrepresentations were material.

In an Opinion of February 20, this Court attempted to give the parties guidance about evidence concerning due diligence. The Opinion was issued in response to a motion in limine made by counsel for RBS on behalf of the defendants. At the time that Opinion was issued, the Court did not appreciate that Nomura intended to offer extensive evidence of its due diligence, and the guidance in the Opinion assumed neither defendant wished to offer such evidence. But, even in that context, the February 20 Opinion noted among other things that the parties, including RBS, did not appear to dispute that evidence about the origination process and due diligence process associated with the loans that entered the seven securitizations ("Securitizations") is relevant and admissible, as is evidence regarding those Originators that contributed loans to the Securitizations. FHFA v. Nomura Holding Am., Inc., No. 11cv6201 (DLC), 2015 WL 731209, at *1 (S.D.N.Y. Feb. 20, 2015).

Against this background, the Court provides this further guidance. Documents that establish that RBS failed to conduct due diligence with respect to two of the four Securitizations is admissible. RBS specifically objects to documents disclosing that RBS did not obtain timely approval from its credit committee for each of the Securitizations in which Nomura was the issuer. Such documents are admissible.

FHFA also seeks to offer documents that describe RBS's general due diligence practices, including its evaluation of due diligence providers who, at some point in time, reviewed loans included in the Securitizations. To the extent that the documents illuminate RBS's practices generally, including the standards it employed and its judgment about the reliability of vendors who performed due diligence on the Securitizations, those documents are admissible. To the extent that the documents relate only to specific experiences with securitizations other than the four RBS Securitizations at issue here, the motion to strike will be granted. Decision is reserved on the motion to strike PX 1136. The motion to strike PX 1175 and 1287 is denied. These two documents contain a general description of RBS due diligence practices and a report about Clayton's reliability.

Finally, RBS has objected to certain documents regarding Originators that contributed loans to the Securitizations. One is PX 1142, which includes a lengthy list of originators and comments about each of them. The word "pass" appears next to Originator People's Choice, whose loans were sold in an RBS Securitization some months later. In context, the statement could be interpreted as a negative assessment of this Originator. The motion to exclude this document is denied.

3

Similarly, documents containing statements about the overall quality of Originators and the quality of the loans they sell, even if made in the context of work on other securitizations, are admissible. Thus, the objections to PX 1122, 1132, 1147 1223, and 1245 are denied.

Dated: New York, New York
March 13, 2015

```
                              _____
                                    DENISE COTE
                              United States District Judge
```