<u>Via Electronic Mail</u>

March 17, 2015

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re: <u>*FHFA v Nomura. Am. Holdings, Inc. et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

  On behalf of Plaintiff Federal Housing Finance Agency ("FHFA"), we write in response to Defendants' March 16 letter ("Defs. Ltr.") requesting that the Court reconsider its ruling that evidence of Defendants' retention of residual interests in the Securitizations and their associated losses be excluded from the trial. Defendants sole argument in support of this request—that FHFA 'opened the door' to residuals evidence by describing Defendants' failure to screen materially defective loans from reaching the SLGs in its opening—is erroneous.

  As the Court has ruled several times, evidence of Defendants' faulty diligence practices and perverse incentives to pack the SLGs with defective loans is admissible to show falsity. *E.g.*, Dkt. 1437 at 2-4 (evidence that Defendants failed to conduct due diligence is relevant to falsity and admissible, as is evidence illuminating Defendants' diligence practices generally, and evidence bearing on the overall quality of the Originators); *FHFA v. Nomura Holding Am., Inc.*, 2015 WL 731209, at *3 (S.D.N.Y. Feb. 20, 2015) (evidence that Defendants were "financially incentivized to approve as many loans for securitization as possible without regard to whether such loans were defective" may be "relevant to the issue of falsity and admissible.") (quotation marks omitted). FHFA's references to such evidence therefore do not 'open the door,' as that rule applies only when a party introduces *in*admissible evidence. *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993).[1]

  As the Court explained, "[t]he issue is not … Nomura's motives, but, rather, whether … the underlying information reflected in the prospectus supplement is true," 3/10/2015 Hr'g Tr. 26:19-22. In addressing the question of falsity in its opening, FHFA made no reference to the type of specific residual evidence offered by Nomura—the values at which Nomura marked on its books its retained residual interests in the seven Securitizations, and the prices at which it sold those interests. Nomura does not explain how evidence of its purported losses on residuals, well after the Securitizations were issued, has any bearing on the falsity of representations in the Prospectus Supplements at the time of issuance. Moreover, Nomura does not show how its initial marks of the specific residuals impacted its purported incentives to perform adequate acquisition-stage diligence, months earlier, on the loans that eventually backed the Securitizations. In fact, Nita Nambiar, whose testimony Nomura offer on its residual valuations, could not explain how Nomura initially valued its residual interests or whether the values she

---

[1] Moreover, given that the parties have been litigating about this evidence for months, it is difficult to credit Defendants' claim to be surprised by FHFA's reference to that evidence in its opening. *See* Defs. Ltr. 2 ("Plaintiff has *now* stated that it intends to prove its case, in part, by attempting to show that defendants had faulty motives and an improper 'business strategy.'") (emphasis added).

offers are accurate or complete.  *See* Ex. 1, Nambiar Dep. Tr. 99:16-101:4.  Nor does Nomura offer any evidence that the amount of its residual marks were considered by the Nomura employees who conducted diligence on the Mortgage Loans, or that they even knew what the marks were.

Consequently, FHFA's reference in its opening to Nomura's general incentives does not call into question any Rule 403 balance struck by the Court in excluding evidence of specific residual marks or sale prices.  *See* Defs. Ltr. 2 (citing *Weyant v. Okst*, 182 F.3d 902 (Table), 1999 WL 491866, at *2 (2d Cir. 1999) (holding that District Court did not err by reconsidering *in limine* ruling made under Rule 403 after counsel referenced prejudicial topic in opening)).  Defendants' inability to respond to FHFA's references to admissible evidence by introducing irrelevant evidence does prejudice them.  *See Weyant*, 1999 WL 491866, at *2 (Defendants' sole authority decided on basis of prejudice).[2]  Defendants are incorrect to argue that "[f]airness requires" (Defs. Ltr. 2) that the Court waste trial time by admitting irrelevant evidence to counter FHFA's references to irrelevant evidence; fairness instead requires that Defendants be permitted, as they have been, to attack the weight of FHFA's evidence, or to counter it with other relevant evidence.

In sum, the Court's observation that "[t]here isn't a clear theory of admissibility here; there's no real explanation of relevance," 3/10/2015 Hr'g Tr. at 27:6-7, remains correct, and Defendants' request for reconsideration should be denied.

Respectfully submitted,

/s/ Philippe Z. Selendy_____
Philippe Z. Selendy

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

*Counsel for Plaintiff Federal Housing Finance Agency*

CC: Counsel of record

---

[2]  Defendants are incorrect to equate residuals evidence with the testimony offered by Mr. Rubinstein, FHFA's expert.  Defs. Ltr. 1.  The Court received Mr. Rubinstein's testimony because "[b]ackground evidence regarding the securitization process as well as the role and incentives of the different participants in that process is essential in a trial like this."  *FHFA v. Nomura Holding Am., Inc.*, 2015 WL 731209, at *1 (S.D.N.Y. Feb. 20, 2015).