March 13, 2015

**V**IA **E**LECTRONIC **M**AIL

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v Nomura. Am. Holdings, Inc. et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

Plaintiff FHFA requests that the Court sustain its objections to the following trial exhibits proffered by Defendants.  The parties have met and conferred and are at an impasse as to these issues.[1]

*Single Family Documents*.  During the March 10th teleconference, the Court observed that Defendants lack a "clear theory of admissibility" for the exhibits to which FHFA objected based on the Court's order excluding Single Family documents.  3/10/2015 Hr'g Tr. at 27:6; *FHFA v. Nomura Holding Am., Inc.*, No. 11-cv-6201(DLC), 2015 WL 685153, at *8 (S.D.N.Y. Feb. 18, 2015) (granting FHFA's motion *in limine* to exclude Single Family business documents).  Defendants have now withdrawn 22 of these documents.  FHFA identifies 89 Single Family documents which Defendants have not withdrawn but for which they have not provided a feasible theory of admissibility that would comport with the Court's rulings.

Defendants have failed to provide independent justification for the admission of any Single Family documents "addressed to employees with PLS responsibilities" or that mention PLS. 3/10/2015 Ltr. at 3.  The e-mail correspondence of Bill Quinn cited by Defendants is illustrative: these documents explore a completely tangential topic, namely, Fannie Mae's concern about the Single Family business's loss of market share to "the private label market."  *See* DX 350 & 350-A.  Committee notes memorializing the discussion of the GSEs' Single Family and guarantee-fee businesses are similarly inadmissible.  *See* DX 481, 481-A ("Meeting Notes, Credit Risk Committee. . . Purpose of the Meeting: 1. Review – Single Family 2Q06 Report, 2. Review – Single Family Organizational Report, 3. Review – Subprime Business Update."), & 481-B ("Single Family 3rd Quarter Credit Risk Report").  Documents like these—which do not mention the Certificates, contain no information considered by a reasonable PLS trader, and contain no analysis of the causes of PLS losses—are not possibly admissible under any theory and should be excluded.[2]

---

[1]  The parties continue to meet and confer about other objections and will raise additional disputes with the Court as appropriate.
[2]  In its March 10, 2015 letter to the Court, Nomura erroneously described Eric Rosenblatt as "responsible for Fannie Mae's PLS analytics."  3/10/2015 Ltr. at 3.  His entire career at Fannie Mae has been in the Single Family business. *See* Ex. 1 (E. Rosenblatt Tr.) at 32:20-33:3 (acknowledging that he was "part of the single-family conventional business"), 34:3-6 ("Q. . . . did you ever have a title or a position with respect to that PLS side of the business?  A. (footnote continued)

*Non-PLS Policies and Procedures*.  Defendants have included approximately 38 policy and procedure documents on their exhibit lists that do not pertain to the GSEs' PLS businesses.[3]  At two recent meet-and-confers, Defendants represented that they would consider whether to withdraw these documents.  Defendants have not responded to FHFA's efforts to resolve this issue.  At no time have Defendants provided any justification for the admission of any non-PLS related policies and procedures.

For the foregoing reasons, FHFA respectfully requests that the Court sustain FHFA's objections to each of the GSE documents on Defendants' exhibit list that falls into the following categories: (1) Single Family documents and (2) non-PLS policies and procedures.

Respectfully submitted,

*/s/ Jon Corey*

Jon Corey

---

no."); *see also id.* at 240:17-20 ("I have [not] analyzed [the PLS] books myself.  I have only ever heard about it – I've only read about it in papers and things like that.").

[3] For example, DX 262, a policy titled "Investment Security Classification" relates to accounting designations for various types of trades.  DX 443 is a draft procedure discussing Fannie Mae's "Single-Family Mortgage Business (SFMB) Sub-prime Policy established by the SFMB Sub-prime New Business Initiative (NBI)." DX 928(A) is a draft version of Freddie Mac's "Asset/Liability Management Policy," which "set forth the corporate philosophy, guiding principles, objectives, and risk limits for Freddie Mac's mortgage and other investment and credit guarantee businesses."