**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM



*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

April 5, 2015

Via E-mail and Hand Delivery

The Honorable Denise L. Cote,
  United States District Judge,
    Daniel Patrick Moynihan United States Courthouse,
      500 Pearl Street, Room 1610,
        New York, New York  10007-1312.

   Re:   *FHFA* v. *Nomura Holding America, Inc., et al.*, 11 Civ. 6201 (DLC) (S.D.N.Y.)

Dear Judge Cote:

   I write on behalf of defendants in response to FHFA's April 2, 2015 letter, which categorically objected to the relevance of all of defendants' deposition designations for nine current or former GSE employees.  As shown below, the testimony of those nine witnesses is relevant to the remaining claims and defenses.

Eric Rosenblatt:  Eric Rosenblatt, Fannie Mae's Vice President of Credit Risk Analytics and Modeling, holds a Ph.D. from Rutgers University in Finance, wrote his dissertation on mortgages, and has published academic papers on factors affecting mortgage loan performance.  (Ex. A at 40:14-43:13.)  He was in charge of a group of 50 employees who developed models that analyzed loan performance—including loans in supporting loan groups for private label securities ("PLS")—under various housing price scenarios.  (*Id.* at 36:10-37:24, 39:4-14,185:20-22, 255:19-257:20.)  He testified that the effect of the decline in house prices after 2005 was "[i]ncredibly" significant to the performance of the loans directly held by Fannie Mae (*id.* at 187:19-188:8), and also would have been extremely significant to the performance of the subprime loans in Fannie Mae's PLS portfolio (*id.* at 188:9-188:16).  *See also* Appendix A (containing other excerpts of relevant testimony from Rosenblatt).

PLS Models and Analytics:  FHFA argues that testimony of five GSE witnesses who analyzed and modeled PLS are irrelevant because those witnesses cannot testify about what would be material to reasonable investors.  To the contrary, their testimony is relevant to show analyses typical of those conducted by reasonable PLS investors, and is admissible on the issue of materiality.  *See* Feb. 16, 2015 Order, at *9 (Doc. No. 1271) ("the parties may offer evidence at trial that tends to establish that the disclosure of the type of information at issue here was or was not material to investment decisions made by

Hon. Denise L. Cote                                                                                                              -2-

investors in RMBS, including the GSEs.")  These witnesses also testified about the key role of housing prices as variables in the GSEs' PLS models, *see* Appendix B, and their testimony therefore is relevant to loss causation.  FHFA misconstrues defendants' prior arguments about the relevance of the GSEs' PLS analyses.  Defendants objected to the trial testimony of Kevin Palmer, a Freddie Mac PLS analyst, on two grounds:  first, that plaintiff improperly redacted exhibits that it proposed to offer through Palmer, and second, that plaintiffs had argued in its January 30, 2015 *Motion in Limine No. 7* that the GSEs' "idiosyncratic" purchase considerations were irrelevant in this case.  3/25/2015 Tr. at 1274:6-1275:10.  The Court ruled in defendants' favor on the former objection, and did not rule on the latter.  *Id.* at 1274:6-1277:13.  Defendants never argued that the GSEs' analyses of their PLS purchases are irrelevant or that the GSEs' idiosyncratic practices are irrelevant—only that FHFA had so contended, and that plaintiff ought not to be permitted to have it both ways (offering such testimony through Palmer when it had previously contended that evidence of such practices should not be admissible).

Ronald Feigles and Stacy Kenneweg:  FHFA argues that the testimony of two GSE employees who oversaw assessments of PLS originators is irrelevant in light of the Court's rulings that Freddie Mac's AMO reviews and Fannie Mae's CCRM reviews are inadmissible hearsay.  *See* Mar. 10 Hrg. Tr. at 28:8-30:10; 3/23/15 Tr. at 847:3-848:12.  The information reasonable investors such as the GSEs considered in buying a security is relevant to the factors they considered material.  There is no dispute that the GSEs considered originator reviews in their PLS purchases.  (*See, e.g.*, Ex. C at 253:8-255:11.)  This bears directly on materiality.  *See also* Appendices C (containing other excerpts of relevant testimony from Feigles) and D (same for Kenneweg).

John Ingram:  Testimony by John Ingram, who was Associate General Counsel at Fannie Mae, is relevant for several reasons.  First, Ingram oversaw Fannie Mae's PLS anti-predatory lending reviews, and approved Clayton as a due diligence provider to perform anti-predatory lending reviews.  (Ex. D at 89:22-94:7, 94:12-95:11, 108:11-109:7, 109:14-110:9.)  This testimony is relevant to falsity because the reliability of Clayton's work on PLS loan pools is at issue.  Second, Ingram testified that Fannie Mae's Legal Department generally did not review prospectus supplements and, when it did review them, did so after settlement of the trades.  (*Id.* at 196:14-197:14.)  This also goes to materiality.  Third, Ingram testified that Clayton, on Fannie Mae's behalf, conducted an anti-predatory lending operational review of Fremont in 2006, in order to assess samples of loans it was originating and test whether, for example, borrowers had the ability to repay those loans.  (*Id.* at 23:20-25:9, 41:8-16, 70:23-72:4, 242:8-244:15, 247:20-248:18, 248:22-24, 249:7-250:2.)  Freddie Mac bought two certificates in 2006 backed by Fremont loans, and plaintiff claims that many of those loans were originated without regard to borrowers' ability to repay, which is inconsistent with Fannie Mae's findings in 2006.  *See also* Appendix E (containing other excerpts of relevant testimony from Ingram).

Hon. Denise L. Cote -3-

                                                Respectfully Submitted,

                                                /s/ David B. Tulchin

                                                David B. Tulchin

(Enclosures)

cc:    All Counsel