January 28, 2015

**BY E-MAIL AND ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:     *FHFA v. Nomura Holding Am., Inc., et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

*Materiality and Falsity*.  Defendants do not credibly dispute that post-settlement GSE evidence is irrelevant to materiality and falsity.  While Defendants assert post-settlement evidence could document, after the fact, what GSE traders previously found to be material, Opp. 4, they do not provide a single example from the millions of pages FHFA produced.  Regardless, any such materials would be irrelevant to materiality because the standard is an objective one.  *FHFA v. Nomura Holding America, Inc.*, 2014 WL 7229361, at *3 (S.D.N.Y. Dec. 18, 2014) ("Materiality is an objective standard, determined with reference to a reasonable PLS trader—not a reasonable GSE, or a reasonable PLS trader with plaintiff's idiosyncratic regulatory restrictions and purchasing goals."); *accord Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013).  Defendants concede post-settlement GSE evidence is irrelevant to prove falsity, Opp. 5, and instead merely claim that FHFA's re-underwriting expert improperly relied upon similarly irrelevant post-settlement evidence.  *Id*.  Defendants' argument wrongly equates post-origination evidence demonstrating the falsity of the representations in the Prospectus Supplements at the time of issuance with the irrelevant *GSE* evidence FHFA seeks to exclude.  Apps. A-B.[1]  The post-loan-origination evidence relied upon by FHFA's re-underwriting expert, Mr. Hunter, concerns *the loans – not the GSEs* – and properly bears upon falsity.  *See* Jan. 20, 2015 Opp'n to Mot. to Exclude Hunter Testimony, Dkt. 1170.  For example, Mr. Hunter discovered a borrower misrepresenting income on a loan that closed in ▇▇▇▇▇▇▇, and was securitized in ▇▇▇▇▇▇, by using the borrower's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  *Id*. at 4.  Mr. Hunter also evaluated owner occupancy by reviewing post-origination documents such as public utility records, bankruptcy filings, and audit credit reports and comparing the addresses on those documents with the ostensible primary residence address.  *Id*. at 7.

*Loss Causation*.  In support of a loss causation defense, Defendants proffer the general speculation of various GSE witnesses who were *unaware* of the alleged misrepresentations.  Off-the-cuff personal comments of such lay witnesses are not admissible lay opinions:  the GSE individuals had no requisite knowledge or methodological training to make such an assessment, and could not perform such an assessment without knowledge of the misrepresentations at issue.  Rule 701 permits lay opinions only if they are "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c).  If the opinions are based on such knowledge – like the loss causation assessment required here – then Rule 702 governs admissibility.  *See* Fed. R. Evid. 701, advisory committee's note.  Establishing, refuting or quantifying a causal relationship among the factors that potentially caused losses on the Certificates requires

---

[1]  FHFA submits with its Reply two additional supporting documents. Appendix C reflects the overlap between FHFA's Appendix A and Nomura's recently-provided exhibit list. The Appendix A Supplement reflects the documents FHFA has identified on Nomura's and RBS' exhibit lists that are post-settlement evidence.

"scientific, technical or other specialized knowledge," as Defendants' own cases underscore.[2] Defendants submitted an expert report on loss causation that relied on extensive regression analysis. FHFA's Mot. *in Limine* No. 6, Ex. 19. Defendants completely ignore Rule 702. Instead, they distort FRE 701 and ask the Court to admit the opinions solely on insufficient bases that the testimony concerns "perception" and may be potentially helpful to determine a fact. *Compare* Fed. R. Evid. 701(a)-(b) *with* Opp. 2 ("firsthand observation and analysis"); *id.* 4 (opinions relevant to loss causation).

Defendants cannot satisfy Rule 702 as to any of the at-issue GSE witness testimony because they cannot show that the GSE witnesses have the requisite knowledge or training, or that they applied a reliable methodology, to reach an informed and non-speculative view as to what caused the Certificates to lose value.[3] Further, Defendants' argument presumes that these GSE witnesses were aware of Defendants' alleged misrepresentations during the relevant period,[4] but this Court has already held directly to the contrary. *See FHFA v. Nomura Holding, Inc.*, 2014 WL 6462239 (S.D.N.Y. Nov. 18, 2014). *No* GSE witness identified by Defendants was responsible for conducting an analysis specific to these Certificates. Mr. Rosenblatt (Fannie Mae) had *no* PLS responsibility, but was a Single Family employee. Odom Decl. ¶9. Neither Ms. Zhao nor Ms. Cao (Fannie Mae) performed *any* loss causation analysis on the sole Fannie Mae Certificate in this Action. *Id.* ¶¶11-12. Freddie Mac's Patti Cook, Executive Vice President of Investments and Capital Markets, did *not* analyze what caused the losses incurred by the at-issue Certificates. *Id.* ¶6. Mr. Kain (Freddie Mac) had *no* day-to-day PLS responsibility. *Id.* ¶5. None of the impromptu responses that Defendants seek to admit as lay opinion come anywhere close to the requirements of Rule 702. *See* Opp. at 2-3. Not one exhibit cited by Defendants shows any rigorous work product supporting such opinions. *See* Bathaee Ex. 21-23. Accordingly, the GSE witness loss causation opinion testimony should be excluded under Rule 702, or alternatively, under Rule 403.[5]

*Scope.* Defendants claim FHFA's motion is too "sweeping" and cannot be decided "without the benefit of context." Opp. 5. FHFA's motion identifies specific witnesses and categories of documents to be excluded. Mot. Apps. A-B. Defendants identified certain of these witnesses on their witness lists and deposition designations, and the documents at issue on their exhibit lists.[6] App. C. If Defendants anticipated offering such evidence at trial, they had to provide any "context" to prove admissibility with their opposition. Because the time and opportunity to offer any relevant "context" has been provided, the Court is free to rule on FHFA's Motion.

---

[2] Defendants' cases support exclusion of the very GSE testimony that Defendants proffer. *In re Fortune Systems Sec. Litig.*, 680 F. Supp. 1360, 1365-68 (N.D.Ca. 1987), "refuse[d] to allow speculation, unfounded opinions, and misleading comparisons to create a genuine issue of material fact for trial on the issue of loss causation." *Id.* at 1367. *Akerman v. Oryx Commc'ns, Inc.*, 609 F. Supp. 363, 370-72 (S.D.N.Y. 1984), merely suggested expert evidence was necessary to support a party's loss causation argument. *Adair v. Kaye Kotts Associates, Inc.*, 1998 WL 142353, at *7 (S.D.N.Y. Mar. 27, 1998), does not address lay opinion testimony; the Court was unable to determine "what part, if any" a remedial disclosure had on a company's stock prices because "no expert evidence ha[d] been provided." *Id.* at *6, citing In re Saxon Sec. Litig.*, 1985 Wl 48177, at *9 (S.D.N.Y. Oct. 30, 1985) ("to separate the effect of the fraud from the effect of the non-actionable force ... require[s] expert testimony").

[3] Claiming that the subject matter of the opinion was within the "scope of their employment" does not meet the admissibility requirements of Rule 702. *See* Opp. 4, *id.* 2.

[4] *E.g.*, Sept. 29, 2014 Defendants' Local Rule 56.1 Counterstatement of Material Facts, regarding summary judgment briefing on statute of limitations, at 56, 63, 68, 73, 77, 90, 94, 106, 114, 136, and 137.

[5] This also applies to defense fact witnesses. Defendants identified several witnesses who may testify about the impact of "economic factors" on loan and RMBS performance, including John Graham, Derick Greene, Steven Katz, Joseph Kohout, Dante Larocca, Randall Lee, Mendy Sabo, David Findlay, and Michael Orfe.

[6] FHFA requested the exclusion of numerous witnesses to which Defendants entirely failed to respond. Those witnesses are: Scott Blackley, Kin Chung, Ashley Dyson, Francisco Gonzalez-Rey, David Gussmann, Christopher Khalil, Pam Johnson, Adolfo Marzol, Vanessa Moulin, Benjamin Perlman, Lik-Man (Jessica) Yam, Mike Shaw, Kent Willard, and Mark Winer. Defendants' silence must be taken as a concession that these individuals are irrelevant to all issues remaining in this action.

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy

cc: All Counsel of Record