**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

February 10, 2015

<u>Via Electronic Mail</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>FHFA v Nomura. Am. Holdings, Inc. et al.</u>, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

FHFA responds to Defendants' opposition to the motion to exclude Single Family evidence.

*Inadmissible Lay Testimony*. Rule 701 prohibits lay opinion "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). Speculation from Eric Rosenblatt, Lesia Bates Moss and Don Bisenius regarding the relationship between macroeconomic risk factors and performance of the loans of the type backing PLS requires technical and specialized knowledge and is inadmissible lay opinion. Nor is this or any other Single Family witness speculation about the performance of the type of loans generally backing PLS qualified expert testimony based on sufficient data and the product of reliable methods, which it must be to be admissible.[1] *See* Fed. R. Evid. 702; *see* Fed. R. Evid. 701 advisory committee note.

*Loss Causation*. Defendants conveniently ignore the legal standards governing their loss causation defense. Defendants must "prove[] that all or any of the amount recoverable under Section 12(a)(2) was depreciation in the value of the securities that was not the result of defendants' alleged misrepresentations." *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ---, 2014 WL 7232590, at *10 (S.D.N.Y. Dec. 18, 2014); *see* 15 U.S.C. § 77*l*(b). No different than Section 11, Defendants' proof must "incorporate[] data concerning the Certificates or their underlying loans." *Id.* at *7. None of the Single Family documents and testimony cited by Defendants incorporate data related to the Certificates or the specific underlying loans.

Defendants' now-excluded loss causation expert testimony relied on performance data for the loans underlying the Securitizations (as well as invalid benchmarks). *See* Order Excluding Kerry

---

[1] So intent are Defendants on putting the GSEs on trial that their opposition relies on excluded evidence. They claim Don Bisenius' testimony references a "model." The model is Freddie Mac's Loan Prospector, a GSE AUS; the Court excluded GSE AUS evidence. Defs.' Ex. C at 44:19-24; *see FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229458, at *6 (S.D.N.Y. Dec. 18, 2014). A cited presentation references Fannie Mae's assessment that "[w]e continue to lose goals rich products"; the Court excluded evidence of housing goals. Defs.' Ex. D at FM-COGR_00088756; *see FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *4 (S.D.N.Y. Dec. 18, 2014).

Vandell, Dkt. No. 1248. By contrast, neither Mr. Rosenblatt's opinions about the effect of home prices, nor Ms. Bates Moss's opinions about lenient underwriting standards, were based on an analysis of these Certificates. The testimony Defendants cite from Mr. Norris (and only for Fannie Mae) is equally irrelevant: Mr. Norris's only involvement in Fannie Mae's Single Family business concerned interest-rate pricing on a limited number of whole loan purchases, and that activity is unrelated to the performance of the loans underlying the one Fannie Mae Certificate at issue. *See* Defs.' Ex. F at 578:15-19.

None of the cited GSE documents are relevant to loss causation. The Fannie Mae presentation does not refer to Fannie Mae's PLS holdings, but to unrelated whole loans that Fannie Mae's Single Family business targeted for purchase. *See* Defs.' Ex. D at FM-COGR_00088762-786. Fannie Mae's Subprime New Business Initiative, the subject of another cited presentation, was a Single Family project directed to the prospective purchase of subprime whole loans. *See* Defs.' Ex. E. at FHFA01440079. Defendants must prove that inaccurate representations did not cause the Certificates' loss in value. No testimony or documents cited—or identified by FHFA and ignored by Defendants—reference the Certificates or the specific supporting loans. These documents and testimony should be excluded as irrelevant to loss causation.

*Materiality*. Defendants claim they will be "guided by. . . the Court's ruling that materiality should be assessed from the perspective of a reasonable PLS trader" at trial. Opp'n to Mot. to Exclude Richard at 15 n.5 (Jan. 23, 2015). Defendants, however, propose to prove their misrepresentations were immaterial using testimony and documents regarding pure GSE-centric purchase considerations for *whole loans*, which are irrelevant to how a reasonable PLS trader would view the total mix of available information. For example, Single Family employee Eric Rosenblatt's email concerning the role of DTI ratios in the performance modeling of whole loans does not inform the materiality of DTI misrepresentations to a reasonable PLS trader. Defs.' Ex. G at FHFA03526436. As the Court previously explained, "there is no reason to think that the types of (often non-public) information a Single Family employee would consider material in deciding whether to purchase a whole loan"—which is the subject of testimony and documents cited by Defendants—"is illuminating in determining what a PLS trader would consider material in deciding whether to buy a security backed by a pool of loans." *FHFA v. UBS Ams. Inc.*, 2013 WL 3284118, at *23 (S.D.N.Y. June 28, 2013).

*Falsity*. Defendants request reconsideration of the Court's exclusion of Single Family due diligence evidence because FHFA's claims will now be tried to the Court. This request is untimely. *See* Local R. 6.3 (requiring a motion for reconsideration within 14 days). The request has also been waived, because Defendants never argued that Single Family due diligence was relevant to falsity. *Curtis v. Cenlar FSB*, 2014 WL 5778046, at *2 n.4 (Nov. 6, 2014) (Cote, J.) (finding waiver where argument not raised in previous briefing). Finally, and fundamentally, the request is meritless: Single Family due diligence of whole loans will not prove or disprove that the Offering Documents misrepresented the specific underlying loans' underwriting-guideline compliance, LTV ratios, occupancy status or credit ratings.

*Scope*. FHFA's request is appropriate. Defendants' opposition was the place to provide "context" to justify the admissibility of Single Family documents on their exhibit lists and testimony they designated. Because Defendants failed to carry their burden of establishing the admissibility of those documents, FHFA respectfully requests that the Court grant the Motion.

Respectfully submitted,

/s/ *Philippe Z. Selendy*

Philippe Z. Selendy

cc:   All Counsel of Record