**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York  10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

January 30, 2015

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>FHFA v. Nomura Holding America, Inc., et al.</u>, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

FHFA respectfully moves *in limine* for an order excluding from trial any documents, testimony, and argument related to the GSEs' public financial statements and accounting, including (1) GSE publicly-filed financial statements (listed on Nomura's exhibit list as Nomura Exs. 31-103); (2) GSE earnings call transcripts (Nomura Exs. 599, 632-33, 680, 726, 753, 785, and 788); and (3) internal GSE documents relied upon by Defendants' proffered expert, Steven G. Ryan, in his Expert Report (the "Ryan Report"), listed as Nomura Exs. 171, 706, 756, 790, 843, 846, 857, 861, 869, 880, 900, 909, and 1099 (items (1)-(3), collectively, the "GSE Exhibits"); as well as (4) the additional exhibits to the Ryan Report listed as Exs. 943-52 (the "Ryan Report Exhibits").[1]   For the reasons stated below, the GSE Exhibits and Ryan Report Exhibits, and any testimony or argument based thereon, should be excluded pursuant to Federal Rules of Evidence 402 and 403.

I.   **THE RYAN REPORT EXHIBITS AND THE GSE EXHIBITS RELIED UPON BY MR. RYAN SHOULD BE EXCLUDED**

Defendants proffered expert witness, Steven G. Ryan, relied on certain of the GSE Exhibits to support his proposed testimony and to create the Ryan Report Exhibits.  On December 19, 2014, FHFA moved to exclude Mr. Ryan's opinion as an improper and unsupported loss causation opinion.  *See* Pl.'s *Daubert* Mot. to Exclude Stephen G. Ryan (the "Ryan Motion"), Dkt. No. 1037.  FHFA's motion addresses, among other things, Mr. Ryan's heavy reliance on the GSE Exhibits—which include general statements regarding massive portfolios of securities—to make conclusions about purported specific causes of loss in the seven At-Issue Certificates, *none of which* are actually analyzed or discussed in the GSE Exhibits.  *See* Ryan Motion; Pl.'s Reply in Supp. of *Daubert* Mot. to Exclude Stephen G. Ryan (Dkt. No. 1091).  While Mr. Ryan purports to apply accounting principles to divine the GSEs' apparent

---

[1]   Exhibit A contains a list of Nomura's proposed exhibits Plaintiff seeks to exclude.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

beliefs regarding the cause of losses, his opinions are an untested, novel, and unreliable form of loss causation opinion unsupported by any independent analysis of any of the At-Issue Certificates.  *See* Ryan Motion, *passim*.

Even if the Court were to credit Defendants' interesting assertion that Mr. Ryan does not offer a loss causation opinion, Defendants offer no other basis for its admission, despite having the opportunity to do so.  *See* Defs.' Opp'n to Ryan Motion, (Dkt. No. 1175), *passim*.  Accordingly, the GSE Exhibits relied upon by Mr. Ryan should be excluded as irrelevant and prejudicial, just like Mr. Ryan's opinion itself.  *E.g.*, *Travelers Indem. Co. v. Northrop Grumman Corp.*, 2014 WL 464769, at *5-6 (S.D.N.Y. Jan. 28, 2014) (excluding under Rules 402 and 403 expert opinions as to collateral and irrelevant issues); *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 1674796, at *18-19 (S.D.N.Y. May 2, 2011) (excluding damages-related expert opinion as irrelevant and prejudicial, where defendants admitted they were not offering the those opinions from the expert).

## II. THE OTHER GSE EXHIBITS SHOULD BE EXCLUDED AS IRRELEVANT AND PURSUANT TO RULE 403

The other GSE Exhibits on Nomura's proposed exhibit list also should be excluded, based on lack of relevance and because their admission at trial will cause undue delay and burden.

### A. The GSE Exhibits Are Not Relevant to Falsity

Nothing in the GSE Exhibits relates specifically to any of the At-Issue Certificates, much less the specific alleged misrepresentations in the offering documents for such securities.  The GSE Exhibits consist of public financial statements, earnings call transcripts, and certain internal documents related to impairment accounting generally.  These generic documents are entirely irrelevant to the question of whether Defendants made "untrue statement[s]" in the offering materials for the At-Issue Certificates.  15 U.S.C. § 77*l*(a)(2); D.C. Code § 31-5606.05(a)(1)(B).

### B. The GSE Exhibits Are Not Relevant to Materiality

"Materiality is 'an objective standard,' determined with reference to a reasonable 'PLS trader'—not a reasonable GSE, or a reasonable PLS trader with plaintiff's idiosyncratic regulatory restrictions and purchasing goals."  *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *3 (S.D.N.Y. Dec. 18, 2014) (quoting *FHFA v. UBS Am. Inc.* ("*UBS III*"), 2013 WL 3284118, at *13, *23 (S.D.N.Y. June 28, 2013)).  Using the appropriate, objective standard, FHFA must show that Defendants' misrepresentations "considered together and in context, would affect the total mix of information and thereby mislead a reasonable investor regarding the nature of the securities offered."  *In re WorldCom, Inc. Sec. Litig.*, 346 F. Supp. 2d 628, 658 (S.D.N.Y. 2004) (quoting *Halperin v. eBanker Usa.com, Inc.*, 295 F.3d 352, 357 (2d Cir. 2002)).  Whether a misrepresentation is "material" turns on what a reasonable investor would consider material when purchasing a PLS certificate.  *See* 15 U.S.C. § 77*l*(a)(2); *UBS III*, 2013 WL 3284118, at *23 (citing *Rombach v. Chang*, 355 F.3d 164, 172 n.7 (2d Cir. 2004)).

The GSE Exhibits include broad, general disclosures and do not relate to what even the GSEs considered material when purchasing a PLS certificate—much less to what a reasonable

2

**Motion *in Limine* No. 11**

PLS investor would consider material. Furthermore, as this Court recently explained, there is "no reason the GSEs' motivations in purchasing the Certificates are relevant here," because "[e]very seller and buyer of a security should be held to the same standard and shoulder the same burdens under the law."[2] *FHFA v. Nomura Holding Am.*, 2014 WL 7229361, at *4. Accordingly, the GSE Exhibits are equally irrelevant to the issue of materiality.

      **C.**      **The GSE Exhibits Should Be Excluded Pursuant to Rule 403**

The Court "may exclude [even] relevant evidence if its probative value is substantially outweighed by a danger of . . . undue delay [or] wasting time." Fed. R. Evid. 403. Given the voluminous size and number of the GSE Exhibits and their lack of relevance to any of the issues before the Court at trial, the danger of undue delay and wasting time under Rule 403 far outweighs any probative value. Accordingly, even if the documents were relevant on certain grounds—and they are not—they should still be excluded from trial under Rule 403. *See United Brands Co. v. M.V. Isla Plasa*, 1994 WL 114825, at *9 n.2 (S.D.N.Y. Mar. 31, 1994) (excluding evidence from a bench trial on the ground of burden to the court); *SEC v. Morelli*, 1993 WL 603275, at *2 (S.D.N.Y. Dec. 21, 1993) (excluding evidence from a bench trial on the ground of undue delay).

FHFA thus requests the exclusion of documents, testimony, and argument at trial related to the GSEs' public financial statements and accounting, including the GSE Exhibits and the Ryan Report Exhibits.

Respectfully submitted,

*/s/* Philippe Z. Selendy

Philippe Z. Selendy


cc:    All Counsel of Record

---

[2] This Court's prior holding also supports FHFA's Motion *in Limine* No. 8, which seeks to exclude pre-purchase materiality testimony and documents.

# Exhibit A

| \ | GSE Exhibits and Ryan Report Exhibits Proposed by Nomura |
|---|---|
| **Proposed Exhibit No.** | **Description** |
| 31 | Fannie Mae 10-Q March 31, 2004, dated May 10, 2004 |
| 32 | Fannie Mae 10-Q June 30, 2004, dated August 9, 2004 |
| 33 | Fannie Mae 10-Q Form 12b-25 Sept 30, 2004, dated November 15, 2004 |
| 34 | Fannie Mae 10-Q Form 12b-25 March 31, 2005, dated May 11, 2005 |
| 35 | Freddie Mac Annual Report 2004, dated June 14, 2005 |
| 36 | Fannie Mae 10-Q Form 12b-25 June 30, 2005, dated August 9, 2005 |
| 37 | Fannie Mae 10-Q Form 12b-25 Sept. 30, 2005, dated November 10, 2005 |
| 38 | Fannie Mae 10-Q Form 12b-25 March 31, 2006, dated May 9, 2006 |
| 39 | Freddie Mac Annual Report 2005, dated June 28, 2006 |
| 40 | Fannie Mae 10-Q Form 12b-25 June 30, 2006, dated August 9, 2006 |
| 41 | Fannie Mae 10-Q Form 12b-25 Sept. 30, 2006, dated November 8, 2006 |
| 42 | Fannie Mae 10-K 2004, dated December 6, 2006 |
| 43 | Freddie Mac Annual Report 2006, dated March 23, 2007 |
| 44 | Fannie Mae 10-K 2005, dated May 2, 2007 |
| 45 | Fannie Mae 10-K 2006, dated August 16, 2007 |
| 46 | Fannie Mae 10-Q March 31, 2007, dated November 9, 2007 |
| 47 | Fannie Mae 10-Q June 30, 2007, dated November 9, 2007 |
| 48 | Fannie Mae 10-Q Sept. 30, 2007, dated November 9, 2007 |
| 49 | Fannie Mae 10-K 2007, dated February 27, 2008 |
| 50 | Freddie Mac Annual Report 2007, dated February 28, 2008 |
| 51 | Fannie Mae 10-Q March 31, 2008, dated May 6, 2008 |
| 52 | Freddie Mac 10-Q June 30, 2008, dated August 6, 2008 |
| 53 | Fannie Mae 10-Q June 30, 2008, dated August 8, 2008 |
| 54 | Fannie Mae 10-Q Sept. 30, 2008, dated November 10, 2008 |
| 55 | Freddie Mac 10-Q Sept. 30, 2008, dated November 14, 2008 |
| 56 | Fannie Mae 10-K 2008, dated February 26, 2009 |
| 57 | Freddie Mac 10-K 2008, dated March 11, 2009 |
| 58 | Fannie Mae 10-Q March 31, 2009, dated May 8, 2009 |
| 59 | Freddie Mac 10-Q March 31, 2009, dated May 12, 2009 |
| 60 | Fannie Mae 10-Q June 30, 2009, dated August 6, 2009 |
| 61 | Freddie Mac 10-Q June 30, 2009, dated August 7, 2009 |
| 62 | Fannie Mae 10-Q Sept. 30, 2009, dated November 5, 2009 |
| 63 | Freddie Mac 10-Q Sept. 30, 2009, dated November 6, 2009 |
| 64 | Freddie Mac 10-K 2009, dated February 24, 2010 |
| 65 | Fannie Mae 10-K 2009, dated February 26, 2010 |
| 66 | Freddie Mac 10-Q March 31, 2010, dated May 5, 2010 |
| 67 | Fannie Mae 10-Q March 31, 2010, dated May 10, 2010 |
| 68 | Fannie Mae 10-Q June 30, 2010, dated August 5, 2010 |

| | |
|---|---|
| 69 | Freddie Mac 10-Q June 30, 2010, dated August 9, 2010 |
| 70 | Freddie Mac 10-Q Sept. 30, 2010, dated November 3, 2010 |
| 71 | Fannie Mae 10-Q Sept. 30, 2010, dated November 5, 2010 |
| 72 | Freddie Mac 10-K 2010, dated February 24, 2011 |
| 73 | Fannie Mae 10-K 2010, dated February 24, 2011 |
| 74 | Freddie Mac 10-Q March 31, 2011, dated May 4, 2011 |
| 75 | Fannie Mae 10-Q March 31, 2011, dated May 6, 2011 |
| 76 | Fannie Mae 10-Q June 30, 2011, dated August 5, 2011 |
| 77 | Freddie Mac 10-Q June 30, 2011, dated August 8, 2011 |
| 78 | Freddie Mac 10-Q Sept. 30, 2011, dated November 3, 2011 |
| 79 | Fannie Mae 10-Q Sept. 30, 2011, dated November 8, 2011 |
| 80 | Fannie Mae 10-K 2011, dated February 29, 2012 |
| 81 | Freddie Mac 10-K 2011, dated February 29, 2012 |
| 82 | Freddie Mac 10-Q March 31, 2012, dated May 3, 2012 |
| 83 | Fannie Mae 10-Q March 31, 2012, dated May 9, 2012 |
| 84 | Freddie Mac 10-Q June 30, 2012, dated August 7, 2012 |
| 85 | Fannie Mae 10-Q June 30, 2012, dated August 8, 2012 |
| 86 | Freddie Mac 10-Q Sept. 30, 2012, dated November 6, 2012 |
| 87 | Fannie Mae 10-Q Sept. 30, 2012, dated November 7, 2012 |
| 88 | Freddie Mac 10-K 2012, dated February 28, 2013 |
| 89 | Fannie Mae 10-K 2012, dated April 2, 2013 |
| 90 | Freddie Mac 10-Q March 31, 2013, dated May 8, 2013 |
| 91 | Fannie Mae 10-Q March 31, 2013, dated May 9, 2013 |
| 92 | Freddie Mac 10-Q June 30, 2013, dated August 7, 2013 |
| 93 | Fannie Mae 10-Q June 30, 2013, dated August 8, 2013 |
| 94 | Freddie Mac 10-Q Sept. 30, 2013, dated November 7, 2013 |
| 95 | Fannie Mae 10-Q Sept. 30, 2013, dated November 7, 2013 |
| 96 | Fannie Mae 10-K 2013, dated February 21, 2014 |
| 97 | Freddie Mac 10-K 2013, dated February 27, 2014 |
| 98 | Freddie Mac 10-Q March 31, 2014, dated May 8, 2014 |
| 99 | Fannie Mae 10-Q March 31, 2014, dated May 8, 2014 |
| 100 | Freddie Mac 10-Q June 30, 2014, dated August 7, 2014 |
| 101 | Fannie Mae 10-Q June 30, 2014, dated August 7, 2014 |
| 102 | Freddie Mac 10-Q Sept. 30, 2014, dated November 6, 2014 |
| 103 | Fannie Mae 10-Q Sept. 30, 2014, dated November 6, 2014 |
| 171 | Memorandum from Rachel Jadao, Joe Athy and Melissa Ballenger, dated September 30, 2004 |
| 599 | Freddie Mac Q1 2007 Earnings Call Transcript, dated June 14, 2007 |
| 632 | Fannie Mae Q4 2006 Earnings Call Transcript, dated August 16, 2007 |
| 633 | Fannie Mae FY 2006 Earnings Call Transcript, dated August 16, 2007 |
| 680 | Q3 2007 Freddie Mac Earnings Conference Call, dated November 20, 2007 |
| 706 | Email from Michael Lynch, dated January 11, 2008 [and attachments] |

| | |
|---|---|
| 726 | Q4 2007 Freddie Mac Earnings Conference Call, dated February 28, 2008 |
| 727 | Analysis of Freddie Mac's Asset-Backed Securities Portfolio, dated February 28, 2008 |
| 753 | Fannie Mae Q1 2008 Earnings Call Transcript, dated May 6, 2008 |
| 756 | Email from Bruce Wood, dated May 7, 2008 [and attachment] |
| 785 | FRE - Q2 2008 Freddie Mac Earnings Conference Call, dated August 6, 2008 |
| 788 | Investor Q&A - Q2'08 10-Q Earnings Call, dated August 7, 2008 |
| 790 | Email from Brian Hansen, dated August 13, 2008 [and attachments] |
| 843 | Accounting Policy for Other-Than-Temporary Impairment of Debt Securities, dated June 30, 2009 |
| 846 | Memorandum from Jack Myers, Tracy Abruzzo, Nick Makrigiorgos and Deepak Chokhani, dated July 7, 2009 |
| 857 | Information Related to Security Impairments, dated September 3, 2009 |
| 861 | Impairments Overview: Investments & Capital Markets - Investment Accounting, dated September 24, 2009 |
| 869 | Email from Brian Hansen, dated February 19, 2010 [and attachment] |
| 880 | Memorandum from Jack Myers and Nick Makrigiorgos, dated April 29, 2010 |
| 900 | Email from Anna Zuckerman, dated February 17, 2011 [and attachment] |
| 909 | Spreadsheet titled Summary of Alt-A and Subprime Securities as of 6/30/2011, dated June 30, 2011 |
| 943 | Appendix A to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 944 | Appendix C to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 945 | Exhibit 1 to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 946 | Exhibit 2A to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 947 | Exhibit 2B to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 948 | Exhibit 2C to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 949 | Exhibit 3A to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 950 | Exhibit 3B to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 951 | Exhibit 4A to the Expert Report of Stephen Ryan, dated July 9, 2014 |

| | |
|---|---|
| 952 | Exhibit 4B to the Expert Report of Stephen Ryan, dated July 9, 2014 |
| 1099 | Spreadsheet bearing production number FHFA19028552 |