**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

February 17, 2015

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>*FHFA v Nomura. Am. Holdings, Inc. et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

In its February 13, 2015 Order, *FHFA v. Nomura Holding Am., Inc.*, 11cv6201 (DLC) (S.D.N.Y. Feb. 13, 2015) (the "Ryan Exclusion Order"), the Court excluded the expert testimony of Professor Stephen Ryan. For similar reasons, it should also grant FHFA's motion to exclude the GSE's public financial statements and accounting documents, including the GSE Exhibits and the Ryan Report Exhibits.

*Loss Causation*. As this Court has already ruled, Defendants must "prove[] that all or any of the amount recoverable under Section 12(a)(2) was depreciation in the value of the securities that was not the result of defendants' alleged misrepresentations." *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ---, 2014 WL 7232590, at *10 (S.D.N.Y. Dec. 18, 2014); *see* 15 U.S.C. § 77*l*(b). Defendants' proof must "incorporate[] data concerning the Certificates or their underlying loans." *See FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7232590, at *7. Defendants neither acknowledge that standard nor identify any evidence that meets it. The general statements in Freddie Mac's 2010 and 2011 SEC Form 10-K filings that "home prices declined significantly," similar statements in Fannie Mae's 2010 and 2011 SEC Form 10-K filings, and Mr. Syron's testimony do not incorporate data concerning the Certificates or their underlying loans. *See* Opp'n. Exs. 2-6. The two accounting memoranda Defendants reference are irrelevant for the reasons stated in the Court's order granting the Ryan Motion—because they address GSE impairment accounting methodologies.[1] *See* Opp'n. Exs. 7 & 8. Indeed, there is no way to use these documents or testimony to allocate losses between the alleged misstatements and other factors in any meaningful way: "the market-wide factors at work during the relevant period—the housing and financial crises—were inextricably linked to security-specific factors like the Offering Document defects alleged in this action," so that "in the particular factual context of this case, it may not [be] an easy task to divide losses caused by the market and those caused by

---

[1]   Only one of Defendants' exhibits appears to reference a Certificate. Defs.' Ex. 9 at FHFA049589607. The reference is irrelevant because it merely reflects information (*e.g.*, principal shortfalls and impairment reserves) that cannot be used to allocate losses between the alleged misstatements and other factors in any meaningful way.

**FHFA's Reply in Support of Its Motion *in Limine* No. 11**

defects in the specific financial instruments." Ryan Exclusion Order 29-30.  In short, if Mr. Ryan cannot offer a relevant opinion regarding the GSEs' accounting disclosures or general statements regarding market conditions, the underlying evidence is no more probative of loss causation.[2]  As the Court stated in the Ryan Exclusion Order, "[w]hat ultimately matters for purposes of Section 12 loss causation is not the GSEs' *characterization* of what caused their losses, but rather, what *actually* caused them." *Id.* at 24.  Thus, even if these documents could be said to relate to the GSE's characterization of what caused their losses (which they do not), they are irrelevant because they do not include Certificate-specific or loan-specific analysis attempting to distinguish between losses caused by Defendants' misstatements and any other cause.[3]

*Materiality*.  While Defendants acknowledge that this Court has ruled that materiality is "determined with reference to a reasonable 'PLS trader[,]'" *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *3 (S.D.N.Y. Dec. 18, 2014) (quoting *FHFA v. UBS Am. Inc.*, 2013 WL 3284118, at *13, *23 (S.D.N.Y. June 28, 2013)), Defendants continue to ignore that objective standard.  Indeed, in their opposition, Defendants once again suggest that the GSEs are so closely aligned with all other PLS investors that the Court should recognize the GSEs as a reasonable proxy for the market.  As the Court has ruled, there is "no reason the GSEs' motivations in purchasing the Certificates are relevant here," because "[e]very seller and buyer of a security should be held to the same standard and shoulder the same burdens under the law." *Id.* at *4. Defendants' citation to GSE SEC filings, *e.g.*, Opp'n. Exs. 11 and 12, are a further attempt by Defendants to transform the objective standard of a reasonable PLS trader into the subjective standard of "a reasonable GSE, or a reasonable PLS trader with plaintiff's idiosyncratic regulatory restrictions and purchasing goals." *Id.* at *3.  Defendants thus fail to show that any of the documents at issue are relevant to demonstrating an objective standard of materiality.

*Housing Goals*.  Defendants request for reconsideration of the Court's exclusion of housing goals evidence is meritless because evidence of housing goals will not prove or disprove what a reasonable investor would consider material when purchasing a PLS certificate. *Id.* at *4 ("Defendants have offered no reason the GSEs' motivations in purchasing the Certificates are relevant here.  A jury need not know much about the GSEs in order to apply objective standards like falsity or materiality.").  It is also untimely. *See* Local R. 6.3 (requiring a motion for reconsideration within 14 days).

*Scope*.  FHFA's request to exclude the Ryan Report Exhibits and the GSE's public financial statements and accounting documents is appropriate.  The documents' volume does not make them more relevant; rather, it demonstrates the waste and delay they would cause in the trial. *See* Fed. R. Evid. 403.  Defendants had an opportunity to show the "context" in which they propose to offer these exhibits, and they failed to offer any that is relevant.  FHFA respectfully requests the Court grant the Motion.

---

[2]  The Ryan Report Exhibits reflect Mr. Ryan's excluded analysis and should also be excluded, including Mr. Ryan's resume.  Opp'n. Ex. 13 App'x A.

[3]  Even if the Court were to agree with Defendants that DX-725 "does not fit into any of the categories identified by plaintiff in its motion *in limine*," Opp'n at 1 n.1, DX-725 is irrelevant because GSE pre- and post-settlement documents are not relevant to loss causation or materiality. *See* Pl.'s Mots. *in Limine* Nos. 6 & 8.

**FHFA's Reply in Support of Its Motion *in Limine* No. 11**

Respectfully submitted,

/s/ *Philippe Z. Selendy*

Philippe Z. Selendy

cc:     All Counsel of Record