March 2, 2015

**VIA ECF**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v Nomura. Am. Holdings, Inc. et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of Plaintiff FHFA for an order admitting 18 exhibits tending to prove that (a) offers to sell were made to, and sales were made in, Virginia and the District of Columbia, and (b) that Defendants used instrumentalities of interstate commerce in making those offers and sales. FHFA submits this request to overrule Defendants' objections to these 18 exhibits because FHFA just discovered that a Nomura witness whom FHFA intended to call to authenticate these documents, Stephen Katz, is no longer under Nomura's "control," notwithstanding that Defendants included him on their list of live witnesses. Mr. Katz headed Nomura's sub-prime trading desk during the relevant time period and interacted directly with Freddie Mac and Fannie Mae PLS traders regarding the Certificates.[1]

In the Proposed Joint Pretrial Order submitted by the parties on February 20, 2015, Defendants listed Mr. Katz as a live witness (Proposed Joint Pretrial Order at 13), Ex. E, as did FHFA (*id.* Ex. D). Pursuant to the Court's Individual Practices in Civil Cases 5.C.i, Defendants were required to submit an affidavit containing Mr. Katz's direct testimony by affidavit on that same day, but they did not. However, Defendants submitted affidavits from *other* defense witnesses that discussed the substance of Mr. Katz's testimony.[2] In subsequent meet and confer sessions, defense counsel stated that Defendants do not "control" Mr. Katz, and they refused to confirm that he would submit an affidavit or even appear at trial.

Relevant to Mr. Katz, in their Pretrial Memorandum of Law, Defendants argued that FHFA would not be able to show certain jurisdictional predicates for its claims, including that the sales of the Certificates took place in the District of Columbia (to Fannie Mae) or Virginia (to Freddie

---

[1]  FHFA is attempting to locate Mr. Katz to serve him with a trial subpoena but, as of the date of this letter, has been unsuccessful. If FHFA is unable to locate Mr. Katz, it may seek leave to submit certain of his deposition testimony by designation.

[2]  *See* Nambiar Aff. ¶ 7 ("I understand that the tranche structure of the securitizations is discussed in greater detail in the direct testimony of Steven Katz"); Lee Aff. ¶ 23 ("As described more fully in the direct testimony of Steven Katz, all of the seven securitizations had tranches and credit enhancement structures that provided protection for the senior tranches, including the tranches purchased by Freddie Mac and Fannie Mae"); LaRocca Aff. ¶ 16 ("I understand that Steve Katz, the trader responsible for subprime and fixed rate Alt-A loans, is submitting an affidavit as direct testimony in this action and will provide a more detailed account of the role of the Trading Desk"); Graham Aff. ¶ 23 ("I understand that my former colleague Steve Katz addresses Nomura's loan acquisition process and practices in more detail in his testimony").

Mac),[3] that offers of sale by Defendants were directed into the District of Columbia and Virginia, or that such offers were made using instrumentalities of interstate commerce. These issues are not truly in dispute. *See* Feb. 18, 2015 Opinion and Order on FHFA's Motion *in Limine* No. 7, Dkt. 1287 at 4 ("[O]nly *four* issues remain for trial: the falsity of the alleged misrepresentation, the materiality of the alleged misrepresentations, the loss causation defense as to the Section 12 claim only, and damages.") (emphasis added).

In addition to refusing to stipulate to the physical locations of the GSEs, Defendants have objected, including on authenticity grounds, to many of the Defendant-authored documents on FHFA's exhibit list that indicate the place of sale. The documents FHFA would proffer to prove the place of sale are PX O0001, PX O0052, PX O0064, PX 67, PX 68, PX 69, PX 70, PX 71, PX 123, PX 951, PX 1451, PX 1452, PX 1454, PX 1456, PX 1458, PX 1459, PX 1460, and PX 1482 (the "Location Exhibits").[4] These include emails between Mr. Katz, an employee of Nomura Securities, with Freddie Mac regarding the NHELI 2006-HE3[5] and NHELI 2006-FM2[6] Certificates. *See* PX O0052, PX O0064, PX 68, and PX 1460 at 1. These also include emails between other Defendant employees, including Timothy Crowley, Cindy Ross, Randall Lee, and John Kistler of Nomura, and Joseph Perrewe and Ryan Mullaney of Greenwich Capital, and GSE traders. *See* PX O0001, PX 67, PX 69, PX 70, PX 71, PX 123, PX 951, PX 1451, PX 1452, PX 1454, PX 1456, PX 1458, PX 1459, PX 1460, and PX 1482; *see generally* FHFA's Proposed Findings of Fact, ¶¶ 86-116. These documents demonstrate communications regarding the Certificates' sales between the Defendants and the GSEs using the internet, an instrumentality of interstate commerce. *DNJ Logistic Grp., Inc. v. DHL Express (USA), Inc.*, 2010 WL 625364, at *6 n.4 (E.D.N.Y. Feb. 19, 2010). These documents are non-hearsay opposing party statements, Fed. R. Evid. 801(d)(2)(D), and are Defendants' and the GSEs' business records, Fed. R. Evid. 803(6). However, if the admissibility of these documents is not resolved before trial, FHFA would be obliged to call Mr. Katz in order to authenticate them, and to confirm the details of his discussions with the GSEs.[7]

---

[3] Under the Blue Sky laws, FHFA must show that the sale of the NAA 2005-AR6 Certificate to Fannie Mae took place, at least in part, in the District of Columbia, *S.E.C. v. Steadman*, 798 F. Supp. 733, 739 (D.D.C. 1991), *rev'd on other*, 967 F.2d 636 (D.C. Cir. 1992); *see also* Joseph C. Long, 12A Blue Sky Law § 9:39 ("The transaction must take place, at least in part, within the state."), and that the sales of the remaining Certificates to Freddie Mac took place, at least in part, in Virginia, *id.*; *see Lintz v. Carey Manor Ltd.*, 613 F. Supp. 543 (W.D. Va. 1985).

[4] No parties objected to PX 68, PX 69, PX 71, or PX 123. The Nomura Defendants do not object on any ground to PXO0064, PX 70, or PX 951. The RBS Defendants do not object on any ground to PX 67. The parties objected in part on authenticity grounds to PX 1451, PX 1452, PX 1454, PX 1456, PX 1458, PX 1459, PX 1460, and PX 1482, which were added to FHFA's exhibit list on February 19, 2015. However, Defendants indicated that they may withdraw some or all of their objections following a review of the documents. Ex. 1 (2/20/15 E-mail from Y. Bathaee to M. Pecora; 2/20/15 E-mail from J. Robinson to M. Pecora). PXO0001 and PXO0052 were objected to by both parties, but not on authenticity grounds. All of these exhibits have been submitted to the Court for review along with this correspondence.

[5] *See* PX O0064, PX O0052, and PX 68.

[6] *See* PX 1460 at 1.

[7] Mr. Katz "spoke directly" to Freddie Mac and Fannie Mae, and corresponded with the GSEs. Ex. 2 (Katz Dep.) at 63:23-68:5; 334:25-335:14. He further testified that he "canvassed interest" in the securities by "sending the offering memo" to the GSEs. *Id.* at 69:13-70:2.

FHFA respectfully requests that the Court overrule Defendants' objections to the Location Exhibits and admit them for all purposes.

Respectfully submitted,

*/s/ Philippe Selendy*

Philippe Selendy