**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

February 17, 2015

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>*FHFA v Nomura. Am. Holdings, Inc. et al.*, No 11 Civ. 6201 (S.D.N.Y.) (DLC)</u>

Dear Judge Cote:

Defendants accuse FHFA of taking the "radical" position that the Court should exclude "nearly all" GSE-specific evidence "about the purchases of the securities at issue and the context in which the purchases were made." Opp'n 1. FHFA's position is not radical, but consistent with the Court's rulings and with the limited evidence required to prove (and defend) a strict liability securities fraud case. As FHFA explained in prior motions, the straightforward application of the rules of evidence to the remaining issues warrants exclusion of documents, testimony and other categories of evidence Defendants offer as irrelevant, hearsay and causing waste and undue delay. Fed. R. Evid. 402, 403, 801-802. FHFA's Motion to exclude GSE-specific pre-settlement documents and testimony, including those identified in Appendices A and B, is no different.[1]

*Loss Causation*. The Court has held that Defendants must "incorporate[] data concerning the Certificates or their underlying loans" and take into consideration the alleged misrepresentations as a potential cause of any depreciation. *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ---, 2014 WL 7232590, at *7 (S.D.N.Y. Dec. 18, 2014). Neither the Freddie Mac Single Family presentation about the effect of home price declines on unspecified whole loans nor the annual report statement that house price declines may affect corporate earnings reference the Certificates or SLG loans. The testimony of Mr. Rosenblatt and Ms. Zhao was not based on an analysis of the effect of home price changes on the Certificates or the underlying loans. "What ultimately matters for purposes of Section 12 loss causation is not the GSEs' *characterization* of what caused their losses, but rather, what *actually* caused them." Order Excluding Stephen Ryan Opinion 24, Dkt. No. 1270. Broad generalizations—or as Defendants' characterize it, the "fact of the correlation" between macroeconomic factors and the performance of unspecified loans and a "buyer's recognition" of the generalized risks of mortgage investments—will not help the trier of fact decide whether the Certificates' depreciation resulted from the misrepresentations. Opp'n

---

[1]   Defendants criticize FHFA for dividing motions *in limine* between pre- and post-settlement evidence to permit the Court to assess issues common to each category. *See* Opp'n 1. Any deal-specific post-settlement document in the temporal scope of this Motion should be excluded pursuant to FHFA's motion *in limine* No. 6. Nomura recently added Freddie Mac's pre-purchase documents to its exhibit list. *See* Exs. 1 & 2.

**FHFA's Reply in Support of Its Motion *in Limine* No. 8**

2. Even if they did, the lack of evidence necessary to permit the trier of fact to quantify the relative causation effects renders such generalizations independently irrelevant.[2] *See In re Saxon Sec. Litig.*, 1985 WL 48177, at *9 (S.D.N.Y. Oct. 30, 1985) ("[S]eparat[ing] the effect of the fraud from the effect of non-actionable forces . . . require[s] expert testimony.").

*Materiality*. Defendants ignore that the "context and circumstances" that matter are only those known to the "reasonable investor," the "equivalent to the market." *In re ICN/Viratek Sec. Litig.*, 1996 WL 34448146, at *4 (S.D.N.Y. July 15, 1996). No GSE originator review or other document was part of the "total mix of information" available to the market. *In re Brittania*, 665 F. Supp. 2d 404, 413 (S.D.N.Y. 2009). As the Court has ruled, the fact finder "need not know much about the GSEs in order to apply objective standards like . . . materiality." *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *4 (S.D.N.Y. Dec. 18, 2014). Moreover, even if marginally relevant, no cited originator review adopts "acceptable tolerance" of valuation variances for either GSE PLS traders or reasonable investors. Opp'n 4. These internal reviews, filled with inadmissible hearsay about originator operations, recite loan-specific valuation variance policies and results of analyses of small samples of loans *not* backing any Certificate. Originators' loan-specific polices and small sample reviews cannot prove a reasonable investor (or an issuer) would not consider material an 8.92% across-the-board over-valuation of the Nomura properties, particularly given the SEC's five percent (5%) revised disclosure requirement when "any material pool characteristic of the actual asset pool at the time of issuance of the asset-backed securities differs by 5% or more . . . from the description of the asset pool in the prospectus filed for the offering[.]" SEC Form 8-K Filing Instructions 21. Defendants seek to admit GSE-only "context and circumstances" evidence solely to put the GSEs's mental state at issue and question the GSEs' reliance on the offering materials.[3] Mot. 2.

*Falsity*. Originators' policies with respect to loans not at issue are irrelevant to whether Defendants' made "untrue statement[s]" about the LTV ratios of the Mortgage Loans. 15 U.S.C. § 77*l*(a)(2); D.C. Code § 31-5606.05(a)(1)(B). Hearsay-based GSE reviews recording loan-specific valuation variance policies of originators have no bearing on Dr. Kilpatrick's empirical findings that LTV ratios of the loans actually at issue were systematically overstated.

*Scope*. The exclusion of all GSE pre-settlement documents and testimony is appropriate at this stage. Defendants have offered unpersuasive reasons that GSE-specific documents and testimony are relevant to FHFA's strict liability claims. Thus, the only purpose their admission could serve is to waste time and the Court's resources.[4] *See* Fed. R. Evid. 403.

---

[2] Mr. Rosenblatt's and Ms. Zhao's opinions involve technical and specialized knowledge and are therefore inadmissible without proper qualification under Rule 702. Fed. R. Evid. 701(c) & 702. The fact that Mr. Rosenblatt and Ms. Zhao were responsible for "making judgments about risks to Fannie Mae," and therefore had "an informed view" about the relationship between macroeconomic factors and the default risk of unspecified loans does not transform their opinions into qualified expert testimony. Opp'n 3. Defendants' cases do not hold that a witness's employment responsibilities replace the requirements of Rule 702.

[3] The Fremont operational review (Defs.' Ex. 9) relates to Fannie Mae's Single Family NBI program and is "related to the GSEs' Single Family businesses' whole-loan due diligence," a category of documents the Court ruled inadmissible. *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7234593, at *4 (S.D.N.Y. Dec. 18, 2014).

[4] Defendants' request for reconsideration of the orders granting FHFA's motion *in limine* Nos. 2, 3, and 5 is not only meritless, but also untimely even if the Court's Section 11 withdrawal order triggered the 14-day reconsideration motion deadline. *See* Jan. 15, 2015 Order, Dkt. No. 1095; *see* Local R. 6.3.

**FHFA's Reply in Support of Its Motion *in Limine* No. 8**

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy

cc: All Counsel of Record