**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

February 17, 2015

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   <u>FHFA v Nomura. Am. Holdings, Inc. et al.</u>, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

FHFA respectfully submits this reply to Defendants' opposition to FHFA's motion *in limine* to exclude evidence related to FHFA's conservatorship or GSE profitability.

*FHFA's Conservatorship and GSE Post-Filing Profitability Are Irrelevant to Loss Causation*. As the Court recently held, "[w]hat ultimately matters for purposes of Section 12 loss causation is not the GSEs' *characterization* of what caused their losses, but rather, what *actually* caused them." Order Excluding Stephen Ryan 24, Dkt. 1270. To show each Certificates' depreciation in value was not caused by Defendants' misrepresentations, Defendants' proof must "incorporate[] data concerning the Certificates or their underlying loans" and the alleged misrepresentations. *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ---, 2014 WL 7232590, at *7, *10 (S.D.N.Y. Dec. 18, 2014). Without reliable evidence that would permit a quantitative allocation of fault among potential causes of depreciation in each Certificate's value, speculative and generic lay testimony by witnesses unaware of Defendants' misrepresentations about the potential causes of any losses is irrelevant.[1] *In re Saxon Sec. Litig.,* 1985 WL 48177, at *9 (S.D.N.Y. Oct. 30, 1985) ("[S]eparat[ing] the effect of the fraud from the effect of non-actionable forces . . . require[s] expert testimony"); *Burger v. CPC Intern., Inc.*, 76 F.R.D. 183, 187-88 (S.D.N.Y. 1977) (proof of damages caused by omissions would "involve a very complex set of facts and require expert testimony."). Neither Mr. Lockhart's testimony regarding the reasons for implementation of conservatorship and GSE risk management practices, nor the related FHFA memos to the GSEs, address the Certificates or the misrepresentations. Those are not reliable analyses of a potential cause's contribution to any loss apparent in 2008. Nonetheless, Defendants fault Mr. Lockhart for not considering Defendants' misrepresentations as a contributing cause, knowing full well neither FHFA nor the GSEs had access to the loan files backing the Certificates in 2008, much less had conducted a specialized and technical

---

[1] The Court has excluded the regression analysis of Defendants' loss causation expert. *See* Dkt. No. 1248.

**FHFA's Reply in Support of Its Motion *in Limine* No. 10**

analysis of the unavailable loan files backing these Certificates.[2] *See* Opp'n 2; *see also* FHFA's Mot. *in Limine* No. 6 1-2; Fed. R. Evid. 701(c). Defendants do not oppose FHFA's motion to exclude post-purchase profitability evidence, but they argue the GSEs' SEC filings "show that their losses were caused by market-wide events, not misrepresentations." Opp'n 3. Not so. Writing that "improvement[s] in the housing market" and "home price appreciation" may influence net "financial results" says nothing about the performance of the seven at-issue Certificates, much less what caused or did not cause any depreciation in value. *Id.* at 4.

*Mr. Blum's Publications Are Irrelevant.* Mr. Blum's publications provide no commentary on, and are of no consequence in determining, whether the at-issue representations were false or material to a reasonable PLS trader, or whether the GSEs' losses in the Certificates are attributable to sources other than the alleged misstatements and omissions. The publications do not attempt to relate the GSEs' undercapitalization to PLS investment or ownership, or to any other investments. Mr. Blum did no such analysis, testifying that "[t]his is a capital analysis. I'm not talking about any specific assets they're holding." Ex. 19.

*The GSEs' Ongoing Single Family Business Relationships*. Defendants claim evidence of post-2007 GSE relationships with due diligence vendors could prove the loans backing each Certificate were not misrepresented. Whether the GSEs have or had a post-2007 business relationship with any lender, vendor or capital markets participant will neither prove nor disprove any remaining claim. The relief sought is prophylactic, not premature, and necessary. First, such evidence rightfully would be excluded with other evidence regarding GSE Single Family due diligence. *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7234593 (S.D.N.Y. Dec. 18, 2014) (excluding the GSEs' Single Family businesses' due diligence). Second, because falsity is determined at the time of sale, generic post-purchase evidence, such as an ongoing business relationship, cannot refute objective proof of falsity. 15 U.S.C. § 77k; *Freidus v. ING Groep N.V.*, 2011 WL 4056743, at *2 (S.D.N.Y. 2011) (events that transpire after offering materials are disseminated have "no logical connection to the truth or falsity of the statements in those materials at the time they were made."). Finally, FHFA will offer expert testimony establishing empirically and objectively that loans backing the Certificates were misrepresented, including loans that had been diligenced by Clayton and others. Circumstantial evidence of the GSEs' subjective belief Clayton and others were "honest" and "competent," because the GSEs may have also hired them or hired them later for purposes unrelated to PLS, is not relevant to refute empirical or objective proof of falsity at the loan level, or any subject in this strict liability case. *FHFA v. Bank of Am. Corp.*, 2014 WL 7232339, at *2 (S.D.N.Y. Dec. 18, 2013) ("This Court has repeatedly emphasized that neither Section 11 nor Section 12(a)(2) 'requires allegations of scienter [or] reliance . . . in order to state a claim.'") (quoting *FHFA v. UBS Ams., Inc.*, 858 F. Supp. 2d 306, 323 (S.D.N.Y. 2012)).

---

[2] A representation is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available" at the time of purchase. *In re Brittania*, 665 F. Supp. 2d 404, 413 (S.D.N.Y. 2009). Conservatorship occurred in late 2008, after the last Certificate was sold. Conservatorship evidence is not relevant to the "total mix" of information from years prior. And proof of materiality is objective; it is not plaintiff-specific or GSE-specific. *See FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *4 (S.D.N.Y. Dec. 18, 2014).

**FHFA's Reply in Support of Its Motion *in Limine* No. 10**

Respectfully submitted,

/s/ *Philippe Z. Selendy*

Philippe Z. Selendy

cc: All Counsel of Record