February 17, 2015

<u>VIA ELECTRONIC MAIL</u>

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

    Re:    <u>FHFA v Nomura. Am. Holdings, Inc. et al.</u>, No 11 Civ. 6201 (S.D.N.Y.) (DLC)

Dear Judge Cote:

*Governmental Investigation and Other Litigation Testimony and Documents Are Not Relevant.*[1] Defendants do not contest that the investigations and other litigation FHFA identified are unrelated to the GSEs' PLS businesses and the Certificates. Yet, after FHFA filed its Motion, Defendants added more single-family related investigation and litigation documents to their exhibit list, including SEC Non-Prosecution Agreements, *see* Exs. 1, 2 (Nomura DX 2590), and documents from *In re Fannie Mae 2008 Securities Litigation*, 1:08-cv-783(GEL) (S.D.N.Y), *Ohio Public Employees Retirement System, Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK) (S.D.N.Y.), and *Central States, Southeast and Southwest Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*, 543 Fed. App'x 72(2d. Cir.).[2] These documents and transcripts are not relevant to loss causation, which requires specialized and technical knowledge outside the province of lay GSE witnesses or GSE attorneys. *See* 2/13/15 Op. & Order re: Expert Testimony of Ryan, Dkt. 1270 at 24 ("What ultimately matters for purposes of Section 12 loss causation is not the GSEs' *characterization* of what caused their losses, but rather, what *actually* caused them."); *see also* 2/10/15 Op. & Order re: Expert Testimony of Vandell & Riddiough, Dkt. 1248 at 13-15 (illustrating probative event study expert testimony); *see also* FHFA's Mot. *in Limine* No. 6 at 2; FHFA's Mot. *in Limine* No. 8 at 2; Fed. R. Evid. 701(c), 702. Defendants' proof must "incorporate[] data concerning the Certificates or their underlying loans." *FHFA v. Nomura Holding Am., Inc.*, --- F. Supp. 3d ---, 2014 WL 7232590, at *7 (S.D.N.Y. Dec. 18, 2014); *see* 15 U.S.C. § 77*l*(b). The Court excluded the unreliable benchmark regression analysis of Defendants' loss causation expert. 2/10/15 Op. & Order re: Expert Testimony of Vandell and Riddiough, Dkt. 1248 at 28-31. Without reliable evidence that would permit a quantitative allocation of fault among potential causes of depreciation in each Certificate's value, speculative and generic lay testimony by witnesses unaware of Defendants' misrepresentations about the potential causes of any losses is irrelevant. *See In re Saxon Sec. Litig.*, 1985 WL 48177, at *9

---

[1] Defendants failed to respond to FHFA's request to exclude evidence concerning the FCIC investigation but instead filed an amended exhibit list withdrawing those documents. *See* Mot. 2-3; Exs. 19-26 (Nomura DX Nos. 872, 875, 876, 877, 878, 892, 893, 1097). Defendants concede that "the transcripts of the SEC testimony of former Freddie Mac and Fannie Mae employees who were no longer employed at the time the SEC depositions were taken are not admissible." Opp. 3 n.3. ███████████████████████████████████████
████████████████████████████████ Accordingly, FHFA's motion should be granted with respect to these transcripts at a minimum.

[2] FHFA submits Appendix A in support of its motion, which identifies the new exhibits added to Defendants' exhibit list. *See* App'x A at Exs. 1-2, 45-59.

(S.D.N.Y. Oct. 30, 1985) ("to separate the effect of the fraud from the effect of non-actionable forces ... require[s] expert testimony."); *Burger v. CPC Intern., Inc.*, 76 F.R.D. 183, 187-88 (S.D.N.Y. 1977) (proof of damages caused by omissions would "involve a very complex set of facts and require expert testimony."). ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The true cause—inadequate underwriting and untrue representations in the prospectus supplements—could not be known by GSE personnel.

*Governmental Investigation and Other Litigation Testimony and Documents Are Inadmissible Hearsay.* FHFA's hearsay objection here is directed to the transcripts and pleadings Defendants marked as exhibits, not deposition testimony elicited in this case, as Defendants suggest. Opp. 3. Defendants claim SEC transcripts of then-current GSE employees are fully admissible non-hearsay as statements "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D); Opp. 3. FHFA agrees that certain witnesses gave statements to the SEC while employed by the GSEs, but that alone is not enough to support admissibility. To prove these statements admissible non-hearsay, Defendants must establish the statements of each particular person was within the scope of his or her relationship with the employing GSE, *i.e.*, that the GSE authorized its employee to address PLS loss causation or that the employee's responsibilities included assessing PLS loss causation. Fed. R. Evid. 801(d)(2)(D); *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537-38 (2d Cir. 1992). That is not the case here. As hearsay statements, no exception permits their admission. They do not fall under the former testimony exception because GSE counsel did not have "an opportunity and similar motive to develop it by direct, cross- or redirect examination" at the time. *See* Fed. R. Evid. 804(b)(1); *SEC v. Shainberg*, 316 Fed. App'x. 1, 2-3 (2008) (finding district court did not abuse discretion in excluding SEC testimony absent evidence that opposing party had "an opportunity and similar motive to develop it by direct, cross- or redirect examination"). Ms. Beal's testimony in *FHLB Seattle* also constitutes inadmissible hearsay. FHFA did not have "an opportunity and similar motive to develop it by direct, cross- or redirect examination." *See* Fed. R. Evid. 804(a), (b)(1); *Shainberg*, 316 Fed. App'x. at 2.

*Evidence Specific to Other Coordinated Actions.* Defendants misapprehend the scope of the relief sought, which is the exclusion of documents and testimony uniquely specific to other Actions—certificates, defendants, and originators—which have no bearing on this case. *See* Mot. 3. This is not an attempt by FHFA to take advantage of alleged "severe limits placed on [Defendants'] deposition rights." Opp. 5. Separately, the substantive testimony and documents are independently irrelevant for the reasons set forth in FHFA's Motion *in Limine* Nos. 6 and 9.

---

[3] Defendants claim nine lines from RBS counsel's questioning of ███████████████████████████
███████████████████████████████████████████████████████████████████████████████████ Freddie Mac's reliance on credit enhancement (implicitly not the misrepresented collateral characteristics) suggests Freddie Mac was at fault due to its failure to investigate. That relates to no issue that remains to be tried in this strict liability case. Moreover, proof of materiality is objective; it does not concern "whether the investment decision of a particular individual would have been affected." *In re Metlife Demutualization Litig.*, 229 F.R.D. 369, 380 (E.D.N.Y. 2005); *see also Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013); *FHFA v. Nomura Holding Am., Inc.*, 2014 WL 7229361, at *4 (S.D.N.Y. Dec. 18, 2014).

**FHFA's Reply in Support of Its Motion *in Limine* No. 9**

Respectfully submitted,

*/s/ Philippe Z. Selendy*

Philippe Z. Selendy

cc:     All Counsel of Record

# Appendix A

| Exhibit | Description |
|---|---|
| 1, 2 | Nomura DX No. 2590 (SEC Non-Prosecution Agreements, Dec. 13, 2011) |
| 45 | Nomura DX No. 2581 (*In re Fannie Mae 2008 Secs. Litig.*, 1:08-cv-07831, Dkt. 102 (S.D.N.Y. June 18, 2009) (Joint Consol. Am. Class Action Compl.)) |
| 46 | Nomura DX No. 2582 (*In re Fannie Mae 2008 Secs. Litig.*, 1:08-cv-07831; Dkt. 114, Mem. of Law in Supp. of Defs.' Mot, to Dismiss, July 13, 2009) |
| 47 | Nomura DX No. 2584 (*In re Fannie Mae 2008 Secs. Litig.*, 1:08-cv-07831, Dkt. 201 (S.D.N.Y. Dec. 18, 2009) (Reply Brief in Supp. of Fannie Mae's Mot. to Dismiss)) |
| 48 | Nomura DX No. 2587 (*In re Fannie Mae 2008 Secs. Litig.*, 1:08-cv-07831, Dkt. 228 (S.D.N.Y. Sept. 30, 2010) (Op. & Order)) |
| 49 | Nomura DX No. 2593 (*In re Fannie Mae 2008 Secs. Litig.*, 1:08-cv-07831, Dkt. 361 (S.D.N.Y. April 4, 2012) (Mem. of Law in Supp. of Fannie Mae's Partial Mot. to Dismiss)) |
| 50 | Nomura DX No. 2583 (*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK), Dkt. 145 (S.D.N.Y. Sept. 23, 2009) (Mem. of Law in Supp. of Freddie Mac's Mot. to Dismiss)) |
| 51 | Nomura DX No. 2585 (*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK), Dkt. 151 (S.D.N.Y. Feb. 24, 2010) (Reply Mem. of Law in Supp. of Freddie Mac's Mot. to Dismiss)) |
| 52 | Nomura DX No. 2588 (*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK), Dkt. 171 (S.D.N.Y. March 30, 2011) (Op. & Order)) |
| 53 | Nomura DX No. 2591 (*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK), Dkt. 223 (S.D.N.Y. March 9, 2012) (Reply Mem. of Law in Supp. of Freddie Mac's Mot. to Dismiss)) |
| 54 | Nomura DX No. 2592 (*Ohio Public Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 4:08-cv-00160, Dkt. 166 (N.D. Oh. March 28, 2012 ) (Third Amended Complaint, March 28, 2012)) |
| 55 | Nomura DX No. 2595 (*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 1:08-cv-7281 (JFK), Dkt. 241 (S.D.N.Y. Sept. 24, 2012) (Op. & Order)) |
| 56 | Nomura DX No. 2597 (*Ohio Public Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 4:08-cv-00160, Dkt. 290 (N.D. Oh. Oct. 8, 2013) (Mem. of Law in Supp. of Patricia L. Cook's Mot. to Dismiss )) |
| 57 | Nomura DX No. 2598 (*Ohio Public Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, 4:08-cv-00160, Dkt. 291-1 (N.D. Oh. Oct. 8, 2013) (Mem. of Law in Supp. of Richard F. Syron's Mot. to Dismiss)) |
| 58 | Nomura DX No. 2599 (*Central States, Southeast and Southwest Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*, 543 Fed. App'x 72 (2d Cir. Nov. 5, 2013) (Op. & Order) |
| 59 | Nomura DX No. 2601 (*Ohio Public Emps. Ret. Sys. v. Fed. Home Loan Mortg. Corp.*, No. 4:08-cv-160, Dkt. 330 (N.D. Oh. Oct. 31, 2014) (Mem. of Op. & Order)) |