**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 27, 2015

By ECF

Hon. Denise L. Cote,
United States District Judge,
    500 Pearl Street, Room 1610,
        New York, NY 10007-1312.

4/28/2015

**MEMO ENDORSED**

Re:   FHFA v. Nomura Holding America, Inc., et al., No. 11-cv-6201 (DLC) (S.D.N.Y.)

Dear Judge Cote:

I write in response to plaintiff's letter of April 23 (Doc. No. 1644), which seeks to improperly preclude defendants from filing on ECF defendants' April 1, 2015 offer of proof and associated exhibits, and deposition transcripts reflecting testimony excluded by the Court's prior rulings. Although plaintiff had previously consented to a schedule for redacting these documents so that they could be filed publicly, see Defendants' 4/1/2015 Letter to the Court (Doc. No. 1562); Ex. 1 (4/16/2015 E-mail from James Razick to Elizabeth A. Cassady), it now claims that there is no "legal justification" to file any of these documents on ECF. Pl.'s Lt. at 2. This is false.

As defendants stated on April 2, 2015, the offer of proof was submitted under Fed. R. Evid. 103(a)(2) to preserve defendants' claims of error. (See 4/2/2011 Tr. at 2314:17-2315:8.) Under Rule 103, a party must "inform the court of the substance [of excluded evidence] by an offer of proof, unless the substance [is] apparent from the records." Both defendants' offer of proof materials and the deposition transcripts do just that: they identify with specificity the evidence excluded by the Court's prior rulings. The materials also are being filed to ensure that they are part of the record under Fed. R. App. P. 10(a)(1), which requires materials to have been "filed in the district court." This requirement exists so as to provide the appellate court with a basis to assess the impact of the trial court's exclusionary rulings.

The Court's ECF Rules are clear that parties to an ECF case are "required to file documents electronically" and "the Clerk's Office will not accept paper filings." Rule 13.7; see also Rule 18.1 (listing exceptions to electronic filing, none of which apply here). Defendants thus have no option other than to file on ECF. Defendants also believe that it is their right to make a record of what evidence was excluded under Fed. R. Evid. 103. Plaintiff has identified no prejudice to it if the materials are filed, saying only that the ECF system would be "burden[ed]" by such a filing. After years of litigation and more than 1,500 ECF filings in this case, the system has proven capable of handling voluminous filings. Plaintiff identifies no authority of any kind for a court to deprive a party to a lawsuit of its ability in an ECF case to file papers on ECF.

Hon. Denise L. Cote                                                                                           -2-

       Plaintiff instead attacks a straw man, arguing that the materials defendants seek to file do not qualify as "judicial documents" or "have been ruled inadmissible." The question of what constitutes a "judicial document" is irrelevant, since the point of defendants' filing is to make a record of the evidence that was excluded.[1]

       Plaintiff's request should be denied. If the Court precludes defendants from filing any of the materials at issue on ECF, defendants respectfully request an order deeming such materials "filed in the district court" for purposes of Fed. R. App. P. 10(a)(1).

       Respectfully submitted,

       /s/ David B. Tulchin

       David B. Tulchin

cc:    All Counsel

> *[Handwritten note from Judge Cote:]* The offer of Proof and its Appendices may be filed on ECF. Admitted and excluded trial exhibits are not documents to be filed on ECF. The parties are required to keep custody of such documents until this litigation is finally concluded. The record of proceedings before the Court reflects the extent to which the parties made evidentiary arguments and the context for the Court's rulings.
>
> *Denise Cote*
> 4/28/15

---

[1] Plaintiff's observation that certain admitted materials have not been filed on ECF is of no consequence, because admitted materials are indisputably part of the record under Rule 5 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 5(d)(2)(B) ("A paper is filed by delivering it . . . to a judge who agrees to accept it for filing."). In contrast, the Court declined to accept for filing the materials it held inadmissible. For this reason, plaintiff's reliance on the Court's March 17, 2015 comments is misplaced. The Court held that *admitted* trial exhibits should not be filed on ECF, because they are already "part of the public record." (3/17/2015 Tr. at 311:18-20.) This has no bearing on the offer of proof.

# Exhibit 1

| | |
|---|---|
| From: | James Razick <jamesrazick@quinnemanuel.com> |
| Sent: | Thursday, April 16, 2015 5:47 PM |
| To: | Cassady, Elizabeth A.; FHFA-QE; Margaret Siller |
| Cc: | Tulchin, David B.; Clark, Bruce E.; Holley, Steven L.; Davidoff, Amanda Flug; *Nomura Associates; zzExt-List-RBS-SDNY@lists.stblaw.com |
| Subject: | RE: FHFA v. Nomura Holding America Inc., et al., 11 Civ. 6201 |

Liz,

FHFA agrees to that schedule.

Sincerely,
James

**From:** Cassady, Elizabeth A. [mailto:Cassadye@sullcrom.com]
**Sent:** Thursday, April 16, 2015 5:31 PM
**To:** FHFA-QE; James Razick; Margaret Siller
**Cc:** Tulchin, David B.; Clark, Bruce E.; Holley, Steven L.; Davidoff, Amanda Flug; *Nomura Associates; zzExt-List-RBS-SDNY@lists.stblaw.com
**Subject:** FHFA v. Nomura Holding America Inc., et al., 11 Civ. 6201

Counsel,

Defendants submitted to the Court today a chart and approximately 59 deposition transcripts identifying the deposition testimony excluded by the Court. Because the deposition transcripts were designated Confidential or Highly Confidential by the parties, defendants filed the transcripts under seal. Defendants propose meeting and conferring by Monday, May 4 about redactions to the transcripts. Please let us know if FHFA agrees to that schedule.

Best regards,
Liz

Elizabeth A. Cassady
Sullivan & Cromwell LLP
1700 New York Ave.
Suite 700
Washington, D.C. 20006
202-956-6980

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.