```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY, etc.,   :
                                        :
                    Plaintiff,          :   11cv6201 (DLC)
       -v-                              :
                                        :   MEMORANDUM OPINION
NOMURA HOLDING AMERICA, INC., et al.,   :        & ORDER
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On July 3, 2018, plaintiff Federal Housing Finance Agency ("FHFA") moved for an order directing the defendants to maintain the bond that they filed on July 6, 2015, until the satisfaction of the Final Judgment that was entered on May 15, 2015. For the following reasons, FHFA's motion is granted.

## Background

In September 2011, FHFA brought sixteen lawsuits against banks and related parties to recover damages on behalf of two Government-Sponsored Enterprises ("GSEs") arising out of the GSEs' investments in residential mortgage-backed securities ("RMBS"), specifically their investment in so-called private-label RMBS ("PLS"). Proceedings in the sixteen actions were coordinated before this Court, as described in FHFA v. UBS Americas Inc., No. 11cv5201 (DLC), 2013 WL 3284118, at *1-9

(S.D.N.Y. June 28, 2013), reconsideration denied sub nom. FHFA v. JPMorgan Chase & Co., No. 11cv6188 (DLC), 2013 WL 5354212 (S.D.N.Y. Sept. 25, 2013).

A bench trial in this proceeding, the only one of the sixteen coordinated proceedings to go to trial, was held from March 16 to April 9, 2015. The Court issued its Trial Opinion on May 11, 2015, in which it found the defendants liable on all of the plaintiff's claims. Final Judgment was entered on May 15. The Final Judgment provides that, "15 calendar days following entry of this Final Judgment," the defendants are to pay specified amounts to the GSEs in exchange for the GSEs delivering the seven certificates at issue in this action.

On May 20, and again on June 17, execution of the Final Judgment was stayed by consent of the parties to allow them to reach agreement regarding a stay pending appeal. On June 25, the Court so ordered a stipulation to stay the judgment pending appellate proceedings (the "Stay Order"). The Stay Order provided in relevant part that the

> Final Judgment shall be stayed during the pendency of [appellate proceedings] and for ten days thereafter . . . upon the posting by no later than July 8, 2015 of a supersedeas bond in the amount of $500,000,000, materially in the form attached hereto as Exhibit B, which bond shall remain outstanding through the period of any stay of execution of the . . . Final Judgment.

(Emphasis supplied.)[1]  Exhibit B, a draft surety agreement, provides that

> the obligations of each Surety as set forth herein shall be unconditional and irrevocable; provided, however, that these obligations shall be void if Defendants prosecute their appeals to the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court and (a) said judgment is vacated, reversed, or otherwise dismissed; (b) Defendants satisfy said judgment in full together with costs, interest and damages for delay if for any reason their appeals are dismissed or the judgment is affirmed; or (c) Defendants satisfy in full such modification of the judgment and such costs, interest and damages as the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court may adjudge and award. Otherwise, this obligation shall remain in full force and effect.

(Emphasis supplied.)

On July 6, 2015, the defendants filed a supersedeas bond in the amount of $500,000,000 (the "Bond"). The Bond contains language identical to the portion of Exhibit B quoted above, including the statement that

> the obligations of each Surety as set forth herein shall be unconditional and irrevocable; provided, however, that these obligations shall be void if Defendants prosecute their appeals to the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court and . . . Defendants satisfy said judgment in full together with costs, interest and damages for delay if for any reason their

---

[1] Exhibit B was not docketed with the Stay Order, but had been submitted by the parties when they jointly submitted the order through the Orders and Judgments Clerk of this Court. It was submitted again to the Court by FHFA as an exhibit to its July 3, 2018 motion.

3

> appeals are dismissed or the judgment is affirmed
> . . . . Otherwise, this obligation shall remain in
> full force and effect.

(Emphasis supplied.)

Notices of appeal were filed on June 10, 2015. The Second Circuit affirmed the judgment on September 28, 2017. See FHFA v. Nomura Holding Am., Inc., 873 F.3d 85 (2d Cir. 2017). The defendants petitioned the Supreme Court for writs of certiorari on March 12, 2018, which were denied on June 25, 2018. See Nomura Sec. Int'l, Inc. v. FHFA, No. 17-1302, 2018 WL 1335573 (S. Ct. June 25, 2018); Findlay v. FHFA, No. 17-1300, 2018 WL 3096423 (S. Ct. June 25, 2018).

Having been informed that the defendants intended to let the Bond lapse on July 5, 2018, FHFA moved on July 3 for an order directing the defendants to maintain the Bond until satisfaction of the Final Judgment. An Order issued July 3 directed the defendants to respond that evening, and ordered that the Bond be maintained through July 5 at 5 p.m. to allow the Court to rule on the July 3 motion.[2] In the defendants' July 3 letter, they represent that the Stay Order only requires them to maintain the Bond through July 5, but request an order relieving their sureties of their commitments in the Bond as of July 5.

---

[2] The defendants declined to consent to extend the Bond until July 9.

**Discussion**

The petitions for writs of certiorari were denied on June 25. Accordingly, the stay of execution of judgment expires and the Final Judgment takes effect on July 5. The parties agree that, pursuant to the terms of the Final Judgment, the defendants are not required to pay the Final Judgment until July 20. The present dispute is whether the Bond must remain in effect during the time between July 5 and the satisfaction of the Final Judgment.

Both sides agree that a court order is necessary to resolve this dispute. FHFA requests an order requiring the defendants to maintain the Bond until the Final Judgment is satisfied. The defendants oppose this request and have submitted a proposed order voiding the Bond and releasing the sureties. For the following reasons, the Court orders that the Bond be maintained until the Final Judgment is satisfied.

The dispute centers on the meaning of the three agreements: the Final Judgment, the Stay Order, and the Bond. It is a basic precept of contract law that a document may be incorporated by reference if it is "clear that the parties to the agreement had knowledge of and assented to the incorporated terms." PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1201 (2d Cir. 1996) (citation omitted).

In 2015, the parties jointly submitted to the Court a

proposed stay order and two exhibits labeled Exhibit A and Exhibit B. The proposed stay order requires the defendants to obtain a bond that is "materially in the form attached hereto as Exhibit B." The executed Bond is materially in the form of Exhibit B. They each require the defendants to satisfy the Final Judgment before the sureties' obligations may be terminated. Accordingly, the Bond must remain in place until the defendants have satisfied the Final Judgment.

This understanding is confirmed by the Federal Rule governing supersedeas bonds. Rule 62(d), Fed. R. Civ. P., provides that an "appellant may obtain a stay by supersedeas bond" and that "[t]he stay takes effect when the court approves the bond." "The purpose of [Rule 62(d)] is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." In re Nassau Cty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam) (citation omitted).

The purpose of Rule 62(d), to protect FHFA's right to satisfy its judgment after appellate proceedings, could be thwarted if the Bond were allowed to expire before satisfaction of the Final Judgment. The defendants have had the benefit of the Stay Order for three years; FHFA is entitled to the benefit of the Bond until it collects its judgment.

6

The defendants argue that the Bond's durational language is superseded by the language in the Stay Order that states that the Bond "shall remain outstanding through the period of any stay of execution of the . . . Final Judgment." They argue that because the stay will expire on July 5, the Bond may be released then, even though both sides agree that the defendants are not due to pay the judgment until July 20. This argument is unavailing.

In their July 3 letter, the defendants state that the Stay Order requires "that the bond 'shall remain outstanding' only through July 5, 2018." (Emphasis supplied.) The addition of the word "only" reveals that the defendants wish to read the Stay Order as eliminating the language in the Bond requiring the Bond to be maintained until the Final Judgment is satisfied. It is a basic principle of contract interpretation that "[a]ny interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible." Olin Corp. v. Am. Home Assurance Co., 704 F.3d 89, 99 (2d Cir. 2012) (citation omitted). In this case, the Stay Order's requirement that the Bond "shall remain outstanding through the period of any stay of execution" does not mandate that the Bond terminate when the stay ends. Instead, the more natural reading of the Stay Order and the Bond together is that the Bond must remain in place until two

7

conditions are met: (1) the stay of execution ends and (2) the Final Judgment is satisfied. Condition 1 has now been met, but not condition 2. The defendants are of course free to satisfy the Final Judgment before the 15 days contemplated in that judgment. If they did so, the Bond could be dissolved prior to July 20. But to read the Stay Order and Bond the way the defendants urge would be to eliminate the Bond's express requirement that the Final Judgment be satisfied before the Bond be dissolved. Because the provisions can instead be read harmoniously, the Court declines to interpret its Stay Order to eliminate by implication a provision of the Bond.

## Conclusion

FHFA's motion is granted. The Bond filed July 6, 2015 shall remain in effect until the Final Judgment is satisfied.

Dated: New York, New York
July 5, 2018

_____
DENISE COTE
United States District Judge